UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh

*Plaintiff*

v.

United Planning Organization, Inc.

*Defendant*

Civil Action No. 05-1271 (GK)

**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant United Planning Organization, Inc. ("Defendant"), by and through its counsel, and, pursuant to Rule 12 of the Federal Rules of Civil Procedure, states as follows for its Answer and Affirmative Defenses to Plaintiff's Complaint:

1. The allegations contained in paragraph 1 of the Complaint constitute legal conclusions to which no response is required from Defendant. However, Defendant denies that it has wronged Plaintiff and denies that Plaintiff is entitled to any award of damages from it.

2. The allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which no response is required from Defendant.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. With respect to the allegations contained in paragraph 5 of the Complaint, Defendant admits only that Plaintiff was employed by Defendant in the District of Columbia and that Defendant maintains offices and conducts business in the District of Columbia. The remainder of the allegations contained in paragraph 5 of the Complaint constitute legal

conclusions to which no response is required. However, Defendant denies that it has wronged Plaintiff and denies that Plaintiff is entitled to any award of damages from it.

6. Defendant admits the allegations contained in the first and second sentences of paragraph 6 of the Complaint. The allegations contained in the third sentence of paragraph 6 of the Complaint constitute legal conclusions to which no response is required from Defendant. Defendant denies, as stated, the allegations contained in the fourth sentence of paragraph 6 of the Complaint. Defendant avers that it administers the Headstart program which is funded and overseen by the government of the United States, but that the educational services referenced in the fourth sentence of paragraph 6 of the Complaint are not provided exclusively to children from low-income families. Defendant denies, as stated, the allegations contained in the fifth sentence of paragraph 6 of the Complaint. Defendant avers that it administers a daycare program which is funded by the government of the District of Columbia. With respect to the sixth sentence of paragraph 6 of the Complaint, Defendant admits that it entered into a contract with the government of the District of Columbia to administer the CSBG. Defendant denies, as stated, the remainder of the sixth sentence of paragraph 6 of the Complaint. Defendant avers that, with respect to the CSBG, federal funds are sub-granted to Defendant through the government of the District of Columbia. Defendant denies, as stated, the seventh sentence of paragraph 6 of the Complaint. Defendant avers that it has a grant from the government of the District of Columbia to administer services for the elderly. Defendant admits the allegations contained in the eighth sentence of paragraph 6 of the Complaint. Defendant denies, as stated, the allegations contained in the ninth sentence of paragraph 6 of the Complaint.

7. Defendant denies, as stated, the allegations contained in paragraph 7 of the Complaint. Defendant avers that Plaintiff was hired on June 29, 1998, as its Controller.

8. Defendant denies, as stated, the allegations contained in paragraph 8 of the Complaint. However, Defendant avers that, prior to Sheila Shears' being hired as Chief Financial Officer, Plaintiff's assigned job duties included, but were not limited to, establishing and maintaining internal accounting practices and procedures; preparing financial reports; presenting findings and recommendations to Defendant's executives; overseeing Defendant's accounting software; managing cash flow and revenue activities; preparing annual financial statements; preparing the audit schedule; overseeing the audit preparation; managing Defendant's budget, including all related disbursements and reporting requirements; and advising Defendant's executives regarding financial matters.

9. Defendant admits the allegations contained in the first sentence of paragraph 9 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 9 of the Complaint. Defendant admits the allegations contained in the third sentence of paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in the first and second sentences of paragraph 10 of the Complaint. Defendant denies, as phrased, the allegations contained in the third sentence of paragraph 10 of the Complaint. Defendant avers that Plaintiff retained the title of Controller but denies that "his position was reduced to work in a more clerical capacity."

11. With respect to the allegations contained in the first sentence of paragraph 11 of the Complaint, Defendant admits that Plaintiff wrote a memorandum dated October 3, 2003, to Benjamin Jennings. With respect to the remaining allegations contained in paragraph 11 of the Complaint, Defendant avers that the memorandum speaks for itself, and any allegations contained in paragraph 11 of the Complaint which are contrary to the contents of Plaintiff's memorandum are hereby denied by Defendant.

