UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

    *Plaintiff*,

v.

United Planning Organization, Inc.,

    *Defendant*.

Civil Action No. 05-1271 (GK)

**LOCAL CIVIL RULE 16.3**
**REPORT TO THE COURT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3, Plaintiff Mohammed Amin Kakeh ("Plaintiff"), by undersigned counsel, and United Planning Organization, Inc. Defendant ("UPO"), by undersigned counsel, respectfully submit this joint report. The numbered paragraphs below correspond to those in Local Civil Rule 16.3(c).

**STATEMENT OF THE CASE**

On or about May 13, 2005, Plaintiff filed a Complaint against UPO in this action. In his Complaint, Plaintiff alleges that:

    (a)    Defendant retaliated against the Plaintiff in violation of the Employees of District Contractors and Instrumentality Whistleblower Protection Act provisions set forth at DC ST §§ 2-223.01 through 2-223.07;

    (b)    Defendant wrongfully discharged Plaintiff from employment;

    (c)    Defendant retaliated against Plaintiff for engaging in protected activity in violation of the District of Columbia Human Rights Act of 1977, as amended.

Without waiving any defenses available under Fed. R. Civ. P. Rule 12, or otherwise, UPO denies all allegations of wrongdoing and anticipates filing a motion for summary judgment at the appropriate time in this case.

1. **Dispositive Motions**

UPO presently believes that all, or at least a portion of, Plaintiff's claims may be subject to dispositive motion. Likewise, Plaintiff presently believes that all, or at least a portion of, UPO's claims may be subject to dispositive motion.

2. **Joinder of Parties, Amendment Of Pleadings And Narrowing Of Issues**

The parties do not anticipate joining any additional parties however, the parties propose that any motion to join additional parties shall be filed within 60 days from the date of the scheduling conference. Any further amendment of pleadings will be made as allowed by the applicable rules of civil procedure and by order of the Court.

3. **Agreement To Magistrate Judge**

The parties do not request assignment to a magistrate judge.

4. **Possibility Of Settlement**

The parties believe that the issue of settlement is premature until after the completion of discovery.

5. **Alternative Dispute Resolution**

The parties are aware of the Court's alternative dispute resolution (ADR) procedures and have considered the factors listed in LCvR 16.3(c)(5). UPO believes that ADR procedures should be used, and requests that mediation before Magistrate Judge Facciola be held after the Court rules on any dispositive motions that are filed. Plaintiff

is willing to participate in mediation, but is not optimistic that the case will be resolved through the mediation process. Therefore, Plaintiff opposes mediation at this time.

**6.      Time For Filing Of Dispositive Motions**

In the event a dispositive motion is not filed and granted earlier, the parties propose that dispositive motions filed after the close of discovery be filed within 60 days after the close of discovery. The parties propose that oppositions to dispositive motions be due 35 days after their filing, with replies due 21 days thereafter.

**7.      Initial Disclosures**

The parties stipulate that they shall dispense with the initial disclosures required under Rule 26(a)(1), Fed. R. Civ. P.

**8.      Extent Of Discovery**

Plaintiff and UPO expect to serve admission requests, interrogatories, document requests, and to take depositions. Plaintiff and UPO propose that discovery should be completed within twelve months of the initial scheduling conference (August 25, 2005).

Plaintiff proposes twenty-five (25) depositions and fifty (50) interrogatories.

Defendant proposes no departure from the presumptive limits on interrogatories and depositions.

UPO believes that a protective order may be required to safeguard confidential information concerning its records, although UPO anticipates that Plaintiff and UPO should be able to agree on the terms of such an order should one be required, and such agreed upon order will be submitted to the Court for approval and entry.

**9.     Experts**

The parties propose that Plaintiff's experts be identified within 90 days of the initial Scheduling Conference, that Defendant's experts be identified within 45 days thereafter, and that any rebuttal experts be identified within 45 days of Defendant's identification of its experts.

The parties do not propose further modification of the requirements of Fed. R. Civ. P. Rule 26(a)(2).

**10.    Class Actions**

This is not a class action.

**11.    Bifurcation**

The parties propose that there should not be bifurcation of the trial and/or discovery.

**12.    Pretrial Conference**

The parties propose that the Court schedule a pretrial conference, if one is necessary, after the Court rules on any dispositive motions.

**13.    Trial Date**

The parties propose that it is too early to set a firm trial date, and that a trial should be set at the pretrial conference.

Respectfully submitted,

By: /s/                                                  By: /s/
    Omar V. Melehy, DC Bar No. 415849      David A. Rosenberg, DC Bar No. 433405
    ZIPIN & MELEHY LLC                         Kevin M. Kraham, DC Bar No. 459077
    8403 Colesville Road, Suite 610          FORD & HARRISON LLP
    Silver Spring, MD  20910                 1300 19th Street, N.W., Suite 700
    (301) 587-6364                                  Washington, DC  20036
                                                        (202) 719-2000
    *Counsel for Plaintiff Mohammed A. Kakeh*
                                                         *Counsel for Defendant United Planning*
                                                         *Organization, Inc.*

Dated this 18th day of August, 2005

DC:56097.1