IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED AMIN KAKEH,

        Plaintiff,

    v.

UNITED PLANNING ORGANIZATION, INC.,

        Defendant.

CIVIL ACTION NO. 1:05-CV-1271
(GK/JF)

Next Event:  Settlement Conference
March 14, 2006

## ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant United Planning Organization, Inc. ("Defendant"), by and through its counsel, and, pursuant to Rules 12 and 15 of the Federal Rules of Civil Procedure and the Court's November 14, 2005 Minute Order, states as follows for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("Complaint"):

1.      Defendant admits the allegations contained in paragraph 1 of the Complaint.  However, Defendant denies that it has wronged Plaintiff and denies that Plaintiff is entitled to any award of damages from Defendant.

2.      The allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which no response is required from Defendant.  However, Defendant denies that it has wronged Plaintiff and denies that Plaintiff is entitled to any award of damages from it.

3.      The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required from Defendant.

4.      Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      With respect to the allegations contained in paragraph 6 of the Complaint, Defendant admits only that Plaintiff was employed by Defendant in the District of Columbia, and that Defendant maintains offices and conducts business in the District of Columbia. The remainder of the allegations contained in paragraph 6 of the Complaint constitute legal conclusions to which no response is required. However, Defendant denies that it has wronged Plaintiff and denies that Plaintiff is entitled to any award of damages from it.

7.      The allegations contained in paragraph 7 of the Complaint constitute legal conclusions to which no response is required from Defendant.

8.      Defendant admits the allegations contained in the first and second sentences of paragraph 8 of the Complaint. The allegations contained in the third sentence of paragraph 8 of the Complaint constitute legal conclusions to which no response is required from Defendant. Defendant denies, as stated, the allegations contained in the fourth sentence of paragraph 8 of the Complaint. Defendant avers that it administers the Headstart program which is funded and overseen by the government of the United States, but that the educational services referenced in the fourth sentence of paragraph 8 of the Complaint are not provided exclusively to children from low-income families. Defendant denies, as stated, the allegations contained in the fifth sentence of paragraph 8 of the Complaint. Defendant avers that it administers a daycare program which is funded by the government of the District of Columbia. With respect to the sixth sentence of paragraph 8 of the Complaint, Defendant admits that it administers the CSBG. Defendant denies, as stated, the remainder of the sixth sentence of paragraph 8 of the Complaint. Defendant avers that, with respect to the CSBG, federal funds are sub-granted to Defendant

through the government of the District of Columbia. Defendant denies, as stated, the seventh

sentence of paragraph 8 of the Complaint. Defendant avers that it has a grant from the

government of the District of Columbia to administer services for the elderly. Defendant admits

the allegations contained in the eighth sentence of paragraph 8 of the Complaint. Defendant

denies, as stated, the allegations contained in the ninth sentence of paragraph 8 of the Complaint.

      9.     Defendant denies, as stated, the allegations contained in paragraph 9 of the

Complaint. Defendant avers that Plaintiff was hired on June 29, 1998, as its Controller.

      10.    Defendant denies, as stated, the allegations contained in paragraph 10 of

the Complaint. However, Defendant avers that, prior to Sheila Shears being hired as Chief

Financial Officer, Plaintiff's assigned job duties included, but were not limited to, establishing

and maintaining internal accounting practices and procedures; preparing financial reports;

presenting findings and recommendations to Defendant's executives; overseeing Defendant's

accounting software; managing cash flow and revenue activities; preparing annual financial

statements; preparing the audit schedule; overseeing the audit preparation; managing

Defendant's budget, including all related disbursements and reporting requirements; and

advising Defendant's executives regarding financial matters.

      11.    Defendant admits the allegations contained in the first sentence of

paragraph 11 of the Complaint. Defendant denies the allegations contained in the second

sentence of paragraph 11 of the Complaint. Defendant admits the allegations contained in the

third sentence of paragraph 11 of the Complaint.

