UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

    *Plaintiff*,

v.

United Planning Organization, Inc.,

    *Defendant*.

Civil Case No. 1:05-cv-1271

**PLAINTIFF'S MOTION FOR LEAVE TO FILE HIS SECOND AMENDED COMPLAINT AND STATEMENT OF POINTS AND AUTHORITIES**

Plaintiff, Mohammad Amin Kakeh, by and through his undersigned counsel, Zipin & Melehy, LLC hereby moves this Court for leave to file his proposed Second Amended Complaint against Defendant, United Planning Organization, Inc. pursuant to Rule 15(a). In support of this motion, Plaintiff states as follows:

1. On May 31, 2005, Plaintiff filed a complaint in the District of Columbia Superior Court alleging retaliation in violation of the Employees of District Contractors and Instrumentality Whistleblower Protection provisions set forth at DC ST §§ 2-223.01 through 2-223.07, common law wrongful discharge and retaliation for engaging in protected activity in violation of the District of Columbia Human Rights Act of 1977, as amended, DC ST § 2-1402.11(a)(1). These claims are alleged in Counts I through III of the original complaint.

2. On June 24, 2005, Defendant removed this case to the United States District Court for the District of Columbia pursuant to 28. U.S.C. §1441.

3. On August 25, 2005, the Court issued a Scheduling Order. Discovery is scheduled to be completed by April 1, 2005.

4.      On October 27, 2005, Plaintiff filed a Motion for Leave to File a First Amended Complaint. The Amended Complaint alleged that Defendant violated the anti-retaliation provisions of the federal False Claims Act (31 U.S.C. §3729(h)) and the District of Columbia False Claims act (DC ST §2-308.16). Defendant did not oppose the motion. The Court granted the motion on November 14, 2005.

5.      Plaintiff's attorneys have determined that Plaintiff has a claim for damages under all counts in the First Amended Complaint for front-pay. Plaintiff clarified the First Amended Complaint by making clear he was seeking such damages.

6.      In the Complaint and the First Amended Complaint, Plaintiff alleged facts indicating that Plaintiff made protected disclosures to both public bodies and supervisors within the meaning of D.C. ST. § 2-223.01 (7). However, however under Count I, Plaintiff did not make it abundantly clear that he was alleging retaliation for protected disclosures to both supervisors and public bodies in violation of D.C. ST. § 2-223.02. The Second Amended Complaint clarifies the language in Paragraph 44 by making clear that his claim is based in part on retaliation for making protected disclosures to supervisors abundantly clear. Additionally, the Second Amended Complaint contains new factual allegations in Paragraphs 28-30 that provide examples of Plaintiff's protected disclosures to supervisors, which were not included in the Complaint or First Amended Complaint. Other protected disclosures will likely be revealed as discovery progresses.

7.      On November 28, 2005, pursuant to Local Rule 7.1, Plaintiff's attorney's conferred with Defendant's counsel regarding any possible objections to this Motion. On Tuesday, November 29, 2005, Defendant's counsel indicated that she would respond by Wednesday, November 30, 2005.

2

To date, Defendant's counsel has not responded except to say that Defendant does not oppose amending the First Amended Complaint to include a claim for front-pay.

8. Leave to amend a complaint "shall be freely given if justice so requires." FRCP 15(a). Denial of leave to amend is an abuse of discretion unless the amendment is futile, results from undue delay, is in bad faith or creates undue prejudice. *Adair v. Johnson*, 216 F.R.D. 183, 186 (D.D.C. 2003). Plaintiff's proposed amended complaint does not suffer from any such deficiency. Plaintiff's Second Amended Complaint arises out of the same circumstances as the prior two complaints and creates no undue prejudice for the Defendant. On the contrary, Plaintiff seeks to amend the First Amended Complaint in order to clarify the issues for both parties. Moreover, "a court should not deny leave to amend based solely on time elapsed between the filing of the complaint and the request for leave to amend." *Id.* (granting leave to file a second amended complaint even though three years elapsed since the initial filing). Justice therefore requires that the Plaintiff be permitted to file his proposed Second Amended Complaint.

## CONCLUSION

For the reasons stated above, Plaintiff hereby respectfully requests that this Court enter an order granting Plaintiff leave to file his proposed Second Amended Complaint.

Respectfully Submitted,

/s/_____
Omar Vincent Melehy, Esq.
D.C. Bar No. 415849
Zipin & Melehy, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@zmdlaw.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of December, 2005, a copy of the foregoing Motion for Leave to File a Second Amended Complaint and Statement of Points and Authorities was sent by facsimile and regular mail to:

> Alison Davis, Esq.
> Kevin M. Kraham, Esq.
> Ford & Harrison LLP
> 1300 19th Street NW
> Washington, D.C. 20036
> Attorney for Defendant

                                                                                 /s/
                                                                       Omar Vincent Melehy