IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMAD AMIN KAKEH<br><br>Plaintiff,<br><br>v.<br><br>UNITED PLANNING ORGANIZATION, INC.<br><br>Defendant. | CIVIL ACTION NO. 05-1271<br>(GK/JF)<br><br>JUDGE: GLADYS KESSLER<br><br>NEXT EVENT: |

## STIPULATED PROTECTIVE ORDER

With respect to any documents produced or received by Plaintiff Mohammad Amin Kakeh ("Plaintiff") and Defendant United Planning Organization, Inc., ("Defendant" or "UPO") pursuant to written request, interrogatory, stipulation, subpoena, motion or deposition, or any other information obtained by Plaintiff or Defendant in this case that may be designated by Plaintiff or Defendant as being confidential as defined below (hereinafter referred to as "Confidential Material"), IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED ATTORNEYS FOR THE RESPECTIVE PARTIES TO THIS ACTION THAT:

1. (a) Plaintiff, Defendant, and their attorneys shall utilize confidential material solely in accordance with the provisions of this Order, and other than as provided herein, confidential material, including all excerpts therefrom or copies or summaries thereof, may not be disclosed to any other person.

(b) For purposes of this Stipulated Protective Order, "Confidential Material" means: (i) documents and/or information protected by the attorney-client privilege;

(ii) documents and/or information protected by the work product doctrine; (iii) trade secrets and/or other proprietary information of the parties, and/or any of their employees, agents, representatives, members, predecessors, successors, or affiliated entities; (iv) financial information of or pertaining to the parties, and/or any of their employees, agents, representatives, members, predecessors, successors, or affiliated entities; and/or (v) personnel and/or payroll records of the parties, and/or any of their employees, agents, representatives, members, predecessors, successors, or affiliated entities.

      (c)    The parties shall designate documents or other materials as confidential through the notation of the word "Confidential" on the face of every page containing confidential information.

      2.    Confidential Material shall be used by persons to whom it is disclosed pursuant to this Order solely for the purpose of this litigation, and not for any other purpose. The provisions of this Order shall not restrict the disclosure of Confidential Material by Plaintiff, Defendant, or their counsel of record for the purposes detailed in this Order.

      3.    Plaintiff, Defendant, or their attorneys may disclose Confidential Material only to paralegal, clerical support and secretarial staff employed by their attorneys; to witnesses or potential witnesses in the current litigation; to any person who is expressly retained by Plaintiff, Defendant, or their attorneys in this action to render assistance in the preparation of the case (e.g., experts); court officials; or as otherwise may be necessary for litigation purposes.

      4.    Prior to the release or disclosure of Confidential Material to any of the individuals covered by Paragraph 3, counsel shall ensure that the individual has been apprised of the confidential nature of the material produced and of the existence of this Protective Order and

understands that the Court has the power to enforce the Protective Order. Prior to the release or disclosure of Confidential Material, all individuals covered by Paragraph 3 (except paralegal, clerical and secretarial staff of counsel and court officials) shall sign a copy of the written acknowledgment attached as Exhibit 1. Counsel for the parties shall maintain a file of all original acknowledgments signed by persons to whom Confidential Material is disclosed.

5. Each person to whom any Confidential Material is disclosed shall:

   a) maintain the material in a safe and secure location;

   b) not reveal the contents of the material to any person other than the parties permitted to have access pursuant to this Protective Order; and

   c) use the material only for the purpose of discovering potentially relevant evidence, testifying, presenting evidence and/or assisting counsel in this action.

Despite the foregoing provisions of this Paragraph 5, witnesses, other than expert witnesses retained by the parties to render assistance in the preparation of the case, shall not be permitted to retain copies of Confidential Material disclosed to them.

6. Parties may, within fourteen (14) days after receiving a deposition transcript, designate pages and lines on each page of the transcript (and exhibits thereto) as confidential. Confidential Material within the deposition transcript may be designated by underscoring the portions of the pages and lines on each page that are confidential and marking such pages and lines with the following legend: "Confidential—Subject to Protection Pursuant to Court Order." Until expiration of the 14-day period, in the absence of an agreement on the record or in writing

3

to the contrary, all deposition testimony shall be deemed protected material until the expiration of the aforementioned fourteen (14) days.

