UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mohammed Amin Kakeh,<br><br>　　　*Plaintiff*,<br><br>v.<br><br>United Planning Organization, Inc.,<br><br>　　　*Defendant*. | Civil Case No. 05-1271 (GK/JMF) |

### DEFENDANT'S STATEMENT REGARDING DISCOVERY DISPUTES

Defendant United Planning Organization, Inc., by and through its attorneys, respectfully submits this Statement Regarding Discovery Disputes pursuant to the Court's March 14, 2006 Minute Order.

1. **Plaintiff's Interrogatories Exceed The Court's Limit On Interrogatories**

In the Court's August 25, 2005 Scheduling Order, a 50-interrogatory limit on interrogatories was established (Docket No. 12, ¶ 12). However, Plaintiff's interrogatories, including all discreet subparts, exceed the Court's 50-interrogatory limit. Accordingly, Defendant has objected to Plaintiff's interrogatories which exceed that limit. Defendant's counsel referred Plaintiff's counsel to two Memorandum Opinions by United States Magistrate Judge John M. Facciola which address this issue — Willingham v. Ashcroft, 226 F.R.D. 57, 59-60 (D.D.C. 2005) and Banks v. Office of the Senate Sergeant-at-Arms, 222 F.R.D. 7, 10-16 (D.D.C. 2004) — but Plaintiff still contends that he has not exceeded the 50-interrogatory limit.

2. **Plaintiff's Discovery Requests Seeking Cellular Telephone Records Are Unduly Burdensome And Oppressive**

Plaintiff has asked Defendant to provide personal and business cellular telephone records which purportedly relate to Plaintiff's alleged whistle-blowing activity. For Defendant to comply

with this gargantuan request, it must first compile cellular telephone records of each of its cellular telephones. Then, it must interview each employee who used any such cellular telephone(s), go through each line item of the cellular telephone records with the employees, and try to determine whether the employees have a recollection of whether or not any call set forth in the records may have related to Plaintiff's alleged whistle-blowing activity. This is absurd and, moreover, Defendant is not required to conduct Plaintiff's investigation of his case. Plaintiff has also requested all documents related to cellular telephone charges which Defendant paid on behalf of its former Executive Director. Defendant is willing to produce cellular telephone records, but it is not willing to conduct the analysis required by Plaintiff's unduly burdensome and oppressive discovery requests.

### 3. Plaintiff's Requests For Non-Party Personnel Files Are Improper

Plaintiff has requested that Defendant produce the personnel files of various non-parties and has not demonstrated that the information sought is relevant. Indeed, Plaintiff's employment was not terminated for performance reasons — it was terminated pursuant to a reduction-in-force. In addition, Defendant has produced to Plaintiff all information concerning third parties' selection for the reduction-in-force that it has identified. Plaintiff is not entitled to poke around in the confidential personnel files of third parties. Indeed, the sensitive nature of an individual's personnel file was recognized in Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D. Mass. 1995) (holding that plaintiff is not entitled to discovery of personnel files absent a showing that the individuals whose files are requested suffered similar treatment). See also Raddatz v. The Standard Register Co., 177 F.R.D. 446, 447-48 (D. Minn. 1997) ("At a minimum, before a Court compels the production of non-party personnel files, it should first be satisfied that the

information in those files is, indeed, relevant.  In this respect, we agree that '*[t]he mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file.*' Moreover, production of the files in their entirety should not be ordered where the relevant information may be obtained by resort to less intrusive means of discovery.") (citations omitted, emphasis added); James v. Peter Pan Transit Mgmt., Inc., No. 5:97-CV-747-BO-1, 1999 WL 735173, at *11 (E.D.N.C. Jan. 20, 1999); EEOC v. Ian Schrager Hotels, Inc., No. CV-99-0987GAFRCX, 2000 WL 307470, at *4 (C.D. Cal. Mar. 8, 2000); Croom v. W. Connecticut State Univ., No. 3:00CV1805(PCD), 2002 WL 32503667, at *2 (D. Conn. Mar. 20, 2002).

### 4. Plaintiff Must Return Documents He Purloined From Defendant

During the course of discovery in this matter, it came to Defendant's attention that Plaintiff is in possession of various confidential documents which belong exclusively to Defendant and which he was not authorized to retain when his employment with Defendant terminated. Plaintiff's possession of such documents violates Defendant's policies and is of such severity that Defendant would have terminated his employment on that ground alone had it known of it at the time his employment was terminated pursuant to the reduction in force.  McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 362 (1995).  Furthermore, when an employee takes an employer's property for his own benefit, he breaches a duty of loyalty owed to his employer. Bigda v. Fischbach Corp., 898 F. Supp. 1004, 1017 (S.D.N.Y. 1995), aff'd on other grounds, 101 F.3d 108 (2d Cir. 1996).  Accordingly, Defendant notified opposing counsel of the forgoing and demanded, in writing, that Plaintiff return all documents and copies of such documents he purloined from Defendant.  Through counsel, Plaintiff refused to do so on the grounds that the documents could be obtained through discovery.  As the owner of the documents purloined by

Plaintiff, Defendant is entitled to the immediate return of the documents.  <u>Diamond v. T. Rowe Price Assoc. Inc.</u>, 852 F. Supp. 372, 409-410 (D. Md. 1994); see also <u>Pillsbury, Madison & Sutro v. Schectman</u>, 64 Cal. Rptr. 2d 698, 704 (Cal. Ct. App. 1997) (ordering return of documents).

Dated:  this 16th day of March, 2006           Respectfully submitted,


                                              By:      /s/
                                                 Alison N. Davis, DC Bar No. 429700
                                                 Kevin M. Kraham, DC Bar No. 459077
                                                 David A. Rosenberg, DC Bar No. 433405

                                              FORD & HARRISON LLP
                                              1300 19th Street, N.W., Suite 700
                                              Washington, DC  20036
                                              Tel (202) 719-2000
                                              Fax (202) 719-2077

                                              *Counsel for Defendant United Planning Organization, Inc.*

DC:59382.1

-4-