**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Mohammed Amin Kakeh,

    *Plaintiff*,

    v.

United Planning Organization, Inc.,

    *Defendant*.

Civil Case No. 1:05-cv-1271 (GK/JMF)

## PLAINTIFF'S STATEMENT REGARDING DISCOVERY DISPUTES

### I.  Defendant's Refusal to Respond to 42 of Plaintiff's 50 Interrogatories.

Plaintiff served Defendant with 50 interrogatories, in compliance with this Court's August 25, 2005 Scheduling Order. Many of Plaintiff's interrogatories included the phrase "including but not limited to" and examples of the information that would be responsive to the specific request. Defendant counted each of Plaintiff's explanatory phrases as a distinct interrogatory and refused to respond to any interrogatory after Plaintiff's Interrogatory No. 13, objecting that Plaintiff exceeded the 50-interrogatory limit. Defendant's objection is unfounded. An interrogatory, such as those propounded by Plaintiff, containing subparts along a "common theme" should be treated as one interrogatory. *Citizens of Bell Haven v. Belle Haven Club*, 223 F.R.D. 39, 47 (D. Conn. 2004) ("communications of a particular type…should be treated as a single interrogatory even though it requests that the time, place, persons present and contents be stated separately for each communication."). Authority cited by Defendant does not contradict Plaintiff's position. On the contrary, Magistrate Judge Facciola explicitly condones the approach taken by Plaintiff. *Banks v. Office of the Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10-16 (D.D.C. (2004) (finding that it would be "unfair and

draconian" to view more specific requests within a more general demand as many individual interrogatories.) Defendant further objected to numerous interrogatories on grounds ranging from "overly burdensome" to "seeks information and/or documents already known to and/or possessed by Plaintiff."

## II.    Defendant's Refusal to Produce Personnel Files of Key Employees.

In Plaintiff's First Request for Production of Documents, Plaintiff sought documents relating to four of Defendant's former and current executives who played a role in terminating Plaintiff's employment through the alleged reduction in force, including Executive Director Dana Jones, Chief Operating Officer Gladys Mack, former Chief Financial Officer Sheila Shears and former Executive Director Ben Jennings. Plaintiff requested documents relating to: promotions; change of duties; job duties; dates of employment; salary or other compensation; job performance; misconduct; any counseling or disciplinary action taken; level of seniority; and separation from employment with Defendant. Defendant refused to produce the personnel files, claiming that they are proprietary and irrelevant. These documents, however, are likely to lead to admissible evidence pertaining to the structure and responsibilities of Defendant's organization before and after the alleged reduction in force, as well as any evidence of the employees' retaliatory motives for terminating Plaintiff's employment. Defendant further refuses to produce similar information, including the entire personnel files, for the three other employees allegedly affected by the reduction in force, David Quashie, Nona McLean and William Isaac, the alleged reason for Plaintiff's termination. The requested documents are relevant to the issue of the whether the reduction in force was a sham designed to target Plaintiff. Moreover, these documents are subject to the December 20, 2005 Stipulated Protective

Order and are insulated from disclosure or improper use. While the production of personnel files affects important public policy concerns, such files are discoverable when relevant to important elements of Plaintiff's claims. *See e.g. Cason v. Builders First Source-Southeast Group*, 159 F.Supp.2d 242, 247-248 (W.D.N.C. 2001) ("Where the files sought are those of employees whose action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses and especially where, as here, the court has issued an appropriate confidentiality order, personnel files are subject to discovery.)

### III.    Defendant's Refusal to Produce Cellular Telephone Records.

In Plaintiff's First Request for Production of Documents, Plaintiff requested "all documents related to cellular telephone charges incurred by or reimbursed by the Defendant within the two year period prior to June 2, 2004" as well as "all personal and business cellular telephone records for calls made between January 1, 2003 and July 20, 2004 regarding calls made by any agent, servant, officer, independent contractor or Board member of Defendant, who communicated with a public body or agent." Defendant refuses to produce these records. These telephone records are reasonably calculated to lead to admissible evidence regarding two key elements of Plaintiff's whistleblower claims- whether Plaintiff made protected disclosures and whether and when Defendant became aware of those disclosures.

### IV.    Defendant's Insistence that Plaintiff "Return" Certain Documents.

As former Controller for Defendant, Plaintiff was authorized to draft, access, analyze and transport various financial documents. Plaintiff concedes that Plaintiff disclosed some such documents to government bodies at locations outside of Defendant's offices. After receiving Plaintiff's responses to Defendant's First Request for Production of Documents, Defendant,

through a letter dated January 23, 2006, asserted that many of the documents produced by Plaintiff are confidential and demanded that Plaintiff return all documents as well as all copies of such documents. The majority of the cited documents consist of correspondence between Plaintiff and Defendant's management regarding financial matters, as well as Defendant's organizational charts. These documents are discoverable, responsive to numerous of Plaintiff's discovery requests, and covered by the December 20, 2005 Stipulated Protective Order. As such, Plaintiff is currently rightfully in possession of the documents and Defendant will suffer no harm from Plaintiff retaining them.

**V.     Defendant's Failure to Produce Defendant's Financial Records.**

Defendant's financial status is relevant to both the merits of Plaintiff's case, as well as any remedy. As such, Plaintiff propounded numerous document requests targeting financial status, such as evidence of net worth, gross revenues, and tax returns. Defendant refuses to produce such documents on the grounds that the documents sought by Plaintiff are proprietary and not relevant. Plaintiff seeks to compel Defendant to produce the responsive documents.

Respectfully Submitted,

__/s/_____
Omar Vincent Melehy, Esq.
Kate McFarland, Esq.
Zipin & Melehy LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: (301) 587-6364
Fax: (301) 587-6308
Counsel for Plaintiff