UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mohammed Amin Kakeh, *Plaintiff*, v. United Planning Organization, Inc., *Defendant*. | Civil Case No. 1:05-cv-1271 (GK/JMF) |

**MOTION TO EXCEED DEPOSITION LIMIT AND
STATEMENT OF POINTS AND AUTHORITIES**

Plaintiff Mohammed Amin Kakeh by and through his attorney, respectfully submits this Motion to Exceed the Deposition Limit. In support of this Motion, Plaintiff states as follows:

1. Plaintiff was employed as Controller for Defendant United Planning Organization. In June 2004, during numerous government investigations of Defendant's fraud waste and abuse, and after Plaintiff communicated concerns about fraud, waste, and abuse to various supervisors and government officials, Plaintiff was terminated pursuant to an alleged Reduction in Force. The alleged justification for the Reduction in Force was to partially outsource the functions of the Finance Department to Walker and Company, an independent auditing and finance firm. Pursuant to the alleged Reduction in Force, two employees were terminated and two employees were reassigned to alternate positions. Plaintiff contends that Reduction in Force was riddled with procedural errors and merely a pretextual reason for terminating him in retaliation for whistleblowing.

2. On May 31, 2005, Plaintiff filed a complaint in the District of Columbia Superior Court alleging retaliation in violation of the Employees of District Contractors and Instrumentality Whistleblower Protection provisions set forth at DC ST §§ 2-223.01 through 2-223.07, common law wrongful discharge and retaliation for engaging in protected activity in violation of the District of

Columbia Human Rights Act of 1977, as amended, DC ST § 2-1402.11(a)(1). After the case was removed to this Court, Plaintiff amended the complaint to counts that Defendant violated the anti-retaliation provisions of the federal False Claims Act (31 U.S.C. §3729(h)) and the District of Columbia False Claims act (DC ST §2-308.16).

3. The primary issues in this case are: 1) whether Plaintiff made protected disclosures to supervisors and/or government officials regarding Defendant's fraud waste and abuse; 2) whether Defendant knew about those protected disclosures; and 3) whether Plaintiff was terminated in part because of those protected disclosures.

4. On August 18, 2005, the parties submitted a Joint Statement of the Case pursuant to Local Rule 16. In that Statement, Plaintiff requested 30 depositions. On August 25, 2005, this Court issued a Scheduling Order that limited the number of depositions to ten. During the Scheduling Conference, also on August 25, 2005, Judge Gladys Kessler indicated to Plaintiff's counsel that he could request additional depositions if necessary.

5. To date, Plaintiff has taken the deposition of seven individuals. These depositions lasted a total of 24 hours. Plaintiff has identified six more people to depose. The total number of depositions Plaintiff seeks to conduct is 13.

6. On February 23, 2006, Plaintiff took the deposition of Tunde Eboda. Mr. Eboda is the Program Officer for the Community Services Block Grant Program, run by the District of Columbia Department of Human Services. Mr. Eboda communicated with Plaintiff and then conducted a financial audit of United Planning Organization. The Eboda deposition lasted six hours.

7. On February 27, 2006, Plaintiff took the deposition of Mr. Dana Jones. Mr. Jones is the Chief Executive Officer of United Planning organization. Jones served as an Interim Executive Director during the government investigations and during the Reduction in Force and made the

decision to terminate Plaintiff. The Jones deposition lasted five hours.

8. On February 28, 2006, Plaintiff took the deposition of Ms. Doris Stashenko. Ms. Stashenko is the Manager of the Evaluating and Monitoring Unit of United Planning Organization. Plaintiff communicated with Ms. Stashenko regarding Defendant's fraud, waste and abuse and about his termination. The Stashenko deposition lasted two hours.

9. On March 6, 2006, Plaintiff took the deposition of Ms. Shirley Fisher. Ms. Fisher is Head of the Competitive Grants Division at United Planning Organization. Plaintiff communicated with Ms. Stashenko regarding Defendant's fraud, waste and abuse and about his termination. The Fisher deposition lasted 1.5 hours.

10. On April 4, 2006, Plaintiff took the deposition of Mr. William Hughey. Mr. Hughey is the Deputy Executive Director for Preschool and Day Care Programs for United Planning Organization. Plaintiff communicated with Mr. Hughey about Defendant's financial matters, and the reorganization of the Finance Department. The deposition lasted one hour.

11. On April 10, 2006, Plaintiff took the deposition of Ms. Gladys Mack. Ms. Mack is the Chief Operating Officer of United Planning Organization. Plaintiff communicated with Mack about the preparation of financial documents for the government investigations. Mack was also played an integral role in the decision to terminate Plaintiff. The Mack deposition lasted 5.2 hours.

