IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AMIN KAKEH, <br><br> Plaintiff, <br><br> v. <br><br> UNITED PLANNING ORGANIZATION, INC. <br><br> Defendant. | CIVIL ACTION NO. 1:05-cv-1271 (GK/JF) <br><br><br> Next Scheduled Deadline: <br> Pretrial Conference <br> November 3, 2006 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCEED DEPOSITION LIMIT**

Defendant, United Planning Organization, Inc. ("Defendant" or "UPO"), by and through its counsel, files this Opposition to Plaintiff's Motion to Exceed Deposition Limit. In his motion, Plaintiff seeks to exceed the ten-deposition limit established by Fed. R. Civ. P. 30(a)(2)(A) and this Court's Scheduling Order. Granting further depositions in favor of the Plaintiff would not comport with the discovery limitation principles outlined in the Federal Rules and extant case law, as discussed in greater detail below.

I.   **INTRODUCTION**

On May 31, 2005, Plaintiff filed this lawsuit in which he alleged three causes of action: (1) retaliation under the District of Columbia Employees of District Contractors and Instrumentality Whistleblower Protection Act of 1998; (2) common law wrongful discharge; and (3) retaliation under the District of Columbia Human Rights Act of 1977, as amended. On November 14, 2005 and December 12, 2005, Plaintiff filed his First and Second Amended Complaints respectively. On April 28, 2006, Plaintiff filed a Motion to Exceed Deposition Limit in which he requested taking six additional depositions, bringing the total number of depositions to thirteen. Subsequent to Plaintiff's filing of his Motion, he has taken the deposition of Roy

DC:60118.1

Layne. To date, Plaintiff has now taken the depositions of the following eight individuals: Tunde Eboda, Dana Jones, Doris Stashenko, Shirley Fisher, William Hughey, Gladys Mack, Sheila Shears, and Roy Layne. Plaintiff still plans on taking the deposition of the following five individuals: Monica Beckham, Defendant's General Counsel; Alexis Roberson, Co-Chair of the Ad Hoc Management Committee; William Isaac, Defendant's former Senior External Auditor; David Quashie, Defendant's former Acting Deputy Controller; and an individual to serve as Defendant's Rule 30(b)(6) representative addressing: a) Defendant's maintenance and preservation of electronic documents; b) Defendant's reduction-in-force policies and procedures; and c) the rationale for and implementation of the reduction-in-force that resulted in Plaintiff's termination. (Pl.'s Mot. to Exceed Dep. Limit at ¶¶ 14-19.)

Plaintiff's Motion prematurely seeks to take additional depositions before he has even exhausted the allotment of depositions provided by the Federal Rules and also dictated by this Court's Scheduling Order. Further, Plaintiff's additional depositions seek information that is protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine, seek information that can be better attained by alternative and limited discovery methods, or seek unreasonably duplicative or irrelevant material. Plaintiff should have been more judicious in selecting his deponents and now seeks to waste both the Court's and Defendant's time and resources in order to compensate for his errors in judgment.[1] Plaintiff's Motion should be denied.

---

[1] In support of its claim that Plaintiff did not judiciously select its deponents, Defendant points to the depositions of Doris Stashenko and Shirley Fisher. Plaintiff should have known that neither of these deponents were charged with any authority in the reduction-in-force decision-making process. The extreme brevity of these depositions further illustrates their fruitlessness: Ms. Stashenko's deposition lasted only one hour, including time for two short recesses and Ms. Fisher's deposition lasted only one-and-a-half hours, including a ten-minute recess.

II. **ARGUMENT**

A. **Plaintiff's Motion To Exceed Limits Is Premature**

Federal Rule of Civil Procedure Rule 30(a)(2)(A) states in relevant part that a "party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), . . . if, without the written stipulation of the parties, a proposed deposition would result in more than ten depositions being taken under this rule[.]" Fed. R. Civ. P. 30(a)(2)(A). This limitation was added in 1993, and the Advisory Committee gave the reasons for the addition:

> One aim of this revision is **to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties.** A second objective is to emphasize that **counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case**. Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be **reduced** in accordance with those same principles.

Fed. R. Civ. P. 30(a) 1993 Advisory Committee Notes (emphasis added). Plaintiff's Motion to Exceed Deposition Limits can hardly be considered an effort to "develop a mutual cost-effective plan" when a more efficient approach would first have Plaintiff conclude his ten allotted depositions and then assess whether additional depositions would truly be necessary. The Federal Rules require a party to first exhaust available discovery before seeking leave of Court for supplemental discovery. See Whittingham v. Amherst College, 163 F.R.D. 170, 171 (D. Mass. 1995). Plaintiff to date has taken eight depositions and propounded 49 interrogatories. Plaintiff cannot claim to have exhausted available discovery if he has not even completed the number of depositions this Court has allotted. Plaintiff should first exhaust his current quota of depositions in order to make a more informed request before seeking leave to depose additional

individuals. See id.; Archer Daniels Midland Co. v. AON Risk Serv., Inc., 187 F.R.D. 578, 587 (D. Minn. 1999).

