## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

     *Plaintiff,*

     v.

United Planning Organization, Inc.,

     *Defendant.*

Civil Case No. 1:05-cv-1271 (GK/JF)

## PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Pursuant to Federal Rules of Civil Procedure 37 and Paragraph 10 of the Court's Scheduling Order, Plaintiff hereby moves this Court to compel answers to Interrogatory Nos. 11, 12, 13, 17, 30, 31, 32, and 33, and to compel production of documents in response to No. 9 of Plaintiff's document requests and for sanctions for failing answer the interrogatories and produce documents requested in No. 9, as ordered by the Court on March 17, 2006.  In support of this Motion, Plaintiff relies upon the attached Statement of Points and Authorities, the Certificate of Good Faith Efforts to Resolve Discovery Dispute filed along with this Motion and the attached Exhibits.

WHEREFORE, Plaintiff respectfully requests this Court to order Defendant to do the following: (1) produce all documents responsive to Plaintiff's First Request for Production of Documents No. 9, without objection by an appropriate date certain; (2) fully and completely answer Plaintiff's Interrogatories Nos. 11, 12, 13, 17, 30, 31, 32, and 33 by a date certain; and (3) that the Defendant pay the counsel fees incurred by the Plaintiff in filing and prosecuting this motion.

Respectfully Submitted,


 /s/
Omar Vincent Melehy, Esq.
D.C. Bar No. 415849
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@zmdlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

     *Plaintiff,*

    v.

United Planning Organization, Inc.,

     *Defendant.*

Civil Case No. 1:05-cv-1271 (GK/JF)

## STATEMENT OF POINTS AND AUTHORTIES IN SUPPORT OF PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

### STATEMENT OF FACTS

On June 28, 1998, Plaintiff, Amin Kakeh, was hired by Defendant, United Planning Organization as Controller.  In 2003 and 2004, Plaintiff observed fraud, waste and abuse, which he reported to his superiors and to regulators and law enforcement officials.  On June 1, 2004, as a result of his whistle-blowing activities, Defendant terminated Plaintiff.  Defendant contends that Plaintiff was terminated pursuant to a bona fide a RIF ("RIF").  The RIF was procedurally and substantively defective.  On May 31, 2005, Plaintiff brought this action against Defendant.[1] He amended complaint several times. On December 9, 2005, Plaintiff filed a Second Amended Complaint adding two counts.[2]

October 14, 2005, Plaintiff served Defendant with a set of interrogatories (Exh. 1) and a document request (Exh. 2).  On October 31, 2006, Plaintiff served Defendant with a second set

---

[1] The original complaint alleged: retaliation in violation of the Employees of District Contractors and Instrumentality Whistleblower Protection at DC ST §§ 2-223.01 through 2-223.07 (Count I); common law wrongful discharge (Count II); and retaliation for engaging in protected activity in violation of the District of Columbia Human Rights Act of 1977, as amended, DC ST § 2-1402.11(a)(1) (Count III).

[2] These counts included: (1) retaliation in violation of the Federal False Claims Act Whistleblower Protection provision, 31 U.S.C. §3729(h) (hereinafter "Federal False Claims Act") (Count IV); and (2) the District of Columbia False Claims Act, DC ST §2-308.16 (hereinafter "District of Columbia False Claims Act") (Count V).

of interrogatories (Exh. 3) and a second document request (Exh. 4).  On December 23, 2005, Defendant served Plaintiff with responses and objections to Plaintiff's first and second set of interrogatories (Exh. 5) and Plaintiff's first document request (Exh. 6).

On March 17, 2006, a conference call was held with Judge Kessler which resulted in a March 17, 2006 Order stating *inter alia*: "Defendant must respond to all of Plaintiff's interrogatories" and "to the extent that it has not already done so, Defendant is required to produce those documents within employee's (including high level officials) personnel files which are responsive to Plaintiff's narrowly tailored requests...."  On April 4, 2006, following the Court's Order, Defendant served the Plaintiff with objections to interrogatories that it was ordered to answer and supplemental answers to others.  (Exh. 7.)   Additionally, on April 4, 2006, Defendant served Plaintiff with a supplemental response to Plaintiff's document requests (Exh. 8) – which did not include a response to document request no. 9 -- and produced additional documents.

## LEGAL PRINCIPLES GENERALLY

Rule 26(b)(1) authorizes discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed.R.Civ.P. 26(b)(1).[3]  Fed.R.Civ.P. 37 gives the Court authority to compel the Defendant to produce documents and answer interrogatories. Additionally, Rule 37(b) gives the Court authority to sanction the Defendant when it fails to obey a court order directing it to provide interrogatory answers or to produce documents.

---

[3] "The term 'relevance' is broadly construed, and '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *United States v. Prospect Café Milano, Inc.,* 233 F.R.D. 216, 218 (D.D.C. 2006)(citations omitted).  *See also Smith v. Schlesinger,* 513 F.2d 462, 473 n. 37 (D.C. Cir. 1975)(noting that "a party may discover information which is not admissible at trial if such information will have some probable effect on the organization and presentation of the moving party's case").

"The attorney client privilege is narrowly circumscribed to shield from disclosure only those communications from a client to an attorney made in confidence and for the purpose of securing legal advice." *Athridge v. Aetna* 184 F.R.D. 200, 204 (D.D.C. 1998). The work product doctrine provides immunity from discovery for written materials that are prepared by a lawyer in anticipation of litigation. *United States v. Philip Morris Inc.,* 212 F.R.D. 421, 424 (D.D.C. 2002). Disclosing work product to anyone without common interests in developing legal theories and analyses of documents serves as a waiver of that protection. *Id.* It is well-established that the party asserting attorney-client privilege[4] and work product protection bears the burden of proving that the privilege exists and that it has not been waived. *Id.*

### DISCOVERY SOUGHT AND REASONS TO COMPEL

**INTERROGATORY NO. 11:** Fully describe the reasons for any elimination of positions in any of Defendant's offices or divisions from January 1, 2003 until January 1, 2005 (excluding any positions in the Office of Finance) and the process utilized by providing the following information: the title and duties of the position, the date the initial and final decisions were made; the identity of the person or persons who made the decisions; the identity of any persons who made recommendations, were consulted or provided input regarding the decisions; answer whether or not the Board of Directors was consulted and which Board Members were consulted; when the Board or Board Members were consulted and by whom; whether and to what extent the Board approved the decisions and the date they were approved; and each and every reason for the decisions, including the facts relied upon to reach that decision.

