# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

      *Plaintiff,*

    v.

United Planning Organization, Inc.,

      *Defendant.*

Civil Case No. 1:05-cv-1271 (GK/JF)

## CERTIFICATE OF GOOD FAITH EFFORTS TO RESOLVE DISCOVERY DISPUTE

Plaintiff, through his undersigned counsel, offers the following evidence of good faith efforts to resolve this discovery dispute.

1.    On October 14, 2005, Plaintiff transmitted his First Set of Interrogatories and First Request for Production of Documents to Defendant via facsimile and First Class Mail.

2.    On December 23, 20005, after numerous extensions and over two months after service of the requests, Defendant responded to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.

3.    On January 12, 2006, Plaintiff's counsel transmitted a letter to defense counsel highlighting numerous deficiencies in Defendant's discovery responses and seeking resolution. (*See* Exhibit 1.)

4.    On January 19, 2006, Plaintiff's counsel and defense counsel conducted a one-hour conference call in an effort to resolve discovery disputes. While some issues were resolved, numerous issues remained. Plaintiff documented the resolutions and remaining disputes in a letter to defense counsel on January 24, 2006. (*See* Exhibit 2). Defense counsel responded to that letter on January 24, 2006. (*See* Exhibit 3).

5.    On February 8, 2006 counsel for both parties met in person at defense counsel's office in a further effort to resolve the ongoing discovery dispute. Plaintiff sent another letter to defense counsel following up on the remaining issues on February 17, 2006. (*See* Exhibit 4.)

6.    The parties were still unable to resolve all disputes. As a result, Plaintiff requested a conference call with chambers. The conference call with counsel and the Court was held on March 17, 2006 and the Court issued an Order requiring the Defendant to "respond to all of Plaintiff's interrogatories" and produce those documents within employee's (including high level officials) personnel files which are responsive to Plaintiff's narrowly tailored requests."

7.    Defendant supplemented its responses Plaintiff's First Set of Interrogatories and First Request for Production of Documents on April 4, 2006. However, Defendant still failed to fully comply with the Court's Order. Specifically, Defendant did not produce all requested and ordered personnel documents and has not fully responded to seven of Plaintiff's interrogatories.

8. On April 10, 2006, Plaintiff again attempted to resolve the dispute by sending a letter to defense counsel. (*See* Exhibit 5.)   Defense counsel responded to that letter on April 19, 2006 (*See* Exhibit 6), but refuses to answer the interrogatories or provide the requested documents.

Respectfully Submitted,

 /s/
Omar Vincent Melehy, Esq.
D.C. Bar No. 415849
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@zmdlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of May, 2006, a copy of the foregoing

Plaintiff's Motion to Exceed Deposition Limit was sent via facsimile to:

        Alison Davis, Esquire
        Kevin M. Kraham, Esquire
        Ford & Harrison LLP
        1300 19th Street NW
        Washington, D.C. 20036

        Attorneys for Defendant


            __/s/_____
            Omar Vincent Melehy

# ZIPIN&MELEHY LLC
## ATTORNEYS AT LAW

PHILIP B. ZIPIN*
OMAR VINCENT MELEHY*
SUVITA MELEHY*

DAVID A. LUCAS*
CHARLES H. HENDERSON

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
WWW.ZIPINMELEHY.COM

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308

*ALSO LICENSED
IN WASHINGTON D.C.

ERIC L. BARNABAS*
OF COUNSEL

January 12, 2006

Alison Davis, Esq.
Ford & Harrison LLP
1300 19th Street, N.W. Suite 700
Washington, D.C. 20036

> **Re:**  *Mohammed Amin Kakeh v. United Planning Organization*
> **Civil Action No.: 05-1271**

Dear Alison:

I write to address certain deficiencies in Defendant's Responses to Plaintiff's First and Second Set of Interrogatories, as well as Plaintiff's First, Second and Third Request for Production of Documents. Defendant only provided substantive responses to seven of Plaintiff's 50 interrogatories. Defendant only provides responsive documents to 15 of Plaintiff's 56 requests for production. These facts alone show that Defendant's responses are woefully incomplete. I will first address some general deficiencies and then go into some of the deficient responses in greater detail below.

## GENERAL DEFICIENCIES

1. Defendant's responses are deficient to the extent that they are, in whole or in part, blanket objections on the basis of relevance, repetition/duplication, burden, vagueness, lack of particularity or chronological/geographic specificity, lack of potential to lead to the discovery of admissible evidence, ambiguity or overbreath. Federal caselaw holds that the party resisting discovery requests carries the burden of explaining with particularity the basis of its asserted objections; conclusory objections are insufficient. *E.g., United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404 (D.Md. 2005).

2. Defendant's responses to all Plaintiff's Request for Production of Documents are deficient to the extent that they, in whole or in part, assert objections based on work product privilege, attorney-client privilege, or confidentiality, without providing the following:

> (i) the date or approximate date of the document;
> (ii) the type of document (*e.g.*, letter, memorandum);
> (iii) a description of the subject matter of the document;
> (iv) each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;
> (v) each and every person who received the document or any copy thereof;

— **EXHIBIT 1** —

Alison Davis, Esq.
January 12, 2006
Page 2

       (vi) the present custodians of each document;
       (vii) a list of attachments or enclosures to the document; and
       (viii) the nature of the privilege asserted and any statutes, rules or cases
that you contend support the assertion of privilege.

3.   Defendant's responses are deficient to the extent that they rely on an objection that Plaintiff has allegedly exceeded the 50 interrogatory maximum specified by the Court in its Scheduling Order in that Plaintiff only submitted 50 interrogatories. The Court provided for 20 interrogatories in addition to the 30 allowed in Federal Rules of Civil Procedure, Rule 33 in light of the extensive discovery necessary in this case. Federal courts have held that discovery requests containing subelements constitute a single discovery request where the subelements are logically and factually related to, and incorporated into, the primary discovery request. *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39 (D.Conn. 2004) ("Joining requests about discrete separate subjects into a single interrogatory is improper, but it is permissible to use a single interrogatory to ask for information about all communications of a particular type which should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each communication"); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658 (D.Kan.2004); *Ginn v. Gemini, Inc.*, 137 F.R.D. 320 (D.Nev. 1991) ("interrogatory subparts are to be counted as part of but one interrogatory […] if they are logically or factually subsumed within and necessarily related to the primary question"). As the subparts of Plaintiff's interrogatories relate to the primary interrogatory, they are properly considered a single interrogatory, and so any objection to the contrary is invalid.

