UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

    *Plaintiff*,

v.

United Planning Organization, Inc.,

    *Defendant*.

Civil Case No. 1:05-cv-1271 (GK/JMF)
**FILED UNDER SEAL**

### PLAINTIFF'S SECOND STATEMENT REGARDING TUNDE EBODA

Plaintiff Mohammed Amin Kakeh, by and through his attorneys, respectfully submits this Statement in response to the Court's Order dated May 22, 2006.

After being provided with relevant authorities by opposing counsel, plaintiff's counsel has explored the question of whether communicating with Tunde Eboda without his counsel's consent or presence would lead to a potential violation of D.C. Rule of Professional Conduct 4.2. Plaintiff's counsel has concluded somewhat definitively that the fact that Mr. Eboda (rather than plaintiff's counsel) initiated the contact has no bearing on whether there is a violation of Rule 4.2, as Mr. Eboda's counsel, not Mr. Eboda, possesses the legal authority to consent to the contact. Counsel for the Plaintiff has also concluded – although much less definitively – that such contact could potentially violate Rule 4.2, depending on the manner in which the D.C. Bar interprets it. Since there are no D.C. Bar Legal Ethics Committee Opinions or other D.C. Bar opinions on point, counsel has concluded that he would risk potential disciplinary action if he communicated with Mr. Eboda without his counsel's consent or presence.

For the last three weeks, Plaintiff's Counsel has attempted to obtain an informal opinion on the permissibility of the contact by leaving several voice mail messages for Heather Bupp-Habuda, Legal Ethics Counsel at the D.C. Bar (202-737-4700), but has not received a return call.

Counsel's concerns stem from the interpretation of American Bar Association ("ABA") Model Rule 4.2 and ambiguities contained in D.C. Rule 4.2. Although the language of ABA Model Rule 4.2, is different from D.C. Rule 4.2, the ABA interprets Model Rule 4.2 as barring all contact between an attorney for a party and another party, including a non-party witness who the lawyer knows to be represented by counsel, unless the attorney for the non-party witness consents to the communication. American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 95-396 at 5-8. Counsel's concerns at this point center around the meaning of the following phrases in Rule 4.2: (1) "a party known to be represented by another lawyer in the matter", 4.2(a); and (2) "[f]or the purposes of this Rule, the term 'party' includes any person . . . *who has the authority to bind a party organization as to the representation to which the communication relates*" 4.2 (c).

Thus, Counsel for the Plaintiff has concluded that he would place himself at risk of disciplinary action if he communicated with Tunde Eboda outside the presence of his counsel and without his counsel's consent.

Respectfully Submitted,

/s/
Omar Vincent Melehy, Esq.
D.C. Bar No. 415849
Andrew J. Perlmutter
D.C. Bar No. 489601
Zipin & Melehy, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@zmdlaw.com

Attorneys for Plaintiff