**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MOHAMMED AMIN KAKEH,<br>  Plaintiff,<br>   v.<br>UNITED PLANNING ORGANIZATION, INC.<br>  Defendant. | CIVIL ACTION NO. 1:05-cv-1271<br>(GK/JMF)<br><br>Next Scheduled Deadline:<br>Pretrial Conference<br>November 3, 2006 |

**DEFENDANT'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY & FOR SANCTIONS**

Defendant, United Planning Organization, Inc. ("Defendant" or "UPO"), by and through

its counsel, files this Opposition to Plaintiff's Motion to Compel Discovery and For Sanctions

("Motion").  As will be further illustrated below, Plaintiff's Motion is merely in furtherance of

his fishing expedition which has driven this case to date.  Notably, Plaintiff has failed to comply

fully with the Scheduling Order which requires that the parties meet and confer before filing a

motion to compel discovery.  Further, in spite of Plaintiff's contentions, Defendant has properly

responded to Plaintiff's Interrogatories and Requests for Production and has faithfully followed

this Court's orders.

## I.    INTRODUCTION

Plaintiff, Mohammed Amin Kakeh, brings this case against UPO alleging retaliation and

wrongful discharge.  Plaintiff was UPO's Controller and assigned to the Office of Finance until

June 30, 2004.  (See Pl.'s Second Am. Compl. at ¶¶ 9, 40 (Docket No. 23)).  On June 2, 2004,

Plaintiff was notified that his position was eliminated in conjunction with a reorganization of

UPO's Office of Finance.  Id. at ¶ 40.  Plaintiff asserts that UPO terminated his employment

because he was a whistleblower and complained about discrimination.

Plaintiff served his initial set of Interrogatories and Document Requests on October 14,

2005, followed by a second set on October 31, 2005.  Plaintiff's Third Request for Documents

was served on November 22, 2005.  Defendant thereafter responded with its Responses and Objections to Plaintiff's First, Second and Third Sets of Document Requests and Plaintiff's First and Second Sets of Interrogatories on December 23, 2005.  Defendant has also filed Supplemental Answers to Plaintiff's First, Second and Third Sets of Interrogatories on February 10, 2006 and Supplemental Responses to Plaintiff's Document Requests on February 22 and 24, 2006, respectively.

On March 17, 2006, the Court found that Plaintiff had not exceeded the 50-number limit on interrogatories and ordered Defendant to respond to all of Plaintiff's Interrogatories.  In addition, the Court ordered Defendant to produce all existing cellular records responsive to Plaintiff's discovery requests, and "to the extent it has not already done so…produce those documents within employees' (including high level officials) personnel files which are responsive to Plaintiff's *narrowly tailored* requests."  (See Order at 1 (Docket No. 35) (emphasis added)).  Defendant subsequently provided its Supplemental Responses to Plaintiff's Interrogatories and Document Requests on April 4, 2006.  Prior to Defendant responding, Plaintiff *did not* modify any of his document requests, including those relating to personnel files.

Notwithstanding the productions that Plaintiff has already received, he continues to ask for irrelevant information which is designed merely to be exceedingly burdensome and oppressive and not lead to the discovery of admissible evidence.  He also filed his Motion without conferring with Defendant on several items, flouting the Court's Scheduling Order.  For the reasons set forth below, Plaintiff's Motion should be denied in its entirety.

## II.    PLAINTIFF HAS NOT FOLLOWED THIS COURT'S SCHEDULING ORDER REQUIRING THE PARTIES TO MEET AND CONFER

This Court's Scheduling Order requires that the parties:

DC:60521.1

> shall confer in good faith in an effort to resolve any discovery
> disputes before bringing the dispute to the Court. If counsel are
> unable to resolve the discovery dispute, counsel shall arrange a
> brief telephone conference with the Court by contacting chambers.
> Counsel shall not file a discovery motion without following the
> procedures set forth in this paragraph.

