UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

    *Plaintiff*,

v.

United Planning Organization, Inc.,

    *Defendant*.

Civil Case No. 1:05-cv-1271 (GK/JF)

## PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER REGARDING DESIGNATION OF REBUTTAL EXPERT WITNESS

Pursuant to Federal Rules of Civil Procedure 26(a)(2), Plaintiff hereby moves this Court to modify its scheduling order dated August 25, 2006, and permit Plaintiff to designate forensic psychiatrist, Dr. Thomas Goldman, in order to rebut opinions rendered by the Defendant's forensic psychiatrist Dr. John Henderson, who conducted an independent medical examination of the Plaintiff. Plaintiff's counsel has conferred with Defendant's counsel and Defendant opposes this motion. In support of this Motion, Plaintiff relies upon the attached memorandum and Exhibits.

WHEREFORE, Plaintiff respectfully requests this Court to grant Plaintiff leave to designate Dr. Thomas Goldman, as an expert witness in the case. A proposed order is attached.

Respectfully Submitted,

/s/
Omar Vincent Melehy, Esq.
D.C. Bar No. 415849
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@zmdlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mohammed Amin Kakeh,<br><br>    *Plaintiff*,<br><br>v.<br><br>United Planning Organization, Inc.,<br><br>    *Defendant*. | Civil Case No. 1:05-cv-1271 (GK/JF) |

**STATEMENT OF POINTS AND AUTHORTIES IN SUPPORT OF
PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER
REGARDING DESIGNATION OF REBUTTAL EXPERT WITNESS**

**STATEMENT OF FACTS**

On June 28, 1998, Plaintiff, Amin Kakeh, was hired by Defendant, United Planning Organization as Controller. In 2003 and 2004, Plaintiff observed fraud, waste and abuse, which he reported to his superiors and to regulators and law enforcement officials. On June 1, 2004, as a result of his whistle-blowing activities, Defendant terminated Plaintiff. Defendant contends that Plaintiff was terminated pursuant to a bona fide a RIF ("RIF"). The RIF was procedurally and substantively defective. On May 31, 2005, Plaintiff brought this action against Defendant.[1] He amended complaint several times. On December 9, 2005, Plaintiff filed a Second Amended Complaint adding two counts.[2] Plaintiff suffered emotional and psychological distress as a result of his termination and is seeking monetary damages as a result.

---

[1] The original complaint alleged: retaliation in violation of the Employees of District Contractors and Instrumentality Whistleblower Protection at DC ST §§ 2-223.01 through 2-223.07 (Count I); common law wrongful discharge (Count II); and retaliation for engaging in protected activity in violation of the District of Columbia Human Rights Act of 1977, as amended, DC ST § 2-1402.11(a)(1) (Count III).

[2] These counts included: (1) retaliation in violation of the Federal False Claims Act Whistleblower Protection provision, 31 U.S.C. §3729(h) (hereinafter "Federal False Claims Act") (Count IV); and (2) the District of Columbia False Claims Act, DC ST §2-308.16 (hereinafter "District of Columbia False Claims Act") (Count V).

On August 25, 2006, this Court issued a scheduling order setting Plaintiff's deadline for serving his Rule 26(a)(2) statements as February 1, 2006, and setting Defendant's deadline for serving its Rule 26(a)(2) statements as March 1, 2006. On January 10, 2006, Plaintiff served his Rule 26(a)(2) disclosures for Dr. Susan Price, Plaintiff's treating psychiatrist and Stuart Moore, Plaintiff's treating therapist. On February 28, 2006, Plaintiff consented to Defendant's motion to extend the deadline for Defendant to serve its Rule 26(a)(2) statement from March 1, 2006 to April 3, 2006. This motion was granted on March 1, 2006. On March 31, 2006, Plaintiff and Defendant filed a joint motion to modify its Scheduling Order and extend the time for Defendant to make its Rule 26(a)(2) disclosure of Dr. John Henderson. The Court granted this motion and extended the deadline for Defendant to service its Rule 26(a)(2) disclosure of Dr. Henderson to April 24, 2006. On April 19, 2006, Plaintiff consented to Defendant's motion to further modify the deadline for disclosure of Dr. Henderson to May 12, 2006. On May 12, 2006, Plaintiff finally received Defendant's Rule 26(a)(2) disclosure for Dr. John Henderson, which included his 58-page (Rule 26(a)(1) disclosure of Dr. Henderson, attached as Exh. 1; Henderson Report, attached as Exh. 2).

Dr. Henderson conducted a full and complete independent medical examination of the Plaintiff. During the course of the examination, Dr. Henderson performed numerous tests on the Plaintiff, none of which were performed by either Plaintiff's treating psychiatrist or treating therapist.

## LEGAL PRINCIPLES GENERALLY

Rule 26(a)(2) states that a party must disclose the identity of any person who will provide expert testimony in the case, along with a written report prepared and signed by the witness.

