UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

    *Plaintiff,*

v.

United Planning Organization, Inc.,

    *Defendant.*

Civil Case No. 1:05-cv-1271 (GK/JF)

## STATEMENT OF POINTS AND AUTHORTIES IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUBPOENA FOR DEPOSITION OF NABEELAH KAKEH AND FOR PROTECTIVE ORDER

### STATEMENT OF FACTS

On June 28, 1998, Plaintiff, Amin Kakeh, was hired by Defendant, United Planning Organization as Controller. In 2003 and 2004, Plaintiff observed fraud, waste and abuse, which he reported to his superiors and to regulators and law enforcement officials. On June 1, 2004, as a result of his whistle-blowing activities, Defendant terminated Plaintiff. Defendant contends that Plaintiff was terminated pursuant to a bona fide a RIF ("RIF"). The RIF was procedurally and substantively defective. On May 31, 2005, Plaintiff brought this action against Defendant.[1] He amended complaint several times. On December 9, 2005, Plaintiff filed a Second Amended Complaint adding two counts.[2] Plaintiff suffered emotional and psychological distress as a result of his termination and is seeking monetary damages as a result, including damages for humiliation, embarrassment and psychological and emotional distress.

---

[1] The original complaint alleged: retaliation in violation of the Employees of District Contractors and Instrumentality Whistleblower Protection at DC ST §§ 2-223.01 through 2-223.07 (Count I); common law wrongful discharge (Count II); and retaliation for engaging in protected activity in violation of the District of Columbia Human Rights Act of 1977, as amended, DC ST § 2-1402.11(a)(1) (Count III).

[2] These counts included: (1) retaliation in violation of the Federal False Claims Act Whistleblower Protection provision, 31 U.S.C. §3729(h) (hereinafter "Federal False Claims Act") (Count IV); and (2) the District of Columbia False Claims Act, DC ST §2-308.16 (hereinafter "District of Columbia False Claims Act") (Count V).

On May 24, 2006, opposing counsel served upon undersigned counsel a Notice of Deposition for Nabeelah Kakeh. The Notice of Deposition is attached as Exhibit 1. On May 24, 2006, opposing counsel served upon Nabeelah Kakeh a Subpoena in a Civil Case commanding her to appear for a deposition on June 29, 2006 at the offices of opposing counsel. The Subpoena is attached as Exhibit 2. Undersigned counsel has in good faith conferred with opposing counsel to resolve this discovery dispute but has not been able to reach a resolution of this matter.

## LEGAL PRINCIPLES GENERALLY

Rule 26(c) states that a party may move a court to protect a person from whom discovery from "annoyance, embarrassment, oppression, or undue burden or expense" by ordering that the discovery not take place. Fed. R. Civ. Pro. 26(c)(1). Rule 26(b)(1) permits a party to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense if any party" or which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). A party seeking a protective order must show good cause to support such a request, which includes making a specific demonstration of facts in support of the request. *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 71, 75 (D.D.C. 1998). Courts have generally employed a balancing test to determine whether good cause has been shown by the party seeking to quash a subpoena for a deposition. *Id.* Specifically, this balancing test requires a showing that the information being sought is relevant. *Food Lion, Inc. v. United Food & Comm. Workers Int'l Union*, 103 F.3d 1007, 1012-13 (D.C.Cir. 1997).

## REASONS TO QUASH THE SUBPOENA FOR NABEELAH KAKEH

2

Defendant's proposed deposition of Nabeelah Kakeh, Plaintiff's minor child, is not reasonably calculated to lead to the discovery of admissible evidence, pursuant to Rule 26(b)(1). Instead, such a deposition would only serve to subject the minor child to embarrassment, annoyance and undue burden.

Nabeelah Kakeh possesses no personal knowledge or information relevant to the facts and circumstances surrounding the subject matter of this litigation, namely Plaintiff's termination from United Planning Organization. She will be unable to offer any information or evidence that is even remotely related to the reasons for the Plaintiff's termination or the alleged retaliatory actions taken against him. Any information Nabeelah Kakeh could provide would be wholly irrelevant to the matters at issue in this lawsuit and certainly outside the scope of discovery.

Defendant apparently intends to examine Nabeelah Kakeh about an incident that occurred on October 23, 2004, after Plaintiff had been unemployed for nearly five months. Plaintiff was and is responsible for providing for his five children, the eldest being twenty-one years old and attending a private university, while the youngest is five years old. The incident followed a successive number of Nabeelah's unexplained absences from school and several occasions in which she failed to return home for several days at a time until her parents were able to find her and bring her home. On that day, due to the stress brought about by the circumstances of this case and his daughter's extreme behavior, Plaintiff struck his daughter on her feet with a plastic children's bat and cut off her hair.

The incident in question, however, is not even remotely related to any party's defense or claims. In addition, even if this private matter was related to the issues of this litigation, the incident was witnessed by Plaintiff and his wife, Toni Kakeh, who will also be deposed by

Defendant. It is therefore unnecessary to subject Nabeelah Kakeh to the embarrassment and undue burden that would result from questioning her about this private incident relating to her personal life and unconnected to the subject matter of this litigation.

## CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's request to quash the subpoena for the deposition of Nabeelah Kakeh and issue a protective order to prevent Defendant from subjecting Nabeelah Kakeh to embarrassment and undue burden of a deposition pursuant to Fed.R.Civ.P. 26(c)(1).

Respectfully Submitted,

/s/
Omar Vincent Melehy, Esq.
D.C. Bar No. 415849
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:   (301) 587-6308
Email: ovmelehy@zmdlaw.com

*Attorney for Plaintiff*