UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AMIN KAKEH,<br><br>    Plaintiff,<br>v.<br><br>UNITED PLANNING ORGANIZATION, INC.<br><br>    Defendant. | CIVIL ACTION NO. 1:05-cv-1271 (GK/JMF)<br><br>Next Scheduled Deadline:<br>Pretrial Conference<br>November 3, 2006 |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH THE SUBPOENA FOR THE DEPOSITION OF NABEELAH KAKEH AND FOR PROTECTIVE ORDER

Defendant, United Planning Organization, Inc. ("Defendant" or "UPO"), by and through its counsel, files this Opposition to Plaintiff's Motion to Quash the Subpoena For the Deposition of Nabeelah Kakeh and For Protective Order ("Motion"). As will be further illustrated below, the deposition of Plaintiff's sixteen-year-old daughter, Nabeelah Kakeh ("Ms. Kakeh"), will yield information pertinent and relevant to this case, namely information that goes to Plaintiff's claims of emotional distress and damages. Further, Plaintiff has again failed to comply fully with this Court's Scheduling Order which requires a telephone conference with the Court before filing a discovery motion.

### I.   INTRODUCTION

Plaintiff, Mohammed Amin Kakeh, brings this case against UPO alleging retaliation and wrongful discharge. Plaintiff was UPO's Controller and assigned to the Office of Finance until June 30, 2004. (See Pl.'s Second Am. Compl. at ¶¶ 9, 40 (Docket No. 23.)) On June 2, 2004, Plaintiff was notified that his position was eliminated in conjunction with a reorganization of UPO's Office of Finance and reduction-in-force. Id. at ¶ 40.

On May 31, 2005, Plaintiff brought this action against UPO. In his Complaint, Plaintiff asserts that UPO terminated his employment because he was a whistleblower and complained about discrimination. See id. at at ¶¶ 44-45. Further, Plaintiff has alleged that he has suffered humiliation, embarrassment, loss of self-esteem and other psychological and emotional damages. See id. at ¶¶ 46, 51, 56, 61, 66. Among his requested relief, Plaintiff also seeks compensatory damages. See id.

On May 24, 2006, Defendant served a Civil Subpoena for Ms. Kakeh to appear at Defendant's offices on June 29, 2006. On June 16, 2006, Plaintiff informed Defendant's counsel that Ms. Kakeh was unavailable on June 29, 2006, but would be available the week of July 11th. Plaintiff then filed the instant motion on June 27, 2006, requesting that the Court quash Defendant's subpoena of Ms. Kakeh and issue a protective order.

## II. ARGUMENT

### A. The Deposition of Nabeleeh Kakeh Will Produce Relevant and Pertinent Information In This Case

*1. The Deposition Will Yield Information Relevant To Plaintiff's Claim of Emotional Distress Damages*

The Federal Rules specifically allow for a party to obtain discovery "regarding any matter, not privileged, that is relevant to the *claim* or defense of any party…" Fed. R. Civ. Pro. 26(b)(1) (emphasis added). A party may not simply allege a broad need for a protective order to avoid a general harm, but must demonstrate specific facts which would justify such an order. See Flanagan v. Wyndham Int'l Inc., 231 F.R.D. 98, 102 (D.D.C. 2005). The person seeking to quash a subpoena has a "heavy burden" since the quashing of a subpoena is "an extraordinary measure, and is usually inappropriate absent extraordinary circumstances." See id. In accordance with these considerations, courts generally employ a balancing test, weighing the

"burdensomeness to the moving party against the deponent's need for, and the relevance of, the information being sought." See id. at 102-103. Plaintiff cannot meet his heavy burden, and contrary to Plaintiff's assertions, the deposition of Ms. Kakeh will yield pertinent and material information to this case. See Jennings v. Family Mgmt., 201 F.R.D. 272, 275 (D.D.C. 2001) (complete prohibition of a deposition should be resorted to only in rare occasions.)

