UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AMIN KAKEH,<br><br>    Plaintiff,<br>v.<br><br>UNITED PLANNING ORGANIZATION, INC.<br><br>    Defendant. | CIVIL ACTION NO. 1:05-cv-1271 (GK/JMF)<br><br>Next Scheduled Deadline:<br>Dispositive Motions Due<br>November 10, 2006 |

### DEFENDANT UNITED PLANNING ORGANIZATION, INC.'S STATEMENT REGARDING ELECTRONIC DISCOVERY DISPUTE

Defendant, United Planning Organization, Inc. ("Defendant" or "UPO"), by and through its counsel, files this Statement pursuant to the Court's instructions of September 22, 2006. Based on a telephone call with Plaintiff's counsel at approximately noon today, UPO's understanding of the dispute which Plaintiff's counsel wishes to raise with the Court concerns UPO's obligation to produce to opposing counsel all electronically stored information ("ESI")[1] reviewed in response to Plaintiff's requests for production of documents. It is counsel for UPO's understanding that Plaintiff's counsel believes he has the right to all ESI so he can make an independent determination of the relevance of the ESI and/or the likelihood of it leading to the discovery of admissible evidence. To the contrary, Plaintiff must establish that his at times overly broad requests for production seek information that is relevant or likely to lead to the discovery of admissible evidence.

Plaintiff's counsel has not alleged that UPO has intentionally destroyed any ESI. In fact, UPO has preserved all ESI in this case. Not only were employees instructed to preserve ESI, but a third party was retained to harvest ESI to assist counsel in responding to Plaintiff's requests for

---

[1] "ESI" for purposes of this Statement means information gathered from UPO hard drives, servers, and backup tapes.

-1-

DC:62339.1

production. Further, even though UPO believes that Plaintiff's demand exceeds the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure, UPO has agreed to work with Plaintiff in an attempt to accommodate his request.[2] However, since it appears that Plaintiff will not be satisfied unless he obtains *all* ESI, he must bear all of the related costs (for example, restoration of at least seven backup tapes). Plaintiff's counsel disagrees. UPO should not be required to bear the exorbitant costs of Plaintiff's request when the same information is available through alternative means.

Dated: September 25, 2006                Respectfully submitted,

By:   /s/ Alison N. Davis
    Alison N. Davis, DC Bar No. 429700
    Kevin M. Kraham, DC Bar No. 459077
    Jeffrey J. Sun, DC Bar No. 491274

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, D.C. 20036
Tel (202) 719-2000
Fax (202) 719-2077
adavis@fordharrison.com
kkraham@fordharrison.com
jsun@fordharrison.com

Attorneys for Defendant United Planning Organization, Inc.

---

[2] UPO has offered to produce to Plaintiff a subset of ESI, which includes information identified based upon key-word searches and date limitations of data harvested from UPO hard drives, servers, and restored backup tapes.