UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AMIN KAKEH,<br><br>    Plaintiff,<br>v.<br><br>UNITED PLANNING ORGANIZATION, INC.<br><br>    Defendant. | CIVIL ACTION NO. 1:05-cv-1271 (GK/JMF)<br><br>Next Scheduled Deadline:<br>Dispositive Motions Due<br>November 10, 2006 |

**DEFENDANT UNITED PLANNING ORGANIZATION, INC.'S PRAECIPE
REGARDING ELECTRONICALLY STORED INFORMATION**

Defendant, United Planning Organization, Inc. ("Defendant" or "UPO"), by and through its counsel, files this Praecipe pursuant to the Court's order of September 25, 2006. UPO's actions with respect to preserving and searching electronically stored information ("ESI")[1] are set forth below.

1.   In March 2004, UPO initially directed its employees to preserve all information because of an ongoing review by external auditors and the District of Columbia Department of Human Services' monitoring review.

2.   When Dana Jones became UPO's Interim Executive Director in April 2004, he held a staff meeting during which the requirement to retain all information was reiterated.

3.   Due to the ongoing Inspector General's investigation and pending litigation, UPO has continued the preservation order.

4.   Plaintiff served his first request for production of documents on October 14, 2005.

---

[1] ESI is the term used in the revisions to the Federal Rules of Civil Procedure which, barring any intervening congressional activity, will go into effect on December 1, 2006. The full text of the amended rules and associated commentary is available at http://www.uscourts.gov/rules/Reports/ST09-2005.pdf.

5.  Under the direction of UPO's in-house counsel, key witnesses who were believed to have responsive information searched paper files and manually reviewed ESI.

6.  On December 23, 2005, UPO produced to Plaintiff documents that were retrieved in response to Plaintiff's requests for production of documents. Some of those documents were previously identified as possibly relevant based upon Plaintiff's June 18, 2004 Charge of Discrimination and his Complaint, including all amendments.

7.  Concurrently with the document production, UPO served written responses to Plaintiff's requests for production which included objections to the specific requests based upon, *inter alia*, relevance and likelihood of leading to the discovery of admissible evidence. UPO served supplemental responses and objections to Plaintiff's requests for production on February 10, 2006; February 22, 2006; and February 24, 2006.

8.  On April 4, 2006, UPO supplemented its production in accordance with the Court's March 17, 2006 Order.

9.  Included in UPO's document productions were numerous printed email messages, demonstrating that ESI was reviewed and produced, where relevant or likely to lead to the discovery of admissible evidence. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, UPO produced the documents and labeled them by categories.

10. UPO retained Stroz Friedberg, LLC ("Stroz")—a consulting and technical services firm specializing in, among other areas, computer forensics and electronic discovery—to ensure UPO's ESI continued to be properly preserved.[2]

---

[2] Pursuant to Rule 26(a)(2), UPO was not required to notify Plaintiff that it had retained Stroz because Stroz was not retained in anticipation of providing testimony at trial.

DC:62447.1

11.   In or about May 2006, Stroz preserved ESI from:

   a.   the hard drives of Plaintiff, Dana Jones (UPO's Chief Executive Officer), Gladys Mack (UPO's Chief Operating Officer), and Sheila Shears (UPO's former Chief Financial Officer);

   b.   UPO's file server and email server; and

   c.   eight (8) backup tapes of UPO's server.

12.   The combined ESI capacity of the media preserved by Stroz on UPO's behalf in this matter is approximately 600 gigabytes.  One megabyte of ESI equals approximately 150 pieces of paper.  There are approximately 1,024 megabytes in a gigabyte.  It is UPO's estimate that the approximately 600 gigabytes of preserved ESI could potentially translate to approximately 92,160,000 pages of printed documents.  While UPO does not suggest that the total capacity represents the actual volume of ESI to be reviewed, it is noteworthy that even a small percentage of this overall capacity represents a significant amount of information.

13.   To manage the large amount of preserved ESI, UPO, with the assistance of Stroz, narrowed the ESI to capture pertinent data from the relevant period of Plaintiff's employment with UPO.  Specifically, UPO provided key-words to Stroz and date limitations which Stroz applied to data harvested from UPO hard drives, servers, and restored backup tapes.[3]  This narrowed search resulted in approximately 850 megabytes of ESI (or approximately 148,750 pages of printed documents) ("harvested ESI") which UPO analyzed in accordance with Rule 26 to fulfill its obligation to supplement its discovery responses.

14.   To date, UPO has incurred approximately $31,000 in expenses exclusively in connection with the preservation and harvesting of ESI in this matter.

---

[3] Certain UPO backup tapes were restored from Bricklayer format at great expense to UPO.

15. On September 25, 2006, UPO offered to provide Plaintiff's counsel with the harvested ESI, which fits on a handful of compact discs. Plaintiff's counsel did not accept UPO's offer, demanded that UPO provide *all* ESI preserved by Stroz for UPO, and insisted on presenting this matter to the Court in a teleconference during the afternoon of September 25, 2006.

Dated: September 29, 2006

Respectfully submitted,

By: /s/ Alison N. Davis
Alison N. Davis, DC Bar No. 429700
Kevin M. Kraham, DC Bar No. 459077
Jeffrey J. Sun, DC Bar No. 491274

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC 20036
Tel (202) 719-2000
Fax (202) 719-2077
adavis@fordharrison.com
kkraham@fordharrison.com
jsun@fordharrison.com

Attorneys for Defendant United Planning Organization, Inc.

DC:62447.1