# EXHIBIT 16

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

     *Plaintiff,*

  v.

United Planning Organization, Inc.,

     *Defendant.*

Civil Action No.
004101-05 (GK)

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the Acknowledgment and Order issued in this case, Plaintiff responds to the Defendant's First Request for Production of Documents as follows:

## GENERAL OBJECTIONS

1.    Plaintiff objects to each document request to the extent that it seeks information protected against disclosure by the attorney-client privilege, the work product doctrine, and any and all other privileges or rules of confidentiality provided by law.

2.    Plaintiff objects to each document request to the extent that it is overly broad, calculated to cause annoyance and undue burden and expense, or to the extent that it is oppressive, vague, duplicative of other document requests, not relevant to the subject matter of the action, and not reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiff objects to producing any documents that are already in the possession, custody or control of Defendant.

4.    Plaintiff objects to producing any documents that are in the possession of other parties in this action and that have already been provided or made available to Defendant pursuant to the Defendant's requests for documents to any other parties in this action.

**REQUEST NO. 35:**  All documents that you identified, relied upon, and/or referred to in answering UPO's First Set of Interrogatories to you, including Interrogatory No. 32.

**<u>ANSWER:</u>**    *See* General Objections Nos. 1, 2, 5, *supra*.  Subject to and without

waiving General Objections, responsive documents have been produced as Document

Nos. 1-727.

5.    Plaintiff objects on the grounds that discovery from the Defendant in this action has not been completed and may provide additional information relevant to Plaintiff's response to these document requests.

6.    By responding to these document requests, Plaintiff does not concede that any of the information requested is relevant to this action or that any of the parties identified in these responses have information relevant to this action. Plaintiff expressly reserves the right to object to further discovery into the subject matter of any of these document requests and the right to object to the introduction of evidence of any requested documents or parts thereof.

**REQUEST NO. 1:**    All signed or recorded statements given to you by any individuals which you contend support, contradict, or relate to any of the allegations set forth in your Complaint.

**ANSWER:**    Plaintiff does not possess any responsive documents.

**REQUEST NO. 2:**    All signed or recorded statements given by you to any individuals which you contend support, contradict, or relate to any of the allegations set forth in your Complaint.

**ANSWER:**    *See* General Objections Nos. 1, 3 *supra.*  Subject to and without waiving General Objections, all responsive documents have been produced as Document Nos. 242-253.

**REQUEST NO. 3:**    All written reports from any person you intend to call as an expert witness at trial, as identified in your response to Interrogatory No. 2.

<u>**ANSWER:**</u>    Plaintiff is still in the process of obtaining a report from Doctor Richard

Edelman.  The report will be forwarded to Defendant once obtained.

**REQUEST NO. 4:**   All documents supplied to or reviewed, analyzed, consulted, or relied upon by any expert witness you intend to call to testify on your behalf at trial.

**ANSWER:**   All responsive documents have been produced as Document Nos. 2-75, 649.

**REQUEST NO. 5:**    All documents supporting or relating to facts and opinions expressed in the written report of any expert witness whom you intend to call to testify on your behalf at trial.

**ANSWER:**    All responsive documents have been produced as Document Nos. 2-75.

**REQUEST NO. 6:**    All documents containing, reflecting, recording, or referring to qualifications of any expert witness whom you intend to call to testify on your behalf in this case, including, but not limited to, curricula vitae, resumes, lists of publications authored by the expert, and lists of cases in which the expert witness had previously testified or been deposed.

**ANSWER:**    All responsive documents are attached as Document Nos. 76-117.

**REQUEST NO. 7:**    All written statements or documents made by UPO, or any if its present or former employees, agents, or representatives, which you consider to be an admission of liability or wrongdoing by UPO concerning the incidents forming the basis of the Complaint.

**ANSWER:**    All responsive documents are attached as Document Nos.175-176.

**REQUEST NO. 8:**    All documents records, reflecting, or relating to any conviction and/or arrest of you for any crime constituting a felony or involving dishonesty, fraud or deceit.

<u>**ANSWER:**</u>    Plaintiff does not possess any responsive documents.

**REQUEST NO. 9:**    All documents that you content support and/or relate to your allegations in paragraph 13 of the Complaint.

