# EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED AMIN KAKEH,

Plaintiff,

v.

UNITED PLANNING ORGANIZATION, INC.,

Defendant.

CIVIL ACTION NO. 1:05-CV-1271 (GK/JF)

## DEFENDANT UNITED PLANNING ORGANIZATION INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF MOHAMMED AMIN KAKEH'S FIRST, SECOND AND THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant United Planning Organization, Inc. ("UPO" or "Defendant") hereby supplements its response to Plaintiff Mohammed Amin Kakeh's ("Plaintiff's") First, Second and Third Requests for Production of Documents in accordance with Fed. R. Civ. P. 26(e).

### SUPPLEMENTAL RESPONSES TO DOCUMENT PRODUCTION REQUEST NOS. 2, 5, 19, 21, 25, 30, 39, 50 AND 51

**REQUEST NO. 2.** All documents relating to the Plaintiff's employment with you, including, but not limited to documents concerning the following: his entire personnel file; any working file maintained by a supervisor; documents related to the terms and conditions of Plaintiff's employment; an employee handbook; all documents related to his performance during the last five years; documents relating in any way to disciplinary actions, reprimands, reassignment, criticism, details, or counseling of Plaintiff; time records; leave records; documents related to Plaintiff's job duties; informal notes or write ups; all communications of any type between Plaintiff and his supervisors, including email correspondence; performance-related bonuses promised, mentioned, or received; any working file maintained by any supervisor or co-worker of Plaintiff; responses to correspondence or complaints written by the Plaintiff to management or

supervisory staff; materials related to all benefits received by Plaintiff by virtue of his employment with Defendant.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject to and without waiving the foregoing general and specific objections, UPO is producing all responsive and non-privileged documents. *See* Bates Nos. MAK 1805-2022, 2279-2923.

**REQUEST NO. 5.** All documents, created or existing within the last five years, containing any information about any policies and procedures related to termination of employees for any reason, Reductions-in-Force or the elimination of positions at Defendant.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject to and without waiving the foregoing general and specific objections, UPO is producing all responsive and non-privileged documents. *See* Bates Nos. MAK 1989-2022.

**REQUEST NO. 19.** All document related to any preparation of financial statements by the Plaintiff at any time within the last five years.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject to and without waiving the foregoing general and specific objections, UPO is producing all responsive and non-privileged documents. *See* Bates Nos. MAK 1787-1804, 4615, 4656-4729.

**REQUEST NO. 21.** All documents containing information about or relating to written or oral

complaints, formal or informal, or information received by you or your agents, officers, servants, employees, Board Members or independent contractors, at any time within the last five years, suggesting, alleging, or otherwise indicating that any person employed by the Defendant committed any act which could be construed as sex discrimination, race discrimination, age discrimination or discrimination on the basis of prior protected EEO activity, including but not limited to documents containing the following information: the name, position title, series and grade of the person who made the complaint; the identity, position and title of the perpetrator who allegedly committed the discriminatory acts; the nature, dates and substance of the alleged discriminatory acts; the nature and scope of any disciplinary action taken against the person who allegedly engaged in the discriminatory acts; the name, series, grade and rank of any management officials involved in the decision to take action against or not take action against the alleged wrongdoer and the reason why action was taken or not taken.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject to and without waiving the foregoing general and specific objections, UPO is producing all responsive and non-privileged documents. *See* Bates Nos. MAK 2023-2278.

**REQUEST NO. 25.** All documents related to communications between any agent, servant, officer, independent contractor or Board Member of Defendant and Tunde Eboda, so long as said communications concern matters alleged in the Complaint or any Amended Complaint or relate directly or indirectly to whistle-blowing allegations made by Plaintiff.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and

- 3 -

Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject to and without waiving the foregoing general and specific objections, UPO is producing all responsive and non-privileged documents. *See* Bates Nos. MAK 4616-4655, 4738.

**REQUEST NO. 30.** All documents related to communications between any agent, servant, officer or Board Member or independent contractor of Defendant and Kenneth L. Marty or any other agent, servant, independent contractor or officer of the United States Department of Health and Human Services, so long as said communications concern matters alleged in the Complaint or any Amended Complaint or relate, directly or indirectly to whistle-blowing allegations made by Plaintiff.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject to and without waiving the foregoing general and specific objections, UPO is producing all responsive and non-privileged documents. *See* Bates Nos. MAK 4739-4740.

**REQUEST NO. 39.** All documents related to any claim raised in the Complaint or any Amended Complaint or any defense or factual allegation denied which is asserted in any Answer or Amended Answer.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject to and without waiving the foregoing general and specific objections, UPO is producing all responsive and non-privileged documents. *See* Bates Nos. MAK 1724-4847, 4866-5379.

