# Exhibit 7

ORIGINAL
...
---

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - X

MOHAMMED AMIN KAKEH,         :

        Plaintiff,  :

  v.                         :

UNITED PLANNING ORGANIZATION, :

INC.,                        :

        Defendant.   :

- - - - - - - - - - X

        Silver Spring, Maryland

        Monday, June 19, 2006

Deposition of:

        MONICA BECKHAM, ESQUIRE,

a witness herein, called for examination by Counsel for the Plaintiff in the above-entitled matter, pursuant to notice, taken at Melehy & Associates, 8403 Colesville Road, Suite 610, Silver Spring, Maryland, beginning at 10:10 a.m., before Joan D. Carino, a court reporter and notary public in and for the State of Maryland.


Precise Reporting Services
(301) 210-5092
Serving MD, D.C. & VA

DEPOSITION OF MONICA BECKHAM, ESQUIRE
Conducted on June 19, 2006

128

1  Q. I'm almost finished, Ms. Beckham. Let me
2  just go through an outline I have here.
3      Do you remember the staff being told that
4  the finance department would be outsourced in 2004, an
5  agency wide announcement, that is?
6  A. I remember there was discussion with staff
7  that that was a possibility.
8  Q. With the entire staff or just some staafaaf?
9  A. That would be with the finance department is
10 what I recall. That's not to say that there might
11 have been other meetings but the one that I recall is
12 one in which members of the finance department were
13 informed that there was discussion being held about
14 the possibility of outsourcing.
15 Q. Okay, just give me a couple of minutes to
16 see if I have anything more.
17     (Brief recess.)
18     MR. MELEHY: One of the difficulties we have
19 here is we have objections based on attorney-client
20 privilege which you're naturally asserting but I'm not
21 sure if I have asked every conceivable question that I

can have because of the fact that the objection is there. To limit the scope of the deposition can we stipulate as to the areas where I would like to inquire and that there is an attorney client privilege being asserted?

MS. DAVIS: You want to go through the areas and --

MR. MELEHY: To some degree, I'm not sure I can hit everything.

MS. DAVIS: You want to identify the areas and see if I have an objection to it?

MR. MELEHY: That is a possibility. For one thing I want to know about every single discussion she had with any agency employee whatsoever about the reasons for the RIF, Kakeh's termination and that sort of thing. I'm assuming you're objecting to that?

MS. DAVIS: Well, since I don't believe there are any discussions beyond people in management, then I would be objecting, so that if there was a conversation with a staff person I wouldn't be objecting, but it's my understanding there were only

130

1  discussions with management. So if you want to ask
2  the witness if she had conversations with anybody
3  beyond management, go ahead.
4          MR. MELEHY: Okay. And was she also
5  representing the agency with respect to the
6  investigations?
7          MS. DAVIS: Which investigations?
8          MR. MELEHY: The CSBG review, the Head Start
9  review, the investigation by the Inspector General of
10 the various agencies.
11         MS. DAVIS: What do you mean by
12 representing.
13         MR. MELEHY: Was there an attorney-client
14 relationship?
15         MS. DAVIS: With the --
16         MR. MELEHY: With the managers.
17         MS. DAVIS: Now I understand.
18         MR. MELEHY: When all of these regulatory
19 people came in was she acting in the capacity of
20 counsel for the agency?
21         MS. DAVIS: Yes.

Case 1:05-cv-01271-GK   Document 78-8   Filed 02/27/2007   Page 6 of 8
DEPOSITION OF MONICA BECKHAM, ESQUIRE
Conducted on June 19, 2006

131

1          MR. MELEHY:  In other words those
2    communications she had with management on those issues
3    you're asserting a privilege as well.
4          MS. DAVIS:  Yes.
5          MR. MELEHY:  And I would want to inquire
6    into those areas, potentially.  I mean, I would have
7    to see what is waived and what is not here.  I'm going
8    to want to know about basically the reasons why the
9    agency, the first point in time when the agency
10   decided it was going to terminate Mr. Kakeh or do a
11   RIF and all of that.
12         MS. DAVIS:  You have noticed a 30(b)(6) and
13   we are going to produce somebody who is going to
14   testify as to the termination and the
15   Reduction-In-Force.
16         MR. MELEHY:  I still want it from this
17   witness as well.  I have gotten a lot of different
18   versions of what happened and I do want it from this
19   witness independently.
20         MS. DAVIS:  You may want it but if it's
21   subject to attorney-client privilege, --

DEPOSITION OF MONICA BECKHAM, ESQUIRE
Conducted on June 19, 2006

132

1	MR. MELEHY:  I understand you're objecting
2	and I think I'm legitimately taking the position that
3	the privilege has been waived at least as to some of
4	the things I have talked about, maybe not all, but I
5	have to investigate to determine that.
6	     Any and all communications about Mr. Kakeh's
7	job performance and I would want to ask her about
8	prior RIF's that she's done and how those went down
9	and things like that.
10	     Would you be objecting to those on the
11	attorney-client privilege basis as well?
12	     MS. DAVIS:  I would have to discuss with my
13	client, you know, what the scope of her response could
14	be.  I don't know in what capacity she was acting in
15	previous RIF's, if she was acting as counsel or as HR.
16	     MR. MELEHY:  Do you want to talk to her and
17	I'll step out of the room while you talk to her?
18	     (Brief recess.)
19	     MR. MELEHY:  What's the verdict?
20	     MS. DAVIS:  The verdict is I'll be objecting
21	on attorney-client privilege and attorney work-product

PRECISE REPORTING SERVICES
(301) 210-5092 (877) 4 A STENO

DEPOSITION OF MONICA BECKHAM, ESQUIRE
Conducted on June 19, 2006

133

1   to these two areas with regard to the RIF.  The role,
2   as she testified today, was the same in prior RIF's as
3   it was with this one, that HR prepared the RIF notices
4   and did all the job groupings, so we still have the
5   same objection.
6           BY MR. MELEHY:
7       Q.  I want to review a couple of these
8   exhibits.  I'm going to ask you with respect to
9   Exhibit 4 to use the highlighter to identify what
10  portions of that you inserted, authored or otherwise
11  provided.
12      A.  (Witness complies.).
13      Q.  Is that all, just that one paragraph?  That
14  is Mr. Kakeh's RIF letter.
15      A.  That's all I can recall at this time.  I
16  mean, if there were mistakes, I wouldn't remember that
17  other than minor corrections.
18      Q.  Okay, let me ask you a few questions about
19  this.  You have in front of you Beckham No. 4, which
20  is the June 2nd, 2004 letter to Mr. Kakeh giving him
21  notice that he is being let go.