## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

        *Plaintiff,*

    v.

United Planning Organization, Inc.,

        *Defendant.*

Civil Action No. 05-1271 (GK/JMF)

Next Scheduled Event:
Pretrial Conference
June 13, 2007 at 4:15 p.m.

## JOINT PRETRIAL STATEMENT

1.    **Parties and Counsel.**

    Plaintiff:    Mohammed Amin Kakeh

    Counsel:    Omar Vincent Melehy
                Andrew J. Perlmutter
                Melehy & Associates LLC
                8403 Colesville Road, Suite 610
                Silver Spring, MD 20910
                301-587-6364

    Defendant:    United Planning Organization, Inc.

    Counsel:    Alison N. Davis
                Kevin M. Kraham
                David A. Rosenberg
                Ford & Harrison LLP
                1300 19th Street, N.W., Suite 700
                Washington, D.C. 20036
                202-719-2000

2.    **Nature of the Case**.

This case involves a claim by Mohammed Amin Kakeh ("Kakeh") that his termination

from the employ of United Planning Organization, Inc. ("UPO"), effective June 30, 2004, was

unlawful and in violation of his rights under several federal and District of Columbia statutes and/or under the common law.

This Court has jurisdiction over Kakeh's claims pursuant to 28 U.S.C. §§ 1331 and 1332.

### 3.    Claims and/or Defenses.

**Claims:**  Kakeh has five counts against UPO: (1) unlawful termination in retaliation for protected whistleblower activity in violation of the District of Columbia Employees of District Contractors and Instrumentality Whistleblower Protection Act of 1998, D.C. Code §2-223.01 *et seq.*; (2) unlawful termination in retaliation for protected activity in violation of the federal False Claims Act, 31 U.S.C. § 3730(h); (3) unlawful termination in retaliation for protected activity in violation of the District of Columbia False Claims Act, D.C. Code §2-308.16 (4) unlawful termination in retaliation for protected EEO activity in violation of the District of Columbia Human Rights Act, D.C. Code §2-1402.01 *et seq.*; and (5) unlawful wrongful discharge in violation of the common law of the District of Columbia.

**Defenses:**   UPO had a legitimate, nonretaliatory reason for terminating Kakeh's employment – the outsourcing of the management of the Finance Office to facilitate the turnaround of the Office to address concerns which UPO's federal and local funding agencies had raised.  Further, as to each Count, Defendant's defenses are as follows.

Count I (Violation of the District of Columbia Employees of District Contractors and Instrumentality Whistleblower Protection Act) – Kakeh did not engage in protected activity. Even if he could prove that he had engaged in protected activity, Kakeh cannot prove by a preponderance of the evidence that the Interim Executive Director and the Board of Trustees,

who decided to outsource the management of the Finance Office, were aware of his alleged protected activity. Without that knowledge, Kakeh cannot prove a causal relationship between the elimination of his position as part of the reduction-in-force and his alleged protected activity.

Count II (Wrongful Discharge) – Kakeh cannot prove by a preponderance of the evidence that UPO's decision to eliminate his position as part of the reduction-in-force violated a public policy, statute or regulation for which he does not have an adequate remedy.

Count III (Retaliation Under the District of Columbia Human Rights Act) – UPO had a legitimate, nonretaliatory business reason for terminating Kakeh's employment – a reduction-in-force in conjunction with a quality improvement plan which the federal and District of Columbia agencies approved.

Count IV (Violation of the District of Columbia False Claims Act) – Kakeh did not engage in protected activity. Even if he could prove that he had engaged in protected activity, Kakeh cannot prove by a preponderance of the evidence that the Interim Executive Director and the Board of Trustees, who decided to outsource the management of the Finance Office, were aware of his alleged protected activity. Without that knowledge, Kakeh cannot prove a causal relationship between UPO's decision to terminate his employment in conjunction with the reduction-in-force and his alleged protected activity.

Count V (Violation of the Federal False Claims Act) – Kakeh did not engage in protected activity. Even if he could prove that he had engaged in protected activity, Kakeh cannot prove by a preponderance of the evidence that the Interim Executive Director and the Board of Trustees, who decided to outsource the management of the Finance Office, were aware of his

alleged protected activity.  Without that knowledge, Kakeh cannot prove a causal relationship between UPO's decision to terminate his employment in conjunction with the reduction-in-force and his alleged protected activity.

Damages – Based upon the doctrine of after-acquired evidence, if Kakeh prevails on any of his claims, his damages should be limited to the time period measured from the date UPO eliminated his position as part of the reduction-in-force until the date that UPO discovered he had purloined confidential information.  Neither reinstatement nor front pay should be awarded to Kakeh.

