## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

     *Plaintiff,*

    v.

United Planning Organization, Inc.,

     *Defendant.*

Civil Case No. 1:05-cv-1271 (GK/JMF)

Next Scheduled Event:
Pretrial Conference
June 13, 2007, 4:15 P.M.

# THE PARTIES' PROPOSED JURY INSTRUCTIONS

I.      **THE PARTIES PROPOSED STANDARD INSTRUCTIONS**

FUNCTION OF THE COURT

The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

Source: Standing Instructions of Magistrate Judge Facciola.

## FUNCTION OF THE JURY

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses. You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor. Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Source: Standing Instructions of Magistrate Judge Facciola.

## SIGNIFICANCE OF PARTY DESIGNATIONS

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff. During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that his/her evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of his/her claim against a defendant by a preponderance of the evidence before he/she is entitled to prevail.

Source: Standing Instructions of Magistrate Judge Facciola.

UNANIMOUS VERDICT REQUIRED / JUROR'S DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous. It is your duty, as jurors, to consult with one another and to deliberate expecting to reach an agreement or unanimous verdict. You must decide the case for yourself, but you should do so only after thoroughly discussing it with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Source: Standing Instructions of Magistrate Judge Facciola.

FOREPERSON / VERDICT FORM / QUESTIONS

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill it in, date and sign it, and then return to the courtroom. As you will note from the instructions on the verdict form, depending on how you answer a question, it may or may not be necessary to answer the next question. Follow the instructions provided. If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will not communicate with any member of the jury on any subject touching the merits of this case other than in writing, or orally here in open court. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division or any part of the verdict at the time. This means, for example, that you should never state to the Court that the jury is divided 7-3, 6-4, 5-5, or in any other fashion.

Source: Standing Instructions of Magistrate Judge Facciola.

## ATTITUDE AND CONDUCT OF JURORS

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict which you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

Source: Standing Instructions of Magistrate Judge Facciola.

## INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

Source: Standing Instructions of Magistrate Judge Facciola.

## COURT'S COMMENTING ON EVIDENCE

The law permits me to comment to you about the evidence in this case. My comments are only my opinions about the facts, and you are not bound by my opinions. If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard it. Remember, you are the sole and exclusive judges of all questions of fact in this case.

Source: Standing Instructions of Magistrate Judge Facciola.

COURT'S QUESTIONS TO WITNESSES

During the course of the trial, I have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

Source: Standing Instructions of Magistrate Judge Facciola.

## JURY NOT TO TAKE CUE FROM JUDGE

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication.  Nothing I have said or done should influence or suggest to you that I favor any party in this case. I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

Source: Standing Instructions of Magistrate Judge Facciola.

## RULINGS ON OBJECTIONS

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer -- when I ordered it stricken -- you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations. While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by the any lawyer's objections, no matter how I ruled upon them.

Source: Standing Instructions of Magistrate Judge Facciola.

INADMISSIBLE AND STRICKEN EVIDENCE

It is the duty of the lawyers to object when the other side offers testimony or other materials which a lawyer believes are not properly admissible in evidence. If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

Source: Standing Instructions of Magistrate Judge Facciola.

## EQUALITY OF LITIGANTS

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case. In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth.

Source: Standing Instructions of Magistrate Judge Facciola.

EVIDENCE IN THE CASE

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses and exhibits admitted into evidence.

Source: Standing Instructions of Magistrate Judge Facciola.

INFERENCES

When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.

Source: Standing Instructions of Magistrate Judge Facciola.

STATEMENTS OF COUNSEL

The plaintiff was represented by Mr. Melehy and Mr. Perlmutter. The defendant was represented by Ms. Davis, Mr. Kraham and Mr. Rosenberg. However, statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are only intended to help you understand and interpret the evidence from each party's perspective. The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

Source: Standing Instructions of Magistrate Judge Facciola.

JURY'S RECOLLECTION CONTROLS

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

Source: Standing Instructions of Magistrate Judge Facciola.

## BURDEN OF PROOF

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of his claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true. If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue. The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases. Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of the scales, the plaintiff would have to make the scales tip ever so slightly on his/her side. If you believe, however, that the evidence is evenly balanced, on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

Source: Standing Instructions of Magistrate Judge Facciola.

EVIDENCE PRODUCED BY ADVERSARY

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors that party whether that party produced it or it was produced by that party's adversary. That a witness was called by one party rather than another is irrelevant.

Source: Standing Instructions of Magistrate Judge Facciola.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself. You may consider both types of evidence equally. The law makes no distinction between the weight to be given either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

Source: Standing Instructions of Magistrate Judge Facciola.

## JURY TO DETERMINE CREDIBILITY OF WITNESSES

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies. In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case. You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence. If you believe that any witness has shown himself or herself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth. You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

Source: Standing Instructions of Magistrate Judge Facciola.

## NUMBER OF WITNESSES AND EXHIBITS

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits being offered. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief and which of the exhibits are worthy of greater belief. You may find that the testimony of a smaller number of witnesses or the presentation of a small number of exhibits on one side is more believable than the testimony of a greater number of witnesses or the presentation of a greater number of exhibits on the other side. Indeed, the testimony of a single witness or the presentation of a single piece of evidence, which you believe to be the truth, is enough to prove any fact. If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, or one or a few exhibits, then you may base your verdict on that testimony or on that one or several exhibits, even though a larger number of witnesses may have testified to the contrary, or a larger number of exhibits may have suggested the contrary.

Source: Standing Instructions of Magistrate Judge Facciola.

## EXPERT OPINION

You have heard testimony from persons identified as experts. These witnesses are considered experts because their training, skill, experience or education has given them scientific, technical or other specialized knowledge that might assist the jury in understanding the evidence or in determining a fact in issue. Expert witnesses may state an opinion about any matter within their expertise and provide the reasons for the opinion. Expert testimony should be judged just as any other evidence. You may accept it or reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, the expert's credibility and all the other evidence in the case. In this case there has been a conflict in the testimony of expert witnesses. As reasonable and intelligent people using your own good judgment, you must resolve that conflict and determine which, if any, of the expert opinions you will accept as accurate. You should consider and weigh the credibility and qualifications of the experts who have testified, the logic of the reasons given in support of their opinions, and other evidence in the case that favors or opposes a given opinion.

Source: Standing Instructions of Magistrate Judge Facciola.

## DEPOSITIONS AS EVIDENCE

During the trial of this case, certain testimony has been read to you. You should give to this testimony the same consideration as to its weight and credibility, as you give to the testimony of witnesses who testified here in court. You must not discount any testimony merely because it was read to you.

Source: Standing Instructions of Magistrate Judge Facciola.

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here. If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court. If the witness made the prior inconsistent statement under oath subject to the penalty of perjury and/or at a deposition, then you may also treat that prior statement as evidence in this case -- that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case. If the witness was not under oath subject to the penalty of perjury and/or was not at a deposition when he/she made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court. If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

Source: Standing Instructions of Magistrate Judge Facciola.

## NOTE TAKING BY JURORS

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use. At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson. The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will look at them.

Source: Standing Instructions of Magistrate Judge Facciola.

II.    **PLAINTIFF'S PROPOSED NON-STANDARD INSTRUCTIONS**

A.  **THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT.**

LAW PROHIBITING RETALIATION

Plaintiff has brought his claim under the District of Columbia Human Rights Act, which prohibits employers, like Defendant, from taking retaliatory personnel actions against employees who have previously engaged in activity protected by District of Columbia Human Rights Act, such as pursuing a complaint of employment discrimination. It is, therefore, unlawful for a Defendant to refuse to hire a person because that person is pursuing a complaint of discrimination. It is undisputed in this case that plaintiff engaged in protected activity when he filed an EEO complaint, so the only issue for you to decide is whether plaintiff was denied employment as a result of that protected activity.

Source:   Standing Instructions of Magistrate Judge Facciola.