12. With respect to the allegations contained in the first sentence of paragraph 12 of the Complaint, Defendant admits that Plaintiff wrote a memorandum dated October 20, 2003, to Gladys Mack. With respect to the remaining allegations contained in paragraph 12 of the Complaint, Defendant avers that the memorandum speaks for itself, and any allegations contained in paragraph 12 of the Complaint which are contrary to the contents of Plaintiff's memorandum are hereby denied by Defendant.

13. Defendant denies the allegations contained in the first sentence of paragraph 13 of the Complaint. The allegations contained in the second sentence of paragraph 13 of the Complaint constitute legal conclusions to which no response is required. Defendant denies, as stated, the allegations contained in the third sentence of paragraph 13 of the Complaint. Defendant avers, however, that Benjamin Jennings committed a number of unauthorized, wrongful acts which are the subject of a legal action brought by Defendant against Jennings in this Court.

14. The allegations contained in paragraph 14 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in paragraph 14 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

15. The allegations contained in the first and second sentences of paragraph 15 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first and second sentences of paragraph 15 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. With

respect to the allegations contained in the third, fourth, and fifth sentences of paragraph 15 of the Complaint, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.

16.     With respect to the allegations contained in the first sentence of paragraph 16 of the Complaint, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof. With respect to the allegations contained in the second sentence of paragraph 16 of the Complaint, Defendant admits that that it hired Thompson Cobb to audit its financial records. The allegations contained in the third sentence of paragraph 16 of the Complaint that Dennis Ramprashad and Nuhaylatta Idrisu "were agents of a public body or supervisors" constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in the third sentence of paragraph 16 of the Complaint that Dennis Ramprashad and Nuhaylatta Idrisu "were agents of a public body or supervisors" is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof. The allegations contained in the fourth sentence of paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in the fourth sentence of paragraph 16 is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.

17.     With respect to the allegations contained in the first and second sentences of paragraph 17 of the Complaint, Defendant is without knowledge and information sufficient to

either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof. The allegations contained in the third and fourth sentences of paragraph 17 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response to the allegations contained in the third and fourth sentences of paragraph 17 of the Complaint is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof. Defendant denies the allegations contained in the fifth and sixth sentences of paragraph 17 of the Complaint.

18. Upon information and belief, Defendant admits the allegations contained in the first sentence of paragraph 18 of the Complaint. The allegations contained in the second sentence of paragraph 18 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the second sentence of paragraph 18 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. Upon information and belief, Defendant admits the allegations contained in the third sentence of paragraph 18 of the Complaint. The allegations contained in the fourth sentence of paragraph 18 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extend a response to the allegations contained in the fourth sentence of paragraph 18 of the Complaint is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.

19. Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 19 of the Complaint and,

therefore, denies said allegations and calls for strict proof thereof. The allegations contained in the second and third sentences of paragraph 19 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response to the allegations contained in the third sentence of paragraph 19 of the Complaint is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof. Defendant denies the allegations contained in the fourth and fifth sentences of paragraph 19 of the Complaint.

20.     Defendant denies, as stated, the allegations contained in paragraph 20 of the Complaint. However, Defendant avers that Benjamin Jennings was placed on administrative leave on or about March 11, 2004.

21.     The allegations contained in paragraph 21 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in paragraph 21 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

22.     Defendant denies, as stated, the allegations contained in the first sentence of paragraph 22 of the Complaint. However, Defendant avers that, on or about March 18, 2004, a meeting between Eboda and members of Defendant's Board of Trustees occurred. The allegations contained in the second sentence of paragraph 22 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response to the allegations contained in the second sentence of paragraph 22 of the Complaint is required, Defendant denies the allegations contained therein.

23. Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 23 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. The allegations contained in the second sentence of paragraph 23 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the second sentence of paragraph 23 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

24. Defendant admits the allegation contained in paragraph 24 of the Complaint.

25. With respect to the allegations contained in paragraph 25 of the Complaint, Defendant admits that Plaintiff filed a charge of discrimination ("charge") against Defendant. The charge speaks for itself, and any allegations contained in paragraph 25 of the Complaint which are contrary to the contents of Plaintiff's charge are hereby denied by Defendant.