      12.    Defendant denies the allegations contained in the first and second

sentences of paragraph 12 of the Complaint. Defendant denies, as phrased, the allegations

contained in the third sentence of paragraph 12 of the Complaint. Defendant avers that Plaintiff

retained the title of Controller but denies that "his position was reduced to work in a more clerical capacity."

13.     With respect to the allegations contained in the first sentence of paragraph 13 of the Complaint, Defendant admits only that Plaintiff wrote a memorandum dated October 3, 2003, to Benjamin Jennings.  With respect to the remaining allegations contained in paragraph 13 of the Complaint, Defendant avers that the memorandum speaks for itself, and any allegations contained in paragraph 13 of the Complaint which are contrary to the contents of Plaintiff's memorandum are hereby denied by Defendant.

14.     With respect to the allegations contained in the first sentence of paragraph 14 of the Complaint, Defendant admits only that Plaintiff wrote a memorandum dated October 20, 2003, to Gladys Mack.  With respect to the remaining allegations contained in paragraph 14 of the Complaint, Defendant avers that the memorandum speaks for itself, and any allegations contained in paragraph 14 of the Complaint which are contrary to the contents of Plaintiff's memorandum are hereby denied by Defendant.

15.     Defendant denies the allegations contained in the first and second sentences of paragraph 15 of the Complaint.  The allegations contained in the third sentence of paragraph 15 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the third sentence of paragraph 15 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.  Defendant denies, as stated, the allegations contained in the fourth sentence of paragraph 15 of the Complaint.  Defendant avers, however, that Benjamin Jennings committed a number of

unauthorized, wrongful acts which are the subject of a legal action brought by Defendant against Jennings in this Court.

16.     The allegations contained in paragraph 16 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in paragraph 16 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

17.     The allegations contained in the first, second and third sentences of paragraph 17 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first, second and third sentences of paragraph 17 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.  With respect to the allegations contained in the fourth, fifth and sixth sentences of paragraph 17 of the Complaint, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.   The allegations contained in the sixth sentence of paragraph 17 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the sixth sentence of paragraph 17 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

18.     With respect to the allegations contained in the first sentence of paragraph 18 of the Complaint, Defendant is without knowledge and information sufficient to either admit

or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.  With respect to the allegations contained in the second sentence of paragraph 18 of the Complaint, Defendant admits that it hired Thompson Cobb to audit its financial records. The allegations contained in the third sentence of paragraph 18 of the Complaint that Dennis Ramprashad and Nuhaylatta Idrisu "were agents of a public body or supervisors within the meaning of D.C. ST § 2-223.01" constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in the third sentence of paragraph 18 of the Complaint that Dennis Ramprashad and Nuhaylatta Idrisu "were agents of a public body or supervisors within the meaning of D.C. ST § 2-223.01" is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.  The allegations contained in the fourth and fifth sentences of paragraph 18 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in the fourth and fifth sentences of paragraph 18 is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.

19.     With respect to the allegations contained in the first and second sentences of paragraph 19 of the Complaint, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.  The allegations contained in the third, fourth and sixth sentences of paragraph 19 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response to the allegations contained in the third, fourth and sixth sentences of paragraph 19 of the Complaint is required, Defendant is without knowledge and

information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof. Defendant denies the allegations contained in the fifth and seventh sentences of paragraph 19 of the Complaint.

20.     Upon information and belief, Defendant admits the allegations contained in the first sentence of paragraph 20 of the Complaint. The allegations contained in the second sentence of paragraph 20 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the second sentence of paragraph 20 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. Upon information and belief, Defendant admits the allegations contained in the third sentence of paragraph 20 of the Complaint. The allegations contained in the fourth and fifth sentences of paragraph 20 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extend a response to the allegations contained in the fourth and fifth sentences of paragraph 20 of the Complaint is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.

21.     Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 21 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. The allegations contained in the second, third and sixth sentences of paragraph 21 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response to the allegations contained in the second, third and sixth sentences of paragraph 21 of the Complaint is required, Defendant is without knowledge and information sufficient to either admit or deny the

allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.  Defendant denies the allegations contained in the fourth and fifth sentences of paragraph 21 of the Complaint.