7. With respect to any document or information contained therein designated by a party to be confidential and covered by this Protective Order, the other party may object in writing to the designation within twenty-one (21) days of receiving notice of the designation. The party claiming confidentiality must file a motion with the Court, within ten (10) days after receiving notice of the objection(s), to establish the confidential nature of the information, and the party asserting confidentiality shall retain the burden of proving that the information is entitled to protection as confidential under this Protective Order and under the applicable rules. Any designations objected to and not subject to a motion as described in this paragraph shall become null and void. The material shall continue to be treated as confidential and subject to this Protective Order until the Court renders a decision on the motion and to the extent that the Court's ruling does not remove such protection.

8. Nothing contained in this order shall limit the right of the parties to use Confidential Material at deposition or in connection with motions filed in Court, except that all parties agree to redact the following identifying information from all motions filed in Court: social security numbers, home addresses and home phone numbers, names of minor children, dates of birth, financial account numbers, and driver's license numbers. If there is additional identifying or otherwise sensitive information the parties believe should be redacted, the party desiring the redaction will notify the other side and request an agreement to redact the information. If the other party does not agree that the information should be redacted, the party proposing redaction will have ten (10) days from receiving notice of the disagreement to move

for an order declaring that the information should be redacted. While any motion is pending before the Court, the contested information will not be disclosed in any manner, including in a motion filed in Court. Any such proposed redactions must be made in writing no later than 30 days prior to the deadline for filing dispositive motions.

9. Nothing in this agreement restricts the use of Confidential Material in the trial of this case. This Protective Order is without prejudice to either party making a motion *in limine* to exclude certain evidence if there are reasonable grounds to do so.

10. Within 60 days of the termination of this action, including all appeals, whether by decision, settlement, lapse of time or otherwise, Plaintiff, Defendant, and their attorneys of record will return to respective opposing counsel all copies of all documents containing any Confidential Material or other documents containing confidential material or certify that all copies of Confidential Material have been destroyed.

11. Nothing in this Protective Order shall be construed to preclude the parties from: (a) seeking additional protection for confidential information; (b) seeking a modification of this Protective Order; or (c) objecting to discovery that it believes to be otherwise improper. Nor shall anything in this Agreement be construed as a waiver of any applicable privilege or protections afforded by the work-product doctrine.

12. The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and disclosure of Confidential Material. The attorneys of record are also responsible for attempting, in good faith, to resolve any disputes arising under this Protective Order before involving the Court.

13.  In view of the nature of the Confidential Material, any unauthorized disclosure or attempted disclosure of confidential information or other violation, or threatened violation, of this Protective Order by the parties and/or their respective counsel may entitle the other party to an injunction prohibiting any such disclosure, attempted disclosure, violation, and/or threatened violation of this Protective Order.

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|
| *signature* | *signature* |
| Omar Vincent Melehy | David A. Rosenberg |
| D.C. Bar No. 415849 | D.C. Bar No. 433405 |
| Andrew J. Perlmutter | Alison N. Davis |
| D.C. Bar No. 489601 | D.C. Bar No. 429700 |
|  | Kevin Kraham |
|  | D.C. Bar No. 459077 |
|  |  |
| ZIPIN & MELEHY LLC | FORD & HARRISON, LLP |
| 8403 Colesville Road, Suite 610 | 1300 19th Street, NW, Suite 700 |
| Silver Spring, MD 20910 | Washington, DC 20036 |
| (301) 587-6364 | (202) 719-2000 |
| (301) 587-6308 (fax) | (202) 719-2077 (fax) |
| ovmelehy@zmdlaw.com | drosenberg@fordharrison.com |

**SO ORDERED:**

_____
Gladys Kessler, Judge
U.S. District Court for the District of Columbia

Date: _____, 2005

6

## CONFIDENTIALITY AGREEMENT

The undersigned, whose assistance or testimony is required in the preparation or trial of this Action, has read the annexed Stipulated Protective Order ("Protective Order"), understands its contents, agrees to be bound by the terms thereof, and hereby undertakes to make no disclosures of Confidential Material disclosed to him or her to any person not permitted to have access to Confidential Material by said Protective Order. Furthermore, the undersigned agrees and submits to the exercise of personal jurisdiction by the U.S. District Court for the District of Columbia insofar as is necessary to enforce the Protective Order.

_____
Name (Print or type)

_____
Signature

_____
Date

DC:55364.1

EXHIBIT 1