12. On April 13, 2006, Plaintiff began the deposition of Ms. Sheila Shears. Ms. Shears was the Chief Financial Officer of United Planning Organization and Plaintiff's direct supervisor during the relevant period. Ms. Shears consistently advocated for Plaintiff's termination. Ms. Shears also played an integral role in the government investigations and the Finance Department's reorganization. The Shears deposition has lasted 3.3 hours. This deposition will be continued on May 2, 2006.

13. Discovery in this case is ongoing. Throughout the previous depositions and through reviewing Defendant's numerous supplemental document production and interrogatory answers, Plaintiff has uncovered six more individuals that Plaintiff believes possess information crucial to this case.

14. Plaintiff plans to depose Monica Beckham, United Planning Organization's General Counsel. Ms. Beckham played an integral role in terminating Plaintiff. Ms. Beckham drafted the Reduction in Force notification letter. According to Dana Jones, Ms. Beckham has knowledge of the rationale for the Reduction in Force, including why Plaintiff's position was allegedly eliminated. Ms. Beckham was also present at numerous meetings and copied on correspondence regarding Plaintiff's allegations of fraud, waste and abuse, the government investigations, and the Reduction in Force.

15. Plaintiff plans to depose Ms. Alexis Roberson. Ms. Roberson serves on Defendant's Board of Directors and was Chair of the Steering Committee during the government investigations and the Reduction in Force. Defendant contends that the Board of Directors was fully aware of and approved the Reduction in Force. Ms. Roberson has further knowledge of the reasons for the government investigations and the results of those investigations.

16. Plaintiff plans to depose Mr. William Isaac. Prior to June 2004, Mr. Isaac served as Senior External Auditor for United Planning Organization. In early June 2004, allegedly pursuant to the Reduction in Force, Mr. Isaac was reassigned to the Position of Procurement Manager. Mr. Isaac resigned shortly thereafter.

17. Plaintiff plans to depose Mr. David Quashie. Prior to June 2004, Mr. Quashie served as the Acting Deputy Controller for United Planning Organization. In early June 2004, allegedly pursuant to the Reduction in Force, Mr. Quashie was reassigned to the potion of Accounting

4

Director.

18.     Plaintiff plans to depose Mr. Roy Layne. Mr. Layne is partner with Walker and Company, LLC. In June 2004, United Planning Organization entered into a contract with Walker and Company to outsource some of the financial functions. Mr. Layne worked closely with United Planning Organization by implementing a new financial structure and managing daily financial matters during the course of the contract. Mr. Layne assumed many of Plaintiff's duties after Plaintiff was terminated.

19.     Plaintiff plans to take a Rule 30(b)(6) deposition of United Planning Organization. This deposition will focus on several areas including, but not limited to: 1) Defendant's maintenance and preservation of electronic documents; 2) Defendant's Reduction in Force policies and procedures; and 3) the rationale for and implementation of the Reduction in Force that resulted in Plaintiff's termination.

20.     On April 10, 2006, pursuant to Local Rule 7.1 and this Court's August 25, 2005 Scheduling Order, Plaintiff conferred with Defendant in an attempt to gain consent for the three extra depositions. On April 19, 2006, Defendant's counsel refused to consent.

21.     Plaintiff has not taken any unnecessary or burdensome depositions. Moreover, Plaintiff has limited the duration of each deposition and has not wasted either party's time or resources. The remaining depositions are highly relevant and not calculated to place a burden on Defendant. Plaintiff believes that the proposed deponents possess information that can not be derived from any other source.

For the reasons stated above, Plaintiff hereby respectfully requests that this Court enter an Order granting Plaintiff leave to exceed the current deposition limit and take thirteen total depositions.

          Respectfully Submitted,

          __/s/_____
          Omar Vincent Melehy, Esq.
          D.C. Bar No. 415849
          Kate McFarland, Esq.
          *Pro Hac Vice*
          Melehy & Associates, LLC
          8403 Colesville Rd., Suite 610
          Silver Spring, MD 20910
          Phone: (301) 587-6364
          Fax:   (301) 587-6308
          Email: ovmelehy@zmdlaw.com

          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April, 2006, a copy of the foregoing Plaintiff's Motion to Exceed Deposition Limit was sent via facsimile to:

    Alison Davis, Esquire
    Kevin M. Kraham, Esquire
    Ford & Harrison LLP
    1300 19th Street NW
    Washington, D.C. 20036

    Attorneys for Defendant

          __/s/_____
          Omar Vincent Melehy