### B. Plaintiff's Planned Deposition of Monica Beckham Will Trample the Attorney-Client Privilege

Plaintiff plans on deposing Defendant's General Counsel, Monica Beckham, because she allegedly played an integral role in terminating plaintiff's employment, drafted the reduction-in-force notification letter, has knowledge of the rationale for the reduction-in-force (including why Plaintiff's position was eliminated), and was allegedly "present at numerous meetings and copied on correspondence regarding Plaintiff's allegations of fraud, waste and abuse, the government investigations, and the Reduction in Force." (Pl.'s Mot. to Exceed Dep. Limit at ¶ 14.) Although the Federal Rules do not prohibit attorney depositions, as a general matter, courts regard them unfavorably. See Jennings v. Family Mgmt., 201 F.R.D. 272, 276 (D.D.C. 2001). In seeking to depose Ms. Beckham, Plaintiff has ignored the crucial fact that Ms. Beckham was acting in her capacity as Defendant's General Counsel at any meetings or discussions regarding the reduction-in-force. (Decl. of Monica Beckham at ¶ 3 (Ex. A.)) As such, she provided privileged legal advice and communications regarding the very information Plaintiff seeks. Defendant has not waived the attorney-client privilege on these issues and without a waiver, Plaintiff is not entitled to depose Ms. Beckham regarding material implicating such privileges.

Further, when determining whether additional depositions should be permitted, the court must apply the "proportionality" considerations enunciated in Fed. R. Civ. P. 26(b)(2). See Alexander v. Fed. Bureau of Investigation, 194 F.R.D. 316, 325 (D.D.C. 2000). Rule 26 states in relevant part:

> By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The

frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). If even one of the above factors is present, the Court should limit the number of depositions. See Pacitti v. Macy's, Inc., 193 F.3d 766, 778 n.4 (3rd Cir. 1999). Under Rule 26(b)(2)(i), propounding additional, limited interrogatories is a much more "convenient and less burdensome" alternative for Plaintiff to gain the information it seeks from Ms. Beckham. Alternatively, the 30(b)(6) witness that Plaintiff has already requested will provide him with all relevant information regarding the reduction-in-force. Either of these alternative discovery methods is much less likely to run afoul of any attorney-client privileges.

### C. Plaintiff's Planned Depositions of William Isaac and David Quashie Are Duplicative and Irrelevant

Plaintiff's proposed depositions are unreasonably cumulative and duplicative as defined by Fed. R. Civ. P. 26(b)(2)(i). Plaintiff states that he seeks to depose two individuals, William Isaac and David Quashie, because they were both reassigned to alternate positions within Defendant pursuant to the reduction-in-force. (Pl.'s Mot. to Exceed Dep. Limit at ¶¶ 16-17.) Such an assertion is inherently cumulative and duplicative if the same justification is used for both individuals. In addition to being cumulative and duplicative of each other, these depositions are also duplicative of already-discovered evidence. Defendant does not dispute that Mr. Isaac and Mr. Quashie were offered other positions within the organization. However, neither of these

individuals were decision-makers regarding the reduction-in-force process and were merely reassigned under its terms. (Jones Dep. 29:4 – 30:16; 39:4 – 40:14, Feb. 27, 2006 (Ex. B.))

Plaintiff has also **not** identified Mr. Isaacs or Mr. Quashie as individuals with knowledge about his alleged whistle-blowing activities. (Pl.'s Supplemental Answers to Def.'s First and Second Sets of Interrogs. No. 17 (Ex. C.)) Since Mr. Isaacs and Mr. Quashie clearly do not have relevant knowledge about either the reduction-in-force process or Plaintiff's alleged whistle-blowing activities, the court should rely on its inherent discretion to protect parties from a discovery request that will result in an "overly broad fishing expedition." See Benavides v. Drug Enforcement Admin., 968 F.2d 1243, 1249 (D.C. Cir. 1992). These additional depositions sought by Plaintiff not only seek irrelevant information to the case but also are unreasonably cumulative and/or duplicative.

### D.     Additional Considerations

This Court has recently stated that a court's scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." DAG Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 104 (D.D.C. 2005) (citations omitted). A scheduling order is intended to serve as an unalterable road map. See Olgya v. Soc. For Envntl. Graphic Design, Inc., 169 F.R.D. 219, 220 (D.D.C. 1996) (citations omitted). Scheduling orders should only be modified for "good cause." Fed. R. Civ. P. 16(b); see also LcvR 16.4 ("Court may modify the scheduling order at any time upon a showing of good cause.").

The Scheduling Order in this case states that "there will be no extensions of discovery, **except for compelling reasons**" and that each party is limited to a maximum of 10 depositions. (Scheduling Order at ¶ 10 (emphasis added.)) Plaintiff bears the burden of demonstrating the requisite good cause or providing compelling reasons why the Scheduling Order should be

modified. The "good cause" standard generally focuses on the relative diligence of the moving party. See DAG Enterprises, 226 F.R.D. at 105 (citations omitted). Plaintiff's lawyers have not been diligent when they have failed to exhaust their allotted depositions and truly determining whether additional depositions are necessary before burdening the Court and opposing counsel by filing the instant motion.

### III. CONCLUSION

All of the relevant factors to be considered in ruling on Plaintiff's Motion to Exceed Deposition Limit weigh in favor of Defendant. Accordingly, Plaintiff's Motion should be denied.

Dated: May 12, 2006                    Respectfully submitted,

                                       By: /s/ Alison N. Davis
                                           Alison N. Davis
                                           D.C. Bar No. 429700
                                           Kevin M. Kraham
                                           D.C. Bar No. 459077
                                           David A. Rosenberg
                                           D.C. Bar No. 433405

                                       FORD & HARRISON LLP
                                       1300 19th Street, N.W., Suite 700
                                       Washington, DC  20036
                                       (202) 719-2000
                                       (202) 719-2077 (fax)

                                       Attorneys for Defendant United Planning
                                       Organization, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the Defendant's Opposition to Plaintiff's Motion to Exceed Deposition Limit was filed electronically on May 12, 2006. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system, as well as via U.S. Mail, postage prepaid.

<u>/s/ Alison N. Davis</u>