**DEFENDANT'S APRIL 4, 2006 OBJECTION:** Defendant objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the basis that it seeks information concerning a non-party of a personal, private, and confidential nature. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the attorney-client and/or work-product privileges.

**DEFICIENCIES:** The interrogatory simply was not answered.

**REASONS TO COMPEL:** There is a dispute as to whether the RIF was merely a pretexutal reason for terminating Plaintiff. This Interrogatory seeks information regarding the

procedures used in other reductions in force during the limited two-year time-frame in order to determine if Plaintiff's termination was consistent with Defendant's established practices and procedures. As such, it is calculated to lead to the discovery of admissible evidence. Additionally, Defendant maintains that its Board of Directors approved the RIF. Plaintiff therefore, has a need to know what action the Board actually approved and what information the Board acted on as well as well as which Board members were involved. Further, the interrogatory indicates on its face that it is not overly broad or nor would it unduly burden Defendant to answer it.

It is unclear why the Defendant contends that this interrogatory seeks information from a non-party and is of a personal and confidential nature. First, the information sought is from the Defendant and simply because it concerns employees at Defendant and Board members, this does not render it non-discoverable. Second, simply because a non-party was consulted regarding the RIF does not serve as a basis for preventing the Plaintiff from obtaining this information. Third, the interrogatory is not compound and even if it were, the Defendant raised that issue during and preceding the March 17, 2006 conference with Judge Kessler and it was rejected. Finally, Defendant has failed to meet its burden of proving that any of the information sought here is protected from disclosure by the attorney client privilege and work product doctrine or that any privilege was waived. Therefore, Defendant should be compelled to fully answer this interrogatory and sanctioned for failing to do so.

**INTERROGATORY NO. 12:** Identify all communications, among or between any agent, servant, officer, independent contractor or Board Member of Defendant, about deliberations regarding the elimination of any position in any of Defendant's offices or divisions from January 1, 2003 until January 1, 2005, (excluding positions in the Defendant's Office of Finance), including but not limited to the following information: the name and duties of the position eliminated, the identity of any person or persons who made the decision; the identity of any person who participated in the decision making process or made recommendations regarding

4

the decision; the date, time nature and parties to any communications among, between or involving Defendant's agents, employees, independent contractors, officers or Board Members about elimination of these positions; information about the actions, deliberations or decisions of the person or persons responsible for the decision to eliminate these positions; the identity of the persons who participated in the communications; the actions, deliberations, discussions or decisions with the person or persons responsible for making a recommendation on whether to eliminate the position.

**DEFENDANT'S APRIL 4, 2006 OBJECTION:**    Defendant objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory on the basis that it seeks information concerning a non-party of a personal, private, and confidential nature. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and id not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure b the attorney-client and/or work product privileges.

**DEFICIENCIES:** The interrogatory simply was not answered.

**REASONS TO COMPEL:** *See* Reason to Compel for Interrogatory No. 11.

**INTERROGATORY NO. 13:** Fully describe the reasons for the hiring of Sheila Shears for the position of Chief Financial Officer and the process utilized by providing the following information: the date the initial and final decisions were made; the identity of the person or persons who made the decisions; the identity of any persons who made recommendations, were consulted or provided input regarding the decisions; answer whether or not the Board of Directors was consulted and which Board Members were consulted; when the Board or Board Members were consulted and by whom; whether and to what extent the Board approved the decisions and the date they were approved; and each and every reason for the hiring decision, including the facts relied upon to reach the decision.

**DEFENDANT'S APRIL 4, 2006 OBJECTION:**    Defendant objects to this Interrogatory to the extent that it is vague, confusing and compound. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the basis that it seeks information concerning a non-party of a personal, private, and confidential nature. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the attorney-client and/or work product privileges.

**DEFICIENCIES:** The interrogatory simply was not answered.

**REASONS TO COMPEL:**    This Interrogatory seeks information regarding a

fundamental change in the structure of Defendant's Finance Department, one of the Defendant's

alleged reasons for terminating Plaintiff. As Controller, Plaintiff the highest ranking employee in the Finance Department until Sheila Shears was hired as Chief Financial Officer in April, 2003. The structure of the department, the allocation of responsibilities, and the reasons for any changes—including the addition of a new position of Chief Financial Officer—are relevant to the issue of why Plaintiff's position was eliminated and the events that led up to it and calculated to lead to the discovery of relevant evidence. As such, Defendant should be compelled to provide a full and complete answer to this interrogatory and be sanctions for failing to answer it pursuant to Judge Kessler's March 17, 2006 Order.

See also Reasons to Compel for Interrogatory No. 11.

**INTERROGATORY NO. 17:** Identify and describe the circumstances under which each and every job duty performed by Plaintiff during the three year period prior to June 2, 2004, was assigned to another of Defendant's employees or independent contractors or firms, at any time after June 2, 2004 and include the following information in your answer: the identity of any employee or independent contractor or firm, who, after June 2, 2004, performed any job duties that had been previously performed by Plaintiff at any time during the three year period prior to June 2, 2004; the title of the position held and duties performed by said employee, independent contractor or firm after June 2, 2004; the total compensation awarded to said employee, independent contractor, or firm; the precise duties that had been performed by Plaintiff, but which were assigned to another employee, independent contractor or firm following his termination; the reasons the duties were reassigned; the identity of the person or persons who made the decision to reassign said duties; the identity of all persons who provided input in the decision, discussed the issue or made recommendations about the assignment of said duties; the facts relied upon in reaching any decision.

**DEFENDANT'S APRIL 4, 2006 OBJECTION:** Defendant objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the attorney-client and/or work product privileges. Subject to and without waiver of the foregoing General and Specific Objections, Defendant

states that, acting on the recommendation of Dana Jones, then-Interim Executive Director, the Board of Trustees voted to outsource the management of the Office of Finance and retain Walker & Company.

**DEFICIENCIES:** This interrogatory for the most part was not answered.

**REASONS TO COMPEL:** This interrogatory is calculated to lead to the discovery of admissible evidence as it seeks very specific information regarding the elimination of Plaintiff's position and the reassignment of his job duties. The Plaintiff vigorously disputes that the information requested in this interrogatory is available in the Defendant's business records, as it contends. Even if it were, Defendant would still be obligated to respond to this interrogatory. The Defendant cannot object to providing information on the grounds that Plaintiff may obtain the information from an independent source. Defendant may choose to answer an interrogatory by stating that the information sought is present in business records, but must specify which records contain the information and produce them. Fed.R.Civ.P. 33(d). Defendant has not done so. It simply made vague reference to records and used that as a basis for an objection rather than an affirmative response to the interrogatory as Rule 33(d) requires. As such, Defendant should be compelled to provide a full and complete answer to this.