## DEFICIENCIES IN SPECIFIC RESPONSES

    Complainant's above-cited deficiencies should be incorporated into the specific explanation of the deficiencies in the Agency's responses as appropriate.

### Requests for Production of Documents

Request No. 2: Defendant failed to provide Plaintiff's performance evaluations, time records, leave slips, and employee handbooks. These documents are relevant to the issue of why Plaintiff was terminated. These documents are not subject to any valid objection and should be provided.

Request No. 4: Plaintiff specifically requested all documents relating to correspondence between Plaintiff and Defendant relating to "any matters raised in the Complaint." These documents are relevant to numerous elements of Plaintiff's claims, including which agents of Defendant were aware of Plaintiff's allegations of fraud, misuse and waste, and when each agent became aware of them. Defendant's objection that Plaintiff "seeks documents obtainable from some other source that is more convenient, less burdensome, and less expensive" is nonsensical. Other than those documents that Plaintiff already possesses, only Defendant can produce the responsive documents.

Alison Davis, Esq.
January 12, 2006
Page 3

<u>Request No. 5</u>:  In response to Plaintiff's specific request for all "policies and procedures related to the termination of employees for any reason," Defendant only produced documents related to Reductions in Force.  Other policies and procedures are relevant to the issue of whether Defendant adhered to any potential additional policies when it terminated Defendant. Defendant's objection that these policies are proprietary and confidential is facially invalid. Existing policies cannot—by definition—be confidential.

<u>Request No. 6</u>:  Defendant did not produce any documents in response to Plaintiff's request for documents "containing any policies and procedures relating to whistle-blowing by an employee." Defendant objected on the basis that the documents requested were "neither relevant nor reasonably calculated to lead to discovery of any admissible evidence."  As Plaintiff's whistle-blowing activity lies at the center of this case, this objection is invalid.  If Defendant does not have any policies and procedures relating to whistle-blowing by an employee, please affirmatively represent that Defendant does not possess any responsive documents.

<u>Request No. 7</u>:  Defendant did not produce any documents relating to preliminary Requests for Proposals, meeting minutes at which Plaintiff's termination was discussed, or any proposals submitted by contractors other than Walker and Company.  Defendant objected, in part, on the grounds that the information requested is irrelevant or already in Plaintiff's possession.  As Plaintiff was not in a position to obtain nearly all of the requested documents and because the issue of why Plaintiff's position was terminated is central to the claims, these objections are invalid.

<u>Request No. 8</u>:  *See* deficiencies cited for Defendant's response to Request No. 7.

<u>Request No. 9</u>:  Defendant did not provide any documents related to the job duties, compensation, and performance of the four other employees identified in Jones's June 2, 2004 letter.  These documents are relevant to the issue of why Plaintiff—as opposed to the other individuals—was singled out for termination.  Defendant's objections based on relevance, burden and confidentiality are invalid for reasons stated *infra*.

<u>Request No. 18</u>:  Defendant did not produce any documents related to the reasons for and facts underlying the decision to terminate Ben Jennings.  This information is relevant to the extent it shows whether or not Plaintiff's allegations of fraud and misuse played a role in the decision.

<u>Request No. 19</u>:  Plaintiff requested all documents related to any preparation of financial documents by Defendant during the last five years.  Defendant failed to produce any documents relating to communications between Defendant's employees or Board members relating to Plaintiff's financial statements.  Defendant's objections are invalid for reasons stated *infra*.

<u>Request No. 21</u>:  Defendant did not provide any documents related to any other alleged complaints of retaliation based on prior EEO activity at UPO during the past five years. Defendant objected, in part, on the grounds that the documents are obtainable from another source.  This objection is invalid for the reasons stated in the analysis of deficiencies in Response

Alison Davis, Esq.
January 12, 2006
Page 4

No. 4.  Please either produce the responsive documents or affirmatively assert that Defendant does not possess any responsive documents.

Request No. 22:  Defendant did not provide any documents related to any other allegations of retaliation for whistle-blowing activity within the past five years.  Defendant's objections are invalid for the reasons stated *infra*.  Please either produce the responsive documents or affirmatively assert that Defendant does not possess any responsive documents.

Request No. 23:  Defendant produced no documents relating to communications between Defendant and government bodies pertaining directly or indirectly to the allegations in the Complaint.  Defendant objected, in part, on the grounds that the documents are obtainable from another source.  This objection is invalid for the reasons stated in the analysis of deficiencies in Response No. 4.  These documents are directly relevant to whether an action was to be filed based on false claims, whether Plaintiff assisted in any such investigation, and whether Defendant was aware that Plaintiff assisted in any such investigation.

Request No. 25:  Defendant did not produce any documents related to correspondence between Tunde Eboda and any agent, servant, officer or Board member of Defendant other than Plaintiff.  Defendant objects, in part, on the grounds that the documents are already in Plaintiff's possession or obtainable from another source.  These objections are invalid for the reasons stated *supra*.

Request No. 28:  Defendant did not produce any documents related to communications between Thompson, Cobb, Brazilio & Associates and Defendant.  Such communications that relate in any way to Plaintiff, accounting issues, the organization of the finance department and responsibility or causes of financial problems are relevant and responsive.  Defendant objects, in part, on the grounds that the documents are already in Plaintiff's possession or obtainable from another source.  These objections are invalid for the reasons stated *supra*.

Request No. 30:  Defendant did not produce any documents related to communications between Kenneth Marty and Defendant.  *See* deficiencies cited in response to Defendant's response to Request Nos. 25, 28 *supra*.

Request No. 32:  Defendant did not produce any documents related to communications between Defendant and any federal officer or agent.  *See* deficiencies cited in response to Defendant's response to Request Nos. 25, 28 *supra*.

Request No. 34:  Defendant did not produce any documents relating to meetings about financial problems, correspondence among Defendant's employees, agents of Board members relating to the financial situation or plans to alter the financial department.  Defendant's objected, in part, on the grounds that Plaintiff requested documents for an unreasonable period of time.  As Plaintiff only requested documents from the last four years, this objection is invalid.