(See Scheduling Order at ¶ 11 (Docket No. 12)). Fed. R. Civ. P. 37 also requires that a party

moving to compel disclosure include a certification that the movant has in good faith conferred

or attempted to confer with the party not making the disclosure. Plaintiff has only met these

requirements with respect to the limited number of issues discussed with the Court on March 17,

2006, but not the many remaining substantive issues contained in his Motion to Compel.

As evidenced by the parties' Statements Regarding Discovery Disputes, the Court's

Order only dealt with Defendant's *procedural* objections to Plaintiff's Interrogatories, namely

that they improperly included discreet subparts. (See Def.'s Statement Regarding Disc. Disputes

at 1 (Docket No. 33); Pl.'s Statement Regarding Disc. Disputes at 1 (Docket No. 34)). Neither

the parties' Statements nor the Court's Order dealt with the *substantive* issues raised by

Plaintiff's Interrogatories, including the appropriateness of Defendant's objections. As such, the

Court's Scheduling Order required Plaintiff to meet with Defendant to discuss these additional

discovery issues subsequent to the conference call with the Court on March 17, 2006.[1]

Moreover, Plaintiff's April 10, 2006, letter to Plaintiff falls drastically short of satisfying this

Court's meet-and-confer requirement, a fact which Defendant raised with Plaintiff in its response

on April 19, 2006. (See Motion, Ex. 6 at 2 (Docket No. 51); Campbell v. Microsoft, Corp., No.

Civ. A. 04-20660, 2006 WL 463263, at *3 (D.D.C. Feb. 24, 2006) (plaintiff's failure to accept

defendant's request to confer held insufficient to satisfy meet-and-confer requirements under

---

[1] The Court made it clear to Plaintiff's counsel that the purpose of the conference call was solely to address issues raised in the parties' respective Statements regarding discovery disputes.

Rule 37)).  In its letter, Defendant suggested that the parties meet and confer to discuss the remaining issues, but Plaintiff never responded until prematurely filing his Motion.

Even if Plaintiff contends that his letters satisfied the Court's meet-and-confer requirements, he still failed to follow the Scheduling Order which requires a telephone conference call *with the Court* regarding the *substantive* disputes over the Interrogatories.  The conference call on March 17 did not address any of the substantive issues and objections raised in Plaintiff's Motion.  Plaintiff's Motion should be summarily denied because he violated the meet-and-confer requirements set forth in the Scheduling Order.  See Tri-Star Pictures, Inc. v. Leisure Time Prod., B.V., 171 F.R.D. 94, 100 (S.D.N.Y. 1997) (denying motion to compel for violation of meet-and-confer requirements); Sequoia Prop. v. United States, 203 F.R.D. 447, 451 (E.D. Cal. 2001) (motion to compel production of documents denied for failure to comply with meet-and-confer requirements).  To do otherwise would sanction Plaintiff's waste of scarce judicial resources.

## III.    RESPONSES TO DISCOVERY REQUESTS AT ISSUE IN PLAINTIFF'S MOTION

Although Plaintiff failed to satisfy the Court's meet-and-confer requirements, Defendant will, nevertheless, set forth below its responses to the specific discovery requests which form the basis of Plaintiff's Motion:

### A.    Interrogatory No. 11

Plaintiff's Interrogatory No. 11 reads as follows:  "Fully describe the reasons any elimination of positions in any of Defendant's offices or division from January 1, 2003 until January 1, 2005 (excluding any positions in the Office of Finance) and the process utilized by providing the following information: the title and duties of the position, the date the initial and final decisions were made, the identity of the person or persons who made the decisions, the identity of any persons who made recommendations, were consulted or provided input regarding the decisions; answer whether or not the Board of Directors was consulted and which Board Members were consulted; when the Board or Board Members were consulted and by whom; whether and to what extent the Board approved the decisions and the date they were approved;

-4-

DC:60521.1

and each and every reason for the decisions, including the facts relied upon to reach that decision.