2

Fed.R.Civ.P. 26(a)(2)(B). The trial judge has broad discretion in the matter of the admission or exclusion of expert evidence. *U.S. v. Jackson*, 425 F.2d 574, 577 (U.S.App.D.C. 1970). In the unpublished opinion of *Cox v. Consolidated Rail Corp.*, 1987 WL 8728 (D.D.C. 1987) (attached as Exh. 3), the Court suggested that it will normally allow a late designation of a rebuttal expert witness. *Id.* at *5. In *Cox*, plaintiff designated his rebuttal expert witness after the close of discovery, following defendants' disclosure of their expert, which occurred shortly before discovery cutoff, as in this case. This Court permitted Plaintiff to elicit testimony from Defendant's expert testimony, despite the late designation by the plaintiff. *Id.* ("In spite of this delay, this court will not preclude this expert testimony"). Because the defendants would have the opportunity to depose the rebuttal expert and the rebuttal expert would only offer testimony with regard to one issue, the Court did not deem the late designation prejudicial to the defendants and permitted it. *Id.*

## REASONS TO PERMIT THE PLAINTIFF TO DESIGNATE DR. THOMAS GOLDMAN AS AN EXPERT

Plaintiff only became aware of the contents of Dr. Henderson's report on May 12, 2006, when the Defendant served him with its Rule 26(a)(2) disclosure for Dr. Henderson. The report is 58 pages. Dr. Henderson performed a full psychiatric evaluation of the Plaintiff, which included taking the Plaintiff's psychiatric history and performing a mental status examination on him. In addition, Dr. Henderson administered The Minnesota Multi-phasic Personality Inventory-2 ("MMPI-2") examination. This examination constitutes, as the expert points out in his report, "a forensic (medico-legal) psychiatric evaluation" that is unlike examinations by a treating physician. (Report at 5).

Dr. Henderson makes a series of damaging conclusions based on his examination of Plaintiff and even states that Plaintiff is not credible. Plaintiff should therefore have an opportunity to rebut these conclusions by conducting his own examinations with a separate forensic psychiatrist, both on the issue of credibility and the issue of whether in fact Plaintiff suffered emotionally and psychologically as a result of Defendant's unlawful conduct.

A crucial part of Dr. Henderson's analysis involves his interpretation of the MMPI-2 examination of Plaintiff. The neuro-psychiatric test results are highly technical, involving a series of different Scales and Scores, which are interpreted together to reach conclusions regarding the subject of the examination. Further, such results are used both to establish that the Plaintiff has suffered no psychological damages in this case and is not credible, requiring Plaintiff to rebut them with his own expert.

Dr. Henderson's highly technical analysis of Plaintiff demonstrates Plaintiff's need for the same analysis from his own expert, since neither Plaintiff's treating psychiatrist nor his treating therapist administered such tests, performed such tests or are capable of doing so. For example, Dr. Henderson states that Plaintiff's "Repression Scale T Score is at 74 which is the highest of the Supplementary Scales, followed by the Dominance and Repression Scales, followed by <u>over controlled hostility</u>." (emphasis in original) (Report at 28). He reports that Plaintiff "assumes no blame for anything which occurred during his employ" and Plaintiff "fails to recognize any responsibility for stress and disharmony in the workplace." (Report at 6). He characterizes Plaintiff as "authoritarian, angry and heavy handed." (Report at 6). Finally, Dr. Henderson concludes in his report: "I do not think he suffered any psychological, psychiatric, or emotional distress which was not already a significant part of his personality, and I do not feel

that there was any exacerbation in what is a rigid and fixed personality disorder." (Report at 7).

Dr. Henderson explains away any observations that are favorable to Plaintiff by what he states is "the patient's tendency to claim unrealistic virtue" and a "conscious distortion to present himself in a favorable light." (Report at 28). Such interpretative and subjective remarks must be analyzed by a separate forensic psychiatrist to determine their accuracy and validity.

Dr. Susan Price, Plaintiff's psychiatrist, and Stuart Moore, Plaintiff's therapist, did not perform formal evaluations of his psychological condition nor did they perform and independent medical examination or conduct a forensic analysis. Such an evaluation may only be conducted by a forensic psychiatrist, who has the appropriate training and expertise to assess the data resulting from the types of exams conducted by Dr. Henderson. After thoroughly analyzing Dr. Henderson's report, Plaintiff determined that he will have to designate Dr. Thomas Goldman, a forensic psychiatrist, to rebut the contentions made in the report by Dr. Henderson. Plaintiff's counsel is in the process of scheduling an evaluation with Dr. Thomas Goldman. Plaintiff expects this evaluation will be completed within 2 weeks and a report will be prepared within 30 days.

Defendants will not be prejudiced by the designation of Dr. Goldman as an expert. Plaintiff will agree to provide defendant with ample opportunity to take Dr. Goldman's deposition. Additionally, since discovery related to Dr. Goldman has no bearing on the dispositive motion that defendant intends to file on July 15, 2006, the Court could extend the discovery deadline for the limited purpose of allowing the defendant to depose Dr. Goldman. Such an extension would not affect the progress of the case, since the Court will spend some time resolving the defendant's motion for summary judgment and discovery of Dr. Goldman's

opinions and the basis for them could be done during that time.

## CONCLUSION

For the reasons stated above, the Court should allow Plaintiff to designate Dr. Thomas Goldman as its rebuttal expert witness pursuant to Fed.R.Civ.P. 26(a)(2).

Respectfully Submitted,

_/s/_____
Omar Vincent Melehy, Esq.
D.C. Bar No. 415849
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@zmdlaw.com

*Attorney for Plaintiff*