Plaintiff has stated a claim for emotional distress damages and alleges that he suffered "emotional and psychological distress as a result of his termination and is seeking monetary damages as a result, including damages for humiliation, embarrassment and psychological and emotional distress." (Pl.'s Mot. at 2 (Docket No. 60)). Depositions of individuals that can attest to Plaintiff's prior mental and emotional state are relevant where there are claims of emotional distress. See E.E.O.C. v. Danka Indus., Inc., 990 F. Supp. 1138, 1144 (E.D. Mo. 1997) (court determined that the deposition of family members, including an ex-husband, was relevant when they had information relating to plaintiff's prior emotional state). Ms. Kakeh's deposition will provide her unique and personal observations on how her father acted before and after his employment with Defendant, including any manifestations of Plaintiff's alleged emotional distress, depression, etc. It is also important to note that in his Answers to Defendant's Interrogatory regarding the nature of Plaintiff's emotional distress claim, Plaintiff responded that he has "suffered increase[d] difficulty in interacting with his family members, participating in family life, and coping with normal stresses." (See Pl.'s Answers to Def.'s First Set of Interrogs. at 23 (Attached as Ex. A.)) Since Plaintiff has specifically alleged that he has an increased difficulty interacting with his family members and participating in family life, Defendant should have every right to question Ms. Kakeh on issues involving her relationship with her father, including whether her relationship with him has indeed become more difficult, in what regard it

has become more difficult, and Ms. Kakeh's recollection of when the alleged difficulties in their relationship began.

Not only can Ms. Kakeh provide insight into the nature of her relationship with her father, but she can also provide a unique insight into Plaintiff's relationships with other family members, including Plaintiff's wife, Toni Kakeh ("Mrs. Kakeh"). Plaintiff has indicated that Mrs. Kakeh is a potential witness with personal knowledge of Plaintiff's health and mental state. (See Pl.'s Answers to Def.'s Second Set of Interrogs. at 3 (Attached as Ex. B)). Ms. Kakeh can provide her personal observations and accounts of whether her father had "increased difficulty" interacting with her mother and any other family members.

    2. *Information Regarding the October 23, 2004 Incident Is Also Relevant*

On October 23, 2004, Ms. Kakeh called the Fairfax County Police claiming that Plaintiff had assaulted and battered her. (See Pl.'s Warrant of Arrest (Attached as Ex. C)). In Plaintiff's instant motion, he concedes that he struck his daughter on her feet with a plastic bat and cut off her hair. (See Pl.'s Mot. at 3). This incident occurred four months after Plaintiff's employment with Defendant was terminated due to a reduction-in-force and contrary to Plaintiff's unsupported allegations, is entirely relevant to Plaintiff's emotional distress damages claim.

Defendant has a right to question Ms. Kakeh regarding this incident and obtain details about the nature of the incident and whether similar incidents have previously occurred. The incident itself, surrounding circumstances, and the existence of similar incidents are relevant to this case because they directly relate to Plaintiff's claim that he had an increased difficulty interacting with his family members. (See Ex. B at 3.)

Further, where a plaintiff alleges emotional distress, a defendant "is entitled to explore whether causes unrelated to the alleged wrong contributed to plaintiff's claimed emotional

DC:61241.1

distress..." See Moore v. Chertoff, No. 00-953, 2006 WL 1442447, at *2 (D.D.C. May 22, 2006) (slip copy); Bell v. Gonzales, No. Civ. A. 03-163, 2005 WL 3555490, at *9 (D.D.C. Dec. 23, 2005) (an investigation into plaintiff's arrest for solicitation of prostitution was a potential cause of emotional harm, and therefore evidence was relevant to emotional distress damages claim in a retaliatory reassignment suit) (slip copy). Plaintiff admits that the incident "followed a successive number of Nabeelah's unexplained absences from school and several occasions in which she failed to return home for several days at a time until her parents were able to find her and bring her home." (See Pl.'s Mot. at 3.) Plaintiff also admits that the circumstances surrounding his daughter's unexplained absences caused him stress. See id. Because Plaintiff's relationship with his daughter was an admitted stress-inducing element in his life, Defendant should have the ability to further inquire into the nature of this and any other potential causes of Plaintiff's emotional distress. See Gladfelter v. Wal-Mart Stores, Inc., 162 F.R.D. 589, 590 (D. Neb. 1995) (in a case where the plaintiff claimed emotional distress damages due to alleged employment discrimination and termination, the court denied a motion for a protective order prohibiting the deposition of plaintiff's girlfriend because plaintiff's relationship with his girlfriend was a potential cause of his emotional distress).