**ANSWER:**    *See* General Objections Nos. 2, 3, 5, *supra*.  Subject to and without

waiving General Objections, all responsive documents are attached as Document Nos.

118-119.

11

**REQUEST NO. 10:**  All documents constituting, recording, reflecting, and/or relating to conversations you had with UPO, or any of its current or former employees, agents or representatives, concerning the incidents forming the basis of the Complaint.

**ANSWER:**    *See* General Objections Nos. 1, 2, 3, 4, 5, 6, *supra*.  Subject to and without waiving General Objections, all responsive documents are attached as Document Nos. 120-126, 646-648.

**REQUEST NO. 11:**  All documents constituting, recording, reflecting, and/or relating to conversations that you had with employees, representatives, and/or agents of Thompson, Cobb Brazilio & Associates, PC relating to UPO.

**ANSWER:**    *See* General Objections Nos. 3, 4, 5, 6, *supra.*  Subject to and without waiving General Objections, all responsive documents are attached as Document Nos. 127-132, 646-648.

**REQUEST NO. 12:**  All documents that you contend support and/or relate to your allegations in paragraph 15 of the Complaint.

**ANSWER:**    *See* General Objections Nos. 2, 3, 5, *supra*.  Subject to and without waiving General Objections, all responsive documents are attached as Document Nos. 133-153, 646-648, 650.

**REQUEST NO. 13:**  All documents that you supplied to, provided, presented, or otherwise discussed with Tunde Eboda ("Eboda") of the District of Columbia Department of Human Services on February 19, 2004.

<u>**ANSWER:**</u>    *See* General Objections Nos. 3, 4, 5, *supra*.  Subject to and without

waiving General Objections, all responsive documents are attached as Document Nos.

154-156.

**REQUEST NO. 14:**  All documents that you supplied to, provided, presented, or otherwise discussed with the individuals identified in your response to Interrogatory No. 10.

**ANSWER:**    *See* General Objections Nos. 3, 4, 5, *supra*.  Subject to and without

waiving General Objections, all responsive documents have been produced as Document

Nos. 127-156.

**REQUEST NO. 15:**  All documents that you contend support and/or relate to your allegations in paragraph 26 of the Complaint that "Councilmember Catania's investigation was a direct and proximate result of the Plaintiff's protected disclosures to public bodies of his allegations that the Defendant committed fraud, waste and abuse."

**ANSWER:**    *See* General Objections Nos. 2,3, 4, 5, *supra*.  Subject to and without waiving General Objections, all responsive documents are attached as Document Nos. 157-159.

**REQUEST NO. 16:**  All documents recording, reflecting, or relating to your contentions in paragraph 31 of the Complaint.

**ANSWER:**    All responsive documents are produced as Document Nos. 160-164.

**REQUEST NO. 17:**  All documents recording, reflecting, or relating to your contentions in paragraph 35 of the Complaint.

**ANSWER:**  *See* General Objections Nos. 3, 4, 5, *supra*.  Subject to and without waiving General Objections, all responsive documents have been produced as Document Nos. 165-169, 646-648.

**REQUEST NO. 18:**  All documents recording, reflecting, or relating to your contentions in paragraph 40 of the Complaint.

**ANSWER:**  *See* General Objections Nos. 2, 3, 4, 5, *supra.*  Subject to and without

waiving General Objections, all responsive documents have been produced as Document

Nos. 154-159, 170-178, 646-648, 654-656.

**REQUEST NO. 19:**  All documents recording, reflecting, or relating to conversations, meetings, and/or discussions that you had with Eboda or any other representative of the District of Columbia Department of Human Services regarding UPO.

**ANSWER:**    *See* General Objections Nos. 2, 3, 4, 5, *supra.*  Subject to and without

waiving General Objections, all responsive documents have been produced as Document

Nos. 179-181, 646-648, 657-662.

**REQUEST NO. 20:**  All documents recording, reflecting, or relating to conversations, meetings, and/or discussions that you had with auditors from the Head Start program regarding UPO.

**ANSWER:**    *See* General Objections Nos. 2, 3, 4, 5, *supra*.  Subject to and without waiving General Objections, all responsive documents are attached as Document Nos.182-195, 302-320, 646-648.