**REQUEST NO. 50.** Each policy of insurance that could reasonably be interpreted as insuring

you for all or part of the damages, attorney's fees and expenses which may be incurred in this lawsuit.

**RESPONSE:** UPO incorporates herein its preliminary statement and general objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject to and without waiving the foregoing general objections, UPO is producing all responsive and non-privileged documents. *See* Bates Nos. MAK 4848-4865.

**REQUEST NO. 51.** All documents, created or existing within the last five years, relating to any contract, agreement, arrangement or grant, formal or informal, for the provision of goods and/or services, by Defendant to or on behalf of any branch, division, or agency of the District of Columbia government, including but not limited to any documents relating to your application for the grant or formation of the agreement, contract, or arrangement; any documents relating to the performance of the agreement, contract, arrangement or grant; the provisions of goods or services under said contract, agreement, arrangement or grant; the identity of the individuals who provided goods and/or and the goods and/or services they provided; charges for expenses incurred by Defendant under said contract, agreement, arrangement or grant; expenses incurred or benefits conferred which were charged to or which related to said contract, agreement, arrangement or grant; services performed under said contract, agreement, arrangement or grant; and any time and billing or expense records related to goods provided or services rendered on said contract, agreement, arrangement or grant.

**RESPONSE:** UPO incorporates herein its preliminary statement, and general and specific objections as set forth in Defendant United Planning Organization, Inc.'s Objections and Responses to Plaintiff's First, Second and Third Requests for Production of Documents. Subject

to and without waiving the foregoing general and specific objections, UPO is producing all responsive and non-privileged documents. *See* Bates No. MAK 4741.

Dated: February 10, 2006

Respectfully submitted,

By: /s/ Alison Nadine Davis
Alison Nadine Davis
D.C. Bar No. 429700
Kevin M. Kraham
D.C. Bar No. 459077
David A. Rosenberg
D.C. Bar No. 433405

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC 20036
(202) 719-2000

Attorneys for Defendant UNITED PLANNING ORGANIZATION

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she caused a copy of the foregoing Defendant United Planning Organization, Inc.'s Supplemental Responses to Plaintiff's First, Second and Third Requests for Production of Documents to be served upon the following counsel of record via Federal Express Overnight, on February 10, 2006:

Omar V. Melehy
Andrew J. Perlmutter
Kate McFarland
ZIPIN & MELEHY LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Telephone: (301) 587-6364

/s/ Alison N. Davis
Alison N. Davis

DC:58905.1

undue interruption of the work program. All positions in the same competitive level are characterized by a similarity of duties, functions, responsibilities and pay schedules. Job titles and job descriptions are indicative, but not conclusive, in determining the composition of competitive levels. A competitive level may consist of only one job when that job is so nearly unique that it is not interchangeable with similar jobs. The principal guide to determining competitive levels in each office shall be the job classification grouping.

Thus, for purposes of the Reduction-In-Force, your competitive level is that group of jobs which fall within the job family grouping in Group VI of UPO's Office of Finance Job Family Grouping List (See Attachment A). For purposes of this Reduction-In-Force, your entrance on duty date (EOD) June 29, 1998, a date which was established by your Job Family Grouping by reason of (see reason checked below):

    __X__    Your initial dates of employment by the United Planning Organization;

    _____    Your length of creditable service as an employee based on your current employment service, plus allowance for your prior years of service resulting from your previous employment with UPO, minus any time disallowed for loss of seniority or minus any periods of temporary employment.

This action therefore is being taken based on the number of jobs available in the Office of Finance to be filled in the Office of Finance Grouping VI and your relative standing among other UPO Office of Finance employees in the Job Family Grouping, based on your allowable length of creditable service.

The Official UPO Retention Register, which is available for your inspection in the UPO Office of Human Resources during normal duty hours, documents a listing of all competing employees within your Job Family Grouping (your competitive level) in the order of their seniority as indicated by their length of allowable UPO creditable service. You are urged to examine this Retention Register so that you can ascertain the correctness of your retention standing relative to all other competing UPO Office of Executive Director employees in the order of their seniority within your Job Family Grouping.

UPO Administrative Memorandum NO. E-107, Part 6, Subsection 6.1 thru 6.6 (see Attachment B) governs all appeals from this action. You are encouraged to examine the attached appeal provisions and fully utilize same should you determine that any one or more of the enumerated grounds for appeals is applicable to you.