Punitive Damages – Kakeh cannot prove UPO acted with malice or reckless indifference when it decided to eliminate his position pursuant to the reduction-in-force.

### 4.     Undisputed Issues/Stipulations.

1.     UPO has contracts with the District of Columbia to supply services.

2.     UPO hired Mohammed Amin Kakeh as its Controller on June 29, 1998.

3.     Benjamin Jennings was suspended as UPO's Executive Director on or about March 11, 2004.

4.     Sheila Shears' last day of employment was June 30, 2004.

*      *      *

In addition, Defendant proposes the following stipulations.

1.     UPO hired Davidson Quashie on September 23, 1974.

2.     UPO hired Sheila Shears as the Chief Finance Officer on April 1, 2003.

3.     Sheila Shears resigned on March 11, 2004.

4.    Kakeh filed his complaint of discrimination with the District of Columbia Office of Human Rights on March 31, 2004.

5.    On March 11, 2004, Tunde Eboda and Ricardo Lyles met with UPO's Board of Trustees regarding the preliminary findings of the District of Columbia Department of Human Services' monitoring review.

6.    The federal Department of Health and Human Services informed UPO that it was on high-risk grantee status.

7.    On April 5, 2004, UPO's Board of Trustees voted to hire Dana Jones as the Interim Executive Director.

8.    As of June 1, 2004, UPO outsourced the management of the Finance Office to Walker & Company LLP.

9.    UPO eliminated Kakeh's position in the Finance Office effective June 30, 2004.

10.    On June 30, 2004, Kakeh was earning $87,550.

11.    UPO eliminated Nona McLean's position of Facilities/IS Manager in the Finance Office effective June 30, 2004.

12.    Equal Justice Works hired Kakeh as Comptroller on May 23, 2005.

13.    One June 2, 2004, UPO issued to Davidson Quashie a letter which informed him that his position as Acting Deputy Controller in the Finance Office was eliminated effective June 30, 2004.

14.    On June 9, 2004, UPO issued to William Isaac a letter which informed him that his position as Sr. External Auditor in the Finance Office was eliminated effective June 30, 2004.

5.    **Witness Schedule.**

**For Plaintiff**: Witnesses are as follows.  Unless otherwise indicated, all are believed to be employees of UPO, located at UPO's place of business and accessible at UPO's telephone number.  Witnesses will testify to the matters set forth immediately after their name for the time period indicated:

1.    **Mohammad Amin Kakeh**, 7058 Leewood Forest Dr., Springfield, VA 22151, (703) 349-1825.  He will testify about all material issues in the case, including his whistleblowing activities, the circumstances that lead to his termination and the damages he suffered as a result of his termination.

      Time estimate for direct examination: one full day.

2.    **Dana M. Jones.**  He is the Chief Executive Officer of the Defendant.  He will testify as to his involvement in the various investigations of the Defendant's financial improprieties, his knowledge of the Plaintiff's involvement in those investigations and his knowledge that Plaintiff provided information to various public agencies regarding fraud, waste and abuse at the Defendant.  He will also testify as to the reasons for his decision to terminate the Plaintiff's employment.

      Time estimate for direct or cross-examination by Plaintiff: four hours.

3.    **Gladys W. Mack.**  She was the Chief Operating Officer of the Defendant at the time of Plaintiff's termination.  She will testify as to her involvement in the various investigations of Defendant's financial improprieties, her knowledge of financial improprieties at Defendant and her knowledge that Plaintiff provided information to various public agencies regarding fraud, waste and abuse at the Defendant, including the financial review of Defendant conducted by Tunde Eboda of the D.C. Department of Human Resources.  Mack will also testify about the fact that Plaintiff prepared financial statements showing a deficit at UPO that she did not agree with, that she ordered Plaintiff to change them and he refused, that Plaintiff disclosed those financial statements to third party investigators, that Plaintiff was not authorized to do so in her opinion and that she wanted Tunde Eboda to speak with Shears, not Plaintiff.  Mack will further testify about her knowledge of Plaintiff's discrimination complaint, the reasons for Plaintiff's termination and her knowledge of the process that led to it.

Time estimate for direct or cross-examination by Plaintiff: three hours.