## PROOF OF RETALIATION

It is up to you to decide whether plaintiff has proved his claim of retaliation by a preponderance of the evidence. It is plaintiff's burden to show that it is more likely so than not so that his engaging in protected activity was a substantial factor in the decision of the defendant to terminate plaintiff's employment.  If you find that he has met that burden and that it is more likely so than not so that his pursuing a complaint of discrimination was a substantial factor in the decision of the defendant to terminate plaintiff's employment, then your verdict should be for the plaintiff.  If, on the other hand, you find that the explanation given by the defendant for terminating plaintiff's employment is more likely so than not so and you find that plaintiff's pursuit of a complaint of discrimination was not a substantial factor in the decision it made, then your verdict should be for the defendant.  Alternatively, if you do not believe the given explanation was the real or full reason for the defendant's decision to terminate plaintiff's employment, you may find that plaintiff has proven his claim of retaliation, particularly if you believe that defendant's witnesses who testified did not put forth honestly the reason for their decision to terminate plaintiff's employment. If you have determined that plaintiff has proven by a preponderance of the evidence that retaliation was a substantial factor in the defendant's decision, then you must also determine whether the defendant has proven by a preponderance of the evidence that it would have terminated plaintiff's employment even in the absence of retaliation. You must determine whether the defendant has shown that it is more likely so than not so that the defendant would have made the same decision even if you find it more likely so than not so that retaliation was a substantial factor in the decision it made to terminate plaintiff's employment.

Source:  Standing Instructions of Magistrate Judge Facciola.

## PROOF OF INTENT

Proof of retaliatory intent is critical in this case. Retaliation is intentional if it is done voluntarily, deliberately, and willfully. Retaliatory intent may be proven either by direct evidence such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional retaliation in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Source:  Standing Instructions of Magistrate Judge Facciola.

## B.  VIOLATIONS OF THE D.C. WHISTLE-BLOWER PROTECTION ACT

### LAW PROHIBITING WHISTLE BLOWER REPRISAL

Plaintiff has brought his claim under the District of Columbia Employees of District Contractors and Instrumentality Whistleblower Protection Act of 1998 ("WPA"), which prohibits contractors of the District of Columbia Government, like Defendant, from taking retaliatory personnel actions against employees who have previously made protected disclosures as defined by the WPA. It is, therefore, unlawful for a Defendant to terminate a person's employment because that person is has engaged in protected whistle-blower activities.

Source: D.C. Code § 1-615.51, *et seq.*

PROOF OF WHISTLEBLOWER REPRISAL

It is plaintiff's burden to show that (1) either (a) he engaged in protected whistleblowing activity by making a protected disclosure or that (b) he refused to obey an unlawful order and that (2) the disclosure and/or refusal to obey an unlawful order was a contributing factor in the employer's decision to terminate the employee.    Once the plaintiff has proven these elements, the burden of proof then shifts to the defendant to prove by clear and convincing evidence that it would have terminated plaintiff, for legitimate, independent reasons even if he had not made the protected disclosures.  It is up to you to decide whether the plaintiff and defendant have met their respective burdens of proof.   If you determine that it is more likely so than not so that the plaintiff either made protected disclosures or refused to obey an illegal order and that either of these actions was a contributing factor in the decision of the defendant to terminate plaintiff's employment, then you must decide whether there is clear and convincing evidence that the defendant would have terminated plaintiff for legitimate, independent reasons had the plaintiff not made the protected disclosures or refused to obey an unlawful order.  If you conclude that there is less than clear and convincing evidence that defendant would have terminated plaintiff's employment for legitimate, independent reasons had plaintiff not made the protected disclosures, then you should find for the plaintiff.  If, on the other hand, you find either that: (1) it is more likely so than not so that the plaintiff did not make protected disclosures or refuse to obey and illegal order; (2) these actions were not a contributing factor in the decision to terminate plaintiff; or (3) there is clear and convincing evidence that defendant would have terminated plaintiff's employment for legitimate reasons in the absence of the protected disclosures, then you should find for the defendant.

Source:  D.C. Code § 2-223.03(b); *Woodworth v. Dept. of the Navy,* 101 M.S.P.R. 560, 563 (April 20, 2006); *Anderson v. Ramsey,* 2006 WL 1030155 (D.D.C. April 19, 2006).

## DEFINITION OF PROTECTED DISCLOSURES

Under the WPA, a "protected disclosure" is "any disclosure of information, not specifically prohibited by statute, by an employer to a supervisor or a public body, that the employee reasonably believes evidences gross mismanagement; gross misuse or waste or the violation of a federal, state, or local law, rule or regulation, or of a term of a contract. The test for "reasonable belief" under this standard is could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the action of the employer evidences illegality? While a purely subjective opinion of the employee is insufficient to constitute a reasonable belief, evidence of reasonable belief of the whistleblower is bolstered where the whistleblower himself has expertise in the subject matter of the disclosure.

Source: D.C. Code §2-223.01(7); *Zirkle v. District of Columbia,* 830 A.2d 1250, 1259-60 (D.C. 2003); *Applewhite v. Equal Employment Opportunity Commission,* 94 M.S.P.R. 300 (2003) ¶12. *Paul v. Dept. of Agriculture*, 66 M.S.P.R. 643, 648 (1995).

DEFINITION OF CONTRIBUTING FACTOR

A "contributing factor" is "any factor which, alone or in connection with other factors, tends to affect in any way the outcome of the decision."

Source:  D.C. Code §2-223.01(2).

## DEFINITION OF ILLEGAL ORDER

An illegal order is a directive to violate or to assist in violating a federal, state, or local law, rule, or regulation.

Source: D.C. Code §2-223.01(4).

DEFINITION OF CLEAR AND CONVINCING EVIDENCE

The standard of clear and convincing evidence requires a degree of persuasion much higher than mere preponderance of the evidence but still somewhat less than beyond a reasonable doubt.  It is that evidence which will produce in your mind a firm belief or conviction as to the facts sought to be established.

Source:  *Henson v. District of Columbia Dept. of Consumer and Regulatory Affairs*, 560 A.2d 543, 545 (D.C. 1989).

### C.  VIOLATIONS OF THE FEDERAL AND D.C. FALSE CLAIMS ACTS

LAW PROHIBITING FALSE CLAIMS ACT REPRISAL

Plaintiff has brought claims under both the federal and District of Columbia False Claims Acts, both of which prohibit employers from taking acts reprisal against employees who are conducting investigations into factual matters which may lead to a potential False Claims Act claim. Such investigations are protected activity, and it is unlawful for a Defendant to terminate a person's employment in reprisal for that person engaging in such protected activity.

Source: 31 U.S.C. §3730(h); D.C. Code §2-308.16.

## DEFINITION OF PROTECTED ACTIVITY UNDER
## D.C. FALSE CLAIMS ACT

An employee is engaged in protected conduct under the D.C. False Claims Act if he engaged in lawful acts on behalf of the employee or others by: (1) disclosing information to a government or law enforcement agency relating to a potential False Claims Act action; or (2) acting in furtherance of such a potential action, including investigation of, initiation of, or testimony or assistance in a False Claims Act action that may potentially be filed.   The D.C. False Claims Act protects employees who are investigating fraud against the District Government or reporting it to a government agency, even if they have not filed a False Claims Act law suit, even if they have not contemplated the filing of a False Claims Act lawsuit and even if they do not understand that False Claims Act law suit could be filed, as long as they are engaged in activity that could potentially lead to a False Claims Act case.   Conduct protected by the D.C. False Claims Act includes collecting information about a possible fraud committed against an agency of the District of Columbia Government, reporting such a potential fraud to a governmental or law enforcement agency or reporting such a fraud to the employee's supervisors.

Source: D.C.  Code § 2-308.16; *Shekoyan v. Sibley Intern. Corp.*, 409 F.3d 414, 423 (D.C. Cir. 2005); *U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.,* 389 F.3d 1251, 1260-62 (D.C. Cir. 2004); *U.S. ex rel. Yesudian v. Howard University,* 153 F.3d 731, 741-43 & n.9 (D.C. Cir. 1998); *Shekoyan v. Sibley Intern. Corp,* 309 F.Supp.2d 9, 15 (D.D.C. 2004); *see U.S. ex. rel. Bogart v. King Pharmaceuticals*, 414 F.Supp.2d 540, 543 (E.D.PA 2006).