26. With respect to the allegations contained in the first sentence of paragraph 26 of the Complaint, Defendant admits that David Catania wrote a letter to Dana Jones seeking documents on or about April 27, 2004. The letter speaks for itself, and any allegations contained in paragraph 26 of the Complaint which are contrary to the contents of the letter are hereby denied by Defendant. The allegations contained in the second sentence of paragraph 26 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the second sentence of paragraph 26 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

27. The allegations contained in the first, second, and fourth sentences of paragraph 27 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response to the allegations contained in the first, second, and fourth sentences of paragraph 27 of the Complaint is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof. With respect to the allegations contained in the third sentence of paragraph 27 of the Complaint, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.

28. The allegations contained in the first sentence of paragraph 28 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 28 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. With respect to the allegations contained in the second sentence of paragraph 28 of the Complaint, the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the second sentence of paragraph 28 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

29. Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 29 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. The allegations contained in the second and third sentences of paragraph 29 of the Complaint constitute legal conclusions to

which no response is required from Defendant. To the extent a response to the third sentence of paragraph 29 of the Complaint is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.

30.     Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 30 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. The remaining allegations contained in paragraph 30 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response to the remaining allegations contained in paragraph 30 of the Complaint is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.

31.     Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 31 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. The allegations contained in the second sentence of paragraph 31 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the second sentence of paragraph 31 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

32.     Defendant denies, as stated, the allegations contained in the first sentence of paragraph 32 of the Complaint. However, Defendant avers that Russell Simmons resigned from Defendant's Board of Directors in or about May 2004. The allegations contained in the second

sentence of paragraph 32 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, upon information and belief, Defendant denies the allegations contained in the second sentence of paragraph 32 of the Complaint.

33.     Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 33 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. The allegations contained in the second sentence of paragraph 33 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the second sentence of paragraph 33 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

34.     Defendant denies, as stated, the allegations contained in the first sentence of paragraph 34 of the Complaint. However, Defendant avers that, on or about June 1, 2004, Kenneth Marty and Hans Martin visited Defendant's principal place of business, located at 301 Rhode Island Avenue, N.W., in the District of Columbia. The allegations contained in the second sentence of paragraph 34 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, upon information and belief, Defendant denies the allegations contained in the second sentence of paragraph 34 of the Complaint. Defendant admits the allegations contained in the third sentence of paragraph 34 of the Complaint. Defendant denies, as stated, the allegations contained in the fourth sentence of paragraph 34 of the Complaint. However, Defendant avers that, on or about June 1, 2004, Monica Scott Beckham witnessed Plaintiff escorting Kenneth Marty and Hans Martin into

Defendant's principal place of business. Defendant denies, as stated, the allegations contained in the fifth sentence of paragraph 34 of the Complaint. Defendant denies, as stated, the allegations contained in the sixth and seventh sentences of paragraph 34 of the Complaint. However, Defendant avers that, on or about June 1, 2004, Kenneth Marty, Shelley Elliott, and Hans Martin met with Monica Scott Beckham, Dana Jones, and Darlene Booker.

35.   Defendant admits the allegations contained in the first sentence of paragraph 35 of the Complaint. The allegations contained in the second sentence of paragraph 35 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, upon information and belief, Defendant denies the allegations contained in the second sentence of paragraph 35 of the Complaint. Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the third sentence of paragraph 35 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. Defendant denies, as stated, the allegations contained in the fourth sentence of paragraph 35 of the Complaint. However, Defendant avers that, on or about June 2, 2004, it issued a letter to Plaintiff advising him that his position would be abolished pursuant to a reduction-in-force, effective June 30, 2004. With respect to the allegations contained in the fifth and sixth sentences of paragraph 35 of the Complaint, Defendant avers that the letter speaks for itself, and any allegations contained in the fifth and sixth sentences of paragraph 35 of the Complaint which are contrary to the contents of the letter are hereby denied by Defendant. Defendant denies, as stated, the allegations contained in the seventh sentence of paragraph 35 of the Complaint based upon information contained in Plaintiff's amended charge.

36.   Defendant denies, as stated, the allegations contained in paragraph 36 of the Complaint. However, Defendant avers that, in or about June 2004, Plaintiff filed his amended

charge against Defendant with the District of Columbia Office of Human Rights. The amended charge speaks for itself, and any allegations contained in paragraph 36 of the Complaint which are contrary to the contents of Plaintiff's amended charge are hereby denied by Defendant.