22.     Defendant denies, as stated, the allegations contained in paragraph 22 of the Complaint.  However, Defendant avers that Benjamin Jennings was placed on administrative leave on or about March 11, 2004.

23.     The allegations contained in paragraph 23 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in paragraph 23 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

24.     Defendant denies, as stated, the allegations contained in the first sentence of paragraph 24 of the Complaint.  However, Defendant avers that, on or about March 18, 2004, a meeting between Eboda and members of Defendant's Board of Trustees occurred.  The allegations contained in the second sentence of paragraph 24 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response to the allegations contained in the second sentence of paragraph 24 of the Complaint is required, Defendant denies the allegations contained therein.

25.     Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 25 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.  The allegations contained in the second and third sentences of paragraph 25 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant

is without knowledge and information sufficient to either admit or deny the allegations contained

in the second and third sentences of paragraph 25 of the Complaint and, therefore, denies said

allegations and calls for strict proof thereof.

26.     Defendant denies, as stated, the allegations contained in paragraph 26 of

the Complaint.

27.     With respect to the allegations contained in paragraph 27 of the

Complaint, Defendant admits that Plaintiff filed a charge of discrimination ("charge") against

Defendant.  The charge speaks for itself, and any allegations contained in paragraph 27 of the

Complaint which are contrary to the contents of Plaintiff's charge are hereby denied by

Defendant.

28.     With respect to the allegations contained in the first sentence of paragraph

28 of the Complaint, Defendant admits only that David Catania wrote a letter to Dana Jones

seeking documents on or about April 27, 2004.  The letter speaks for itself, and any allegations

contained in paragraph 28 of the Complaint which are contrary to the contents of the letter are

hereby denied by Defendant.  The allegations contained in the second sentence of paragraph 28

of the Complaint constitute legal conclusions to which no response is required from Defendant.

To the extent a response is required, Defendant is without knowledge and information sufficient

to either admit or deny the allegations contained in the second sentence of paragraph 28 of the

Complaint and, therefore, denies said allegations and calls for strict proof thereof.

29.     The allegations contained in the first, second, fourth and fifth sentences of

paragraph 29 of the Complaint constitute legal conclusions to which no response is required from

Defendant.  To the extent a response to the allegations contained in the first, second, fourth and

fifth sentences of paragraph 29 of the Complaint is required, Defendant is without knowledge

and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof. With respect to the allegations contained in the third sentence of paragraph 29 of the Complaint, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.

30.     The allegations contained in paragraph 30 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in paragraph 30 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

31.     Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 31 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. The allegations contained in the second, third and fourth sentences of paragraph 31 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response to the second, third and fourth sentences of paragraph 31 of the Complaint is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.

32.     Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 32 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof. The remaining allegations contained in paragraph 32 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response to the remaining allegations contained in

paragraph 32 of the Complaint is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained therein and, therefore, denies said allegations and calls for strict proof thereof.

33.     Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 33 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.  The allegations contained in the second sentence of paragraph 33 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the second sentence of paragraph 33 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

34.     Defendant denies, as stated, the allegations contained in the first sentence of paragraph 34 of the Complaint.  However, Defendant avers that Russell Simmons resigned from Defendant's Board of Directors in or about May 2004.  The allegations contained in the second sentence of paragraph 34 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, upon information and belief, Defendant denies the allegations contained in the second sentence of paragraph 34 of the Complaint.

35.     Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 35 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.  The allegations contained in the second and third sentences of paragraph 35 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant

is without knowledge and information sufficient to either admit or deny the allegations contained in the second and third sentences of paragraph 35 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.