*See also* Reasons to Compel for Interrogatory No. 11.

**INTERROGATORY NO. 30:** Identify the date, time substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer or other person working on behalf of a public body as it is defined in D.C. ST. § 2-223.01, so long as said communications concern matters alleged in the Complaint or any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

**Defendant's Response:** Defendant objects to this Interrogatory to the extent it seeks the provision of information protected from discovery by the work product privilege. Defendant further objects to this Interrogatory on the basis that it is vague, confusing, and compound. Defendant further objects to this Interrogatory on the basis that it seeks information and/or documents which are equally available to Plaintiff and Defendant and which can be readily obtained by Plaintiff himself, thus requiring Defendant to incur unnecessary expense and burden

in responding. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant tot his action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it calls for Defendant to make legal conclusions in determining what information may be responsive to the Interrogatory. Defendant further objects to this Interrogatory because it is cumulative in nature. Subject to and without waiver of the foregoing general and specific objections, Defendant states that none exist.

**DEFICIENCIES:** The interrogatory simply is not answered.

**REASONS TO COMPEL:** This Interrogatory seeks information regarding communications between any of Defendant's agents or officials and government employees or officials during the relevant time period which concern Plaintiff's allegations. In light of numerous such communications uncovered so far through deposition and other document production, Defendant's response that "none exist" is indefensible. Defendant's long list of inapplicable objections does not disguise a clear attempt to evade responding to a relevant and unobjectionable interrogatory. As such, Defendant should be forced to provide a full and complete answer to this interrogatory.

*See also* Reasons to Compel for Interrogatory No. 11.

**INTERROGATORY NO. 31:** Identify the date, time substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer of the United States Department of Justice, United States Attorney's Office for the Federal Bureau of Investigation, so long as said communications concern matters alleged in the Complaint or any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

**DEFENDANT'S RESPONSE:** Defendant objects to this Interrogatory to the extent it seeks the provision of information protected from discovery by the work product privilege. Defendant further objects to this Interrogatory on the basis that it is vague, confusing, and compound. Defendant further objects to this Interrogatory on the basis that it seeks information

and/or documents which are equally available to Plaintiff and Defendant and which can be readily obtained by Plaintiff himself, thus requiring Defendant to incur unnecessary expense and burden in responding. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant tot his action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it calls for Defendant to make legal conclusions in determining what information may be responsive to the Interrogatory. Defendant further objects to this Interrogatory because it is cumulative in nature. Subject to and without waiver of the foregoing general and specific objections, Defendant states that none exist.

**DEFICIENCIES:** *See* Reasons to Compel for Interrogatory Nos. 11 and 30.

**INTERROGATORY NO. 32:** Identify the date, time substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer of the United States Department Health and Human Services, so long as said communications concern matters alleged in the Complaint or any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

**DEFENDANT'S RESPONSE:** Defendant objects to this Interrogatory to the extent it seeks the provision of information protected from discovery by the work product privilege. Defendant further objects to this Interrogatory on the basis that it is vague, confusing, and compound. Defendant further objects to this Interrogatory on the basis that it seeks information and/or documents which are equally available to Plaintiff and Defendant and which can be readily obtained by Plaintiff himself, thus requiring Defendant to incur unnecessary expense and burden in responding. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant tot his action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it calls for Defendant to make legal conclusions in determining what information may be responsive to the Interrogatory. Defendant further objects to this Interrogatory because it is cumulative in nature. Subject to and without waiver of the foregoing general and specific objections, Defendant states that none exist.

**REASONS TO COMPEL:** *See* Reasons to Compel for interrogatory Nos. 11 and 30.

**INTERROGATORY NO. 33:**  Identify the date, time substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer of the District of Columbia Department of Health and Human Services, so long as said communications concern matters alleged in the Complaint or any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

**DEFENDANT'S APRIL 4, 2006 OBJECTION:**  Defendant objects to this Interrogatory to the extent it seeks the provision of information protected from discovery by the work product privilege.  Defendant further objects to this Interrogatory on the basis that it is vague, confusing, and compound.  Defendant further objects to this Interrogatory on the basis that it seeks information and/or documents which are equally available to Plaintiff and Defendant and which can be readily obtained by Plaintiff himself, thus requiring Defendant to incur unnecessary expense and burden in responding.  Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff.  Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant tot his action, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant.  Defendant further objects to this Interrogatory to the extent it calls for Defendant to make legal conclusions in determining what information may be responsive to the Interrogatory.  Defendant further objects to this Interrogatory because it is cumulative in nature.  Subject to and without waiver of the foregoing general and specific objections, Defendant states that none exist.

**REASONS TO COMPEL:**  *See* Reasons to Compel for Interrogatory Nos. 11 and 31.

**DOCUMENT REQUEST NO. 9:**  All documents, created or existing for the last five years, which are related to the four employees (excluding Plaintiff) who occupied the four positions in the Office of Finance which were identified in Dana M. Jones's June 2, 2004 letter to Plaintiff, including but not limited to documents containing the following information: the dates of their employment, salaries, performance, misconduct, any counseling or disciplinary action or their level of seniority; information about the elimination of their positions, the timing of the decision, the persons who made the decision, the person or persons who recommended it and the reasons for it.

**DEFENDANT'S DECEMBER 23, 2005 OBJECTION:**  Defendant objects to this Request on the basis that, as worded, it seeks documents from an unreasonable period of time and is, therefore, overly broad and unduly burdensome.  Defendant further objects to this Request on the grounds that it is vague and ambiguous.  Defendant further objects to this Request on the grounds that, as worded, it seeks documents which are not relevant to Plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the grounds that it seeks information which is necessarily of a personal, private, and confidential nature. *See* Response to Request No. 8.

**DEFICIENCIES:** Defendant has failed to produce any documents – other than their RIF letters – that relate to the three other employees who, along with Plaintiff, were allegedly subject to the RIF, including Nona McLean, David Quashie and William Isaac.