Request No. 35:  In response to Plaintiff's request for all documents related to the reassignment of Plaintiff's duties after June 2, 2004, Defendant produced only its Request for Proposals, the

Alison Davis, Esq.
January 12, 2006
Page 5

proposal from Walker and Company, and the contract between Defendant and Walker and Company. Defendant did not provide any information about reassignment of Plaintiff's duties after the expiration of the Walker contract. These documents are relevant, as they pertain to whether the decision to eliminate Plaintiff's position was motivated by an interest in permanently reorganizing the Finance Department or temporarily reorganizing it to provide a reason to terminate Plaintiff. Defendant also did not provide documents pertaining to the specific duties that were reassigned.

Requests Nos. 41-49: Defendant did not provide any documents related to its financial status. These documents are relevant to the issue of damages and discoverable at this stage of litigation.

Request No. 50: Defendant responded that it would produce all relevant insurance policies. Yet no documents related to insurance policies were included in the documents produced to Plaintiff.

Request No. 51: Defendant did not produce any time, billing or expense records related to contracts with the District of Columbia. These documents are relevant to show that Plaintiff worked on contracts with the District of Columbia.

Request No. 52: Defendant did not produce any time, billing or expense records related to contracts with the federal government. These documents are relevant to show that Plaintiff worked on contracts with the federal government.

Request No. 55: Defendant did not produce any documents related to Defendant's preliminary deliberations about whether to outsource or eliminate any functions. Defendant did not produce any proposals that were submitted other than Walker and Company. Defendant did not produce any records indicating when the possibility of outsourcing positions was first introduced or why it was eventually decided upon. Defendant objects, in part, based on the documents already being in Plaintiff's possession and not under Defendant's control. Defendant must still produce any documents in its possession that are responsive. Defendant further objects on the grounds that the request is for an unreasonable period of time. Plaintiff requested documents from 1998 to the present. This time-frame is tailored to illicit documents showing when Defendant first considered outsourcing the positions.

Request No. 56: *See* deficiencies in Response No .55.

### First and Second Set of Interrogatories

Interrogatory No. 3: Defendant did not provide the scope of each person's knowledge. To the extent that information pertaining to which individuals had knowledge of each matter in the Complaint, they are reasonably calculated to lead to the discovery of relevant information. To the extent that the information is not ascertainable from the business records already in Plaintiff's possession, Defendant must provide a response.

Interrogatory No 6: Defendant did not provide the name, title, salary and duties—including change of duties—of each member of the Finance Department during the last five years. This

**Alison Davis, Esq.**
**January 12, 2006**
**Page 6**

information is relevant to the issue of why Defendant elected to eliminate Defendant's position as opposed to any others. This information is further relevant because these individuals—not mentioned in Defendant's response to Interrogatory No. 2—might possess information related to matters in the Complaint. The identity of employees is not privileged in any way for purposes of this litigation.

Interrogatory No 7: Defendant did not provide information regarding the dates on which the decision to eliminate Plaintiff's position was discussed or concluded. Defendant further did not provide any information regarding which employees and Board members took part in that decision. Defendant's claim that this information can be derived from business records is simply false, as Defendant did not produce any documents containing this information. This information is relevant to determining whether Defendant was motivated by retaliation for Plaintiff's whistle-blowing activities.

Interrogatory No 8: Defendant did not identify communications regarding the decision to eliminate Plaintiff's decision other than the Request for Proposals and the proposal of Walker and Company. *See* deficiencies cited for Interrogatory No.7.

Interrogatory No 9: Defendant did not provide information regarding the reasons for the alleged termination of the other four positions in Defendant's Office of Finance. *See* deficiencies cited for Interrogatory No. 7.

Interrogatory No 10: *See* deficiencies cited for Interrogatory No. 9.

Interrogatory No 11: Defendant did not provide any information relating to any decision to eliminate any other position throughout Defendant's organization. This information is relevant to a determination of whether Defendant chose only to eliminate Defendant's position. *See* deficiencies cited for Interrogatory No. 7.

Interrogatory No 12: *See* deficiencies cited for Interrogatory No. 11.

Interrogatory No. 15: Defendant did not provide any information regarding any other allegations of retaliation for prior EEO activity at Defendant's organization. This information is relevant to the issue of whether Defendant engaged in such retaliation against Plaintiff. Please either provide this information or affirmatively state that there were no prior allegations of retaliation for prior EEO activity within the past five years.

Interrogatory No. 16: Defendant did not provide any information regarding any other allegations of retaliation for whistle-blowing with Defendant's organization. This information is relevant to the issue of whether Defendant tended to engage in retaliation for whistle-blowing activity. Please either provide this information or affirmatively state that there were no prior allegations of whistle-blowing retaliation within the past five years.

Interrogatory No. 17: Defendant did not provide any information related to job duties, previously performed by Plaintiff that were reassigned in the years prior to the elimination of his

Alison Davis, Esq.
January 12, 2006
Page 7

position. This information is relevant to whether the elimination was motivated by a Reduction in Force or in furtherance of an existing plan to terminate Plaintiff. Please provide this information or affirmatively state that none of Plaintiff's job duties were reassigned prior to the elimination of his position.

**Interrogatory No.18:** Defendant did not provide any information related to the assignment of duties, previously performed by Defendant, in the years after the elimination of his position. This information is relevant to the determination of whether the elimination of his position qualifies under Defendant's policies for a Reduction in Force.

**Interrogatory No. 19:** Defendant did not provide any information regarding any government investigations of Defendant's finances during the relevant timeframe. As the existence of these investigations is central to the claims in the Complaint, they are unquestionably relevant. Plaintiff objects, in part, on the grounds that this information is equally obtainable by Plaintiff or can be derived from Defendant's business records. To the extent that Defendant does not know what information Plaintiff already possesses and the documents produced by Defendant do not describe the scope and substance of any investigations, Defendant must provide the information.

**Interrogatory No. 20:** Defendant did not provide any information relating to any existing civil or criminal matters relating to Defendant or any of its employees relating to their employment. *See* deficiencies cited in Interrogatory No. 19.