Defendant objected to Interrogatory No. 11 as overly broad and unduly burdensome because information regarding the elimination of positions in *all* of Defendant's offices or divisions does not have a bearing on the decision to terminate Plaintiff as part of a reduction-in-force in Defendant's Office of Finance. (See Motion, Ex. 5 at 17). In contrast, decisions to eliminate positions as part of a reorganization made by the same persons and relating to the same department are relevant. See Pleasants v. Allbaugh, No. Civ.A. 00-3094, 2002 WL 31520105, at *3 (D.D.C. Nov. 12, 2002). Accordingly, in an effort to compromise and comply with the Court's March 17 Order, Defendant supplemented its responses to this interrogatory by stating that it would provide information concerning reductions in force in UPO's Office of Finance for the period at issue, to the extent any such reductions in force occurred. (See Motion, Ex. 6 at 1).

Plaintiff's insistence on his right to more information should be denied. Interrogatory No. 11 is overly broad by potentially seeking information that has nothing to do with Plaintiff's department or the persons who decided to eliminate his position. Therefore, it is not limited to relevant information or information which would lead to the discovery of admissible evidence.

### B.   Interrogatory No. 12

Plaintiff's Interrogatory No. 12 reads as follows: "Identify all communications, among or between any agent, servant, officer, independent contractor or Board Member of Defendant, about deliberations regarding the elimination of any position in any of Defendant's offices or divisions from January 1, 2003 until January 1, 2005, (excluding positions in the Defendant's Office of Finance), including but not limited to the following information: the name and duties of the positions eliminated, the identity of any person or persons who made the decision, the identity of any person who participated in the decision making process or made recommendations regarding the decision; the date, time, nature and parties to any communications among, between or involving Defendant's agents, employees, independent contractors, officers or Board Members about elimination of these positions; information about the actions, deliberations or decisions of the person or persons responsible for the decision to eliminate these positions; the identity of the persons who participated in the communications; the

actions, deliberations, discussions or decisions with the person or persons responsible for making a recommendation on whether to eliminate these positions."

Interrogatory No. 12 seeks information similar to the type sought in Interrogatory No. 11, and for that reason Defendant refers the Court to its response regarding Interrogatory No. 11. Plaintiff's Motion with regard to Interrogatory No. 12 likewise should be denied.

### C.    Interrogatory No. 13

Plaintiff's Interrogatory No. 13 reads as follows: "Fully describe the reasons for the hiring of Sheila Shears for the position of Chief Financial Officer and the process utilized by providing the following information: the date the initial and final decisions were made; identity of the person or persons who made the decisions; the identity of any persons who made recommendations, were consulted or provided input regarding the decisions; answer whether or not the Board of Directors was consulted and which Board Members were consulted; when the Board or Board Members were consulted and by whom; whether and to what extent the Board approved the decisions and the date they were approved; and each and every reason for the hiring decision, including the facts relied upon to reach the decision…"

Plaintiff's reasons for compelling a response to Interrogatory No. 13 are based on a false premise. Even construing the facts as written by Plaintiff in his Complaint as true, at no time does Plaintiff allege that the hiring of Sheila Shears was a pretext for eliminating his position. (See Pl.'s Second Am. Compl. (Docket No. 23)). There is no allegation that Ms. Shears was retained instead of Plaintiff. Accordingly, Plaintiff's attempt to obtain information concerning Ms. Shears' hiring is a textbook example of an impermissible fishing expedition. Moreover, Plaintiff does not claim that he was denied a promotion to the position of Chief Finance Officer. It appears that Plaintiff is overlooking his failure to pursue his discrimination claim that he filed with the D.C. Office of Human Rights when UPO hired Ms. Shears. Plaintiff's request is, among other things, irrelevant, vexatious, and oppressive and should be denied.