Plaintiff also maintains that because Plaintiff's wife, Toni Kakeh, was a witness to the incident and is scheduled to be deposed, it is unnecessary to depose Nabeelah Kakeh. (See Mot. at 3-4.) However, since Ms. Kakeh, as the victim of the incident, has an entirely different point of view than a mere spectator like Plaintiff's wife, the deposition of Toni Kakeh will not yield all relevant information to which Defendant is entitled. Moreover, as set forth above, Defendant is not seeking information solely related to this incident. Ms. Kakeh may have additional information regarding the causes of Plaintiff's emotional distress and his familial relationships.

### B. Plaintiff Has Again Failed To Comply With This Court's Scheduling Order Requiring The Parties To Meet And Confer

This Court's Scheduling Order requires that the parties:

> shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court. If counsel are unable to resolve the discovery dispute, *counsel shall arrange a brief telephone conference with the Court by contacting chambers. Counsel shall not file a discovery motion without following the procedures set forth in this paragraph.*

(See Scheduling Order at ¶ 11 (Docket No. 12)) (emphasis added). Plaintiff's instant Motion to Quash is yet another example of Plaintiff's repeated failure to faithfully follow this Court's Scheduling Order as he failed to arrange a telephone conference with the Court before filing his Motion to Quash. As recently as May 30, 2006, Defendant noted in its Opposition to Plaintiff's Motion to Compel (Docket No. 56 at 3-4) that Plaintiff violated the Scheduling Order by his failure to confer with Defendant on numerous discovery issues before Plaintiff filed his Motion to Compel Discovery and For Sanctions (Docket No. 51).[1]

This Court has recently stated that a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." DAG Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 104 (D.D.C. 2005) (citations omitted). Plaintiff's Motion should be summarily denied because he violated the discovery requirements set forth in the Scheduling Order. See Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 634 (D. Kan. 1999) (denying motion to quash because of failure to confer).[2]

### III. CONCLUSION

---

[1] Both Plaintiff's Motion and Defendant's Opposition are still pending before this Court.
[2] Arguably, Plaintiff also lacks standing to bring this motion to quash as the subpoena was issued to a non-party in the case. See Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 22 (D.D.C. 2005) (absent a privilege, personal interest or proprietary interest, party had no standing to quash a subpoena issued to a non-party).

DC:61241.1

-7-

For the foregoing reasons, Plaintiff's Motion to Quash the Subpoena For the Deposition of Nabeelah Kakeh and For Protective Order should be denied in its entirety. A proposed order denying Plaintiff's Motion is attached hereto.

Dated: July 11, 2006

Respectfully submitted,

By: /s/ Alison N. Davis
Alison N. Davis, DC Bar No. 429700
Kevin M. Kraham, DC Bar No. 459077

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, D.C. 20036
Tel (202) 719-2000
Fax (202) 719-2077

Attorneys for Defendant United Planning Organization, Inc.

DC:61241.1

## CERTIFICATE OF SERVICE

The undersigned, Alison N. Davis, hereby certifies that she served a copy of the foregoing DEFENDANT UNITED PLANNING ORGANIZATION INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH THE SUBPOENA FOR THE DEPOSITION OF NABEELAH KAKEH AND FOR PROTECTIVE ORDER to the following counsel of record via electronic court filing on July 11, 2006:

Omar Vincent Melehy
MELEHY & ASSOCIATES, LLC
8403 Colesville Rd, Suite 610
Silver Spring, MD 20910
(301) 587-6364
(301) 587-6308 (Facsimile)
ovmelehy@zmdlaw.com

Attorneys for Plaintiff Mohammed Amin Kakeh

/s/ Alison N. Davis
Alison N. Davis