**REQUEST NO. 21:**  All documents recording, reflecting, or relating to conversations, meetings, and/or discussions that you had with Special Agent Kenneth L. Marty regarding UPO.

**ANSWER:**     *See* General Objections Nos. 3, 4, 5, *supra*.  Subject to and without

waiving General Objections, all responsive documents are attached as Document Nos.

196-201, 646-648.

**REQUEST NO. 22:**  All documents recording, reflecting or relating to conversations, meetings, and/or discussions that you had with Federal Bureau of Investigation Agent Duncan regarding UPO.

**ANSWER:**    *See* General Objections Nos. 3, 4, 5, *supra*.  Subject to and without

waiving General Objections, all responsive documents have been produced as Document

Nos. 646-648.

**REQUEST NO. 23:**  All documents recording, reflecting or relating to conversations, meetings, and/or discussions that you had with Federal Bureau of Investigation Agent Hans regarding UPO.

**ANSWER:**     *See* General Objections Nos. 3, 4, 5, *supra*.  Subject to and without waiving General Objections, Plaintiff does not possess any responsive documents.

**REQUEST NO. 24:** All documents recording, reflecting or relating to conversations, meetings, and/or discussions that you had with Assistant United States Attorney Debra Long-Doyle regarding UPO.

**ANSWER:** *See* General Objections Nos. 3, 4, 5, *supra*. Subject to and without waiving General Objections, all responsive documents are attached as Document No. 202.

**REQUEST NO. 25:**  All documents recording, reflecting or relating to conversations, meetings, and/or discussions that you had with Junius Nottingham regarding UPO.

**ANSWER:**    *See* General Objections Nos. 3, 4, 5, *supra*.  Subject to and without waiving General Objections, all responsive Documents are attached as Document Nos. 203-207.

**REQUEST NO. 26:**  All documents recording, reflecting or relating to your contention that "Plaintiff has been economically damaged."

**ANSWER:**     Responsive documents are attached as Document Nos. 2-75. However, Plaintiff is still in the process of obtaining all such documents and will forward them to Defendant once they are obtained.

**REQUEST NO. 27:**  All documents recording, reflecting or relating to your contention that the Plaintiff "suffered humiliation, embarrassment, loss of self esteem and has otherwise been damaged psychologically and emotionally be the Defendant's actions.

<u>**ANSWER:**</u>    Responsive documents are attached as Document Nos. 208-229.

However, Plaintiff is still in the process of obtaining all such documents and will forward

them to Defendant once they are obtained.

**REQUEST NO. 28:**  All documents relating to any damages allegedly suffered by you as a result of the acts alleged in the Complaint.

**ANSWER:**    *See* General Objections Nos. 2, 5, *supra*.  Subject to and without waiving

General Objections, responsive documents have been produced as Document Nos. 2-75,

208-229, 331-632.  However, Plaintiff is still in the process of obtaining all such

documents and will forward them to Defendant once they are obtained.

**REQUEST NO. 29:**  All documents supporting, relating to, or upon which you otherwise relied for your allegation that you are entitled to an award of compensatory damages.

**ANSWER:**    *See* General Objections Nos. 2, 5, *supra*.  Subject to and without waiving General Objections, responsive documents have been produced as Document Nos., 208-229, 331-632.  However, Plaintiff is still in the process of obtaining all such documents and will forward them to Defendant once they are obtained.

**REQUEST NO. 30:**  All documents relating to any medical treatment and/or counseling received by you as a result of the actions and/or inactions alleged in the Complaint.

**ANSWER:**    *See* General Objections Nos. 1, 6, *supra.*  Subject to and without waiving these General Objections, responsive documents have been produced as Document Nos. 208-232, 331-632.

**REQUEST NO. 31:**  All documents relating to any medical treatment and/or counseling received by you since June 28, 1998, as identified in your response to Interrogatory No. 22.

**ANSWER:**    *See* General Objections Nos. 2, 5, 6 *supra*.  Subject to and without waiving General Objections, Responsive documents have been produced as Document Nos. 208-232, 331-632.