CONFIDENTIAL
MAK 0065



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
Administration for Children and Families, Region III

Suite 864
150 S. Independence Mall West
Philadelphia, PA 19106-3499

APR 26 2004

Mr. Russell Simmons, Board Chairperson
United Planning Organization
301 Rhode Island Avenue, N.W.
Washington, DC 20001

                      Reference: Head Start/Early Head Start

                      Grant No.: 03CH0380

Dear Mr. Simmons:

The purpose of this letter is to inform you of my decision to designate the United Planning Organization (UPO) as a high-risk grantee, effective with the date of this correspondence. A high-risk organization is one whose management practices raise serious questions about its ability to assure proper financial stewardship of grant funds. I am taking this action in accordance with 45 CFR Parts 74.20-74.28, Financial and Program Management and 45 CFR 74.50-74.53, Reports and records.

Grantees must meet all the financial management standards at 45 C.F.R. Part 74.20-74.28 and 45 C.F.R. 74.50-74.53, Reports and Records, including those related to (1) accounting records, (2) internal control, (3) budgetary control, (4) allowable costs, allocable costs, and (5) source documentation. The inability of UPO to meet the standards noted above demonstrates that financial management systems have failed to implement adequate internal controls to adequately safeguard federal funds.

Our onsite PRISM review during the week of March 15-19, 2004 revealed a complete absence of senior management and Board accountability relative to the management of and financial charges to the Head Start program. To the extent that the Director and staff of the Head Start program had authority over expenditures, this lack of accountability was not evident at the Head Start program level. Internal controls designed to manage cash drawdowns were bypassed by UPO executive management; payments to contracts were made without source documentation showing benefits accruing to the Head Start program; and indirect charges in excess of the allowable rate may have been charged to the federal grants. This latter finding was developed in the absence of any direct relationship between charges reported in the UPO general ledger and those charges reported on the SF 269's provided to the Regional Office.

CONFIDENTIAL
MAK 0178

The high-risk status and the heightened reporting requirements will remain in effect until I am assured that appropriate internal control has been established to safeguard federal funds, and systems have been implemented to prevent recurrence of this situation. You must also demonstrate that UPO has an accounting system that is certified as capable of safeguarding federal funds.

As a result of your high-risk designation this office will closely monitor your grant activities. Our staff can assist you in reviewing progress and providing information regarding Federal regulations and guidelines. In addition, the resources of the Region III Head Start Technical Assistance System are available to assist with corrective action. Please let us know if you require technical assistance in addressing these issues.

My decision to designate UPO as High Risk, effective immediately is final. However, within 30 calendar days after the date of this letter, you may submit by certified mail a written request for reconsideration. This request should state why UPO should not be classified as high-risk, and include sufficient documentation to support your position. A final decision on such a request will be made within fifteen (15) days of receipt of your request.

Meeting these additional reporting requirements does not eliminate your responsibility to resolve the findings requiring corrective action that resulted from your March 15-19, 2004 Head Start PRISM review.

I urge you to contact Burma Paige Stokes, Head Start Program Specialist, at (215) 861-4042 or Ed Wisniewski, Financial Operations Specialist, at (215) 861-4003.

Sincerely,

David J. Lett
Regional Administrator

cc: Ms. Alexis Robeson, Oversight Committee Chairperson

CONFIDENTIAL
MAK 0179



# UNITED PLANNING ORGANIZATION
DC COMMUNITY ACTION
301 Rhode Island Avenue, NW ■ Washington, DC 20001-1826

May 18, 2004

Dr. Tunde Eboda
Program Manager
Department of Human Services
2700 Martin Luther King Avenue, S.E.
801 East Building, Room 1906
Washington, D.C. 20032

Dear Dr. Eboda:

At a Board meeting on May 12, 2004, the Board of Trustees of the United Planning Organization voted unanimously to request your assistance in facilitating an Inspector General's review. As you know, the Board has developed an aggressive corrective action plan to address the issues that were identified by your review, the Head Start review and our public accounting firm. We are investigating all available remedies to address these issues.

However, we believe that an independent review by an outside agency is necessary to assure that any and all unresolved issues receive a thorough examination and proper disposition. We believe this will greatly facilitate our ability to continue our service to low-income communities and customers in the District of Columbia while securing appropriate redress.

As you are aware, UPO receives funds from both state and federal sources and a large percentage of our funding originates from the federal Department of Health and Human Services (DHHS). Accordingly, we believe it would be helpful for you to consult with DHHS as you decide how to move forward. We will do everything in our power to expedite a review.

We look forward to your response. If you require additional information, please contact Dana M. Jones, Interim Executive Director at 202-238-4692.

Sincerely,

F. Alexis H. Roberson, Chairperson
Ad Hoc Management Committee

CONFIDENTIAL
MAK 4738