4.   **Monica Scott Beckham, Esq**. Monica Scott Beckham is the general counsel of the Defendant. Beckham will testify about her meetings with Tunde Eboda, her involvement in the investigation of financial improprieties at Defendant by public agencies, her knowledge of whether Plaintiff provided financial information to those agencies, her discussions with Tunde Eboda about the boat purchased by Defendant. Beckham will also testify about the reduction in force policies and procedures at the Defendant, the reasons for Defendant's decision to eliminate Plaintiff's position, the Defendant's outplacement policy, her drafting of the reduction in force letters, the persons who were subject to the reduction in force, the person or persons who made the decision to group Plaintiff in the same family grouping as David Quashie, the acting Deputy Comptroller and the reasons for that decision and whether or not Mack or Shears considered Plaintiff insubordinate for refusing to change a financial statement. Beckham will also testify about her knowledge of and involvement in changing the portion of Tunde Eboda's December 1, 2004 report which expresses the opinion that Plaintiff was the victim of a retaliatory termination by Defendant for his participation in the investigation by Eboda and the Department of Human Resources.

Time estimate for direct or cross-examination by Plaintiff: three hours.

5.   **F. Alexis H. Roberson**. Roberson was Chairman of Defendant's Board at the time of Plaintiff's termination. Roberson will testify on the following matters: that the Board of Defendant owes a fiduciary duty to Defendant's grantor agencies, that it was Plaintiff's responsibility as comptroller to ensure that there were no financial improprieties at the Defendant, that she believed that Sheila Shears was a consultant, that Plaintiff showed her a financial statement showing a deficit at Defendant and the circumstances of the Plaintiff's removal from Defendant.

Time estimate for direct or cross-examination by Plaintiff: two hours.

6.   **Sheila Shears,** 13108 Cabinwood Drive, Silvers Spring, MD 20904, (301) 384-4855. Shears was the Defendant's Chief Financial Officer at the time of Plaintiff's termination. She will testify as to the following: the fact that she was Plaintiff's supervisor, her involvement in the various investigations of Defendants' financial improprieties, her knowledge of financial improprieties at Defendant and the deficit and her knowledge that Plaintiff provided information to various public agencies regarding fraud, waste and abuse at the Defendant, including the financial review of Defendant conducted by Tunde Eboda of the

D.C. Department of Human Resources, Plaintiff's preparation of financial statements showing a deficit at UPO that she did not agree with, that Mack ordered Plaintiff to change them and he refused, that Plaintiff disclosed those financial statements to third party investigators, that Plaintiff was not authorized to do so in her opinion, the reasons for Plaintiff's termination, her desire to terminate Plaintiff, her recommendation that Plaintiff be terminated and her knowledge of the process that led to it and the persons that were involved in it, and the fact that Shear destroyed her notes of meetings with public agency investigators.

Time estimate by direct or cross-examination by Plaintiff: four hours.

7.    **Robert L. Richardson**, 2425 17th Street SE, Washington, DC 20020, (202) 678-6358.  He is expected to testify about the alleged reduction in force, the reasons for Plaintiff's removal from Defendant, the policies and procedures that govern reductions in force, the reasons why Plaintiff was placed in family grouping IV along with David Quashie and any other issues related to the decision to remove Plaintiff and retain other persons subject to the reduction in force.

Time estimate for direct or cross-examination by Plaintiff: two hours.

8.    **Doris Stashenko.**    She was manager of the Evaluation and Monitoring Unit at the Defendant.  She was responsible for working on the Community Services Block Grant ("CSBG") program as well as Head Start.  She will testify about the following: her knowledge of Plaintiff's contacts with Tunde Eboda about financial improprieties at Defendant, the unusual nature of the Department of Human Resources' fiscal audit of Defendant, management's use of the fishing boat purchased with Defendant's funds, and the fact that none of Defendant's managers mentioned that a reduction in force had occurred at Defendant.

Time estimate for direct examination by Plaintiff: one hour.

9.    **Roy G. Layne**, 4200 Wisconsin Ave. NW, Suite 300, Washington, DC 20016, (202) 363-9300.  He is a partner of Walker & Company, a contractor of the Defendant.  He will testify as to the following: that his company made a contractual proposal to take over the entire Finance Office with employees of Walker & Company, that between May 19 and June 1, 2004, Roy Laye had a meeting with Dana Jones and Gladys Mack at which time Mack and Jones stated that Plaintiff would be terminated and that they wished to have David Quashie occupy the position of Accounting Director, that Walker & Company did not make any recommendations to Defendant, about which employees in the Office of Finance to retain or not retain, and that sometime between December 2004 and

March 2005, Layne recommended to Jones and Mack that certain employees in the Office of Finance be terminated for poor performance, but Jones and Mack never took any action on the recommendation.

Time estimate for direct or cross-examination by Plaintiff: three hours.