## DEFINITION OF PROTECTED ACTIVITY UNDER
## FEDERAL FALSE CLAIMS ACT

An employee is engaged in protected conduct under the federal False Claims Act if he engaged in lawful acts on behalf of the employee or others by: acting in furtherance of such a potential action, including investigation of, initiation of, or testimony or assistance in a False Claims Act action that may potentially be filed. The federal False Claims Act protects employees who are investigating fraud against the federal government, even if they have not filed a False Claims Act law suit, even if they have not contemplated the filing of a False Claims Act lawsuit and even if they do not understand that False Claims Act law suit could be filed, as long as they are engaged in activity that could potentially lead to a False Claims Act case. Conduct protected by the federal False Claims Act includes collecting information about a possible fraud committed against an agency of the federal Government or reporting such a fraud to the employee's supervisors.

Source: 31 U.S.C. § 3730(h); *Shekoyan v. Sibley Intern. Corp.*, 409 F.3d 414, 423 (D.C. Cir. 2005); *U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.,* 389 F.3d 1251, 1260-62 (D.C. Cir. 2004); *U.S. ex rel. Yesudian v. Howard University,* 153 F.3d 731, 741-43 & n. 9 (D.C. Cir. 1998); *Shekoyan v. Sibley Intern. Corp,* 309 F.Supp.2d 9, 15 (D.D.C. 2004).

## PROOF OF FALSE CLAIMS ACT REPRISAL

For Plaintiff to show reprisal under the False Claims Acts, he must demonstrate that: (1) he engaged in protected activity protected by the False Claims Act; and (2) that Plaintiff's protected activity was a motivating factor in the decision to terminate him. Once the plaintiff has made his prima facie showing by a preponderance of the evidence, the burden then shifts to the employer to prove affirmatively that the same decision would have been made even if the employee had not engaged in protected activity. It is up to you to decide whether the plaintiff and defendant have met their respective burdens of proof.  If you determine that it is more likely so than not so that Plaintiff was engaged in protected activity and Defendant's decision to terminate Plaintiff was motivated at least in part by Plaintiff's protected activity, then you must decide whether it is more likely so than not so that Defendant has met its burden of proving that it would have terminated Plaintiff for legitimate, independent reasons had the Plaintiff not engaged in the protected activity.  If you conclude that it is less likely so than not so that Defendant would have terminated Plaintiff's employment for legitimate, independent reasons had Plaintiff not engaged in protected activity, then you should find for the Plaintiff.  If, on the other hand, you find either that: (1) it is more likely so than not so that the Plaintiff did not engage in protected activity; (2) Defendant's decision to terminate Plaintiff was not motivated in part by Plaintiff's protected activity; or (3) there is preponderant evidence that Defendant would have terminated Plaintiff's employment for legitimate reasons in the absence of the protected activity, then you should find for the Defendant.

Source:  *Shekoyan v. Sibley Intern. Corp,* 309 F.Supp.2d 9, 13 (D.D.C. 2004); *U.S. ex rel. Long v. SCS Business & Technical Institute,* 999 F.Supp. 78, 95 (D.D.C. 1998), *rev'd on other grounds U.S. ex rel. Long v. SCS Business & Technical Institute, Inc.,* 173 F.3d 870 (D.C.Cir. 1999); *United States ex rel. Yesudian v. Howard University,* 946 F.Supp. 31, 33 (D.D.C. 1996); *see U.S. ex rel. Bogart v. King Pharmaceuticals,* 414 F.Supp.2d 540, 543 (E.D.PA 2006); *c.f. Anderson v. Ramsey,* 2006 WL 1030155 (D.D.C. April 19, 2006) at *11, *13.

## DEFINITION OF FALSE CLAIM

Both False Claims Acts define the term "claim" is broadly.  Violations of the False Claims Acts occur when a government contract or program required compliance with certain conditions as a prerequisite to a government benefit, payment, or program; if Defendant failed to comply with those conditions; and Defendant then falsely certified that it had complied with the conditions in order to induce the government benefit, then it has violated the False Claims Acts.  This requirement is not necessarily limited to express certifications—implied false certifications are sufficient for a False Claims Act violation. Certification of compliance with the statute or regulation alleged to be violated must be so important to the contract that the government would not have honored the claim presented to it if it were aware of the violation.  Among such certifications is the certification of accurate financial statements consistent with certain audit standards. Various federal and District programs in which Defendant participated required submission of such certified financial statements.  If you determine that Defendant was engaged in attempting to prepare and submit such falsely certified financial statements, then you should find that Defendant was engaged in preparation of false claims under the False Claims Acts.

Sources:  *See* 31 U.S.C. §3729(c); D.C. Code § 2-308.13(1); *U.S. ex rel. Barrett v. Columbia/HCA Health Care Corp.,* 251 F.Supp.2d 28, 32, 33-34 (D.D.C. 2003); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F.Supp.2d 258, 263-66 (D.D.C. 2002); *see U.S. ex. rel. Bogart v. King Pharmaceuticals¸* 414 F.Supp.2d 540, 543 (E.D.PA 2006); *U.S. v. Board of Educ. of City of Union City*, 697 F.Supp. 167, 170, 176 (D.N.J. 1988); *see, e.g.,* 31 U.S.C. §7502; 42 U.S.C. §1301.13(a,b); 45 C.F.R. §§74.21, 74.26, 74.52, 1301.12,1301.13, 1304.51(d)(3); 1304.51(h); 1304.51(i); D.C. Mun. Regs tit. 1, §§5004.2(a), 5004.2(d)(2, 4); D.C. Mun. Regs tit. 27, §§3207.1, 3207.2(g); *c.f., e.g.,* 42 U.S.C. §§ 9916, 9917.

DEFINITION OF MOTIVATING FACTOR

Something is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration. A motivating factor does not mean that it had to be the sole cause of the employment action. Instead, it is one of the factors that a truthful employer would list if asked for the reasons for its decision.

Source:  McNamara & Southerland, Federal Employment Jury Instructions (March 2007 rev. ed.) §12:210

## D.  WRONGFUL DISCHARGE

### DEFINITION OF WRONGFUL DISCHARGE

Under the at-will employment doctrine, an employer may discharge an at-will employee at any time and for any reason, or for no reason at all.  However, it is illegal for an employer to terminate an employee because that employee opposes some action taken by the employer which violates the law.

Source:  *Carl v. Children's Hospital*, 702 A.2d 159, 160 (D.C. 1997).  *Mastrangelo v. Natnl. Passenger R.R. Corp.,* Civil Case No. 01-0582(TFH), 2006 WL 416181 (D.D.C. Feb. 22, 2006) at *3-*5.

PROOF OF WRONGFUL DISCHARGE FOR REFUSAL TO VIOLATE LAW

It is plaintiff's burden to show that he was wrongfully discharged for refusal to violate the law. To do so, he must first show that Defendant expressly directed him to do an act that would violate the law. He must then show that he was given the choice of either doing the illegal act or being terminated if he refused and that he refused outright to do this illegal act.

Source: *Mandsager v. Jaquith,* 706 A.2d 39, 42 (D.C. 1998); *Thigpen v. Greenpeace, Inc.,* 657 A.2d 770, 771 (D.C. 1995).

## BANK FRAUD ACT

Under the federal Bank Fraud Act, it is a criminal violation of federal statute and federal public policy for a person or entity to knowingly provide fraudulent information to a banking institution in order to gain or retain possession of money under the bank's possession or control. It is a violation of the Bank Fraud Act to provide false information to a bank regarding the creditworthiness of a borrower to convince the bank to provide or to sustain a line of credit to that borrower, even if the bank ultimately suffers no actual financial loss from the fraudulent acts. Persons convicted of violations of the Bank Fraud Act are subject to penalties up to 30 years incarceration and $1 million in fines.

Source: *See* 18 U.S.C. §1344; *U.S. v. Leahy,* 445 F.3d 634, 646-47 (3rd Cir. 2006); *U.S. v. Goldsmith*, 109 F.3d 714 (11th Cir. 1997); *c.f. U.S. v. Molinaro*, 11 F.3d 853 (9th Cir. 1993).

FINANCIAL RECORDKEEPING FOR D.C. NONPROFIT CORPORATIONS

Non-profit corporations organized in the District of Columbia, such as Defendant, are required under District statute to keep correct and complete books and records of account. Acts by a non-profit corporation or its agents which serve to render the financial books and records of account for the non-profit corporation inaccurate thus represent a violation of the law. Violations of the statutory requirement to keep correct and complete books and records of account constitute Class 4 civil infractions punishable by fine.