37.     Upon information and belief, Defendant admits the allegations contained in paragraph 37 of the Complaint.

## COUNT I
### (VIOLATIONS OF THE WHISTLEBLOWER STATUTE – VIOLATION OF D.C. CODE § 2-223.02)

38.     Defendant repeats and incorporates its responses to paragraphs 1 through 37 as if fully set forth herein.

39.     The allegations contained in paragraph 39 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint. With respect to Count I's Prayer for Relief, no response is required to Plaintiff's request for a jury trial. Defendant denies that Plaintiff is entitled to any of the other relief requested in his Prayer for Relief to Count I.

## COUNT II
### (WRONGFUL DISCHARGE)

42.     Defendant repeats and incorporates its responses to paragraphs 1 through 41 as if fully set forth herein.

43.     Defendant admits the allegations contained in paragraph 43 of the Complaint.

44.     Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of 44 of the Complaint and, therefore, denies

said allegations and calls for strict proof thereof. Defendant denies the allegations contained in the second sentence of paragraph 44 of the Complaint. The allegations contained in the third sentence of paragraph 44 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in the third sentence of paragraph 44 of the Complaint.

45.   Defendant denies the allegations contained in the first through third sentences of paragraph 45 of the Complaint. The allegations contained in the fourth sentence of paragraph 45 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in the fourth sentence of paragraph 45 of the Complaint.

46.   Defendant denies the allegations contained in paragraph 46 of the Complaint. With respect to Count II's Prayer for Relief, no response is required to Plaintiff's request for a jury trial. Defendant denies that Plaintiff is entitled to any of the other relief requested in his Prayer for Relief to Count II.

## COUNT III
## (RETALIATION)

47.   Defendant repeats and incorporates its responses to paragraphs 1 through 46 as if fully set forth herein.

48.   The allegations contained in paragraph 48 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that, in Plaintiff's charge, Plaintiff claims that he is White, Syrian, male, light-skinned, and Muslim.

49.   The allegations contained in paragraph 49 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is

required, Defendant admits only that Plaintiff filed his charge against Defendant and that Defendant received notice of Plaintiff's filing of his charge. The charge speaks for itself, and any allegations contained in paragraph 49 of the Complaint which are contrary to the contents of Plaintiff's charge are hereby denied by Defendant.

50.   Defendant denies, as stated, the allegations contained in the first sentence of paragraph 50 of the Complaint. However, Defendant avers that, on or about June 2, 2004, it issued a letter to Plaintiff advising him that his position would be abolished pursuant to a reduction-in-force, effective June 30, 2004. The letter speaks for itself, and any allegations contained in paragraph 50 of the Complaint which are contrary to the contents of the letter are hereby denied by Defendant. The allegations contained in the second sentence of paragraph 50 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in the second sentence of paragraph 50 of the Complaint.

51.   Defendant denies the allegations contained in paragraph 51 of the Complaint. With respect to Count III's Prayer for Relief, no response is required to Plaintiff's request for a jury trial. Defendant denies that Plaintiff is entitled to any of the other relief requested in his Prayer for Relief to Count III.

52.   No response to Plaintiff's jury demand is required.

53.   Defendant specifically denies that it wronged Plaintiff in any manner whatsoever and further denies that Plaintiff is entitled to any award of relief, whether consisting of back pay, compensatory or punitive damages, pre-judgment or post-judgment interest, attorneys' fees and costs, and/or any other legal or equitable relief from Defendant.

54.     Each and every allegation concerning purported wrongful conduct allegedly committed by Defendant against Plaintiff is expressly denied.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiff's Complaint fails to state any claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, to the extent they are untimely under the applicable statutes of limitations.

3.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches in that Plaintiff unreasonably delayed in asserting his claims and Defendant has been prejudiced by Plaintiff's delay.

4.      This Court lacks jurisdiction over the subject matter of any claim or allegation contained in Plaintiff's Complaint which was not made the subject of a timely-filed administrative charge of discrimination.

5.      To the extent that Plaintiff's Complaint was not filed within one year of the filing of a charge of discrimination with the District of Columbia Office of Human Rights, Plaintiff's claims are barred, in whole or in part.