36.     Defendant denies, as stated, the allegations contained in the first sentence of paragraph 36 of the Complaint.  However, Defendant avers that, on or about June 1, 2004, Kenneth Marty and Hans Martin visited Defendant's principal place of business, located at 301 Rhode Island Avenue, N.W., in the District of Columbia.  The allegations contained in the second sentence of paragraph 36 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, upon information and belief, Defendant denies the allegations contained in the second sentence of paragraph 36 of the Complaint.  Defendant admits the allegations contained in the third sentence of paragraph 36 of the Complaint.  Defendant denies, as stated, the allegations contained in the fourth sentence of paragraph 36 of the Complaint.  However, Defendant avers that, on or about June 1, 2004, Monica Scott Beckham witnessed Plaintiff escorting Kenneth Marty and Hans Martin into Defendant's principal place of business.  Defendant denies, as stated, the allegations contained in the fifth sentence of paragraph 36 of the Complaint.  Defendant denies, as stated, the allegations contained in the sixth and seventh sentences of paragraph 36 of the Complaint.  However, Defendant avers that, on or about June 1, 2004, Kenneth Marty, Shelley Elliott, and Hans Martin met with Monica Scott Beckham, Dana Jones, and Darlene Booker.

37.     Defendant admits the allegations contained in the first sentence of paragraph 37 of the Complaint.  The allegations contained in the second and fourth sentences of paragraph 37 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, upon information and belief, Defendant denies

the allegations contained in the second and fourth sentences of paragraph 37 of the Complaint. Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the third sentence of paragraph 37 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.  Defendant denies, as stated, the allegations contained in the fifth sentence of paragraph 37 of the Complaint.  However, Defendant avers that, on or about June 2, 2004, it issued a letter to Plaintiff advising him that his position would be abolished pursuant to a reduction-in-force, effective June 30, 2004.  With respect to the allegations contained in the sixth and seventh sentences of paragraph 37 of the Complaint, Defendant avers that the letter speaks for itself, and any allegations contained in the sixth and seventh sentences of paragraph 37 of the Complaint which are contrary to the contents of the letter are hereby denied by Defendant.  Defendant denies, as stated, the allegations contained in the eighth sentence of paragraph 37 of the Complaint based upon information contained in Plaintiff's amended charge.

38.     Defendant denies, as stated, the allegations contained in paragraph 38 of the Complaint.  However, Defendant avers that, in or about June 2004, Plaintiff filed his amended charge against Defendant with the District of Columbia Office of Human Rights.  The amended charge speaks for itself, and any allegations contained in paragraph 38 of the Complaint which are contrary to the contents of Plaintiff's amended charge are hereby denied by Defendant.

39.     Upon information and belief, Defendant admits the allegations contained in paragraph 39 of the Complaint.

## COUNT I

### (VIOLATIONS OF THE D.C. WHISTLEBLOWER STATUTE – VIOLATION OF THE D.C. CODE § 2-223.02)

40.     Defendant repeats and incorporates its responses to paragraphs 1 through 39 as if fully set forth herein.

41.     The allegations contained in paragraph 41 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.  With respect to Count I's Prayer for Relief, no response is required to Plaintiff's request for a jury trial.  Defendant denies that Plaintiff is entitled to any of the other relief requested in his Prayer for Relief to Count I.

### COUNT II

### (WRONGFUL DISCHARGE)

44.     Defendant repeats and incorporates its responses to paragraphs 1 through 43 as if fully set forth herein.

45.     Defendant admits the allegations contained in paragraph 45 of the Complaint.

46.     Defendant is without knowledge and information sufficient to either admit or deny the allegations contained in the first sentence of 46 of the Complaint and, therefore, denies said allegations and calls for strict proof thereof.  Defendant denies the allegations

contained in the second sentence of paragraph 46 of the Complaint. The allegations contained in the third sentence of paragraph 46 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in the third sentence of paragraph 46 of the Complaint.

47.    Defendant denies the allegations contained in the first through third sentences of paragraph 47 of the Complaint. The allegations contained in the fourth sentence of paragraph 47 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in the fourth sentence of paragraph 47 of the Complaint.

48.    Defendant denies the allegations contained in paragraph 48 of the Complaint. With respect to Count II's Prayer for Relief, no response is required to Plaintiff's request for a jury trial. Defendant denies that Plaintiff is entitled to any of the other relief requested in his Prayer for Relief to Count II.