**REASONS TO COMPEL:** In the informal conference held between counsel and Judge Kessler on March 17, 2006, Plaintiff's counsel specifically requested that the Court order the Defendant to produce these documents. In fact, in Plaintiff's Statement Regarding Discovery Disputes filed with the Court on March 16, 2006, Plaintiff specifically pointed out to the Court that Defendant had refused to produce personnel documents related to high level officials including Dana Jones, Gladys Mack, Ben Jennings, Sheila Shears (Document Request Nos. 10, 11, 12 and 13.) In his March 16, 2006 Statement, Plaintiff also stated to the Court: "Defendant further refuses to produce similar information, including entire personnel files, for the three other employees allegedly affected by the RIF, David Quashie, Nona McLean and Williams Isaac." (Statement at 2.) The personnel documents for Quashie, McLean and Williams were requested in Plaintiff's Document Request No. 9.

During the conference the Plaintiff narrowed the request to include only documents that were relevant to their employment status such as salary, the positions held and the time periods the positions were held, including the dates of any reductions in force or reassignment. This Court ordered the Defendant to produce these documents in an order dated March 17, 2006: "that to the extent that is [sic] not already done so, Defendant is required to produce those documents within the employees' (including high level officials) personnel files which are responsive to Plaintiff's narrowly tailored requests."

Defendant responded to the Court's order by serving the Plaintiff with Supplemental

11

Responses to Plaintiff's Requests for Production of Documents and by producing additional documents. Defendant produced, *inter alia,* documents that were responsive to Request Nos. 10, 11, 12 and 13. However, Defendant did not supplement its response to Request No. 9 nor did it produce any documents that were responsive to Request No. 9, as the Court had ordered it to do.

As such, Defendant should be ordered to produce all documents responsive to Request No. 9 and should be appropriately sanctioned for its failure to follow the Court's Order.

## CONCLUSION

For the reasons stated above, the Court should order Defendant to do the following: (1) produce all documents responsive to Plaintiff's First Request for Production of Documents No. 9, without objection by an appropriate date certain; (2) fully and completely answer Plaintiff's Interrogatories Nos. 11, 12, 13, 17, 30, 31, 32, and 33 by a date certain; and (3) pay the counsel fees incurred by the Plaintiff in filing and prosecuting this motion

Respectfully Submitted,


    /s/
Omar Vincent Melehy, Esq.
D.C. Bar No. 415849
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@zmdlaw.com
*Attorney for Plaintiff*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October, 2005, a copy of the foregoing Interrogatories was sent by facsimile and regular mail to:

Kevin M. Kraham, Esquire
Ford & Harrison LLP
1300 19th Street NW
Washington, D.C. 20036

Attorney for Defendant

Omar Vincent Melehy

**EXHIBIT 1**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October, 2005, a copy of the foregoing

Request for Production of Documents was sent by facsimile and regular mail to:

>    Kevin M. Kraham, Esquire
>    Ford & Harrison LLP
>    1300 19th Street NW
>    Washington, D.C. 20036
>
>    Attorney for Defendant

Omar Vincent Melehy

**EXHIBIT 2**

Respectfully Submitted,

Omar Vincent Melehy, Esq.
D.C. Bar No. 415849
Andrew J. Perlmutter
D.C. Bar No. 489601
Zipin & Melehy, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:   (301) 587-6308
Email: ovmelehy@zmdlaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2005, a copy of the foregoing

Plaintiff' Second Set of Interrogatories was sent by facsimile and Federal Express to:

    Alison Davis, Esquire
    Kevin M. Kraham, Esquire
    Ford & Harrison LLP
    1300 19th Street NW
    Washington, D.C. 20036

Attorneys for Defendant

Omar Vincent Melehy

**EXHIBIT 3**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31th day of October, 2005, a copy of the foregoing

Plaintiff's Second Request for Production of Documents was sent by facsimile and Federal

Express to:

        Alison Davis, Esquire
        Kevin M. Kraham, Esquire
        Ford & Harrison LLP
        1300 19th Street NW
        Washington, D.C. 20036

        Attorneys for Defendant

Omar Vincent Melehy

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

        Plaintiff,

    v.

United Planning Organization, Inc.,

        Defendant.

Civil Action No. 05-1271 (GK/JMF)

Next Event:   Settlement Conference
March 14, 2006

## DEFENDANT UNITED PLANNING ORGANIZATION, INC.'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST & SECOND SETS OF INTERROGATORIES

COMES NOW Defendant United Planning Organization, Inc. ("Defendant"), by and through its counsel, and, pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Civil Rules, responds and objects to Plaintiff's First and Second Sets of Interrogatories as follows:

### PRELIMINARY STATEMENT

1.      The subject matter of this litigation is not yet complete and is continuing. Therefore, the information supplied in response to Plaintiff's Interrogatories may not be exhaustive. If and when additional discoverable information becomes available, Defendant will supplement and amend these responses in a timely fashion in accordance with the applicable Federal Rules of Civil Procedure and Local Civil Rules.

2.      The defenses which Defendant raised in its Answer to Plaintiff's Amended Complaint were asserted before discovery in this case had commenced and were asserted in order to preserve Defendant's rights and defenses under the law. Hence, given the fact that discovery has not closed and is ongoing, Defendant's responses to Plaintiff's

**INTERROGATORY NO. 11**

Fully describe the reasons any elimination of positions in any of Defendant's offices or division from January 1, 2003 until January 1, 2005 (excluding any positions in the Office of Finance) and the process utilized by providing the following information: the title and duties of the position, the date the initial and final decisions were made, the identity of the person or persons who made the decisions, the identity of any persons who made recommendations, were consulted or provided input regarding the decisions; answer whether or not the Board of Directors was consulted and which Board Members were consulted; when the Board or Board Members were consulted and by whom; whether and to what extend the Board approved the decisions and the date they were approved; and each and every reason for the decisions, including the facts relied upon to reach that decision.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the attorney-client and/or work product privileges.

**INTERROGATORY NO. 12**

Identify all communications, among or between any agent, server, officer, independent contractor or Board Member of Defendant, about deliberations regarding the elimination

of any position in any of Defendant's offices or divisions from January 1, 2003 until January 1, 2005, (excluding positions in the Defendant's Office of Finance), including but not limited to the following information: the name and duties of the positions eliminated, the identity of any person or persons who made the decision, the identity of any person who participated in the decision making process or made recommendations regarding the decision; the date, time nature and parties to any communications among, between or involving Defendant's agents, employees, independent contractors, officers or Board Members about elimination of these positions; information about the actions, deliberations ore decisions of the person or persons responsible for the decision to eliminate these positions; the identity of the persons who participated in the communications; the actions, deliberations, discussions or decisions with the person or persons responsible for making a recommendation on whether to eliminate these positions.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the attorney-client and/or work product privileges.