**Interrogatory Nos. 25-29:** Defendant did not provide any information regarding its current financial status and insurance policies. This information is relevant both to the issue of damages and whether the Reduction in Force was effective or merely an effort to terminate Plaintiff in retaliation for his whistle-blowing activities.

**Interrogatory No. 30:** Defendant did not provide any information regarding communications between Defendant and any public body relating to the Complaint. This information is reasonably calculated to lead the discoverable information of whether Defendant was aware of Plaintiff's disclosures to public bodies and assistance in a false claims investigation. To the extent that such information is not privileged, please provide it or affirmatively state that Defendant did not communicate with public bodies about matters related to the Complaint.

**Interrogatory No. 31:** *See* deficiencies cited for Interrogatory No. 30.

**Interrogatory No. 32:** *See* deficiencies cited for Interrogatory No. 30.

**Interrogatory No. 33:** *See* deficiencies cited for Interrogatory No. 30.

**Interrogatory No. 34:** Defendant did not provide any information related to whether Plaintiff aided or assisted in the performance of contracts with government bodies. This information is relevant to whether Plaintiff qualifies as an employee of a government contractor. To the extent that this information is not readily ascertainable from documents produced by Defendant, please provide it.

**Alison Davis, Esq.**
**January 12, 2006**
**Page 8**

Interrogatory No. 43:  Defendant did not provide any information about which employees entered Defendant's offices, and at what time, on February 12, 2004.  This information is not, as Defendant asserts, "equally available to Defendant."  Moreover the request is limited to one day and is not, as Defendant asserts, "overly broad."  This information is relevant to whether Defendant was aware that Plaintiff made disclosures to government bodies and assisted in an investigation of potential false claims.

Interrogatory No. 44:  *See* deficiencies cited for Interrogatory No. 43.

Interrogatory No. 45:  *See* deficiencies cited for Interrogatory No. 43.

Interrogatory No. 46:  *See* deficiencies cited for Interrogatory No. 43.

Interrogatory No. 47:  *See* deficiencies cited for Interrogatory No. 43.

## **RESOLUTION**

Plaintiff is interested in discussing—in good faith—rectification of these deficiencies in the Defendant's responses to his discovery requests.  Please contact me as soon as possible to discuss resolution.

Sincerely,

Kate McFarland

# ZIPIN & MELEHY LLC
### ATTORNEYS AT LAW

PHILIP B. ZIPIN*
OMAR VINCENT MELEHY*
SUVITA MELEHY*

DAVID A. LUCAS*
ANDREW PERLMUTTER

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
WWW.ZIPINMELEHY.COM

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308

* ALSO LICENSED
IN WASHINGTON D.C.

ERIC L. BARNABAS*
OF COUNSEL

# FAX TRANSMISSION

**To:**   Alison Davis, Esq.

**Fax #:**   202-719-2077

**From:**   Kate McFarland

**Subject:**   Kakeh v. United Planning Organization

**Date:**   January 12, 2006

**Pages:**   9, including this cover sheet.

THIS INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY COPYING OF THIS COMMUNICATION OR DISSEMINATION OR DISTRIBUTION OF IT TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

**REMARKS:**   ☐ Urgent      ☐ For your review      ☐ Reply ASAP      ☐ Please Comment

Document enclosed: Letter Dated January 12, 2006.

## Zipin & Melehy LLC

### ATTORNEYS AT LAW

PHILIP B. ZIPIN*
OMAR VINCENT MELEHY*
SOUVI A. MELEHY*
DAVID A. LUCAS*
ANDREW FRISCHLING*

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
WWW.ZIPINMELEHY.COM

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308
2W WASHINGTON D.C.
OF COUNSEL:
ERIC L. RAKANARAS*

# FAX TRANSMISSION

| | |
|---|---|
| To: | Alison Davis, Esq. |
| Date: | January 12, 2006 |
| Fax #: | 202-719-2077 |
| Pages: | 9, including this cover sheet. |
| From: | Kae McFarland |
| Subject: | Kkteh v. United Planning Organization |

THIS INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY COPYING OF THIS COMMUNICATION OR DISSEMINATION OR DISTRIBUTION OF IT TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

REMARKS: ☐ Urgent   ☐ For your review   ☐ Reply ASAP   ☐ Please Comment

Document enclosed: Letter Dated January 12, 2006.

---

hp LaserJet 3015

Jan-12-2006 12:59PM

HP LASERJET FAX

### Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 433 | 1/12/2006 | 12:51:59PM | Send | 12027192077 | 7:35 | 9 | OK |



# ZIPIN&MELEHY LLC
### ATTORNEYS AT LAW

PHILIP B. ZIPIN*
OMAR VINCENT MELEHY*
SUVITA MELEHY*

DAVID A. LUCAS*
CHARLES H. HENDERSON

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
WWW.ZIPINMELEHY.COM

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308

*ALSO LICENSED
IN WASHINGTON D.C.

ERIC L. BARNABAS*
OF COUNSEL

January 24, 2006

Alison Davis, Esq.
Ford & Harrison LLP
1300 19th Street, N.W. Suite 700
Washington, D.C. 20036

> Re:    ***Mohammed Amin Kakeh v. United Planning Organization***
> ***Civil Action No.: 05-1271***

Dear Alison:

I write to confirm various issued discussed during the January 19, 2006 conference call regarding Defendant's responses to Plaintiff's First, Second and Third Requests for Production of Documents and Plaintiff's First and Second Sets of Interrogatories:

1.    You indicated that you will produce a privilege log of all documents withheld on the basis of attorney/client privilege, the work product doctrine or confidentiality.

2.    You indicated that you will amend all of Defendant's Interrogatory answers to include the phrase "*all* responsive documents have been produced."

3.    You indicated that you would produce United Planning Organization's entire Employee Handbook in response to Document Request No. 2.

4.    You affirmatively stated that Defendant produced "all documents, created or existing within the last four years, related to communications between Plaintiff and any agent, servant, officer or independent contractor of the Defendant, which relate directly or indirectly to any of the following: Plaintiff's whistle-blower allegations; any matters raised in the Complaint or any Amended Complaint; or any matters raised in any Answer or Amended Answer."

5.    You affirmatively stated that you did not possess any "documents, created or existing within the last five years, containing any policies and procedures related to whistle-blowing by any employee of Defendant" in response to Document Request No. 6.