### D.    Interrogatory No. 17

Plaintiff's Interrogatory No. 17 reads as follows: "Identify and describe the circumstances under which each and every job duty performed by Plaintiff during the three year period prior to June 2, 2004, was assigned to another of Defendant's employees or independent

contractors of firms, at any time after June 2, 2004 and include the following information in your answer: the identity of any employee or independent contractor or firm, who, after June 2, 2004, performed any job duties that had been previously performed by Plaintiff at any time during the three year period prior to June 2, 2004; the title of the position held and duties performed by said employee, independent contractor, or firm; the precise duties that had been performed by Plaintiff, but which were assigned to another employee, independent contractor or firm following his termination; the reasons the duties were reassigned; the identity of the person or persons who made the decision to reassign said duties; the identity of all persons who provided input in the decision, discussed the issue or made recommendations about the assignment of said duties; the facts relied upon in reaching any decision.

Defendant has provided Plaintiff with all of the information requested and identified that Walker & Company was contractually obligated to perform the duties that were performed by Plaintiff during the requested time period.  (See Motion, Ex. 6 at 1; Def.'s First Supplemental Resp. and Objections to Pl.'s Interrogs at 24 (attached hereto as Ex. A)).  Any further information regarding the performance of Plaintiff's duties falls under Walker & Company's – not Defendant's – control.  See Doe v. District of Columbia, 231 F.R.D. 27, 35 (D.D.C. 2005) (a party is not obligated to produce anything that is not in its possession, custody, or control).  Thus, Plaintiff's assertion to the Court that Defendant has failed to provide such information is simply not true.  Plaintiff's Motion with regard to Interrogatory No. 17 should be denied.

**E.**       **Interrogatory Nos.  30, 31 & 33**

Plaintiff's Interrogatory No. 30 reads as follows:  "Identify the date, time, substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer or other person working on behalf of a public body as it is defined in D.C. ST. §2-223.01, so long as said communications concern matters alleged in the Complaint or any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff."

Plaintiff's Interrogatory No. 31 reads as follows:  "Identify the date, time, substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer of the United States Department of Justice, United States Attorney's Office for the Federal Bureau of Investigation, so long as said communications concern matters alleged in the Complaint or any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff."

Plaintiff's Interrogatory No. 32 reads as follows:  "Identify the date, time, substance and parties to each and every communication between any agent, servant, officer, independent contractor or Board member of Defendant and any agent, servant, independent contractor, law enforcement officer of the United States Department of Health and Human Services, so long as said communications concern matters alleged in the Complaint or any Amended Complaint and relate directly or indirectly to whistle-blowing allegations made by Plaintiff."

These Interrogatories are not merely about the allegations in the Complaint.  Rather, they seek information concerning Plaintiff's alleged whistle-blowing activities and necessitate the same response by Defendant.  Accordingly, UPO's response to these Interrogatories is combined into the following single objection.

Defendant has repeatedly maintained that it was not aware of Plaintiff's alleged whistle-blowing activities.  (See Motion, Ex. 6 at 2).  As such, Defendant is unable to provide any further information regarding the specific details of any communications concerning any alleged whistle-blowing activity because they do not exist.  Defendant cannot be compelled to provide information it does not have.  Thus, Defendant has responded fully to these Interrogatories and Plaintiff's Motion with regard to Interrogatory Nos. 30-33 should be denied.

**F.    Document Request No. 9**

Plaintiff's Document Request No. 9 reads as follows: "All documents, created or existing for the last five years, which are related to the four employees (excluding Plaintiff) who occupied the four positions in the Office of Finance which were identified in Dana M. Jones's June 2, 2004 letter to Plaintiff, including but not limited to documents containing the following information: the dates of their employment, salaries, performance, misconduct, any counseling or disciplinary action or their level of seniority; information about the elimination of their positions, the timing of the decision, the persons who made the decision, the person or persons who recommended it and the reasons for it."