**REQUEST NO. 32:**  All documents relating to efforts made or steps taken by you to mitigate any damages, whether physical, emotional, or monetary, allegedly suffered as a result of the actions/or inactions alleged in the Complaint.

<u>**ANSWER:**</u>    *See* General Objections No. 2, *supra*.  Subject to and without waiving

General Objections, all responsive documents have been produced as Document Nos.

208-232, 633-645.

**REQUEST NO. 33:**  All documents that you contend support and/or relate to your allegations that you are entitled to an award of punitive damages.

**ANSWER:**    *See* General Objections Nos. 2, 5, 6 *supra*.  Subject to and without waiving General Objections, Responsive documents have been produced as Document Nos. 208-232, 331-632.

**REQUEST NO. 34:**  All documents relating to any lawsuits and/or court or administrative actions in which you have been a Plaintiff, Charging Party, complainant, or moving party since June 28, 1998.

**ANSWER:**    All responsive documents have been produced as Document Nos. 233-264.

**REQUEST NO. 36:** All documents exhibits, and/or tangible pieces of evidence which you intend to rely upon and or introduce at any deposition or trial in this case.

<u>**ANSWER:**</u>    Plaintiff is still conferring with counsel regarding documents that will be introduced at depositions and trial.  Once a determination has been made, any additional responsive documents will be forwarded.

**REQUEST NO. 37:**  All documents, not specifically requested herein, which relate to, evidence, and/or pertain to any of the allegations made by you in the Complaint.

**ANSWER:**    *See* General Objections Nos. 1, 2, 5, *supra*.  Subject to and without waiving General Objections, all responsive documents are attached as Document Nos. 266-301, 321-330.

**REQUEST NO. 38:**  All documents, not specifically requested herein, which relate to, evidence, and/or pertain to any of the injuries and/or damages alleged by you in the Complaint.

<u>**ANSWER:**</u>    All responsive documents have been produced in response to previous

Requests or will be forwarded to Defendant once obtained.

**REQUEST NO. 39:**  All documents received by you from public bodies and/or agencies of the District of Columbia or federal governments relating to UPO.

**ANSWER:**   All responsive documents have been produced as Document Nos. 201-202.

**REQUEST NO. 40:**  All documents, not specifically requested herein, which you provided to third parties and relate to, evidence, or pertain to UPO's alleged fraud, waste and abuse.

<u>**ANSWER:**</u>    *See* General Objections Nos. 3, 4, 5 *supra*.  Subject to and without waiving General Objections, Plaintiff does not possess any responsive documents.

**REQUEST NO. 41:**  Any and all diaries, calendars, planners and/or appointment books of Plaintiff from June 28, 1998 to the conclusion of this action.

**ANSWER:**    *See* General Objections Nos. 1, 2, 3, 4, 6 *supra*.  Subject to and without waiving General Objections, all responsive documents have been produced as Document Nos. 663-727.

**REQUEST NO. 42:**  All documents relating to communications by you to public bodies and/or agencies of the District of Columbia or federal government relating to UPO.

**ANSWER:**    *See* General Objections Nos. 2, 3, 4, 5 *supra*.  Subject to and without waiving General Objections, all responsive documents have been produced as Document Nos. 120-132, 154-159, 170-195, 302-320, 646-648, 651-653, 657-662.

As to form and legal sufficiency of answers,

Omar Vincent Melehy, Esq.
Zipin &  Melehy,  LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@zmdlaw.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of November, 2005, the foregoing Plaintiff's Answer to the Defendant's First Request for Production of Documents was transmitted via Federal Express to:

Omar Vincent Melehy

44

# Amin Kakeh

**From:**   GladysMack@aol.com
**Sent:**   Thursday, March 25, 2004 8:32 AM
**To:**     Amin Kakeh
**Cc:**     sheilashears@upo.org
**Subject:** UPO Financials

Amin:

I am at METRO this morning, or I would talk to you in person.  However, it is very important that we have a final number on the financials by Friday.  Mrs. Roberson and I have a meeting with Derek Harps and his Asset Managers.  As you know, we are running behind our promised date, and the bank has given us new dates which cannot be compromised.