10.     **Tunde Eboda,** Ph.D., 64 New York Ave. NE, Washington, DC 20002, (202) 671-4200.   He will testify about the following: Plaintiff's disclosures to him of fraud, waste and abuse by Defendant, Defendant's knowledge that Plaintiff disclosed fraud, waste and abuse to Eboda and other public officials and public bodies, the actions of Defendant that indicate that it knew that Plaintiff had made disclosures of fraud, waste and abuse to Eboda and other public officials, the circumstances of Edoda's investigation of fraud, waste and abuse at Defendant, the findings made by the Department of Human Services regarding fraud, waste and abuse by the Defendant, the contents of reports prepared by Eboda concerning his investigation, Plaintiff's character, his conversations with Dana Jones about Dana Jones's thoughts about terminating Plaintiff, and Jones's proposal to hire the outside accounting firm of F.S. Taylor to run the Finance Office.

Time estimate for direct examination by the Plaintiff: four hours.

11.     **William Isaac**, 422 Lincoln Avenue, Takoma Park, MD 20912, (301) 270-3522. He was the Grants Manager at Defendant at the time of the Plaintiff's termination. He will testify as to the following: that he was unaware prior to receiving his letter, that a reduction in force would take place at Defendant, that Jennings threatened to outsource the Finance Department many times but did not mean it, Nona McLean was not in the Finance Department, that McLean was terminated because of her romantic relationship with Jennings, that it was common knowledge that Plaintiff contacted Tunde Eboda about financial improprieties at Defendant, that Shears and Mack had animosity toward Plaintiff and expressed it.

Time estimate for direct examination by Plaintiff: one hour.

12.     **Shirley G. Fisher**.  She will testify that the manner in which the alleged reduction in force occurred did not make sense to her because there were only two people terminated and one of them was the controller.

Time estimate for direct examination by Plaintiff: thirty minutes.

13.     **Davidson S. Quashie**.     Quashie is currently the Accounting Director at Defendant. Quashie will testify about the following: his employment at Defendant, the alleged reduction in force, his reassignment to the position of

Accounting Director, his position prior to the reduction in force, his job duties as acting Accounting Director and his job duties as acting Deputy Comptroller.

Time estimate for direct examination by the Plaintiff: one hour.

14.     **Stuart Moore**, 8550 Lee Highway, Suite 300, Fairfax, VA 22031, (703) 207-2800.  He will provide fact and expert testimony regarding therapy sessions he had with Plaintiff and he will provide his assessment of the manner and extent to which Plaintiff was affected emotionally and psychologically by the Defendant's actions.

Time estimate for direct examination by the Plaintiff: two hours.

15.     **Richard Edelman, Ph.D**, 8515 Whittier Blvd. Bethesda, MD 20817, (301) 469-9575.  He will provide expert testimony on the economic losses suffered by the Plaintiff as a result of his separation from Defendant's employ.

Time estimate for direct examination by the Plaintiff: one hour.

16.     **Lanning "Lenny" Moldauer, Ph.D**, 5619 33rd Street NW, Washington, DC 20015, (202) 244-5293.  He will provide fact and expert testimony regarding the manner and extent to which Plaintiff was affected emotionally and psychologically by the actions of the Defendant.

Time estimate for direct examination by the Plaintiff: one hour.

17.     **Thomas Goldman, M.D.**, 4120 Linnean Ave. NW, Washington, DC 20008, (202) 244-7142.  He will provide expert testimony about the manner and extent of any psychological injuries suffered by the Plaintiff as a result of the actions of the Defendant.

Time estimate for direct examination by the Plaintiff: three hours.

18.     **Toni M. L. Kakeh**, 7058 Leewood Forest Dr., Springfield, VA 22151, (703) 349-1825.  She will provide testimony related to the manner and extent to which Plaintiff suffered emotionally and psychologically as a result of the actions of the Defendant.

Time estimate for direct examination by Plaintiff: two hours.

19.     **Nabeelah Kakeh**, 7058 Leewood Forest Drive, Springfield, VA 22151, (703) 349-1825.  She will provide testimony related to the manner and extent to which

Plaintiff suffered emotionally and psychologically as a result of the actions of the Defendant.

Time estimate for direct or cross-examination by Plaintiff: three hours.

20.    **Aminah Kakeh**, 7058 Leewood Forest Drive, Springfield, VA 22151, (703) 349-1825. She is the Plaintiff's eldest daughter. She will provide testimony related to the manner and extent to which Plaintiff suffered emotionally and psychologically as a result of the actions of the Defendant.

Time estimate for direct or cross-examination by Plaintiff: three hours.