Source: *See* D.C. Code § 29-301.26; D.C. Mun. Regs., tit. 16, §§3201.1(d), 3201.3, 3201.4, 3302.4.

DEFINITION OF WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

In the District of Columbia, an employee may also sue his or her former employer for wrongful discharge when such a discharge is contrary to a clear mandate of the public policy of the District of Columbia. It is against the public policy of the District of Columbia for an employer to terminate an employee in reprisal for that employee's whistleblowing activities.

Source: *Mastrangelo v. Natnl. Passenger R.R. Corp.,* Civil Case No. 01-0582(TFH), 2006 WL 416181 (D.D.C. Feb. 22, 2006) at *3-*5 (internal citations omitted);

PROOF OF WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

To provide wrongful discharge against public policy, a plaintiff must show that: (1) he engaged in a protected activity; (2) the employer took an adverse personnel action; and (3) there was a causal connection between the two. In order for Plaintiff's wrongful discharge claim to succeed, Plaintiff must show that his protected whistleblowing activity was a substantial factor in the decision to terminate him.

Source:  *Mastrangelo v. Natnl. Passenger R.R. Corp.,* Civil Case No. 01-0582(TFH), 2006 WL 416181 (D.D.C. Feb. 22, 2006) at *3-*5 (internal citations omitted).

## E. DAMAGES

### GENERAL INSTRUCTION REGARDING DAMAGES

If you find that Defendant has engaged in reprisal in violation of the WPA, the District of Columbia or federal False Claims Acts, the DCRA, or the common law of wrongful discharge, you may award back pay, front pay, and compensatory damages to Plaintiff.

In addition, if you find intentional retaliation in violation of the District of Columbia False Claims Act, the DCRA, or the common law of wrongful discharge, you may award punitive damages.

Source: McNamara & Southerland, Federal Employment Jury Instructions (March 2007 rev. ed.) §3:470.

FRONT PAY

The purpose of an award of front pay is to compensate a wrongfully terminated employee where reinstatement is not a practical alternative.

A factfinder will presume, for purposes of awarding relief, that an illegally discharged employee would have continued working for the employer until he or she reaches normal retirement age, unless the employer provides evidence to the contrary.

Source:  McNamara & Southerland, Federal Employment Jury Instructions (March 2007 rev. ed.) §9:370..

BACKPAY

If you find by a preponderance of the evidence that Plaintiff's protected whistleblowing activity was a motivating factor in Defendant's decision to terminate Plaintiff, then you should consider the amount of damage to be awarded.

Plaintiff is entitled to backpay in the amount he would have earned had he continued to be employed until the date of trial, minus the amount of benefits and earnings from other employment or pension benefits received by Plaintiff during that time.

The amount of backpay which Plaintiff would have earned had he continued to be employed by Defendant until the date of trial must be reduced by the amount which Plaintiff could have earned had he sought alternative employment with reasonable diligence.

Source: McNamara & Southerland, Federal Employment Jury Instructions (March 2007 rev. ed.) §12:510

COMPENSATORY DAMAGES

If you find that Defendant has violated the WPA, the District of Columbia or federal False Claims Acts, the DCRA or the common law of wrongful discharge, you may award Plaintiff compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses."

However, compensatory damages shall not include backpay, compensation for lost benefits or interest on backpay.

Source: McNamara & Southerland, Federal Employment Jury Instructions, (March 2007 rev. ed.) §3:490.

## PUNITIVE DAMAGES

If you have awarded compensatory or nominal damages, you may also award punitive damages to Plaintiff under some circumstances. To obtain punitive damages, Plaintiff must prove by a preponderance of the evidence that in terminating Plaintiff, Defendant either knew that its actions violated federal or District of Columbia law or that it acted with reckless or callous indifference to that risk. If Plaintiff satisfies this requirement, it is entirely up to you whether or not to award punitive damages. But it should be presumed that Plaintiff has been made whole by compensatory damages, so you should award punitive damages only if Defendant's culpability is so reprehensible as to warrant further sanctions to achieve punishment or deterrence.

The retaliation here is alleged to be on the part of Dana Jones, Sheila Shears and Gladys Mack. You may hold Defendant liable in punitive damages for its conduct only if you find that Defendant ratified or authorized their actions or that they committed the wrongful conduct while they were serving in a managerial capacity and were acting within the scope of their employment. In deciding whether Jones, Mack and Shears were serving in a "managerial capacity," you should consider the type of authority defendant gave them and the amount of discretion they possessed in what was to be done and how it was to be accomplished. A managerial employee is one who supervises other employees and has responsibility for and authority over a particular aspect of the employer's business. An employee must be important, but need not be top management or an officer, to be acting in a managerial capacity. Conduct is within the "scope of employment" if the conduct is the kind of activity the employee was hired to perform, occurs substantially within the authorized time and space limits, and was motivated at least in part by the purpose to serve defendant.

However, if you determine that their retaliation against Plaintiff was contrary to Defendant's good-faith efforts to comply with District of Columbia or federal law which forbids retaliation for whistleblowing or for filing a charge of discrimination, Plaintiff is not entitled to punitive damages. In determining the good faith of Defendant, you may consider whether Defendant instituted policies retaliation for whistleblowing or filing a charge of discrimination and trained its personnel to ensure that such retaliation would not occur. On this issue of good faith, Defendant bears the burden of proof.

If you decide to award punitive damages, the amount to be awarded is also within your sound discretion. The purpose of a punitive damage award is to punish a Defendant or deter Defendant and others from similar conduct in the future. Factors you may consider include, but are not limited to, the nature of Defendant's conduct (how reprehensible or blameworthy was it), the impact of that conduct on Plaintiff, the ratio between the actual compensatory damages and the punitive damages, the relationship between Plaintiff and Defendant, the likelihood that Defendant or others would repeat the conduct if the punitive award is not made, and any other circumstances shown by the evidence, including any mitigating or extenuating circumstances that bear on the size of such an award.  You may determine reprehensibility by considering whether the harm was physical as opposed to economic; whether the conduct showed indifference to or disregard for the health or safety of others; whether the target of the conduct has financial vulnerability; whether the conduct involved repeated actions or was an isolated instance; and whether the harm was the result of intentional malice, trickery, deceit, or mere accident.

Source: McNamara & Southerland, Federal Employment Jury Instructions, (March 2007 rev. ed.) §3:520; D.C. Code § 2-223.01; D.C. Code § 2-308.16; D.C. Code § 2-1402.1.

## II.    DEFENDANT'S PROPOSED NON-STANDARD INSTRUCTIONS

Defendant, United Planning Organization, Inc. ("UPO"), submits the following proposed jury instructions, reserving the right to submit requests for additional or modified instructions upon examination of Plaintiff's instructions. Further, UPO requests leave to submit revised or additional instructions that conform with any rulings of law the Court may render during the course of these proceedings.

At this stage, UPO is unable to anticipate all the evidence to be adduced at trial and therefore respectfully requests leave to submit revised or additional requests based upon the evidence actually adduced at trial. UPO denies liability and further denies that Plaintiff is entitled to any relief based upon his claims. By submitting these jury instructions, UPO in no way either explicitly or implicitly changes its position. Instructions as to damages and certain evidentiary matters are submitted without waiving UPO's objections to submitting these issues to the jury.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 1

### AT-WILL EMPLOYMENT

Under the laws of this state, both the employer and employee may terminate the employment relationship at will at any time unless they have agreed otherwise. The term "at will" means that employment may legally be terminated for any reason or for no reason just by giving notice to the other party.

Authority:

Adapted from American Bar Association, Model Jury Instructions for Employment Litigation, § 3.02[2]; Adams v. George W. Cochran & Co., Inc., 597 A.2d 28, 30 (D.C. 1991).

Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 2

## <u>WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY</u>

Plaintiff claims that he was wrongfully discharged in violation of public policy for his alleged whistleblowing activities and his refusal to issue allegedly fraudulent financial statements.

For his claim that he was wrongfully discharged in violation of public policy for his alleged whistleblowing activities, plaintiff must prove by a preponderance of the evidence that the sole, or at least substantial reason for the discharge was Plaintiff's refusal to violate the law, as expressed in a statute or municipal regulation which does not provide a remedy to the Plaintiff..