6.      To the extent Plaintiff is asserting new claims not alleged in his filings with the District of Columbia Office of Human Rights and/or the Equal Employment Opportunity Commission, such claims are barred, in whole or in part.

7.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust his administrative remedies and/or to comply with all conditions precedent to the commencement of this action.

8.      Defendant has not violated the District of Columbia Whistleblower Reinforcement Act, as amended, in any respect.

9. Defendant has not violated the District of Columbia Human Rights Act, as amended, in any respect.

10. Any actions taken by Defendant with respect to Plaintiff's employment were done for non-discriminatory, valid, and legitimate reasons, unrelated to Plaintiff's purported membership in any protected group(s), and/or Plaintiff's alleged protected disclosure(s), and/or Plaintiff's alleged refusal to comply with an illegal order.

11. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant acted in good faith and lawfully.

12. Plaintiff's claims are barred, in whole or in part, because Defendant's actions, at all times, were not willful, malicious or in reckless disregard of Plaintiff's rights and, therefore, Plaintiff is not entitled to punitive damages.

13. Defendant has a policy prohibiting discrimination and a procedure by which employees should inform it of any such complaints. To the extent Plaintiff availed himself of this policy and Defendant took effective remedial action, his claims are barred. Similarly, to the extent Plaintiff failed to avail himself of this policy, Plaintiff's claims are also barred.

14. Plaintiff's claims are barred, in whole or in part, because discriminatory reasons were not a motivating factor in any of Defendant's employment decisions concerning Plaintiff.

15. At all times relevant herein, Defendant did not act with discriminatory purpose or intent.

16. To the extent that Plaintiff is attempting to assert claims of unlawful retaliation, there is no causal connection between Plaintiff's alleged opposition to unlawful discrimination and/or engagement in alleged protected activity and any purported adverse employment actions taken with respect to Plaintiff.

17.     To the extent that Plaintiff is attempting to assert claims of national origin, race, sex, religious, and color discrimination, and/or unlawful retaliation, Defendant lawfully took actions concerning Plaintiff's employment for reasons unrelated to his national origin, race, sex, religion, color and/or his claimed opposition to alleged unlawful acts of discrimination and/or his exercise of any alleged protected rights and/or his participation in alleged protected activity.

18.     Plaintiff's claims are barred to the extent that his exclusive remedy is provided by the District of Columbia's workers' compensation statute(s).

19.     Plaintiff's claims for relief are barred, in whole or in part, to the extent that the relief sought is not authorized by the District of Columbia Whistleblower Reinforcement Act and/or the District of Columbia Human Rights Act, as amended.

20.     Defendant has not violated any laws with respect to Plaintiff.

21.     Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

22.     Defendant did not wrong Plaintiff as alleged in Plaintiff's Complaint.

23.     Defendant is not indebted to Plaintiff as alleged in his Complaint.

24.     Plaintiff's claims are barred, in whole or in part, to the extent he has failed to mitigate his damages.

25.     Defendant has neither acted nor failed to act in a manner entitling Plaintiff to an award of punitive damages.

26.     Defendant denies that Plaintiff is entitled to any relief requested in his Complaint, including, but not limited to, back pay, compensatory damages, punitive damages, attorneys' fees and costs, and/or any other legal or equitable relief.

27. Defendant reserves the right to assert further affirmative and other defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered and responded to Plaintiff's Complaint, Defendant United Planning Organization, Inc. prays that this Court dismiss Plaintiff's Complaint, render judgment in its favor, award it the costs and attorneys' fees incurred in this matter, and award it such other and further relief as this Court deems just and proper.

Dated: this 30th day of June, 2005                Respectfully submitted,


By:  /s/
David A. Rosenberg, DC Bar No. 433405
Kevin M. Kraham, DC Bar No. 459077

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC  20036
Tel (202) 719-2000
Fax (202) 719-2077

*Counsel for Defendant United Planning Organization, Inc.*

-20-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he served a copy of the foregoing ANSWER to the following via U.S. Mail, postage prepaid, on June 30, 2005:

Omar Vincent Melehy, Esq.
ZIPIN & MELEHY, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD  20910

                                                /s/
                                   Kevin M. Kraham

DC:55229.3