## COUNT III

## (RETALIATION FOR DISCRIMINATION COMPLAINT)

49.    Defendant repeats and incorporates its responses to paragraphs 1 through 48 as if fully set forth herein.

50.    The allegations contained in paragraph 50 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that, in Plaintiff's charge, Plaintiff claims that he is White, Syrian, male, light-skinned, and Muslim.

51.     The allegations contained in paragraph 51 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant admits only that Plaintiff filed his charge against Defendant and that Defendant received notice of Plaintiff's filing of his charge.  The charge speaks for itself, and any allegations contained in paragraph 51 of the Complaint which are contrary to the contents of Plaintiff's charge are hereby denied by Defendant.

52.     Defendant denies, as stated, the allegations contained in the first sentence of paragraph 52 of the Complaint.  However, Defendant avers that, on or about June 2, 2004, it issued a letter to Plaintiff advising him that his position would be abolished pursuant to a reduction-in-force, effective June 30, 2004.  The letter speaks for itself, and any allegations contained in paragraph 52 of the Complaint which are contrary to the contents of the letter are hereby denied by Defendant. The allegations contained in the second sentence of paragraph 52 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant denies the allegations contained in the second sentence of paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint.  With respect to Count III's Prayer for Relief, no response is required to Plaintiff's request for a jury trial.  Defendant denies that Plaintiff is entitled to any of the other relief requested in his Prayer for Relief to Count III.

## COUNT IV

## (VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT WHISTLEBLOWER PROTECTION PROVISION, 31 U.S.C. §3730(H))

54.     Defendant repeats and incorporates its responses to paragraphs 1 through 53 as if fully set forth herein.

55.     The allegations contained in the first, third and fourth sentences of paragraph 55 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant denies the allegations contained in the first, third and fourth sentences of  paragraph 55 of the Complaint.   Defendant denies the allegations contained in the second sentence of paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in paragraph 58 of the Complaint.  With respect to Count IV's Prayer for Relief, no response is required to Plaintiff's request for a jury trial.  Defendant denies that Plaintiff is entitled to any of the relief requested in his Prayer for Relief to Count IV.

## COUNT V

## (VIOLATIONS OF THE DISTRICT OF COLUMBIA FALSE CLAIMS ACT WHISTLEBLOWER PROTECTION PROVISION, DC CODE §2-308)

59.     Defendant repeats and incorporates its responses to paragraphs 1 through 58 as if fully set forth herein.

60.     The allegations contained in the first, third and fourth sentences of paragraph 60 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required, Defendant denies the allegations contained in the first, third and fourth sentences of paragraph 60 of the Complaint.  Defendant denies the allegations contained in the second sentence of paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint.  With respect to Count V's Prayer for Relief, no response is required to Plaintiff's request for a jury trial.  Defendant denies that Plaintiff is entitled to any of the relief requested in his Prayer for Relief to Count V.

64.     Each and every allegation concerning purported wrongful conduct allegedly committed by Defendant against Plaintiff is expressly denied.

65.     No response to Plaintiff's jury demand is required.

66.     Defendant specifically denies that it wronged Plaintiff in any manner whatsoever and further denies that Plaintiff is entitled to any award of relief, whether consisting of back pay, liquidated damages, compensatory or punitive damages, pre-judgment or post-judgment interest, attorneys' fees and costs, and/or any other legal or equitable relief from Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff's Complaint fails to state any claim upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, to the extent they are untimely under the applicable statutes of limitations.

3.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches in that Plaintiff unreasonably delayed in asserting his claims and Defendant has been prejudiced by Plaintiff's delay.

4.     This Court lacks jurisdiction over the subject matter of any claim or allegation contained in Plaintiff's Complaint which was not made the subject of a timely-filed administrative charge of discrimination.

5.     To the extent that Plaintiff's Complaint was not filed within one year of the filing of a charge of discrimination with the District of Columbia Office of Human Rights, Plaintiff's claims are barred, in whole or in part.