**INTERROGATORY NO. 13**

Fully describe the reasons for the hiring of Sheila Shears for the position of Chief

Financial Officer and the process utilized by providing the following information: the

date the initial and final decisions were made; identity of the person or persons who made

the decisions; the identity of any persons who made recommendations, were consulted or

provided input regarding the decisions; answer whether or not the Board of Directors was

consulted and which Board Members were consulted; when the Board or Board Members

were consulted and by whom; whether and to what extend the Board approved the

decisions and the date they were approved; and each and every reason for the hiring

decision, including the facts relied upon to reach the decision.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that it is vague, confusing and

compound.  Defendant further objects to this Interrogatory on the basis that it is overly

broad, unduly burdensome, seeks to obtain information that is not relevant to this action,

and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this Interrogatory on the basis that it seeks information

concerning a non-party of a personal, private, and confidential nature.  Defendant further

objects to this Interrogatory to the extent it seeks the provision of information protected

from disclosure by the attorney-client and/or work product privileges.

**INTERROGATORY NO. 14**

Fully describe the reasons for the termination of Benjamin Jennings from the position of

Executive Director and the process utilized by providing the following information: the

the Defendant committed any act which could be construed as retaliation for whistle-blowing, including but not limited to documents containing the following information: the nature of the conduct initially reported; the name, position title, series and grade of the person who made the complaint; the identity, position and title of the perpetrator who allegedly committed the retaliatory act; the nature, dates and substance of the alleged retaliatory acts; the nature and scope of any disciplinary action taken against the person who allegedly engaged in the retaliatory acts; the name, series, grand and rank of any management officials involved in the decision to take action or not take action against the alleged wrongdoer and the reasons why action was taken or not taken.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that, including all discrete subparts, it exceeds the Court's 50-interrogatory limit in this case. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the attorney-client and/or work product privileges. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the basis that it seeks information concerning a non-party of a personal, private, and confidential nature.


**INTERROGATORY NO. 17**

Identify and describe the circumstances under which each and every job duty performed by Plaintiff during the three year period prior to June 2, 2004, was assigned to another of

Defendant's employees or independent contractors of firms, at any time after June 2, 2004 and include the following information in your answer: the identity of any employee or independent contractor or firm, who, after June 2, 2004, performed any job duties that had been previously performed by Plaintiff at any time during the three year period prior to June 2, 2004; the title of the position held and duties performed by said employee, independent contractor, or firm; the precise duties that had been performed by Plaintiff, but which were assigned to another employee, independent contractor or firm following his termination; the reasons the duties were reassigned; the identity of the person or persons who made the decision to reassign said duties; the identity of all persons who provided input in the decision, discussed the issue or made recommendations about the assignment of said duties; the facts relied upon in reaching any decision.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that, including all discrete subparts, it exceeds the Court's 50-interrogatory limit in this case. Defendant further objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that, including all discrete subparts, it exceeds the Court's 50-interrogatory limit in this case. Defendant further objects to this request on the grounds that it is unduly burdensome and seeks the disclosure of information that is neither relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the grounds that it seeks the disclosure of financial information which is proprietary in nature and because such disclosure is premature at this time. Defendant further objects to this Interrogatory on the grounds that it seeks disclosure of information that is not relevant to this case at this time in view of the fact that, to date, there has been no adjudication that Defendant is liable to Plaintiff for the wrongs alleged and because no judgment has been rendered in Plaintiff's favor.

**INTERROGATORY NO. 29**

Identify and describe each policy of insurance that could reasonably be interpreted as insuring you for all part of the damages and expenses which may incurred in this lawsuit.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that, including all discrete subparts, it exceeds the Court's 50-interrogatory limit in this case.

**INTERROGATORY NO. 30**

Identify the date, time substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and

any agent, servant, independent contractor, law enforcement officer or other person

working on behalf of a public body as it is defined in D.C. ST. §2-223.01, so long as said

communications concern matters alleged in the Complaint or any Amended Complaint

and relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that, including all discrete subparts, it

exceeds the Court's 50-interrogatory limit in this case. Defendant further objects to this

Interrogatory to the extent it seeks the provision of information protected from disclosure

by the work product privilege. Defendant further objects to this Interrogatory on the

basis that it is vague, confusing and compound. Defendant further objects to this

Interrogatory on the basis that it seeks information and/or documents which are equally

available to Plaintiff and Defendant and which can be obtained readily by Plaintiff

himself, thus requiring Defendant to incur unnecessary expense and burden in

responding. Defendant further objects to this Interrogatory to the extent that it seeks

information and/or documents which are already known to and/or possessed by Plaintiff.

Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly

burdensome, seeks to obtain information that is not relevant to this action, and is not

reasonably calculated to lead to the discovery of admissible evidence. Defendant further

objects to this Interrogatory to the extent that it seeks information which may be derived

or ascertained from the business records of Defendant and for which the burden of

deriving or ascertaining a response from said documents is substantially the same for

Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it

calls for Defendant to make legal conclusions in determining what information may be

responsive to the Interrogatory. Defendant further objects to this Interrogatory because it is cumulative in nature.

## INTERROGATORY NO. 31

Identify the date, time substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer of the United Stated Department of Justice, United States Attorney's Office for the Federal Bureau of Investigation, so long as said communications concern matters alleged in the Complaint of any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

## RESPONSE:

Defendant objects to this Interrogatory on the basis that, including all discrete subparts, it exceeds the Court's 50-interrogatory limit in this case. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the work product privilege. Defendant further objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory on the basis that it seeks information and/or documents which are equally available to Plaintiff and Defendant and which can be obtained readily by Plaintiff himself, thus requiring Defendant to incur unnecessary expense and burden in responding. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly

burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it calls for Defendant to make legal conclusions in determining what information may be responsive to the Interrogatory. Defendant further objects to this Interrogatory because it is cumulative in nature.