6.    You indicated that you would respond to Document Request No. 19 if Plaintiff narrowed the scope. Therefore we narrow the scope to the following: "All documents related to any preparation of financial statements by the Plaintiff at

**EXHIBIT 2**

Alison Davis, Esq.
Case 1:05-cv-01271-GK    Document 51-3    Filed 05/16/2006    Page 15 of 28
January 24, 2006
Page 2

any time within the last five years, provided that the documents relate to the manner and/or method that Plaintiff used to create the financial statements, any preliminary drafts of financial statements or any correspondence commenting or referring to the financial statements."

7.  You affirmatively stated that you do not possess any documents responsive to Request Nos. 22 and 23.

8.  You indicated that you will produce any documents responsive to Document Request No. 34 once you obtain them.

9.  You indicated that you will produce documents responsive to Document Requests Nos. 50 and 51 with the understanding the Plaintiff seeks time, billing or other records indicating which UPO employees worked on each government grant or contract.

10. You indicated that you would produce copies of Document Nos. MAK1722-1723, as they were missing from the box of documents produced.

11. You acknowledged failure to produce preliminary drafts of UPO's Request for Proposal regarding the alleged restructuring of the finance department, any proposals submitted other than from Walker and Company and any documents related to why UPO chose the Walker proposal as opposed to any other. These documents are responsive to numerous discovery requests.

Additionally, we were unable to come to a resolution on a number of important issues. First, you refuse to produce a large number of documents based on your personal view that they are not relevant. Second, you refuse to produce discoverable cellular and business telephone records. Third, you refused to produce discoverable personnel files for Gladys Mack, Ben Jennings, Dana Jones, Sheila Shears and the other four members of the Finance Department allegedly affected by the Reduction in Force. Finally, you refused to produce documents related to any other allegations of retaliation based on prior EEO activity within UPO.

In light of our failure to resolve these discovery disputes and pursuant to Paragraph 11 of the August 25, 2005 Scheduling Order, I propose a conference with Judge Kessler. With your approval, I will contact her chambers to schedule a time for this Friday, January 27, 2006.

Sincerely,

Kate McFarland

# hp LaserJet *3380*



HP LASERJET FAX

Jan-24-2006    2:10PM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 157 | 1/24/2006 | 2:08:13PM | Send | 12027192077 | 2:32 | 3 | OK |

### ZIPIN & MELEHY LLC
#### ATTORNEYS AT LAW

PHILIP B. ZIPIN*
OMAR VINCENT MELEHY*
SUVITA MELEHY*

DAVID A. LUCAS*
ANDREW PERLMUTTER

6403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
WWW.ZIPINLAW.COM

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308

* ALSO LICENSED
IN WASHINGTON D.C.
ERIC L. BARNABAS*
OF COUNSEL

## FAX TRANSMISSION

| | | | |
|---|---|---|---|
| **To:** | Alison Davis, Esq. | **Date:** | January 24, 2006 |
| **Fax #:** | 202-719-2077 | **Pages:** | 3, including this cover sheet. |
| **From:** | Kate McFarland | | |
| **Subject:** | Kakeh v. United Planning Organization | | |

THIS INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY COPYING OF THIS COMMUNICATION OR DISSEMINATION OR DISTRIBUTION OF IT TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

REMARKS: ☐ Urgent    ☐ For your review    ☐ Reply ASAP    ☐ Please Comment

Document enclosed: Letter Dated January 24, 2006.

# ZIPIN&MELEHY LLC
### ATTORNEYS AT LAW

PHILIP B. ZIPIN*
OMAR VINCENT MELEHY*
SUVITA MELEHY*
——————
DAVID A. LUCAS*
ANDREW PERLMUTTER

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
WWW.ZIPINMELEHY.COM

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308

* ALSO LICENSED
IN WASHINGTON D.C.
ERIC L. BARNABAS*
OF COUNSEL

# FAX TRANSMISSION

**To:**     **Alison Davis, Esq.**          **Date:**     **January 24, 2006**

**Fax #:**   **202-719-2077**              **Pages:**   **3, including this cover sheet.**

**From:**    **Kate McFarland**

**Subject:**  **Kakeh v. United Planning Organization**

THIS INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY COPYING OF THIS COMMUNICATION OR DISSEMINATION OR DISTRIBUTION OF IT TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

**REMARKS:**  ☐ **Urgent**      ☐ **For your review**    ☐ **Reply ASAP**      ☐ **Please Comment**

Document enclosed: Letter Dated January 24, 2006.

LAW OFFICES

# FORD & HARRISON LLP

A LIMITED LIABILITY PARTNERSHIP OF PROFESSIONAL ASSOCIATIONS AND INDIVIDUALS

1300 19th Street, N.W., Suite 700, Washington, D.C. 20036
Tel (202) 719-2000  Fax (202) 719-2077
www.fordharrison.com

Writer's Direct L

January 24, 2006

ALISON NADINE DAVIS
(202) 719-2017
adavis@fordharrison.com

<u>VIA FACSIMILE (301) 587-6308 & FIRST CLASS MAIL</u>

Kate McFarland, Esq.
Zipin & Melehy, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD  20901

Re:    *Kakeh v. United Planning Organization, Inc.*
       U.S. District Court for the District of Columbia
       Civil Action No. 05-1271 (GK/JMF)
       <u>Client-Matter No. 003698.0034</u>

Dear Kate:

This letter responds to your correspondence concerning our January 19, 2006 telephonic meeting and conference to attempt to resolve what you perceive to be deficiencies in United Planning Organization, Inc.'s ("UPO") responses and objections to Plaintiff's First, Second, and Third Requests for Production of Documents and Plaintiff's First and Second Sets of Interrogatories, which was received by my office this afternoon by facsimile.

At the outset, inasmuch as our "meet-and-confer" teleconference occurred just four business days ago, it would appear to be seriously premature to involve Judge Kessler or Magistrate Judge Facciola in this matter because you have not afforded us sufficient time to cure, or at least respond to, as we discussed on the 19th, certain of the alleged deficiencies in UPO's responses and objections. As we indicated before, if there are documents which your client has identified to you and which you believe are in UPO's possession, please tell us, and we will contact our client to determine whether such documents were in our custody or control and their current location. Moreover, we still need to discuss with you the deficiencies in your responses and objections to UPO's discovery requests. You will also recall that we did not discuss your concerns about UPO's responses and objections to Plaintiff's Interrogatories. Rather than trade tiresome "for-the-record" letters, we propose an in-person meeting at our office to get to the remaining areas of dispute. To that end, we will call you tomorrow to schedule such a meeting.