In response to this Request, Defendant has produced information regarding the dates of hire and termination of the individuals in question, as well as the elimination of their positions.[2] To the extent that Plaintiff maintains the production of that information is not adequate, Plaintiff

---

[2] See Bates Nos. MAK 7941-47 (Shears); MAK 8147-52, 7928 (Jennings); MAK 7944-45, 7938 (Mack); MAK 7937 (Jones).

DC:60521.1

misconstrues the Court's Order which required Defendant to produce documents within employee personnel files which were responsive to *narrowly tailored requests*. (See Order at 1 (Docket No. 35) (emphasis added). Plaintiff *never* narrowed this request during the conference call with the Court on March 17 or at any subsequent point. Defendant's letter on April 19, 2006, alerted Plaintiff that he had not narrowly tailored his request regarding these individuals. (See Motion, Ex. 6 at 2). Plaintiff never responded. In fact, the first time Plaintiff limited Document Request No. 9 was in his Motion. (See Motion at 11). Further, Plaintiff has failed to demonstrate that information regarding these individuals' performance, misconduct, counseling or disciplinary history (if any) is relevant to his claim that UPO's decision to eliminate his position was illegally motivated.

Even if the Court were to rule that Plaintiff had narrowly tailored his requests, Plaintiff already possesses much of the information he claims he is seeking in his Motion. Salary information for David Quashie, Nona McLean and William Isaacs has already been produced.[3] The reduction-in-force paperwork for these individuals also indicated their last position held. To the extent that Plaintiff is now asking for all the positions held and the time period those positions were maintained, Defendant will supplement its responses. Plaintiff's Motion with regard to Document Request No. 9 should be denied.

**IV.    SANCTIONS ARE NOT WARRANTED**

Plaintiff cites Fed. R. Civ. P. 37(b) for the Court's authority to "sanction the Defendant when it fails to obey a court order directing it to provide interrogatory answers or to produce documents." (See Motion at 2). Plaintiff, however, has failed to demonstrate that UPO has disobeyed the Court's Order. To the contrary, Defendant has complied by responding to all 50 of Plaintiff's Interrogatories, not just the first 13, providing the requested business cellular

---

[3] See Bates Nos. MAK0163-0171, MAK0067.

records, and providing documents relating to the dates of hire and termination and whether certain individuals were affected by a reduction in force. (See Motion, Ex. 6 at 2).[4] Simply because Plaintiff possesses a different interpretation of what he is afforded under the Court's Order does not mean that Defendant has violated the Order or acted in bad faith. See Rachel-Smith v. FTData, Inc., 247 F. Supp. 2d 734, 737-38 (D. Md. 2003) (court did not impose sanctions because the parties had different interpretations of the court's order).

Defendant has always been willing to meet and confer with Plaintiff regarding these discovery issues in an effort to needlessly involve the Court. (See Motion, Ex. 3 at 1; Motion, Ex. 6 at 2). Awarding sanctions against Defendant when it has complied with the Order in good faith, especially when Plaintiff failed to follow the Scheduling Order, would be inconsistent with the spirit and intent of the Federal and Local Civil Rules.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel and For Sanctions should be denied in its entirety. A proposed order denying Plaintiff's Motion is attached hereto.

Dated: May 30, 2006                     Respectfully submitted,

                                        By:    /s/ Alison N. Davis
                                        Alison N. Davis, DC Bar No. 429700
                                        Kevin M. Kraham, DC Bar No. 459077

                                        FORD & HARRISON LLP
                                        1300 19th Street, N.W., Suite 700
                                        Washington, DC  20036
                                        Tel  (202) 719-2000
                                        Fax  (202) 719-2077

                                        Attorneys for Defendant United Planning
                                        Organization, Inc.

---

[4] See Bates Nos. MAK5933-7921 (cellular records); supra, notes 2 and 3.

DC:60521.1