I have talked with Shelia and Rachel and they tell me that a lot of agreement has been reached on issues that were being reviewed.  Accordingly, I am requesting that you  book all adjustments that we are currently aware of, including restoring the CSBG revenues, allocating all indirect costs, reversing the $364k HS entry that was erroneously booked to expense, book the additional revenue identified by the F. S. Taylor analysis as due to UPO, and book any entries needed as a result of the bank reconciliations being completed.

Please also identify and book any additions or adjustments that should be made to the financials. Finally, please provide copies of the related journal entries to Sheila and to Rachel for review and signoff.  Once these entries are posted, please rerun the financial statements for everyone's review and comments.

All of this must be completed no later than 4:00 today so that we can make any corrections and have reports for the meeting with Derek on Friday.  If you need assistance please ask Sheila or Rachel for help. Completing this work will also enable us to give TCBA a trial balance tomorrow so that the audit can be completed. If there are further entries identified by TCBA as a result of their audit, they will be made as audit adjustments.

Amin, we are out of time. I hope you are sensitive to this. Our continued supportive relationship with the bank depends on these tasks being completed as requested.

Please confirm, by email, receipt of this email and your ability to carry out these task as soon as you receive this message.  Even though I will be out of the office, I will be checking my email.  I will also call you later this morning,

Thank You,
Gladys

00164

4/28/2004

# CHARGE OF DISCRIMINATION

| | CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☒ FEPA    04-204-P(CN) <br> ☐ EEOC    10CA 400173 |

D.C. Office Of Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. M. Amin Kakeh | (703) 642-8921 |

| STREET ADDRESS    CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 7050 Leestone Street, Springfield, VA 22151 | 06/28/1944 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| United Planning Organization | Cat C (201-500) | (202) 238-4600 |

| STREET ADDRESS    CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 301 Rhode Island Avenue, N.W., Washington, DC 20001 | 001 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS    CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE    ☒ COLOR    ☒ SEX    ☒ RELIGION    ☐ NATIONAL ORIGIN
☐ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 04/01/2003 | 03/11/2004 |
| ☒ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

I believe I have been subjected to unlawful discrimination and harassment based on my race (White), national origin (Syrian), sex (male), color (light-skinned) and religion (Muslim) in the terms, conditions and privileges of my employment due to the following:

On April 1, 2003, Respondent denied me the opportunity to be promoted to the position of Chief Financial Officer (CFO). The individual who filled the position (Black/U.S./female/dark-skinned/Christian) did not meet the position's qualifications for which I was qualified. Respondent's Executive Director (Black/U.S./male/dark-skinned/Christian) was responsible for hiring the CFO.

On June 6, 2003, Respondent's Deputy Director (Black/U.S./female/dark-skinned/Christian) officially stripped me of my duties in a manager's meeting. Specifically, she stated that all contact and correspondence must be with the CFO and not with the Controller.

On October 3, 2003, I wrote a memorandum to the Executive Director explaining in detail how the communication between management and myself has ceased since the position of CFO was created. Specifically, my department was not afforded any help from the CFO as previously promised; I have not been invited to any financial meetings since

** Text is Continued on Attached Sheet(s) **

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and Local Requirements)* |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT <br><br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day and year)* <br> 03-31-04 |

Date    00000    Charging Party *(Signature)*

EEOC FORM 5 (Rev. 07/99)

**CHARGING PARTY COPY**

STATE OF ___VIRGINIA___                          CASE NAME Kakeh vs United Plan
CITY/COUNTY OF ___Springfield/Fairfax___         CASE NUMBER_____

## AFFIDAVIT (cont.)

my department was not afforded any help from the CFO as previously
promised; I have not been invited to any financial meetings since
the CFO position was filled; my name has been taken off the
distribution list; and I have been stripped of my authority and duties
as Controller, though I still maintain the title, to work in a more
clerical capacity.

On October 14, 2003, I was called a "liar" by the CFO for not
submitting financial statements, which had previously been
submitted to her.

On October 15, 2003, the CFO told me that I had a "problem" and
that I "should close the door and say some prayers for myself."

On October 16, 2003 and October 20, 2003, I wrote memorandums to
the Executive Director reporting this harassment. Included in this
report was a comment from the Deputy Director who stated that I
"had no rights" when I asked for a counselor to be present at a
meeting on October 15, 2003 to discuss the memorandum I had
submitted on October 3, 2003.