**For Defendant:** Defendant's witnesses are set forth below. Telephone numbers are included in Plaintiff's designation of witnesses. Where telephone numbers are not provided, witnesses may be contacted by telephone through Defendant's counsel. Defendant anticipates that 16 hours will be required for direct examination of its witnesses. Further, subject to objections, Defendant may call to testify any witness on Plaintiff's witness list and rebuttal witnesses.

| Last Name | First Name | Employer | Street Address | City, State | Zip Code | Description of Testimony |
|-----------|------------|----------|----------------|-------------|----------|--------------------------|
| Allen | S. Kathryn | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 22151 | Ms. Allen is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office, and Mr. Kakeh's allegation that he was a whistleblower. |

| Last Name | First Name | Employer | Street Address | City, State | Zip Code | Description of Testimony |
|---|---|---|---|---|---|---|
| Bazilio | Ralph | Thompson, Cobb, Bazilio & Associates, P.C. | 1101 15th Street, N.W., Suite 400 | Washington, DC | 20005 | Mr. Bazilio is expected to testify regarding Mr. Kakeh's allegations that he was a whistleblower, refused to comply with an illegal order and was cooperating in an investigation of false claims. |
| Beckham | Monica | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Beckham is expected to testify regarding Mr. Kakeh's allegation that UPO's decision to eliminate his position as Controller was caused by his engagement in protected activity. |
| Bennett, II | William H. | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Rev. Bennett is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |

| Last Name | First Name | Employer | Street Address | City, State | Zip Code | Description of Testimony |
|---|---|---|---|---|---|---|
| Brown | Dorothy M. | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Brown is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Caldwell | Carol | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Caldwell is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Diaz | Raphael | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Judge Diaz is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |

| Last Name | First Name | Employer | Street Address | City, State | Zip Code | Description of Testimony |
|---|---|---|---|---|---|---|
| Eboda | Tunde | D.C. Department of Human Services | 2146 24th Place, N.E. | Washington, DC | 20018 | Mr. Eboda is expected to testify regarding the DC Department of Human Services' monitoring review and Mr. Kakeh's allegations that UPO knew that he was a whistleblower. |
| Eichhorn | Janice | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Eichhorn is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Ellerbe | Ruth | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Ellerbe is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Gilchrist | Yvonne | D.C. Department of Human Services | 2146 24th Place, N.E. | Washington, DC | 20018 | Ms. Gilchrist is expected to testify regarding the DC Department of Human Services' monitoring review. |

| Last Name | First Name | Employer | Street Address | City, State | Zip Code | Description of Testimony |
|---|---|---|---|---|---|---|
| Greene | Henry | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Judge Greene is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Howard | Nathaniel | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Mr. Howard is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Howard, Jr. | Clyde E. | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Mr. Howard is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Hughey | William | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Mr. Hughey is expected to testify regarding UPO having a legitimate business reason for outsourcing the management of the Finance Office. |

| Last Name | First Name | Employer | Street Address | City, State | Zip Code | Description of Testimony |
|---|---|---|---|---|---|---|
| Johnson | Doris V. | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Johnson is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Jones | Dana | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Mr. Jones is expected to testify regarding Mr. Kakeh's allegation that UPO's decision to outsource the management of the Finance Office was in retaliation for Mr. Kakeh engaging in protected activity. |
| Kakeh | Nabeelah | United Planning Organization | 7058 Leewood Forest Dr. | Springfield, VA | 20001 | Miss Kakeh is expected to testify regarding Mr. Kakeh's claim for compensatory damages. |
| Kelly | Brenda | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Kelly is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |

| Last Name | First Name | Employer | Street Address | City, State | Zip Code | Description of Testimony |
|---|---|---|---|---|---|---|
| Key | Carrolena | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Key is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Layne | Roy | Walker & Company | 4200 Wisconsin Avenue, N.W., Suite 300 | Washington, DC | 20016 | Mr. Layne is expected to testify regarding Mr. Kakeh's allegation that UPO's decision to eliminate his Controller position was a retaliatory act. |
| Locus | Rachel | F.S. Taylor & Associates | 927 15th Street, N.W., Suite 200 | Washington, DC | 20005 | Ms. Locus is expected to testify regarding Mr. Kakeh's allegation that he was directed to engage in an illegal act. |
| Lyles | Ricardo | D.C. Department of Human Services | 2146 24th Place, N.E. | Washington, DC | 20018 | Mr. Lyles is expected to testify regarding the DC Department of Human Services' monitoring review. |