For his claim that he was wrongfully discharged in violation of public policy for his refusal to issue allegedly fraudulent financial statements, plaintiff must prove by a preponderance of the evidence that the sole reason for the discharge is Plaintiff's refusal to violate the law, as expressed in a statute or municipal regulation.

In the District of Columbia, there is only a "very narrow" public policy exception to the at-will doctrine. You should only consider arguments that reflect a clear mandate of public policy – *i.e.,* those that make a clear showing, based on some identifiable policy that has been "officially declared" in a statute or municipal regulation, or in the Constitution, that a new exception is needed. Furthermore, there must be a close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination.

<u>Authority:</u>

Adams v. George W. Cochran & Co., Inc., 597 A.2d 28, 34 (D.C. 1991); Carl v. Children's Hosp., 702 A.2d 159, 162-164 (D.C. 1997).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 3

## <u>RETALIATION UNDER THE DC HUMAN RIGHTS ACT</u>

To establish a *prima facie* case of unlawful retaliation under the District of Columbia Human Rights Act, the Plaintiff must prove, by a preponderance of the evidence, each one of the following elements:

(1)     That the Plaintiff engaged in an activity protected by the District of Columbia Human Rights Act;

(2)     That the exercise of his protected rights was known to UPO;

(3)     That UPO thereafter took an employment action adverse to the Plaintiff; and

(4)     That there was a causal connection between the protected activity and the adverse employment actions.

If you find that the Plaintiff has failed to prove any one of the four elements set out in these instructions, then you must find for UPO. If you find that the Plaintiff has proven all four elements by a preponderance of the evidence, then you must next decide whether UPO has presented a legitimate, non-retaliatory reason for its decision to terminate Plaintiff.

Authority:

Arthur Young & Co. v. Sutherland, 631 A.2d 354, 368 (D.C. 1993); Stuart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002); Price Waterhouse v. Hopkins, 490 U.S. 228, 259-253, 109 S.Ct. 1774, 104 L. Ed. 2d 268 (1989); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 258, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); McDonnell Douglas v. Green, 411 US 792, 93 S.Ct. 1817, 36 L.Ed2d 668 (1973); Berger v. Ironworks Reinforced Rodmen Local 201, 170 F. 3d 1111, 1125 (D.C. Cir. 1999).


Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3A

## CAUSAL CONNECTION

To demonstrate a causal connection between the Plaintiff's protected activity and the Defendant's adverse employment action, the Plaintiff must demonstrate that UPO would not have taken the adverse employment action but for the Plaintiff's protected activity.

The mere fact that any adverse employment action may have occurred after the Plaintiff complained about discrimination or harassment is not sufficient, by itself, to establish the causal link between the complaint and the adverse employment action. If UPO proves that Plaintiff's employment was terminated for reasons other than his complaints about discrimination or harassment, then the Plaintiff cannot establish the fourth element (there was a causal connection between the protected activity and the adverse employment action) of a *prima facie* case of retaliation under the District of Columbia Human Rights Act.

Authority:

Stuart v. Evans, 275 F. 3d 1126, 1134 (D.C. Cir. 2002); Clark County School District v. Breeden, 532 U.S. 268 (2001); McDonnell Douglas v. Green, 411 US 792, 93 S.Ct. 1817, 36 L.Ed2d 668 (1973); Arthur Young & Co. v. Sutherland, 631 A.2d 354, 368 (D.C. 1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 258, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); Price Waterhouse v. Hopkins, 490 U.S. 228, 259-253, 109 S.Ct. 1774, 104 L. Ed. 2d 268 (1989); Berger v. Ironworks Reinforced Rodmen Local 201, 170 F. 3d 1111, 1125 (D.C. Cir. 1999).

Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 3B

## **DEFENDANT'S LEGITIMATE NON-RETALIATORY REASON**

If, and only if, you first determine that the Plaintiff has established a *prima facie* case of unlawful retaliation by a preponderance of the evidence, then UPO has the burden of presenting a legitimate, non-retaliatory reason for its actions. You must consider any legitimate, non-retaliatory reason or explanation stated by UPO for its decisions.

A legitimate, non-retaliatory reason is any reason or explanation unrelated to the Plaintiff's complaint about unlawful discrimination or harassment. In considering the legitimate, non-retaliatory reason stated by UPO for its decision, you are not to second-guess the correctness of that decision or to otherwise substitute your judgment for that of UPO.

In this case, the ultimate burden of persuading you that the Defendant retaliated against the Plaintiff because he complained about discrimination or harassment remains at all times with the Plaintiff. UPO is, therefore, not required to prove that its decision was actually motivated by the stated legitimate, non-retaliatory reason. Nor must UPO prove the absence of a retaliatory motive. Rather, once UPO has produced evidence of any legitimate reason, the Plaintiff must prove that the reason was a pretext for retaliation.

Authority:

American Bar Association, Model Jury Instructions for Employment Litigation, § 1.02 [3][a][b]; Arthur Young & Co. v. Sutherland, 631 A.2d 354, 368 (D.C. 1993); McDonnell Douglass Corp. v. Green, 411 U.S. 792 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); Griggs v. Duke Power Co., 401 U.S. 424 (1971).

Accepted _____
Rejected _____

Modified _____

**DEFENDANT'S PROPOSED INSTRUCTION NO. 3C**

**DEFENDANT'S BURDEN OF PROOF**

UPO does not have to persuade you of its reasoning in its employment decisions.

Once UPO has stated a legitimate reason for its decision, the burden is on the Plaintiff to

demonstrate that UPO's reason is false and used to disguise retaliation against the

Plaintiff.  If the Plaintiff's evidence does not show by a preponderance of evidence that

UPO's reason is a pretext for retaliation, then you must find for UPO.

Authority:

        Arthur Young & Co. v. Sutherland, 631 A.2d 354, 368 (D.C. 1993); St. Mary's
Honor Center v. Hicks, 113 S. Ct. 2742, 2752 (1993); Texas Dep't of Community Affairs
v. Burdine, 450 U.S. 248, 252 (1981); EEOC v. Clay Printing Co., 955 F.2d 936, 941 (4th
Cir. 1992); Tuck v. Henkel Corp., 1992 WL 203833, 4 (4th Cir. August 25, 1992);
McNairn v. Sullivan, 929 F.2d 974, 977 (4th Cir. 1991).

Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 3D

### <u>PRETEXT</u>

If you find that UPO has presented evidence of a legitimate, non-retaliatory reason for its actions, you should decide in favor of UPO unless the Plaintiff also proves by a preponderance of the evidence that the reasons offered by the Defendant are a pretext, disguising an underlying intent to retaliate against Plaintiff because he complained about unlawful discrimination or harassment. The ultimate burden of persuading you that the Plaintiff was a victim of unlawful retaliation remains at all times with the Plaintiff.

Rejection of the Defendant's legitimate, non-retaliatory reason for its actions does not *require* judgment for the Plaintiff. The ultimate question is whether UPO retaliated against the Plaintiff, and proof that UPO's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the Plaintiff's proffered reason is correct. In other words, it is not enough to *disbelieve* UPO; you must *believe* the Plaintiff's explanation of intentional retaliation.

The Plaintiff cannot simply show that UPO's decisions were wrong or mistaken, since the factual dispute at issue is whether Plaintiff complained about conduct which UPO could have understood to involve unlawful harassment and that complaint motivated UPO, not whether UPO is wise, shrewd, prudent or competent. Rather, the Plaintiff must demonstrate such weaknesses, implausibility, inconsistencies, incoherence, or contradictions in Defendant's proffered legitimate reason for its action that it is reasonable to rationally find its reason unworthy of credence, and hence infer that the Defendant more likely than not terminated the Plaintiff because it wanted to penalize him for complaining about unlawful discrimination or harassment.

Authority:

American Bar Association, Model Jury Instructions for Employment Litigation, § 1.02[3][a], as modified; Arthur Young & Co. v. Sutherland, 631 A.2d 354, 368 (D.C. 1993); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); Texas Dep't Of Community Affairs v. Burdine, 450 U.S. 248 (1981); Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084 (6th Cir. 1994); Mitchell v. Toledo Hosp., 964 F.2d 577 (6th Cir. 1992); Williams v. Shenango, Inc., 986 F. Supp. 309 (W.D. Pa. 1997).

Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 3E

### PRETEXT--PERCEPTIONS

In determining whether UPO's reasons for its decision with regard to the Plaintiff were, in fact, a pretext for retaliation, neither the Plaintiff's perception of the appropriateness of the decision nor his subjective belief that he was retaliated against is evidence of retaliation. The Plaintiff's own self-serving assertions are not in themselves sufficient to show pretext, even where accompanied by conclusory statements of co-workers. It is the perception of UPO, the employer, which is relevant.

Authority:

    Simpson v. Midland-Ross Corp., 823 F.2d 937 (6th. Cir. 1987).

Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 3F

## PLAINTIFF MUST PROVE DEFENDANT'S REASON IS PRETEXTUAL

The Plaintiff may establish pretext by proving by a preponderance of the evidence that the reason given by UPO for its actions either:

(1)    Has no basis in fact; or

(2)    If UPO's reason has a basis in fact, by proving that it was not the actual motivation for UPO's actions; or

(3)    If the reasons were the motivation, by proving that they were insufficient to motivate the actions.

Unless you find by a preponderance of the evidence that the Defendant's stated reason for its actions was a pretext, and that the Plaintiff actually suffered an adverse employment action because he complained about discrimination or harassment under the District of Columbia Human Rights Act, then you must find for UPO.

In determining whether the reason given by UPO for the adverse employment action is a pretext, the principal consideration is not whether that reason, in fact, is true or not true. Rather, the principal consideration is whether UPO genuinely believed that the reason was true at the time they made the decision to take the adverse employment action. A non-retaliatory reason for taking the adverse employment action against an employee, if genuinely believed by UPO, is not a "pretext" even if it ultimately is proven to be false, mistaken or poorly founded.

Authority:

Arthur Young & Co. v. Sutherland, 631 A.2d 354, 368 (D.C. 1993); Leader v. Venture Indus. Corp., No. 97-CV-76021-DT, 1999 U.S. Dist. LEXIS 15947 (E.D. Mich., Sept. 30, 1999); Ridenour v. Lawson Co., 791 F.2d 42 (6th Cir. 1986); Cooloy v. Carmike Cinemas, Inc., 25 F.3d 1325 (6th Cir. 1994); Bryant v. Delbar Prods., 18 F. Supp. 2d 799 (M.D. Tenn. 1998); Stonum v. U.S. Airways, Inc., No. C-3-98-75, 1999 U.S. Dist. LEXIS 21072 (S.D. Ohio, June 2, 1999); Stubl v. T.A. Sys., Inc., 984 F. Supp. 1075 (E.D. Mich. 1997); Summerville v. ESCO CO. Ltd. Partnership, 52 F. Supp. 2d 804 (W.D. Mich. 1999); King v. Preferred Tech. Group, 166 F.3d 887 (7th Cir. 1996).

Accepted _____
Rejected _____
Modified _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

**INFERRING REQUIRED MENTAL STATE**

Next, I want to explain something about proving a Defendant's state of mind.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

Authority:

Wheelright v. Clairol, 770 F. Supp. 396, 401 (S.D. Ohio 55 1991); Ventura v. City of Independence, No. 95-3582, 1997 U.S. App. LEXIS 4102 (6th Cir. March 4, 1997); Silver v. KCA, Inc., 586 F.2d 138 (9th Cir. 1978).

Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

### BUSINESS JUDGMENT

Having reviewed the parties' relative burdens of proof in a general manner, there are a number of specific considerations which you should keep in mind when you retire to the jury room to deliberate over the merits of this case. UPO's business judgment is not on trial in this action. The law does not authorize courts or juries to judge the wisdom of a corporation's business decision. The law allows an employer to make its own business decisions, right or wrong, good or bad, as long as those decisions are not based on unlawful discrimination or harassment. Thus, even if you believe UPO exercised poor or questionable business judgment in its decision regarding Plaintiff's employment, or if you feel you would not have made such decisions under similar circumstances, you cannot find in favor of Plaintiff unless you are persuaded that he has proved, by a preponderance of the evidence, that UPO's explanations for these actions are actually a cover-up or "pretext" for what was, in truth, intentional and purposeful retaliation based on Plaintiff's complaint of discrimination or harassment under the District of Columbia Human Rights Act.

If you believe that UPO's explanation for its actions are not a pretext for intentional and purposeful discrimination, then its employment decisions relating to Plaintiff cannot be second-guessed, and you must find for UPO on Plaintiff's retaliation claim.

Authority:

Futrell v. Department of Labor Federal Credit Union, 816 A.2d 793, 804 (D.C. 2003); Eleventh Circuit Pattern Jury Instructions, Civil Cases (1990), No. 7.1 (modified);

Burlington Industries, Inc. v. Ellerth, 524 US 742 (1998); Faragher v. City of Boca Raton, 524 US 775 (1998); Farley v. American Cast Iron Pipe Co., 115 F.3d 1548, 1552 (11th Cir. 1997); Alphin v. Sears, Roebuck & Co., 940 F.2d 1497,1501 (11th Cir. 1991); Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991); Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1523 (11th Cir. 1990); Jones v. Gerwens, 874 F.2d 1534, 1540 (11th Cir. 1990); Smith v. Papp Clinic, P.A., 808 F.2d 1449, 1452-3 (11th Cir. 1987).

Accepted _____
Rejected _____

　　　　　　　　　　Modified_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 6

### D.C. WHISTLEBLOWING ACT

To establish a termination of employment in violation of the Employees of

District Contractors and Instrumentality Whistleblower Protection Act, D.C. Code §2-

223.01 ("D.C. Whistleblower Act"), the Plaintiff must prove each of the following

elements by a preponderance of the evidence:

1.      That he made a protected disclosure or refused to comply with an illegal order;

2.      That such a disclosure or refusal to comply with an illegal order was a

"contributing factor" in Defendant's decision to take an adverse employment action; and

3.       That the employer would not have taken the adverse action for legitimate reasons

independent of the protected disclosure.

If the Plaintiff demonstrates by a preponderance of the evidence that he made a

protected disclosure or refused to comply with an illegal order and such activity was a

contributing factor in the termination of his employment, the Plaintiff must prove that the

Defendant would not have terminated his employment for legitimate reasons,

independent of the protected disclosure or refusal to comply with an illegal order.


Authority:

See Anderson v. Ramsey, No. 04-56, 2006 U.S. Dist. LEXIS 21034, at *39
(D.D.C. Apr. 19, 2006) (citing D.C. Code § 1-615.54(b), applicable to employees of the
District of Columbia and which is substantively identical to § 2-223.03); Crawford v.
District of Columbia, 891 A.2d 216, 219-221 (DC.. 2006); D.C. CODE ANN. § 2-223.03.

Accepted _____
Rejected _____
Modified_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 6A

## <u>PROTECTED DISCLOSURE</u>

Under the D.C. Whistleblower Act, a "protected disclosure" includes any disclosure of information by an employee to a supervisor or public body that the employee reasonably believes evidences:

1.      gross mismanagement in connection with the administration of a public program or the execution of a public contract;

2.      gross misuse or waste of public resources or funds;

3.      abuse of authority in connection with the administration of a public program or execution of a public contract;

4.       a violation of a federal or state law, or of a contract with the District of Columbia government; or

5.      a substantial and specific danger to the public health and safety.

<u>Authority</u>:

See <u>Anderson v. Ramsey</u>, No. 04-56, 2006 U.S. Dist. LEXIS 21034, at *39 (D.D.C. Apr. 19, 2006) (citing D.C. Code § 1-615.54(b), applicable to employees of the District of Columbia and which is substantively identical to § 2-223.03); D.C. CODE ANN. § 2-223.03.

Accepted _____
Rejected _____
Modified_____

**DEFENDANT'S PROPOSED INSTRUCTION NO. 6B**

**ILLEGAL ORDER**

Under the D.C. Whistleblower Act, an illegal order is a directive to violate or to assist in violating a federal, state, or local law, rule or regulation.

Authority:

See Anderson v. Ramsey, No. 04-56, 2006 U.S. Dist. LEXIS 21034, at *39 (D.D.C. Apr. 19, 2006) (citing D.C. Code § 1-615.54(b), applicable to employees of the District of Columbia and which is substantively identical to § 2-223.03); D.C. CODE ANN. § 2-223.03.