6.    To the extent Plaintiff is asserting new claims not alleged in his filings with the District of Columbia Office of Human Rights and/or the Equal Employment Opportunity Commission, such claims are barred, in whole or in part.

7.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust his administrative remedies and/or to comply with all conditions precedent to the commencement of this action.

8.    Defendant has not violated the District of Columbia Whistleblower Reinforcement Act, as amended, and/or the Employees of District Contractors and Instrumentality Whistleblower Protection Act in any respect.

9.    Defendant has not violated the District of Columbia Human Rights Act, as amended, in any respect.

10.    Defendant has not violated D.C. Code § 2-308.16 in any respect.

11.    Defendant has not violated 31 U.S.C.A. §3730(h), as amended, in any respect.

12.    Any actions taken by Defendant with respect to Plaintiff's employment were done for non-discriminatory, valid, and legitimate reasons, unrelated to Plaintiff's purported membership in any protected group(s), and/or Plaintiff's alleged protected activity, and/or Plaintiff's alleged protected disclosure(s), and/or Plaintiff's alleged refusal to comply with an illegal order.

13.    Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant acted in good faith and lawfully.

14.    Plaintiff's claims are barred, in whole or in part, because Defendant's actions, at all times, were not willful, malicious or in reckless disregard of Plaintiff's rights and, therefore, Plaintiff is not entitled to punitive damages.

15.    Defendant has a policy prohibiting discrimination and a procedure by which employees should inform it of any such complaints.  To the extent Plaintiff availed himself of this policy and Defendant took effective remedial action, his claims are barred. Similarly, to the extent Plaintiff failed to avail himself of this policy, Plaintiff's claims are also barred.

16.    Plaintiff's claims are barred, in whole or in part, because discriminatory reasons were not a motivating factor in any of Defendant's employment decisions concerning Plaintiff.

17.    At all times relevant herein, Defendant did not act with discriminatory purpose or intent.

18.    To the extent that Plaintiff is attempting to assert claims of unlawful retaliation, there is no causal connection between Plaintiff's alleged opposition to unlawful discrimination and/or engagement in alleged protected activity and any purported adverse employment actions taken with respect to Plaintiff.

19.    To the extent that Plaintiff is attempting to assert claims of national origin, race, sex, religious, and color discrimination, and/or unlawful retaliation, Defendant lawfully took actions concerning Plaintiff's employment for reasons unrelated to his national origin, race, sex, religion, color and/or his claimed opposition to alleged unlawful acts of discrimination

and/or his exercise of any alleged protected rights and/or his participation in alleged protected activity.

20.     Plaintiff's claims are barred to the extent that his exclusive remedy is provided by the District of Columbia's workers' compensation statute(s).

21.     This Court lacks subject matter jurisdiction over the Plaintiff's claim brought pursuant to 31 U.S.C. Section 3730(h), since the Plaintiff cannot establish that he was engaged in any acts in furtherance of an action under Section 3730(b).

22.     This Court lacks subject matter jurisdiction over the Plaintiff's claim brought pursuant to 31 U.S.C. Section 3730(h), since the Plaintiff cannot establish that the Defendant had knowledge of any alleged protected activity within the scope of Section 3730(h) in which he may have allegedly engaged while in Defendant's employ.

23.     This Court lacks subject matter jurisdiction over the Plaintiff's claim brought pursuant to 31 U.S.C. Section 3730(h), since the Plaintiff cannot establish that the Defendant discriminated against him in the terms and conditions of his employment as a result of any alleged protected activity within the scope of Section 3730(h) in which he may have allegedly engaged while in Defendant's employ.

24.     The Defendant terminated the Plaintiff for legitimate, non-discriminatory business reasons unrelated to any alleged protected activity within the scope of Section 3730(h) in which he may have allegedly engaged while in Defendant's employ.

25.     This Court lacks subject matter jurisdiction over the Plaintiff's claim brought pursuant to D.C. Code § 2-308.16, since the Plaintiff cannot establish that he was

engaged in any acts in furtherance of or assisting in an action filed or to be filed pursuant to § 2-308.16.