## INTERROGATORY NO. 32

Identify the date, time substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer of the United States Department of Health and Human Services, so long as said communications concern matters alleged in the Complaint of any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

## RESPONSE:

Defendant objects to this Interrogatory on the basis that, including all discrete subparts, it exceeds the Court's 50-interrogatory limit in this case. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the work product privilege. Defendant further objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this

Interrogatory on the basis that it seeks information and/or documents which are equally available to Plaintiff and Defendant and which can be obtained readily by Plaintiff himself, thus requiring Defendant to incur unnecessary expense and burden in responding. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it calls for Defendant to make legal conclusions in determining what information may be responsive to the Interrogatory. Defendant further objects to this Interrogatory because it is cumulative in nature.

## INTERROGATORY NO. 33

Identify the date, time substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer of the District of Columbia Department of Health and Human Services, so long as said communications concern matters alleged in the Complaint or any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that, including all discrete subparts, it exceeds the Court's 50-interrogatory limit in this case. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the work product privilege. Defendant further objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory on the basis that it seeks information and/or documents which are equally available to Plaintiff and Defendant and which can be obtained readily by Plaintiff himself, thus requiring Defendant to incur unnecessary expense and burden in responding. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it calls for Defendant to make legal conclusions in determining what information may be responsive to the Interrogatory. Defendant further objects to this Interrogatory because it is cumulative in nature.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

        Plaintiff,

    v.

United Planning Organization, Inc.,

        Defendant.

Civil Action No. 05-1271 (GK/JMF)

Next Event:  Settlement Conference
March 14, 2006

## DEFENDANT UNITED PLANNING ORGANIZATION, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant United Planning Organization, Inc. ("UPO" or "Defendant"), by and through its counsel, and responds and objects to Plaintiff Mohammed Amin Kakeh's ("Plaintiff's") First Request for Production of Documents as follows:

### PRELIMINARY STATEMENT

1.    The discovery in this litigation is not yet complete and is continuing. Therefore, the information supplied in response to Plaintiff's First Request for Production of Documents may not be exhaustive. If and when additional discoverable information becomes available, Defendant will supplement its responses in a timely fashion in accordance with the applicable Federal Rules of Civil Procedure.

2.    The defenses which Defendant raised in its Answer to the First Amended Complaint were asserted before discovery in this case had commenced and were asserted to preserve Defendant's rights and defenses under law. Hence, given the fact that discovery has not closed and is ongoing, Defendant's responses to Plaintiff's First

**EXHIBIT 6**

information about the actions, deliberations or decisions of the person or persons responsible for making a recommendation on whether the position should be eliminated; information about the content, substance or timing of any discussions, deliberations or consideration of the issue as it pertains to these employees or their positions; and all documents indicating the actions, deliberations or approval of the decision to eliminate the positions by the entire Board or any Board Member.

**RESPONSE:** Defendant objects to this Request to the extent it calls for the production of documents protected against disclosure by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it is unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in Plaintiff's possession, custody, or control. Defendant further objects to this Request to the extent that it seeks information which is proprietary and confidential in nature. Subject to and without waiver of the foregoing General Objections and Specific Objections, Defendant states that it will produce responsive and nonprivileged documents. *See* Bates Nos. MAK 0129-0188, 0196-0232, 0235-0237.


**REQUEST NO. 9.**    All documents, created or existing for the last five years, which are related to the four employees (excluding Plaintiff) who occupied the four positions in the Office of Finance which were identified in Dana M. Jones's June 2,2 004 letter to Plaintiff, including but not limited to documents containing the following information: the dates of their employment, salaries, performance, misconduct, any counseling or

disciplinary action or their level of seniority; information about the elimination of their

positions, the timing of the decision, the persons who made the decision, the person or

persons who recommended it and the reasons for it.

**RESPONSE:** Defendant objects to this Request on the basis that, as worded, it seeks

documents from an unreasonable period of time and is, therefore, overly broad and

unduly burdensome. Defendant further objects to this Request on the grounds that it is

vague and ambiguous. Defendant further objects to this Request on the grounds that, as

worded, it seeks documents which are not relevant to Plaintiff's claims and not

reasonably calculated to lead to the discovery of admissible evidence. Defendant further

objects to this Request on the grounds that it seeks information concerning non-parties

which is necessarily of a personal, private, and confidential nature. *See* Response to

Request No. 8.

**REQUEST NO. 10.** All documents related to the following issues concerning Dana M.

Jones's employment with Defendant: his promotions; his change of duties; his job duties;

the dates of his employment; his salary or other compensation; his benefits; his job

performance; his alleged or actual misconduct; any counseling or disciplinary action

taken against him; his level of seniority; his separation from employment with Defendant,

the reasons for it the persons responsible for making or recommending the decision.

**RESPONSE:** Defendant objects to this Request on the grounds that, as worded, it seeks

documents which are not relevant to Plaintiff's claims and not reasonably calculated to

lead to the discovery of admissible evidence. Defendant also objects to this Request to

the extent it calls for the production of documents protected against disclosure by the

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

      Plaintiff,

    v.

United Planning Organization, Inc.,

      Defendant.

Civil Action No. 05-1271 (GK/JMF)

## DEFENDANT UNITED PLANNING ORGANIZATION, INC.'S
## FIRST SUPPLEMENTAL RESPONSES & OBJECTIONS TO PLAINTIFF'S
## INTERROGATORIES

COMES NOW Defendant United Planning Organization, Inc. ("Defendant"), by and through its counsel, and, pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Civil Rules, provides its first supplemental responses and objections to Plaintiff's Interrogatories as follows:

## PRELIMINARY STATEMENT

1. The subject matter of this litigation is not yet complete and is continuing. Therefore, the information supplied in response to Plaintiff's Interrogatories may not be exhaustive. If and when additional discoverable information becomes available, Defendant will supplement and amend these responses in a timely fashion in accordance with the applicable Federal Rules of Civil Procedure and Local Civil Rules.

2. The defenses which Defendant raised in its Answer to Plaintiff's Amended Complaint were asserted before discovery in this case had commenced and were asserted in order to preserve Defendant's rights and defenses under the law. Hence, given the fact that discovery has not closed and is ongoing, Defendant's responses to Plaintiff's

seeks the provision of information protected from disclosure by the attorney-client and/or work product privileges.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant states that the response to this Interrogatory may be derived or ascertained from the responsive, relevant and non-privileged documents produced herewith. *See* Bates Nos. MAK 130-71.