Finally, we respond below to the 11 issues raised in your correspondence, purporting to recount our representations of January 19, 2006:

ATLANTA  •  BIRMINGHAM  •  DALLAS  •  DENVER  •  JACKSONVILLE  •  LOS ANGELES  •  MEMPHIS  •  MIAMI
NEW YORK  •  ORLANDO  •  SPARTANBURG  •  TAMPA  •  WASHINGTON, D.C.

—                    **EXHIBIT 3**                    —

Kate McFarland, Esq.
January 24, 2006
Page 2

1.     We will produce a privilege log of all documents withheld on the basis of attorney-client privilege or work product doctrine.  As an aside, we have not received a similar log from you.

2.     Omar asked that we amend UPO's responses and objections to Plaintiff's Requests for Production of Documents to include the phrase "all responsive documents have been produced."  We will do so where appropriate.

3.     We will make available for inspection and copying UPO's human resources policies.

4.     To our knowledge, and assuming we understand you correctly, we have produced "all documents, created or existing within the last four years, related to communications between Plaintiff and any agent, servant, officer or independent contractor of the Defendant, which relate directly or indirectly to any of the following:  Plaintiff's whistle-blower allegations; any matters raised in the Complaint or any Amended Complaint; or any matters raised in any Answer of Amended Answer," of which we are aware.

5.     To our knowledge, we do not possess any "whistle-blowing" policies and/or procedures.

6.     We appreciate your effort to narrow the scope of Request No. 19, but your request for all documents "related to the manner and/or method that Plaintiff used to create the financial statements, any preliminary drafts of financial statements or any correspondence commenting or referring to the financial statements," does not narrow the scope of your Request as it was originally propounded, but in fact broadens it.

7.     We affirmatively stated that, to date, we have not uncovered any documents relating to complaints from any employee that could be construed as retaliation for whistle-blowing.  We also affirmatively stated that, to date, we have not uncovered any communications between a Board member or employee of UPO and a law enforcement officer or other person working on behalf of a public body, as defined in your Request, relating to Plaintiff's whistle-blowing allegations.

8.     At the time we responded to Plaintiff's discovery requests, we did not have any responsive documents.  As with all discovery, we will supplement our production and make available for inspection and copying any responsive documents which are relevant and/or reasonably calculated to lead to the discovery of admissible evidence.

9.     We will produce a copy of the applicable insurance policy and, now that we understand the types of information Request No. 51 is seeking, we will supplement our response.

10.     We will produce copies of documents marked for identification as MAK 1722-23 if they were inadvertently omitted from our production.

FORD & HARRISON LLP

Kate McFarland, Esq.
January 24, 2006
Page 3

11.     If we locate any additional responsive documents which are relevant and/or reasonably calculated to lead to the discovery of admissible evidence, we are aware of our obligation to supplement our initial production, and we will make any such documents available for inspection and copying.

You are correct that we will not indulge your request for a fishing expedition into UPO's cellular and other telephone records. If you wish to revise and narrow your requests seeking such documents, we will, of course, be willing to address the issue again. As for your contention that we have refused to produce a large number of documents based on our "personal view that they are not relevant," we are not in a position to respond to such a vague and conclusory allegation.

As to your penultimate assertion, during our January 19 call, we indicated that we would provide you with case law in support of our position that, absent a showing that the information sought is relevant, you are not entitled to poke around in the confidential personnel files of third parties. Indeed, the sensitive nature of an individual's personnel file was recognized in *Whittingham v. Amherst College*, 164 F.R.D. 124, 127 (D. Mass. 1995) ("[P]ersonnel files contain perhaps the most private information about an employee within the possession of an employer."). The *Whittingham* court denied a motion to compel production of personnel files absent a showing by the plaintiff that the requested personnel files were relevant to his claim of disparate treatment, noting that the plaintiff "ha[d] made no real showing that [the individuals whose files were requested] suffered similar treatment and, without a showing of such relevance, [p]laintiff is not entitled to discovery." *Id.* In *Raddatz v. The Standard Register Co.*, 177 F.R.D. 446, 447-48 (D. Minn. 1997), the court, in addressing a discovery dispute, noted:

> [W]e respectfully disagree with those Courts which have appeared to suggest that the privacy concerns of non-party employees can be adequately placated by the production of their files under the terms of a Confidentiality Order. In our considered view, the very act of disclosing an employee's sensitive and personal data is a highly, and frequently, an unnecessarily intrusive act – whether or not that disclosure is governed by the terms of a Confidentiality Order. The intrusiveness of the act rests in disclosure to anyone, and the fact that the information may not be openly publicized brings little comfort to the co-employee, whose most private confidences are needlessly divulged. In our view, to order the production of such non-party employee files – even under the restrictions of a Protective Order – is not a step which the Court should lightly undertake.

> At a minimum, before a Court compels the production of non-party personnel files, it should first be satisfied that the information in those files is, indeed, relevant. In this respect, we agree that "[t]he mere fact that a person may be a witness in a case does not

FORD & HARRISON ᴸᴸᴾ

Kate McFarland, Esq.
January 24, 2006
Page 4

> automatically warrant access to their personnel file."  Moreover,
> production of the files in their entirety should not be ordered where
> the relevant information may be obtained by resort to less intrusive
> means of discovery.

(citations omitted, emphasis added); *see also James v. Peter Pan Transit Mgmt., Inc.*, No. 5:97-
CV-747-BO-1, 1999 WL 735173, at *11 (E.D.N.C. Jan. 20, 1999); *EEOC v. Ian Schrager
Hotels, Inc.*, No. CV-99-0987GAFRCX, 2000 WL 307470, at *4 (C.D. Cal. Mar. 8, 2000);
*Croom v. W. Connecticut State Univ.*, No. 3:00CV1805(PCD), 2002 WL 32503667, at *2 (D.
Conn. Mar. 20, 2002).