On October 20, 2003, Respondent's General Counsel (Black/U.S./
female/dark-skinned/Christian) began an investigation into my
rassment claims. However, I have not been apprised of any results
and the harassment continues.

I charge Respondent with an unlawful discriminatory practice on
the bases of my race, national origin, sex, religion and color
in violation of the D.C. Human Rights Act of 1977, as amended, and
Title VII of the Civil Rights Act of 1964, as amended. I have not
commenced any action, civil, criminal or administrative based on
the above allegations, other than the following: CROSS FILED WITH
THE EEOC.

I have read and had an opportunity to correct this Affidavit consisting of ___2___ handwritten ☐
typed ☒ pages and swear that these facts are true and correct to the best of my knowledge and belief.

_____

Subscribed and sworn to before me
this _31st_ day of _March 2004_.

_____
MY COMMISSION EXPIRES: 02-28-2007

00000

00000

# MEMORANDUM

TO:      Russell Simmons,
             Chairman, UPO Board of Trustees

FROM:   The Finance Department Staff

RE:      Outsourcing of the Finance Department

CC:      All UPO Board Members
             All UPO Managers
             Tunda, Eboda, CSGB DHS
             Carter, Clarence, Director OCS, DHHS
             Thomas Davis, Chairperson House District Committee
             Carol Schwartz, Councilmember

Date:     April 29, 2004

We, of the Finance Department, feel betrayed by the United Planning Organization. Combined we have approximately 400 years experience at UPO. To begin with, we first heard of the outsourcing of the Finance Department by rumor. Then Mr. Dana Jones called an impromptu meeting to address the rumors and, indeed, confirmed that we were losing our jobs. Comments were made as if it was our fault that UPO financial problems. We have always been loyal to UPO and to be betrayed in this manner adds insult to injury.

We the staff of the Finance Department are being unjustly penalized for the fiscal mismanagement committed by United Planning Organization's upper management and its board of directors. We are being used as scapegoat, and sacrificial lambs for inappropriate spending. None of us is authorized to sign a check or transfer a single dime of funds. That authorization rests exclusively with the executive director, deputy executive director, and the chief financial officer. The Finance Department is a recording department that maintains the information which reflects the financial decisions of upper management. The $3.2 million deficit UPO is facing is due to overspending, poor budgeting, and fiscal mismanagement. We provided reports alerting Senior Management to United Planning Organization's financial problems. Management chose to ignore these reports. Now, rather than rectifying the problems, they are attempting to cover up the evidence by outsourcing our Department.

00172



DEPOSITION EXHIBIT #8
M.Kakeh
9-20-06 DLS
PENGAD-Bayonne, N.J.

None of us took a trip to Hawaii. None of us went on a lavish fishing trip on a boat. None of us bought liquor, jewelry, or had groceries delivery to our home using UPO credit cards. None of us was given an SUV or leased a Lincoln Continental. None of us took a trip to New Orleans, Puerto Rico, Las Vegas, California, or anywhere for personal benefit. None of us took out a loan from UPO. None of us has a company provided cellular telephone with a bill of over $14,000 a year.

However, we know who did. We have the documents to prove it. Only UPO's upper management and members of the Board benefited from all of these questionable uses of grants funds. The time has come for management to step up and take full responsibility.

We are demanding that a full inquiry be conducted by an official government agency to identify the true parties responsible. It is a crime, this conspiring to cover up the fiscal mismanagement, by causing us to lose our jobs. Justice must be done. Moreover, we are demanding an immediate meeting with the Board of Trustees to stop the outsourcing of the Finance Department and the destruction of UPO.

We have the financial documents to precisely identify who authorized the use of these funds and, exactly, who benefited from them. The entire District of Columbia metropolitan community would benefit from knowing who spent grants fund and who benefited from that spending.

It is our belief that an official inquiry would better serve the community and is the only action which will arrive at real justice. Moreover, the outsourcing of the Finance Department should stop immediately and an immediate meeting between the Finance Department and the Board of Trustee should take place. We await your response to this urgent matter.