| Last Name | First Name | Employer | Street Address | City, State | Zip Code | Description of Testimony |
|---|---|---|---|---|---|---|
| Mack | Gladys | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Mack is expected to testify regarding Mr. Kakeh's allegation that she directed him to commit an illegal act and that UPO's decision to eliminate his Controller position was a retaliatory act. |
| Marty | Kenneth | U.S. Department of Health & Human Services - Office of Inspector General | One Massachusetts Avenue, N.W. | Washington, DC | 20001 | Mr. Marty is expected to testify regarding the Inspector Generals' investigation. |
| Ramprashad | Dennis | Thompson, Cobb, Bazilio & Associates, P.C. | 1101 15th Street, N.W., Suite 400 | Washington, DC | 20005 | Mr. Ramprashad is expected to testify regarding Mr. Kakeh's allegations that he was a whistleblower, refused to comply with an illegal order and was cooperating in an investigation of false claims. |

| Last Name | First Name | Employer | Street Address | City, State | Zip Code | Description of Testimony |
|---|---|---|---|---|---|---|
| Roberson | F. Alexis | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Roberson is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Shears | Sheila | | 13108 Cabinwood Drive | Silver Spring, MD | 20904 | Ms. Shears is expected to testify regarding her employment with UPO and the operations of the Finance Office. |
| Simmons | Russell | | 1829 Upshur Street, N.E. | Washington, DC | 20018 | Mr. Simmons is expected to testify regarding UPO's legitimate business reason for eliminating the management positions in the Finance Office. |
| Wagner | Annice | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Judge Wagner is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |

| Last Name | First Name | Employer | Street Address | City, State | Zip Code | Description of Testimony |
|---|---|---|---|---|---|---|
| Walker | Ronald P. | Walker & Company LLP | 4200 Wisconsin Avenue, N.W., Suite 300 | Washington, DC | 20016 | Mr. Walker is expected to testify regarding Mr. Kakeh's allegation that UPO's decision to eliminate his Controller position was a retaliatory act. |
| Ward | Emma | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Ward is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Winter | Daria | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Winter is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |
| Worthington | Elva | United Planning Organization | 301 Rhode Island Avenue, N.W. | Washington, DC | 20001 | Ms. Worthington is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower. |

| Last Name | First Name | Employer | Street Address | City, State | Zip Code | Description of Testimony |
|---|---|---|---|---|---|---|
| York | Magi | Mid-Iowa Community Action Agency - National Services Division | 1001 S. 18th Avenue | Marshalltown, IA | 50158 | Ms. York is expected to testify regarding the DC Department of Human Services' monitoring review. |
| *Henderson, MD | John | | 304 East Pennsylvania Avenue | Towson, MD | 21286 | Dr. Henderson is expected to testify regarding Mr. Kakeh's alleged emotional distress damages. |

6.    **Exhibit List.**

**For Plaintiff:** *See* attached exhibit list.

**For Defendant:** *See* attached exhibit list.

7.    **Deposition Testimony.**

Dana Jones Dep.:

Page/Line: p. 13, Lines 4-15; p. 14, Lines 19-21; p. 15, Lines 1-2; p. 16, Lines 13-15; p. 17, Lines 2-4; p. 18, Lines 4-21; p. 19, Lines 1-7; p. 21, Lines 5-8; p. 26, Lines 19-21; p. 27, Lines 1-6; p. 29, Lines 8-21; p. 30, Lines 1-2; p. 37, Lines 2-7; p. 37, Lines 16-21; p. 38, Lines 7-19; p. 39, Lines 4-21; p. 40, Lines 1-2; 10-21; p. 41, Lines 1-2; p. 44, Lines 6-19; p. 47, Lines 4-16; p. 48, Lines 8-18; p. 49, Lines 6-20; p. 50, Lines 20-21; p. 51, Lines 1-4; p. 53, Lines 7-21; p. 54, Lines 1-3; p. 61, Lines 10-14; p. 65, Lines 11-15; p. 67, Lines 9-21; p. 68, Lines 1-21; p. 69, Lines 1-21; p. 70, Lines 1-21; p. 71, Lines 1-21; p. 73, Lines 6-21; p. 74, Lines 1-7, 14-16; p. 79, Lines 3-11; p. 82, Lines 8-20; p. 85, Lines 5-21; p. 86, Lines 1-21; p. 87, Lines 1-13; p. 95, Lines 7-13; p. 97, Lines 1-5; p. 103, Lines 2-10; p. 107, Lines 10-21; p. 108, Lines 1-12; p. 114, Lines 4-6;

p. 116, Lines 1-21; p. 119, Lines 12-19; p. 120, Lines 3-16; p. 121, Lines 4-17; p. 124, Lines 13-18; p. 125, Line 21; p. 126, Lines 1-12, 19-21; p. 127, Lines 1-21; p. 128, Lines 1-4; p. 131, Lines 5-8, 14-21.