Accepted _____
Rejected _____
Modified_____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 6C

## <u>CONTRIBUTING FACTOR</u>

A "contributing factor" is any factor which, alone or in connection with other factors, tends to affect in any way the outcome of the decision. The Plaintiff must demonstrate that UPO would not have taken the adverse employment action but for the Plaintiff's protected disclosure or refusal to comply with an illegal order.

The mere fact that any adverse employment action may have occurred after the Plaintiff disclosed fraud, waste or abuse or refused to engage in an illegal act is not sufficient, by itself, to establish the causal link between the protected activity and the adverse employment action. If UPO proves that Plaintiff's employment was terminated for reasons other than his disclosure of fraud, waste or abuse or refusal to engage in an illegal act, then the Plaintiff cannot establish there was a causal connection between the protected activity and the adverse employment action as required under the District of Columbia Whistleblower Act.

<u>Authority</u>:

See <u>Anderson v. Ramsey</u>, No. 04-56, 2006 U.S. Dist. LEXIS 21034, at *39 (D.D.C. Apr. 19, 2006) (citing D.C. Code § 1-615.54(b), applicable to employees of the District of Columbia and which is substantively identical to § 2-223.03); D.C. CODE ANN. § 2-223.03.

Accepted _____
Rejected _____
Modified_____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

**FEDERAL AND DISTRICT OF COLUMBIA FALSE CLAIMS ACT**

Plaintiff claims that he was retaliated against in violation of the Federal and District of Columbia False Claims Acts ("False Claims Acts"), 31 U.S.C. § 3730(h) and D.C. CODE ANN. § 2-308.16 respectively. To make out a successful claim of retaliation, Plaintiff must demonstrate:

1.    That he engaged in a protected activity;

2.    That the Defendant had knowledge that the Plaintiff was engaged in protected activity;

3.    That the Defendant terminated his employment; and

4.    That there was a causal connection between the protected activity and Defendant's termination of his employment.

If the Plaintiff establishes all of the above elements, the burden shifts to the Defendant to provide a legitimate, nonretaliatory reason for the Plaintiff's termination. If the Defendant comes forward with a legitimate, nonretaliatory reason, the burden is on the Plaintiff to prove by the preponderance of the evidence that the Defendant's stated reason was a pretext for retaliation.

Authority:

Scott v. Metropolitan Health Corporation, Civil Action No. 05-1948, 2007 U.S. App. LEXIS 8103, *5 (6th Cir. April 3, 2007); United States ex rel. Yesudian v. Howard Univ., 153 F.3d 731, 736 (D.C. Cir. 1998); United States ex rel. Long v. SCS Bus. & Technical Inst., 999 F. Supp. 78, 95 (D.D.C. 1998), rev'd on other grounds, 173 F.3d 870 (D.C. Cir. 1999).

Accepted _____

Rejected _____
Modified_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7A

## <u>PROTECTED ACTIVITY</u>

The Plaintiff engages in protected activity under the False Claims Acts when his conduct entails investigating matters which are calculated, or could reasonably lead to, a viable action under the False Claims Acts. Mere grumbling to the Defendant about the Plaintiff's job satisfaction is not enough. Nor is the Plaintiff's investigation of nothing more than the Defendant's non-compliance with federal or state regulations. To be covered by the False Claims Acts, the Plaintiff's investigation must concern false or fraudulent claims.

A " false claim" is any false or fraudulent request or demand for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient for any portion of the money or property, which is requested or demanded.

<u>Authority</u>:

<u>United States ex rel. Yesudian v. Howard Univ.</u>, 153 F.3d 731, 736 (D.C. Cir. 1998); <u>United States ex rel. Long v. SCS Bus. & Technical Inst.</u>, 999 F. Supp. 78, 95 (D.D.C. 1998), <u>rev'd on other grounds</u>, 173 F.3d 870 (D.C. Cir. 1999); 31 U.S.C. § 3729.

Accepted _____
Rejected _____
Modified_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7B

## CAUSAL CONNECTION

To demonstrate a causal connection between the Plaintiff's protected activity and the Defendant's adverse employment action, the Plaintiff must demonstrate that UPO would not have taken the adverse employment action but for the Plaintiff's protected activity.

The mere fact that any adverse employment action may have occurred after the Plaintiff engaged in protected activity is not sufficient, by itself, to establish the causal link between the complaint and the adverse employment action. If UPO proves that Plaintiff's employment was terminated for reasons other than his protected activity, then the Plaintiff cannot a causal connection between the protected activity and the adverse employment action under the False Claims Acts.

Authority:

United States ex rel. Yesudian v. Howard Univ., 153 F.3d 731, 736 (D.C. Cir. 1998).

Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 7C

## DEFENDANT'S LEGITIMATE NON-RETALIATORY REASON

If, and only if, you first determine that the Plaintiff has established a causal link between his protected activity and his termination, then UPO has the burden of presenting a legitimate, non-retaliatory reason for its actions. You must consider any legitimate, non-retaliatory reason or explanation stated by UPO for its decisions.

A legitimate, non-retaliatory reason is any reason or explanation unrelated to the Plaintiff's protected activity. In considering the legitimate, non-retaliatory reason stated by UPO for its decision, you are not to second-guess the correctness of that decision or to otherwise substitute your judgment for that of UPO.

In this case, the ultimate burden of persuading you that the Defendant retaliated against the Plaintiff because of his protected activity remains at all times with the Plaintiff. UPO is, therefore, not required to prove that its decision was actually motivated by the stated legitimate, non-retaliatory reason. Nor must UPO prove the absence of a retaliatory motive. Rather, once UPO has produced evidence of any legitimate reason, the Plaintiff must prove that the reason was a pretext for retaliation.

Authority:

Scott v. Metropolitan Health Corporation, Civil Action No. 05-1948, 2007 U.S. App. LEXIS 8103, *5 (6th Cir. April 3, 2007); United States ex rel. Yesudian v. Howard Univ., 153 F.3d 731, 736 (D.C. Cir. 1998); American Bar Association, Model Jury Instructions for Employment Litigation, § 1.02 [3][a][b]; Arthur Young & Co. v. Sutherland, 631 A.2d 354, 368 (D.C. 1993); McDonnell Douglass Corp. v. Green, 411 U.S. 792 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); Griggs v. Duke Power Co., 401 U.S. 424 (1971).

Accepted _____
Rejected _____
Modified _____

**DEFENDANT'S PROPOSED INSTRUCTION NO. 7D**

**DEFENDANT'S BURDEN OF PROOF**

UPO does not have to persuade you of its reasoning in its employment decisions. Once UPO has stated a legitimate reason for its decision, the burden is on the Plaintiff to demonstrate that UPO's reason is false and used to disguise retaliation against the Plaintiff. If the Plaintiff's evidence does not show by a preponderance of evidence that UPO's reason is a pretext for retaliation, then you must find for UPO.

Authority:

 Scott v. Metropolitan Health Corporation, Civil Action No. 05-1948, 2007 U.S. App. LEXIS 8103, *5 (6th Cir. April 3, 2007); United States ex rel. Yesudian v. Howard Univ., 153 F.3d 731, 736 (D.C. Cir. 1998).

Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 7E

### PRETEXT

If you find that UPO has presented evidence of a legitimate, non-retaliatory reason for its actions, you should decide in favor of UPO unless the Plaintiff also proves by a preponderance of the evidence that the reasons offered by the Defendant are a pretext, disguising an underlying intent to retaliate against Plaintiff because he engaged in protected activity.  The ultimate burden of persuading you that the Plaintiff was a victim of unlawful retaliation remains at all times with the Plaintiff.

Rejection of the Defendant's legitimate, non-retaliatory reason for its actions does not *require* judgment for the Plaintiff.  The ultimate question is whether UPO retaliated against the Plaintiff, and proof that UPO's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the Plaintiff's proffered reason is correct.  In other words, it is not enough to *disbelieve* UPO; you must *believe* the Plaintiff's explanation of intentional retaliation.