26.     This Court lacks subject matter jurisdiction over the Plaintiff's claim brought pursuant to D.C. Code § 2-308.16, since the Plaintiff cannot establish that the Defendant had knowledge of any alleged protected activity within the scope of D.C. Code § 2-308.16 in which he may have allegedly engaged while in Defendant's employ.

27.     This Court lacks subject matter jurisdiction over the Plaintiff's claim brought pursuant to D.C. Code § 2-308.16, since the Plaintiff cannot establish that the Defendant discriminated against him in the terms and conditions of his employment as a result of any alleged protected activity within the scope of D.C. Code § 2-308.16 in which he may have allegedly engaged while in Defendant's employ.

28.     The Defendant terminated the Plaintiff for legitimate, non-discriminatory business reasons unrelated to any alleged protected activity within the scope of D.C. Code § 2-308.16 in which he may have allegedly engaged while in Defendant's employ.

29.     Plaintiff's claims for relief are barred, in whole or in part, to the extent that the relief sought is not authorized by the District of Columbia Whistleblower Reinforcement Act, as amended; the Employees of District Contractors and Instrumentality Whistleblower Protection Act; and/or the District of Columbia Human Rights Act, as amended, in any respect.

30.     Plaintiff's claims for relief are barred, in whole or in part, to the extent that the relief sought is not authorized by 31 U.S.C.A. §§3729-3733, in any respect.

31.     Plaintiff's claims for relief are barred, in whole or in part, to the extent that the relief sought is not authorized by D.C. Code §§ 2-308.13 *et seq.*, in any respect.

32.     Defendant has not violated any laws with respect to Plaintiff.

33.     Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

34.     Defendant did not wrong Plaintiff as alleged in Plaintiff's Complaint.

35.     Defendant is not indebted to Plaintiff as alleged in his Complaint.

36.     Plaintiff's claims are barred, in whole or in part, to the extent he has failed to mitigate his damages.

37.     Defendant has neither acted nor failed to act in a manner entitling Plaintiff to an award of punitive damages.

38.     Defendant denies that Plaintiff is entitled to any relief requested in his Complaint, including, but not limited to, back pay, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and/or any other legal or equitable relief.

39.     Defendant reserves the right to assert further affirmative and other defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered and responded to Plaintiff's Complaint, Defendant United Planning Organization, Inc. prays that this Court dismiss Plaintiff's Complaint, render

judgment in its favor, award it the costs and attorneys' fees incurred in this matter, and award it such other and further relief as this Court deems just and proper.

Dated: November 23, 2005                    Respectfully submitted,

                                            By: _____
                                                David A. Rosenberg
                                                D.C. Bar No. 433405
                                                Alison Nadine Davis
                                                D.C. Bar No. 429700
                                                Kevin M. Kraham
                                                D.C. Bar No. 459077


                                                FORD & HARRISON LLP
                                                1300 19th Street, N.W., Suite 700
                                                Washington, DC  20036
                                                (202) 719-2000
                                                (202) 719-2077 (Facsimile)
                                                drosenberg@fordharrison.com

                                                Attorneys for Defendant UNITED PLANNING
                                                ORGANIZATION, INC.

## CERTIFICATE OF SERVICE

The undersigned, Alison N. Davis, hereby certifies that she served a copy of the

foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST**

**AMENDED COMPLAINT** to the following counsel of record via facsimile and electronic

court filing on November 23, 2005:


Omar Vincent Melehy,
D.C. Bar No. 415849
Andrew J. Perlmutter
D.C. Bar No. 489601

ZIPIN & MELEHY, LLC
8403 Colesville Rd, Suite 610.
Silver Spring, MD   20910
(301) 587-6364
(301) 587-6308(Facsimile)
ovmelehy@zmdlaw.com

Attorneys for Plaintiff Mohammed Amin Kakeh


Alison N. Davis

DC:57540.1