**INTERROGATORY NO. 11**

Fully describe the reasons any elimination of positions in any of Defendant's offices or division from January 1, 2003 until January 1, 2005 (excluding any positions in the Office of Finance) and the process utilized by providing the following information: the title and duties of the position, the date the initial and final decisions were made, the identity of the person or persons who made the decisions, the identity of any persons who made recommendations, were consulted or provided input regarding the decisions; answer whether or not the Board of Directors was consulted and which Board Members were consulted; when the Board or Board Members were consulted and by whom; whether and to what extend the Board approved the decisions and the date they were approved; and each and every reason for the decisions, including the facts relied upon to reach that decision.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further

objects to this Interrogatory on the basis that it seeks information concerning a non-party of a personal, private, and confidential nature. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the attorney-client and/or work product privileges.

## INTERROGATORY NO. 12

Identify all communications, among or between any agent, servant, officer, independent contractor or Board Member of Defendant, about deliberations regarding the elimination of any position in any of Defendant's offices or divisions from January 1, 2003 until January 1, 2005, (excluding positions in the Defendant's Office of Finance), including but not limited to the following information: the name and duties of the positions eliminated, the identity of any person or persons who made the decision, the identity of any person who participated in the decision making process or made recommendations regarding the decision; the date, time nature and parties to any communications among, between or involving Defendant's agents, employees, independent contractors, officers or Board Members about elimination of these positions; information about the actions, deliberations ore decisions of the person or persons responsible for the decision to eliminate these positions; the identity of the persons who participated in the communications; the actions, deliberations, discussions or decisions with the person or persons responsible for making a recommendation on whether to eliminate these positions.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory on the basis that it seeks information concerning a non-party of a personal, private, and confidential nature. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the attorney-client and/or work product privileges.

**INTERROGATORY NO. 13**

Fully describe the reasons for the hiring of Sheila Shears for the position of Chief Financial Officer and the process utilized by providing the following information: the date the initial and final decisions were made; identity of the person or persons who made the decisions; the identity of any persons who made recommendations, were consulted or provided input regarding the decisions; answer whether or not the Board of Directors was consulted and which Board Members were consulted; when the Board or Board Members were consulted and by whom; whether and to what extend the Board approved the decisions and the date they were approved; and each and every reason for the hiring decision, including the facts relied upon to reach the decision.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory on the basis that it is overly

broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the basis that it seeks information concerning a non-party of a personal, private, and confidential nature. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the attorney-client and/or work product privileges.

**INTERROGATORY NO. 14**

Fully describe the reasons for the termination of Benjamin Jennings from the position of Executive Director and the process utilized by providing the following information: the date the initial and final decisions were made; the identity of the person or persons who made the decisions; the identity of any persons who made recommendations, were consulted or provided input regarding the decisions; answer whether or not the Board of Directors or Board Members were consulted and by whom; whether and to what extend the Board approved the decisions and the date they were approved; and each and every reason for the decisions, including the facts relied upon to reach the decision.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the basis that it seeks information concerning a non-party of a personal, private, and confidential nature. Defendant further objects to this

who allegedly engaged in the retaliatory acts; the name, series, grand and rank of any management officials involved in the decision to take action or not take action against the alleged wrongdoer and the reasons why action was taken or not taken.

**RESPONSE:**

Defendant objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the attorney-client and/or work product privileges.

Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the basis that it seeks information concerning a non-party of a personal, private, and confidential nature.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant states that none exist.

**INTERROGATORY NO. 17**

Identify and describe the circumstances under which each and every job duty performed by Plaintiff during the three year period prior to June 2, 2004, was assigned to another of Defendant's employees or independent contractors of firms, at any time after June 2, 2004 and include the following information in your answer: the identity of any employee or independent contractor or firm, who, after June 2, 2004, performed any job duties that had been previously performed by Plaintiff at any time during the three year period prior to June 2, 2004; the title of the position held and duties performed by said employee, independent contractor, or firm; the precise duties that had been performed by Plaintiff,

but which were assigned to another employee, independent contractor or firm following his termination; the reasons the duties were reassigned; the identity of the person or persons who made the decision to reassign said duties; the identity of all persons who provided input in the decision, discussed the issue or made recommendations about the assignment of said duties; the facts relied upon in reaching any decision.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the attorney-client and/or work product privileges.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant states that, acting on the recommendation of Dana M. Jones, then-Interim Executive Director, the Board of Trustees voted to outsource the management of the Office of Finance and retain Walker & Company.

to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the grounds that it seeks the disclosure of financial information which is proprietary in nature and because such disclosure is premature at this time. Defendant further objects to this Interrogatory on the grounds that it seeks disclosure of information that is not relevant to this case at this time in view of the fact that, to date, there has been no adjudication that Defendant is liable to Plaintiff for the wrongs alleged and because no judgment has been rendered in Plaintiff's favor.

## INTERROGATORY NO. 29

Identify and describe each policy of insurance that could reasonably be interpreted as insuring you for all part of the damages and expenses which may incurred in this lawsuit.

**RESPONSE:**

The response to this Interrogatory may be derived or ascertained from the responsive, relevant and non-privileged documents produced herewith. *See* Bates Nos. MAK 4848-4865.

## INTERROGATORY NO. 30

Identify the date, time substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer or other person working on behalf of a public body as it is defined in D.C. ST. §2-223.01, so long as said communications concern matters alleged in the Complaint or any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

**RESPONSE:**

Defendant objects to this Interrogatory to the extent it seeks the provision of information protected from disclosure by the work product privilege. Defendant further objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory on the basis that it seeks information and/or documents which are equally available to Plaintiff and Defendant and which can be obtained readily by Plaintiff himself, thus requiring Defendant to incur unnecessary expense and burden in responding. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it calls for Defendant to make legal conclusions in determining what information may be responsive to the Interrogatory. Defendant further objects to this Interrogatory because it is cumulative in nature.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant states that none exist.

## INTERROGATORY NO. 31

Identify the date, time substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer of the United States Department of Justice, United States Attorney's Office for the Federal Bureau of Investigation, so long as said communications concern matters alleged in the Complaint or any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

## RESPONSE:

Defendant objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory on the basis that it seeks information which is equally available to Plaintiff and Defendant and which can be obtained readily by Plaintiff himself, thus requiring Defendant to incur unnecessary expense and burden in responding. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it calls for Defendant to make legal conclusions in determining

what information may be responsive to the Interrogatory. Defendant further objects to this Interrogatory because it is cumulative in nature.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant states that none exist.