Finally, with regard to Request No. 21, your definition specifically refers to conduct
referenced in 42 U.S.C. § 2000e-3, which is Title VII of the Civil Rights Act of 1964, as
amended.  First, this case does not involve any alleged violation of Title VII.  Second, even if
this imprecise Request could be construed to encompass conduct which allegedly violates the
D.C. Human Rights Act because it is discriminatory, such complaints are irrelevant and not
likely to lead to admissible evidence.  Plaintiff has alleged retaliation under the D.C. Human
Rights Act.  If Plaintiff is requesting the latter information, UPO will produce, if any, complaints
received in accordance with its equal employment opportunity policy or filed with the D.C.
Office of Human Rights in the past three years.

We look forward to speaking with you tomorrow.

Very truly yours,

FORD & HARRISON LLP

ALISON N. DAVIS

AND/ddg

cc:    David A. Rosenberg, Esq.
       Kevin M. Kraham, Esq.

DC:58501.1

FORD & HARRISON LLP

# ZIPIN&MELEHY LLC
## ATTORNEYS AT LAW

PHILIP B. ZIPIN*
OMAR VINCENT MELEHY*
SUVITA MELEHY*

DAVID A. LUCAS*
CHARLES H. HENDERSON

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
WWW.ZIPINMELEHY.COM

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308

*ALSO LICENSED
IN WASHINGTON D.C.

ERIC L. BARNABAS*
OF COUNSEL

February 17, 2006

Alison Davis, Esq.
Ford & Harrison LLP
1300 19th Street, N.W. Suite 700
Washington, D.C. 20036

Re:  *Mohammed Amin Kakeh v. United Planning Organization*
     **Civil Action No.: 05-1271**

Dear Alison:

I write to address various discovery and scheduling issues.

Regarding the deposition schedule, I will forward a Notice of Deposition for Gladys Mack for March 15, 2006. Also, please let me know at your earliest convenience when William Hughey and Shirley Fisher will be available for depositions. I first inquired about their availability in an email on February 6, 2006. We would also like to schedule a deposition of Junius Nottingham. Please advise as to available dates.

After a numerous letters, a conference call, a meeting and supplemental discovery responses from both parties, several discovery disputes remain unresolved. Specifically, we dispute your responses and objections to nearly all interrogatories propounded and your refusal to produce the personnel files of UPO Financial Department staff and managerial employees. Pursuant to the Scheduling Order, we propose a conference call with Judge Kessler. Please advise as to available dates and times.

Finally, due to unavoidable scheduling conflicts, we are unable to reschedule the settlement conference to early May. We will go forward as originally scheduled.

I look forward to hearing from you.

Sincerely,

Kate McFarland

**EXHIBIT 4**

# MELEHY&ASSOCIATES LLC
### ATTORNEYS AT LAW

O. VINCENT MELEHY*

SUVITA MELEHY*
ANDREW J. PERLMUTTER*
KATHERINE M. MCFARLAND

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
WWW.MELEHYLAW.COM

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308

*ALSO LICENSED
IN WASHINGTON D.C.

ERIC BARNABAS⁺
OF COUNSEL

April 10, 2006

Alison Davis, Esq.
Ford and Harrison, LLP
1300 19ᵗʰ Street, N.W.
Suite #700
Washington, DC 20036
FAX: (202) 719-2077

**RE:**    ***Kakeh v. United Planning Organization***

Dear Ms. Davis:

I write to once again address certain deficiencies in Defendant's responses to Plaintiff's Interrogatories and Requests for Production of Documents. Though you have supplemented the responses on four occasions, many of Defendant's responses are incomplete and violate Judge Kessler's March 17, 2006 Order.

<u>Deficiencies in Defendant's Responses to Plaintiff's Interrogatories</u>

**Interrogatory Nos. 11, 12:** These interrogatories seek information about the elimination of positions at UPO, an action that is at the crux of Plaintiff's claims. Defendant persists in refusing to answer this Interrogatory based on inapplicable objections in spite of Plaintiff's repeated demands and Judge Kessler's warning to be forthcoming with discovery.

**Interrogatory No. 13:** This interrogatory seeks information regarding a fundamental change in the structure of UPO's Finance Department. The structure of the department, the allocation of responsibilities, and the reasons for any changes are relevant to the issue of why Plaintiff's position was eliminated. The interrogatory is indisputably calculated to lead to the discovery of admissible relevant evidence.

**Interrogatory No. 17:** This interrogatory seeks very explicit regarding the elimination of Plaintiff's position and the reassignment of his job duties. Plaintiff specifically asked for "the title of the position held and the duties performed by said employee, independent contractor or firm" and "the precise duties that were performed by Plaintiff and which were assigned to another employee, independent contractor or firm" and "the facts relied upon in reaching any decision." Defendant's one-sentence Answer fails to respond to any of these specific requests.

‒    **EXHIBIT 5**    ‒

**Interrogatory Nos. 30-33:** These interrogatories seek information regarding communications between any UPO agent and government officials during the relevant time period. In light of numerous such communications uncovered so far through deposition and other document production, Defendant's response that "none exist" is astounding. Defendant's long list of inapplicable objections does not disguise a clear attempt to evade responding to a relevant and unobjectionable interrogatory.

<u>Deficiencies in Defendant's Responses to Plaintiff's</u>
<u>Requests for Production of Documents</u>

On March 17, 2006, Judge Kessler issued a order demanding that, "to the extent that it has not already done so, Defendant is required to produce those documents within employee's (including high level officials) personnel files which are responsive to Plaintiff's narrowly tailored requests…".

**Request No. 9:** In this Request, Plaintiff asked for specific documents related to certain UPO employees, including "salaries, performance" and "information about the elimination of their positions, the timing of the decision, the persons who made the decision, the person of persons who recommended it and the reasons for it." In spite of Judge Kessler's Order, Defendant persists in refusing to provide the requested documents.

If Defendant does not respond promptly to this good faith attempt to resolve this discovery dispute, Plaintiff is prepared to file a Motion to Compel as well as a Motion for Sanctions for Defendant's willful failure to comply with Judge Kessler's order.