00173

MEMORANDUM

TO:          **BENJAMIN  JENNINGS**
             **EXECUTIVE DIRECTOR**

FROM:        **M. AMIN  KAKEH**
             **CONTROLLER**

DATE:        **MARCH 11,  2004**

SUBJECT:     **FINANCIAL STATEMENTS OF FISCAL YEAR 2003 & THE AUDIT ISSUES RELATED TO THEM**

THE PURPOSE OF THIS LETTER IS TO EXPLAIN THE CONTROVERSY OF GIVING THE DRAFTED

FINANCIAL STATEMENTS TO THE CSBG AUDITORS BEFORE IT WAS REVIEWED BY UPO

EXECUTIVES.

* * *  MONDAY MARCH 01, 2004  AFTER SHEILA INTRODUCED THE AUDITORS TO ME SHE ASKED: WHEN

       THEY CAN GET THE FINANCIALS FOR 09/30/2003.

* * *  I AM WORKING ON THEM, THEY WILL BE READY TOMORROW MORNING.

* * *  ON TUESDAY SHE CAME WITH TWO OF THE AUDITORS ASKING: WHEN THEY CAN GET THEM....

       THEY  ARE WAITING.....

* * *  I WILL FINISH IN HALF AN HOUR.

* * *  AROUND 9:30AM I FINISHED... I GAVE SHEILA TWO ORIGINAL COPIES... ONE FOR HER & ONE

       FOR GLADYS....I SAID:    STUDY IT & LET ME KNOW.

* * *  DENNIS FROM TCBA CAME AFTER THAT & ASKED FOR THE FINANCIAL STATEMENTS FOR 2003

       WHILE ON HIS WAY TO MEET THE CSBG AUDITORS.  I GAVE HIM A COPY OF THE FINANCIALS.

* * *  I WAS NOT INVITED TO  THE CSBG AUDITORS MEETING.

* * *  ABOUT SEVEN TO TEN MINUTES AFTER 10:AM, TWO AUDITORS CAME TO MY OFFICE & ASKED

       ME TO JOIN THE MEETING & BRING WITH YOU COPIES OF THE FINANCIAL STATEMENTS AS

       SHEILA DID  NOT HAVE ENOUGH COPIES FOR EVERYONE.

* * *  I PRINTED FEW COPIES ...WENT TO THE MEETING...GAVE NUHAILATA A COPY, & THREE MORE

       TO THE OTHERS.

00131

* * *  SHE CONTINUED: NOBODY GIVES ME ANY REPORTS.

* * *  THEN YOU CALLED... "ON THE SPEAKER PHONE" & SAID: WE DO NOT GIVE COPIES TO AUDITORS

BEFORE WE LOOK AT IT & ANALYZE IT....I SAID: SHEILA ASKED ME TO GIVE THE FINANCIAL

STATEMENTS TO THE AUDITORS......

* * *  YOU ASKED US TO LOOK AT THE REPOT & MAKE THE NECESSARY CHANGES, & SAID : GLADYS

CALL DENNIS & ASK HIM TO COME TO THE TABLE & WORK WITH YOU ALL ON THE STATEMENTS.

* * *  I AGREED TO THAT, BUT SHEILA & GLADYS INSISTED THAT I HAVE TO CHANGE THE REPORT TO

LOOK THE WAY WE USED TO DO IT....I SAID: THAT PRESENTATION DOES NOT REFLECT THE

REAL FINANCIAL STATUS OF UPO OPERATIONS......THEY WERE VERY VOCAL & FORCEFUL

DEMANDING.....YOU MUST CHANGE THE STATEMENTS.....

* * *  AS OF NOW I STILL WORKING ON ALL ISSUES RELATED TO THESE FINANCIAL STATEMENTS,

I CALLED DENNIS, & MET WITH F.S.TAYLOR WHO ARE WORKING ON THE HEAD START PROGRAM

& OTHER STAFF INVOLVED WITH THE ANNUAL AUDIT TO RESOLVE  THE OUTSTANDING  ISSUES

& FINALIZE THE REPORT.  I EXPECT TO ISSUE THE FINAL DRAFT WITHIN THE NEXT TWO WEEKS.