Corporate Designee Dep.:      Page/Line: p. 5, Lines 14-19; p. 17, Lines 2-6; p. 19, Lines 4-21; p. 20, Lines 1-8; p. 31, Lines 15-21; p. 32, Lines 14-21; p. 33, Lines 1-8; p. 37, Lines 7-11, 12-21; p. 38, Lines 1-7.

Gladys Mack Dep.:      Page/Line: p. 10, Lines 4-7; p. 13, Lines 6-21; p. 14, Lines 8-14; p. 17, Lines 17-19; p. 21, Lines 12-15; p. 26, Lines 5-7; p. 37, Lines 19-21; p. 38, Lines 1-5; p. 39, Lines 4-21; p. 40, Lines 1-21; p. 42, Lines 14-18; p. 59, Lines 14-21; p. 61, Lines 7-12; p. 63, Lines 20-21; p. 64, Lines 1-8; p. 74, Lines 18-21; p. 75, Lines 1-6; p. 76, Lines 13-18; p. 78, Lines 6-14; p. 80, Lines 16-20; p. 85, Lines 15-18; p. 89, Lines 8-10; p. 90, Lines 9-19; p. 91, Line 21; p. 92, Lines 1-14; p. 98, Lines 5-18; p. 100, Lines 8-21; p. 101, Lines 1-7, 19-21; p. 102, Lines 1-6; p. 104, Lines 12-21; p. 105, Lines 7-21; p. 106, Lines 1-6, 9-11; p. 107, Lines 18-21; Lines 1-15; p. 110, Lines 6-21; p. 111, Lines 1-12; p. 113, Lines 11-21; p. 115, Lines 14-21; p. 116, Lines 13-21; p. 117, Lines 1-3; p. 121, Lines 18-21; p. 122, Lines 1-8; p. 140, Lines 7-21; p. 141, Lines 1-21; p. 142, Lines 1-8.

Alexis Roberson Dep.:      Page/Line: p. 11, Lines 15-21; p. 12, Lines 1-21; p. 13, Lines 1-7; p. 20, Lines 7-16; p. 21, Lines 5-10; p. 26, Lines 4-21; p. 27, Lines 1-21; p. 28, Lines 1-19; p. 29, Lines 10-21; p. 34, Lines 4-15; p. 37, Lines 1-15.

Sheila Shears Dep.:      Page/Line: p. 32, Lines 10-13; p. 35, Lines 5-9; p. 39, Lines 14-16; p. 40, Lines 1-11; p. 41, Lines 10-22; p. 42, Lines; p. 45, Lines 7-19; p. 46, Lines 1-18; p. 51, Lines 9-21; p. 52, Lines 1-11; p. 55, Lines 12-20; p. 69, Lines 12-21; p. 70, Lines 1-21; p. 71, Lines 1-2; p. 72, Lines 15-21; p. 76, Lines 19-21; p. 82, Lines 11-17, 20-21; p. 83, Lines 1-8; p. 92,

Lines 7-10; p. 93, Lines 5-13, 16-21; p. 94, Lines 1-
19; p. 95, Lines 10-21; p. 96, Lines 1-12; p. 97,
Lines 12-21; p. 98, Lines 1-12; p. 99, Lines 3-9; p.
100, Lines 19-21; p. 101, Lines 2-18; p. 103, Lines
2-16; p. 140, Lines 12-18; p. 141, Lines 3-6; p. 147,
Lines 13-21; p. 148, Lines 1-4; p. 150, Lines 17-21;
p. 151, Lines 18-21; p. 152, Lines 1-11; p. 156,
Lines 2-19; p. 161, Lines 10-21; p. 164, Lines 11-
21; p. 169, Lines 5-21, p. 170, Lines 1-21; p. 172,
Lines 1-13; p. 173, Lines 4-21; p. 174, Lines 1-2.

**Defendant's Objections to Deposition Designations:**  Witnesses will be available for

trial.

### 8.    Relief Sought.

Each of Kakeh's five causes of action against UPO carries a different set of potential

remedies.

Unlawful termination in retaliation for protected whistleblower activity in violation of the

District of Columbia Employees of District Contractors and Instrumentality Whistleblower

Protection Act of 1998, D.C. Code §2-223.01 *et seq.*, carries the remedies of: (a) reinstatement

with the same seniority status and/or front-pay (if reinstatement is determined to be unfeasible);

(b) back pay, with interest, and benefits; (c) economic damages; (d) non-economic compensatory

damages; and (e) attorney's fees and costs.

Unlawful termination in retaliation for protected activity in violation of the federal False

Claims Act, 31 U.S.C. § 3730(h), carries the remedies of :  (a) an award of back pay, including

interest; (b) reinstatement with the same seniority status and/or front-pay (if reinstatement is

determined to be unfeasible); (c) the amount of such award of back pay again as liquidated

damages; (d) economic damages; (e) non-economic compensatory damages; and (f) attorney's fees and costs.