The Plaintiff cannot simply show that UPO's decisions were wrong or mistaken, since the factual dispute at issue is whether Plaintiff engaged in protected activity and that conduct motivated UPO, not whether UPO is wise, shrewd, prudent or competent.  Rather, the Plaintiff must demonstrate such weaknesses, implausibility, inconsistencies, incoherence, or contradictions in Defendant's proffered legitimate reason for its action that it is reasonable to rationally find its reason unworthy of credence, and hence infer that the Defendant more likely than not terminated the Plaintiff because it wanted to penalize him for engaging in protected activity.

<u>Authority</u>:

  <u>Scott v. Metropolitan Health Corporation</u>, Civil Action No. 05-1948, 2007 U.S. App. LEXIS 8103, *5 (6th Cir. April 3, 2007); <u>United States ex rel. Yesudian v. Howard Univ.</u>, 153 F.3d 731, 736 (D.C. Cir. 1998).

Accepted _____
Rejected _____
Modified _____

**DEFENDANT'S PROPOSED INSTRUCTION NO. 7F**

**PRETEXT--PERCEPTIONS**

In determining whether UPO's reasons for its decision with regard to the Plaintiff were, in fact, a pretext for retaliation, neither the Plaintiff's perception of the appropriateness of the decision nor his subjective belief that he was retaliated against is evidence of retaliation.  The Plaintiff's own self-serving assertions are not in themselves sufficient to show pretext, even where accompanied by conclusory statements of co-workers.  It is the perception of UPO, the employer, which is relevant.

Authority:

Simpson v. Midland-Ross Corp., 823 F.2d 937 (6th. Cir. 1987).

Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 7G

### <u>PLAINTIFF MUST PROVE DEFENDANT'S REASON IS PRETEXTUAL</u>

The Plaintiff may establish pretext by proving by a preponderance of the evidence that the reason given by UPO for its actions either:

(1)    Has no basis in fact; or

(2)    If UPO's reason has a basis in fact, by proving that it was not the actual motivation for UPO's actions; or

(3)    If the reasons were the motivation, by proving that they were insufficient to motivate the actions.

Unless you find by a preponderance of the evidence that the Defendant's stated reason for its actions was a pretext, and that the Plaintiff actually suffered an adverse employment action because he engaged in protected activity, then you must find for UPO.

In determining whether the reason given by UPO for the adverse employment action is a pretext, the principal consideration is not whether that reason, in fact, is true or not true. Rather, the principal consideration is whether UPO genuinely believed that the reason was true at the time they made the decision to take the adverse employment action. A non-retaliatory reason for taking the adverse employment action against an employee, if genuinely believed by UPO, is not a "pretext" even if it ultimately is proven to be false, mistaken or poorly founded.

<u>Authority:</u>

<u>Scott v. Metropolitan Health Corporation</u>, Civil Action No. 05-1948, 2007 U.S. App. LEXIS 8103, *5 (6th Cir. April 3, 2007); <u>Arthur Young & Co. v. Sutherland</u>, 631 A.2d 354, 368 (D.C. 1993); <u>Leader v. Venture Indus. Corp.</u>, No. 97-CV-76021-DT, 1999 U.S. Dist. LEXIS 15947 (E.D. Mich., Sept. 30, 1999); <u>Ridenour v. Lawson Co.</u>, 791 F.2d 42 (6th Cir. 1986); <u>Cooloy v. Carmike Cinemas, Inc.</u>, 25 F.3d 1325 (6th Cir. 1994); <u>Bryant v. Delbar Prods.</u>, 18 F. Supp. 2d 799 (M.D. Tenn. 1998); <u>Stonum v. U.S. Airways, Inc.</u>, No. C-3-98-75, 1999 U.S. Dist. LEXIS 21072 (S.D. Ohio, June 2, 1999); <u>Stubl v. T.A. Sys., Inc.</u>, 984 F. Supp. 1075 (E.D. Mich. 1997); <u>Summerville v. ESCO CO. Ltd. Partnership</u>, 52 F. Supp. 2d 804 (W.D. Mich. 1999); <u>King v. Preferred Tech. Group</u>, 166 F.3d 887 (7th Cir. 1996).

Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 8

## <u>CONSIDER DAMAGES ONLY IF NECESSARY</u>

If the Plaintiff has proven his claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe the Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

If, and only if, you first determine that the Plaintiff has met his burden of proving each element of his claims, then you must determine the amount of damages, if any, that the Defendant has caused the Plaintiff. You may not award any amount of damages to the Plaintiff if you find that he failed to carry his burden of proving his claim by a preponderance of the evidence. Also, the burden is on the Plaintiff to establish that he suffered damages and the amount of those damages.

Any damages you award must be reasonable. You may award the Plaintiff only such damages as will reasonably compensate him for the damages as you find, from a preponderance of the evidence, that he sustained as a result of the unlawful conduct, if any, for which the Defendant is liable. You are not permitted to speculate as to damages. Rather, you may award only damages proven by the Plaintiff.

<u>Authority</u>:

Devitt, Blackmar & Wolff, §§ 85.14, 104.05, as modified; <u>Hill v. Liner</u>, 336 A.2d 533 535 (D.C. 1975); <u>Albermarle Paper Co. v. Moody</u>, 422 U.S. 405 (1975); <u>United States v. United States Steel Corp.</u>, 520 F.2d 1043, 1050-56 (5th Cir. 1975), <u>cert. denied</u> 429 U.S. 817 (1976); <u>Walsdorf v. Board of Comm'rs</u>, 857 F.2d 1047, 1054 (5th Cir. 1988);

Committee on Pattern Jury Instruction, District Judges Association, Fifth Circuit, <u>Pattern Jury Instructions</u>, Damages 7A, West Publishing Corp., 1980; <u>Figgs v. Quick Fill Corp.</u>, 766 F.2d 901, 902-03 (5th Cir. 1985); <u>Merriweather v. Hercules Inc.</u>, 631 F.2d 1161, 1168 (5th Cir. 1980).

Accepted _____

Rejected _____

Modified _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 9

## <u>COMPENSATORY DAMAGES -- EMOTIONAL DAMAGES</u>

The Plaintiff has the burden of proving any "compensatory damages" by a preponderance of the evidence.  If the Plaintiff does not establish that he has experienced emotional pain because of the Defendant's conduct, then he cannot recover compensatory damages for emotional pain.

If you determine that the Plaintiff has proven by a preponderance of the evidence that he has experienced emotional pain, you may award damages for those injuries.  The Plaintiff also has a duty to mitigate any emotional pain he may have suffered by using reasonable means to avoid harm, and to prevent aggravation of and to recover from such pain.

No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence.  No exact standard exists for fixing the compensation to be awarded for these elements of damages.  However, you may not speculate as to emotional injuries that are not established by the evidence.  The damages that you award must be fair compensation -- no more and no less.

<u>Authority</u>:

American Bar Association, Model Jury Instructions:  Employment Litigation § 1.07[3] (1994), as modified; Devitt, Blackmar & Wolff, § 85.13, modified.

Accepted _____
Rejected _____
Modified _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 10

### <u>AFTER-ACQUIRED EVIDENCE</u>

Defendant contends that the Plaintiff's employment would have terminated because he removed confidential information of the Defendant's for his personal use without any authority.  If the Defendant proves by a preponderance of the evidence that the Defendant would have made the same decision and would have discharged the Plaintiff because of his unauthorized taking of Defendant's confidential information, you should limit any award of back pay to the date upon which the Defendant would have made the decision to terminate the Plaintiff's employment as a result of his conduct.

<u>Authority:</u>

Ninth Circuit Model Civil Jury Instructions 12.5C.

Accepted _____
Rejected _____
Modified _____

Respectfully Submitted,

 /s/
Omar Vincent Melehy, Esq.
D.C. Bar No. 415849
Andrew J. Perlmutter, Esq.
D.C. Bar No. 489601
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel:    301-587-6364
Fax:    301-587-6308
ovmelehy@melehylaw.com
aperlmutter@melehylaw.com
Attorneys for Plaintiff,
Mohammed Amin Kakeh

Respectfully Submitted,

 /s/
Alison N. Davis, Esq.
D.C. Bar No. 429700
Kevin M. Kraham, Esq.
D.C. Bar No. 459077
Ford & Harrison LLP
1300 19th Street NW, Suite 700
Washington, D.C. 20036
Tel:    202-719-2000
Fax:    202-719-2077
adavis@fordharrison.com
kkraham@fordharrison.com
Attorneys for Defendant,
United Planning Organization, Inc.