## INTERROGATORY NO. 32

Identify the date, time substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer of the United States Department of Health and Human Services, so long as said communications concern matters alleged in the Complaint or any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

## RESPONSE:

Defendant objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory on the basis that it seeks information and/or documents which are equally available to Plaintiff and Defendant and which can be obtained readily by Plaintiff himself, thus requiring Defendant to incur unnecessary expense and burden in responding. Defendant further objects to this Interrogatory to the extent that it seeks information and/or documents which are already known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it

seeks information which may be derived or ascertained from the business records of

Defendant and for which the burden of deriving or ascertaining a response from said

documents is substantially the same for Plaintiff as for Defendant. Defendant further

objects to this Interrogatory to the extent it calls for Defendant to make legal conclusions

in determining what information may be responsive to the Interrogatory. Defendant

further objects to this Interrogatory because it is cumulative in nature.

Subject to and without waiver of the foregoing General and Specific Objections,

Defendant states that none exist.


## INTERROGATORY NO. 33

Identify the date, time substance and parties to each and every communication between

any agent, servant, officer, independent contractor or Board member of Defendant and

any agent, servant, independent contractor, law enforcement officer of the District of

Columbia Department of Health and Human Services, so long as said communications

concern matters alleged in the Complaint or any Amended Complaint and relate directly

or indirectly to whistle-blowing allegations made by Plaintiff.

## RESPONSE:

Defendant objects to this Interrogatory on the basis that it is vague, confusing and

compound. Defendant further objects to this Interrogatory on the basis that it seeks

information and/or documents which are equally available to Plaintiff and Defendant and

which can be obtained readily by Plaintiff himself, thus requiring Defendant to incur

unnecessary expense and burden in responding. Defendant further objects to this

Interrogatory to the extent that it seeks information and/or documents which are already

known to and/or possessed by Plaintiff. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, seeks to obtain information that is not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks information which may be derived or ascertained from the business records of Defendant and for which the burden of deriving or ascertaining a response from said documents is substantially the same for Plaintiff as for Defendant. Defendant further objects to this Interrogatory to the extent it calls for Defendant to make legal conclusions in determining what information may be responsive to the Interrogatory. Defendant further objects to this Interrogatory because it is cumulative in nature.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant states that none exist.

**INTERROGATORY NO. 34**

Identify any contract, agreement, arrangement or grant, formal or informal, providing for the provision of goods and/or services by Defendant for or on behalf of any branch, division, or agency of the District of Columbia government within the past five years, including the date the contract, agreement, arrangement or grant commenced; the parties to them; the nature of the goods or services being provided through said contract, agreement, arrangement or grant; and the terms of said contract, agreement or grant.

**RESPONSE:**

Defendant objects to this Interrogatory on the basis that it is vague, confusing and compound. Defendant further objects to this Interrogatory on the basis that it seeks

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED AMIN KAKEH,

          Plaintiff,

      v.

UNITED PLANNING ORGANIZATION,

          Defendant.

CIVIL ACTION NO. 1:05-CV-1271
(GK/JF)

## DEFENDANT UNITED PLANNING ORGANIZATION'S SUPPLEMENTAL RESPONSES TO PLAINTIFF MOHAMMED AMIN KAKEH'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant United Planning Organization, Inc. ("UPO" or "Defendant") hereby supplements its response to Plaintiff Mohammed Amin Kakeh's ("Plaintiff's") First, Second and Third Requests for Production of Documents in accordance with Fed. R. Civ. P. 26(e) and Judge Kessler's March 17, 2006 Order.

### SUPPLEMENTAL RESPONSES TO DOCUMENT PRODUCTION REQUESTS

**REQUEST NO. 1:** All documents identified, referred to, reviewed or utilized in any way in compiling your Answers to any of the Plaintiff's Interrogatories, including supplemental sets of Interrogatories.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject to and without waiving the foregoing general and specific objections, UPO has produced all responsive and non-privileged documents. *See* Bates No. MAK 8002-8077-A, 8247-8277.

**EXHIBIT 8**

**REQUEST NO. 2:**    All documents relating to the Plaintiff's employment with you, including, but not limited to documents concerning the following: his entire personnel file; any working file maintained by a supervisor; documents related to the terms and conditions of Plaintiff's employment; an employee handbook; all documents related to his performance during the last five years; documents relating in any way to disciplinary actions, reprimands, reassignment, criticism, details, or counseling of Plaintiff; time records; leave records; documents related to Plaintiff's job duties; informal notes or write ups; all communications of any type between Plaintiff and his supervisors, including email correspondence; performance-related bonuses promised, mentioned, or received; any working file maintained by any supervisor or co-worker of Plaintiff; responses to correspondence or complaints written by the Plaintiff to management or supervisory staff; materials related to all benefits received by Plaintiff by virtue of his employment with Defendant.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents.  Subject to and without waiving the foregoing general and specific objections, UPO has produced all responsive and non-privileged documents.  *See* Bates No. MAK 8142-8145.

**REQUEST NO. 7:**    All documents related to the Defendant's deliberations about, knowledge of, consideration of or decision to eliminate the Plaintiff's position as announced in the letter from Dana M. Jones to Plaintiff dated June 2, 2005, including but not limited to documents concerning: any communications among, between or involving Defendant's agents, employees, officers, Board Members or independent contractors about the decision to eliminate Plaintiff's position; information about the actions, deliberations or decisions of the person or persons

responsible for the decision to eliminate the Plaintiff's position; information about the actions, deliberations or decisions of the person or persons responsible for making a recommendation on whether the Plaintiff should be terminated from his position; documents containing any discussions, deliberations or consideration of the issue; information about the actions, deliberations or approval of the decision to eliminate said position by the entire Board or any Board Member.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject to and without waiving the foregoing general and specific objections, UPO has produced all responsive and non-privileged documents. *See* Bates No. MAK 5599-5600, 7968-7977, 7979-7992, 8164-8165, 8247-8250.

**REQUEST NO. 10:** All documents related to the following issues concerning Dana M. Jones's employment with Defendant: his promotions; his change of duties; his job duties; the dates of his employment; his salary or other compensation; his benefits; his job performance; his alleged or actual misconduct; any counseling or disciplinary action taken against him; his level of seniority; his separation from employment with Defendant, the reasons for it the persons responsible for making or recommending the decision.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject to and without waiving the foregoing general and specific objections, UPO has produced all responsive and non-privileged documents. *See* Bates No. MAK 7937, 7939-7943.