Sincerely,

Kate McFarland

# HP LaserJet *3330*



MELEHY & ASSOCIATES LLC
3019201882
Apr-10-2006  9:55AM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 188 | 4/10/2006 | 9:53:33AM | Send | 12027192077 | 2:13 | 3 | OK |

### ZIPIN & MELEHY LLC
ATTORNEYS AT LAW

PHILIP B. ZIPIN*
OMAR VINCENT MELEHY*
SUVITA MELEHY*

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
www.ZIPMELEHY.COM

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308

DAVID A. LUCAS*
ANDREW PERLMUTTER

* ALSO LICENSED
IN WASHINGTON D.C
ERIC L. BARNABAS*
OF COUNSEL

## FAX TRANSMISSION

To:      Alison Davis, Esq.           Date:     April 10, 2006

Fax #:   202-719-2077                 Pages:    3, including this cover sheet.

From:    Kate McFarland

Subject: Kakeh v. United Planning Organization

THIS INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL
INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT NAMED BELOW. IF YOU ARE
NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY COPYING OF THIS
COMMUNICATION OR DISSEMINATION OR DISTRIBUTION OF IT TO ANYONE OTHER THAN THE INTENDED
RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE
ADDRESS VIA THE U.S. POSTAL SERVICE.

REMARKS: ☐ Urgent    ☐ For your review   ☐ Reply ASAP   ☐ Please Comment

LAW OFFICES

# FORD & HARRISON LLP

A LIMITED LIABILITY PARTNERSHIP OF PROFESSIONAL ASSOCIATIONS AND INDIVIDUALS

1300 19th Street, N.W., Suite 700, Washington, D.C. 20036
Tel (202) 719-2000  Fax (202) 719-2077
www.fordharrison.com

Writer's Direct Dial:

ALISON NADINE DAVIS
(202) 719-2017
adavis@fordharrison.com

April 19, 2006

<u>VIA FACSIMILE (301) 587-6308 & FIRST CLASS MAIL</u>

Kate McFarland, Esq.
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, MD  20901

Re:    *Kakeh v. United Planning Organization, Inc.*
       U.S. District Court for the District of Columbia
       Civil Action No. 05-1271 (GK/JMF)
       <u>Client-Matter No. 003698.0034</u>

Dear Kate:

This letter responds to your correspondence of April 10, 2006.  At the outset, let me say that I was surprised to find your letter upon my return from your offices, where I was present all day for Plaintiff's deposition of Gladys Mack.  The parties may have been able to address your concerns more effectively and expeditiously face-to-face, rather than through an exchange of letters.  In any event, our response to your apparent misinterpretation of Judge Kessler's recent discovery order is set forth below:

1.    Interrogatory Numbers 11 and 12 – All reductions in force at UPO from January 1, 2003 through January 1, 2005 and the reasons therefor are irrelevant and are not calculated to lead to the discovery of admissible evidence.  Nevertheless, in an effort to compromise, we are willing to provide you with information concerning reductions in force in UPO's Finance Office for the period at issue, to the extent any such reductions in force occurred.  We are well aware of Judge Kessler's guidance to the parties concerning discovery matters; being "forthcoming with discovery", however, does not mean that UPO is required to indulge your fishing expeditions.

2.    Interrogatory Number 17 – We have provided you with the information you requested:  Walker & Company was contractually obligated to perform the duties that were performed by Plaintiff.  The person(s) who assumed Plaintiff's duties was/were subject to Walker & Company's supervisory control – not UPO's.  Apparently, you contend that UPO's response must be longer than one sentence; it does not.  UPO has answered this interrogatory fully.

3.    Interrogatory Numbers 30-33 – As you know, your interrogatories are not limited to communications between UPO's agents and public bodies; rather, they specifically request

**EXHIBIT 6**

Kate McFarland, Esq.
April 19, 2006
Page 2

information relating to communications with these public bodies *and* your client's alleged whistle-blowing activities. As prior testimony demonstrates, UPO was not aware of your client's alleged whistle-blowing activities. It is, therefore, an impossibility for it to identify "the date, time substance [sic] and parties to each and every communication between [UPO] . . . and . . . a public body" which purportedly relate to your client's alleged whistle-blowing activities. Moreover, your professed astonishment at UPO's responses is not a basis to move to compel. UPO has answered these interrogatories fully.

    4.    Request for Production Number 9 – During our recent conference call with the court, Judge Kessler ordered UPO to provide the date of hire and date of termination, if any, of certain individuals, and whether such individuals were affected by a reduction in force. UPO has responded accordingly. In any event, if your interpretation of Judge Kessler's Order is correct, you have *not* propounded any narrowly tailored requests relating to these individuals.[1] I would note that at Sheila Shears' deposition, at Omar's request, I agreed to try and locate Ms. Shears' consulting agreement. We are in the process of complying with that agreement.

    Finally, it should be noted that you have now deposed Dana Jones, UPO's Chief Executive Officer, and Gladys Mack, UPO's Chief Operating Officer, as well as a number of other individuals, and have had the opportunity to ask any questions you wish related to the information which you contend you do not have. You are certainly free to file a motion to compel and for sanctions, but your "for-the-record" letter of April 10 falls woefully short of satisfying Judge Kessler's warning to confer in good faith to resolve any remaining discovery disputes. *See, e.g., Campbell v. Microsoft Corp.*, No. Civ. A. 04-2060 (RWR/AK), 2006 WL 463263, at *3 (D.D.C. Feb. 24, 2006).

    In the spirit of cooperation, we have offered a compromise with respect to Interrogatory Numbers 11 and 12, and suggest that we discuss any remaining issues in person or by telephone. To that end, please let us know when you are available to discuss the same.

                            Very truly yours,

                            FORD & HARRISON LLP

                            ALISON N. DAVIS

AND/ddg

Enclosures

_____

    [1] We have enclosed a supplement to our earlier document productions, which is a Fairfax County Warrant of Arrest issued to your client for assaulting and battering his daughter, Nabeelah Kakeh, on or about October 23, 2004. *See* Response to Request for Production No. 39 (Bates Nos. MAK 8278-79).

FORD & HARRISON LLP

Kate McFarland, Esq.
April 19, 2006
Page 3


cc:     David A. Rosenberg, Esq.
        Kevin M. Kraham, Esq.

DC:59849.1