00132

## Amin Kakeh

**From:**    GladysMack@aol.com
**Sent:**    Tuesday, March 30, 2004 8:13 AM
**To:**      Amin Kakeh
**Subject:** Re: UPO Financials

Amin:

I am still waiting for your list of audit issues and legal issues. You indicated that the issues, which you have failed to identify, are prerequisites to completing the audit. I need that list so that I can assure that someone is working on it. I reiterate that I simply need a list of those issues and once again ask that you provide it.

I received an email from you on Monday at 2:39 PM indicating that you are working on the issues with the appropriate parties. I appreciate this effort; however, I am still waiting for the list.

In the meantime, I am asking you to attend a meeting in my office at 11:00 am on Tuesday, March 30, 2004, to discuss completion of the financials. The Bank and TCBA have agreed on a timeframe for completion of the audit, and we need your full support and cooperation in that effort. Please be assured that TCBA and UPO are legally charged to assure that "the credibility of UPO's statements is not comprised and that there are no unacceptable practices."

You should assure us that you are not withholding any information that should be disclosed that has a direct bearing on the "CREDIBILITY OF THE STATEMENTS." You have a legal responsibility to disclose any such information to me and to the audit team. Your failure to come forward with any such information, and the list to which you have referred, will signal to e that you are not aware on any such information.

Let me recap my efforts to get you to give me the information to which you referred. In our discussion of Thursday, March 25, 2004, you indicated that you could not go forward with the development of the UPO financial report because there were legal and audit issues that had to be resolved first.

I asked you to give me a list of those issues by close of business on Thursday. I called you on Thursday before leaving work and requested that you give me the list. You indicated that you were still working on it and would leave the information under my door on Thursday evening. I asked you to email me the list of concerns, and to leave any documents under my door on Thursday evening.

At 1:17 am on Friday, you emailed me to say you would not be at work on Friday, and indicated that you had not completed the list of concerns and that you would complete it over the weekend

At 11:00 am on Monday, I called to ask you to provide me with the previously requested list of your legal concerns and audit concerns. You indicated that you were still working on it.
I indicated that I did not need a great deal of detail, I simply wanted a list. You indicated that you understood that and stated that you were still working on the list.

I asked you when you would be finished. You indicated that you did not know when you would be finished. I thanked you and ended the conversation.

0914

4/28/2004

## ATTACHMENT 1
## PERFORMANCE EVALUATION LIST

FOR:                    Sheila Shears
                        Chief, Institutional Service

In accordance with UPO Administrative Memorandum No. E-142 dated August 2, 1994, you must complete a Performance Evaluation Form(s) on the following employee(s) for the period from October 1, 2002 to September 30, 2003:

NAME                                    OFFICE/DIVISION/BRANCH

M. Amin Kakeh                           Controller
McLean, Nona                            Institutional

The form(s) should be signed by the rating supervisor, Division Head and the Office Director.

00145

GOVERNMENT OF THE DISTRICT OF COLUMBIA
**Office of Human Rights**

Judiciary Square Office
441 4th Street, NW Suite 570N
Washington, DC 20001
Phone: (202) 727-4559 • Fax:(202) 727-9589



Penn Branch Office
3220 Pennsylvania Avenue, SE, 1st Fl.
Washington, DC 20020
Phone: (202) 727-4559 • Fax:(202) 645-6390

**Kenneth L. Saunders**
**Director**

April 4, 2005

*Certified/Regular Mail*

Zipin & Melehy, LLC
Attn: Charles H. Henderson
c/o M. Amin Kakeh
8403 Colesville Road
Suite 610
Silver Spring, MD 20910



Reference:    *M. Amin Kakeh vs. United Planning Organization*
Docket No. 04-204-P (CN)
EEOC No. 10CA400173

Dear Mr. Kakeh:

On March 30, 2005, you voluntarily withdrew your Complaint of discrimination in the above referenced matter. Therefore, in accordance with the District of Columbia Human Rights Act of 1977 (D.C. Code, Title I, Chapter 25, et seq.), your Complaint has been closed administratively with no finding being made on the merits of the allegations.

Sincerely,

Kenneth L. Saunders
Director

cc:    Ford & Harrison
Attn: David A. Rosenberg
c/o United Planning Organization, Inc.
1300 19th Street, N.W., Suite 700
Washington, D.C. 20036

00233