Unlawful termination in retaliation for protected activity in violation of the District of Columbia False Claim Acts, D.C. Code §2-308.16, carries the remedies of: (a) an award of back pay, including interest; (b) reinstatement with the same seniority status and/or front-pay (if reinstatement is determined to be unfeasible); (c) the amount of such award of back pay again as liquidated damages; (d) economic damages; (e) non-economic compensatory damages; (f) punitive damages; and (g) attorney's fees and costs.

Unlawful termination in retaliation for protected EEO activity in violation of the District of Columbia Human Rights Act, D.C. Code §2-1402.01 *et seq.*, carries the remedies of: (a) reinstatement to his former position and/or front-pay (if reinstatement is determined to be unfeasible); (b) back pay and benefits; (c) economic damages; (d) non-economic compensatory damages; (e) punitive damages; and (f) attorney's fees and costs.

Unlawful wrongful discharge in violation of the common law of the District of Columbia carries the remedies of: (a) reinstatement to his former position and/or front-pay (if reinstatement is determined to be unfeasible); (b) back pay and benefits; (c) economic damages; (d) non-economic compensatory damages; (e) punitive damages; and (f) attorney's fees and costs.

Kakeh lost his job with UPO in on June 30, 2004 and was unemployed for approximately 10 months, after which he obtained substitute employment with a non-profit organization entitled Equal Justice Works. The salary and benefits of the substitute employment we less than the salary and benefits the Plaintiff had been receiving while in Defendant's employ. The precise

amount of economic damages, including lost salary and benefits as well as front pay, was determined by Plaintiff's expert Richard Edelman, to be about $165,480.

Plaintiff contends that non-economic damages, back pay, lost benefits, front pay, liquidated damages, compensatory damages, and punitive damages will be determined by the jury at trial. Defendant contends that the jury should determine compensatory and punitive damages and that any equitable relief, including liquidated damages, which may be awarded should be determined by the Court.

Kakeh is also seeking reinstatement and/or front pay, prejudgment interest and attorney's fees, to be determined by the Court. Kakeh estimates that he will recover in excess of $300,000 in compensatory damages. Kakeh's attorney's fees and costs total approximately $230,000.

**9.    Pending Motions.**

UPO's Motion for Summary Judgment is pending with the Court. UPO filed its motion on November 27, 2006; Kakeh filed his opposition on February 27, 2007; and UPO filed its reply on April 19, 2007.

**10.    Demonstrative Evidence, Physical Evidence, Videotapes.**

**For Plaintiff:**  No evidence has been identified.

**For Defendant:**   Defendant may utilize enlargements of exhibits, a timeline, and organizational charts.

**11.    Jury Cases:**

Requested Voir Dire Questions:  *See* attached proposed Voir Dire of Defendant and proposed Voir Dire of Plaintiff.

Standard General Instructions:  *See* The Parties' Proposed Jury Instructions.

Non-Standard Instructions:  *See* The Parties' Proposed Jury Instructions.

Text of Verdict Form:         To be provided.

**12.     Non-Jury Cases**:    Not Applicable.

**13.     Estimated Length of Trial:**

Plaintiff's Estimate:         10 days

Defendant's Estimate:         5 days


                    *        *        *

Respectfully submitted,


_____/s/_____                    _____/s/_____
Omar Vincent Melehy, Esq.                    Alison N. Davis, Esq.
D.C. Bar No. 415849                          D.C. Bar No. 429700
Andrew J. Perlmutter, Esq.                   Kevin M. Kraham, Esq.
D.C. Bar No. 489601                          D.C. Bar No. 459077
Melehy & Associates LLC                      Ford & Harrison LLP
8403 Colesville Road, Suite 610              1300 19th Street, N.W., Suite 700
Silver Spring, MD 20910                      Washington, DC 20036
Tel:   301-587-6364                          Tel:   202-719-2000
Fax:   301-587-6308                          Fax:   202-719-2077
ovmelehy@melehylaw.com                       adavis@fordharrison.com
aperlmutter@melehylaw.com                    kkraham@fordharrison.com
Attorneys for Plaintiff,                     Attorneys for Defendant,
Mohammed Amin Kakeh                          United Planning Organization, Inc.

The foregoing Joint Pretrial Statement, as revised at the Pretrial Conference in the presence of counsel, shall stand as the Pretrial Order in this case.


_____          _____
Date                                                                   GLADYS KESSLER
                                                                           United States District Judge