UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AMIN KAKEH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :  Civil Action No. 05-1271 (GK) |
| | : |
| UNITED PLANNING ORGANIZATION, INC., | : |
| | : |
| Defendant. | : |

**ORDER SETTING FORTH TRIAL PROCEDURES IN CIVIL CASES**

In order to administer the trial of the above-captioned criminal case in a fair, just, efficient and economical manner, it is hereby

**ORDERED,** that counsel for the Government and Defendant(s) are directed to comply with each of the following procedures and requirements.

**I.     GENERAL COURTROOM RULES**:

The Court expects counsel to demonstrate civility towards everyone related to the case and the Court at all times.

A.     All statements by counsel should be directed to the Court and not to opposing counsel.

B.     Lawyers will refer to all witnesses, over the age of 18, including their clients, as "Mr." or Ms." The use of first names or nicknames is not allowed.

C.     Witnesses will be addressed in a respectful and polite manner; there will be no shouting at witnesses.

      D.      Lawyers shall interrogate witnesses and make opening statements and closing arguments from the lectern only.  A lawyer will remain at the lectern when addressing the jury or when interrogating a witness.

      E.      If a lawyer finds it necessary to approach a witness, permission should first be obtained from the Court.

      F.      The rule on witnesses is **always** in effect.

      G.      Times for starting and adjourning the trial day will be announced at the start of trial.  Court will begin promptly and the jury will not be kept waiting.  In particular, counsel are **warned** not to raise preliminary matters at the start of the trial day, when the jury and all others are ready to proceed.  The Court will be available to resolve preliminary matters 15 minutes prior to the scheduled start of the trial day, or during the lunch break, or at the conclusion of the trial day.  Trial time and jury time will not, however, be lost.

**II.**      **JURY SELECTION**:

All members of the panel will be seated in the courtroom in the order in which they are listed on the jury sheets.  Attendance will be taken by the courtroom clerk, and the panel will be sworn in.  The Court will announce, in advance of voir dire, the number of alternate jurors to be selected, the seats in which they will be placed, and the number of peremptory challenges to be allowed under F. R. Cr. P. 24.

Voir dire will be conducted by the Court.  Standard voir dire questions will be asked.  Requests for additional voir dire must be submitted to the Court, in writing with an accompanying copy on disk, at least **one week prior to trial**.  Questions submitted on the day of trial **will not** be considered.

When jurors enter the courtroom, they will be given a small index card. As the Court questions them, jurors will write down on the card the numbers of the questions to which they have answers. Any juror who has an answer to any question will then be called to the bench for questioning. The Court will question first and counsel may pose brief follow-up questions.

Strikes for cause will be heard at the end of all questioning of the jurors. The Court will first indicate those it believes are disqualified and hear any objections from counsel; thereafter, counsel's strikes for cause will be heard and ruled on.

After completion of questioning and striking of jurors for cause, the requisite number of jurors will be placed in the jury box. All strikes are to made **on a written form** provided by the Court. Counsel are **not** to make their jury selections in open court or out loud. The Court's written strike form is attached hereto, as Attachment 1. Counsel may strike from the jury panel. At the end of each round, those jurors struck will be excused from the jury box to take their seats in the courtroom, until the conclusion of jury selection so that counsel will always be able to see exactly what their jury looks like. A pass will be treated as a strike. When counsel make their written strikes they are to indicate the seat number and the juror number so there is no confusion. It is particularly important that counsel indicate, in the appropriate column on the attached form, the race and gender of each juror struck.

III. <u>**CONDUCT OF THE TRIAL:**</u>

      A.     <u>VERBAL OR FACIAL CONTACT WITH THE JURY</u>: Counsel, the parties, and members of the audience, shall not make any verbal comments, facial expression, laughter, or other contact with the jury which would be interpreted as conveying a comment one way or the other with respect to any testimony, argument or event that may occur during trial. Nor shall any such persons

offer gratuitous comments or asides about witnesses' testimony or opposing counsel. Any persons violating this rule may be summarily ejected from the courtroom.

  B. <u>MOTIONS IN LIMINE</u>: Motions in Limine are encouraged with respect to legal matters that can reasonably be expected to arise during trial, and should be filed as soon as they come to the attention of counsel for any party.

  C. <u>EXHIBIT LISTS</u>: All exhibits are to be marked numerically in advance of trial and the written list must contain a brief description of each exhibit.

  D. **<u>EVIDENTIARY OBJECTIONS</u>:  NO EVIDENTIARY OBJECTIONS SHALL BE ARGUED IN THE PRESENCE OF THE JURY, ALTHOUGH COUNSEL MAY STATE A ONE-WORD OR ONE-PHRASE GROUND THEREFOR.**  Bench conferences during trial are **discouraged**. Counsel must state the legal basis for their objections in a word or, at most, a phrase without elaboration or argument (unless called to the bench). For purposes of "protecting the record" and assisting the Court of Appeals, counsel may explain their positions and the Court may explain its ruling on the record after the jury has been excused for a scheduled break or lunch.

  E. <u>DIRECT AND CROSS-EXAMINATION</u>:  On direct or cross-examination of a witness, counsel shall not:

   1. be allowed re-cross-examination of any witness;

   2. testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received into evidence; <u>see</u>, e.g.,<u>United States v. Sampol</u>, 636 F.2d 621, 669 (D.C. Cir. 1980);

   3. use an objection as an opportunity to argue or make a speech in the presence of the jury; <u>see</u>, e.g.,<u>United States v. Powe</u>, 591 F.2d 833, 839 (D.C. Cir. 1978);

    4.    show to the jury a document or anything else that has not yet been received into evidence; cf. United States v. Treadwell, 740 F.2d 327, 339 (D.C. Cir. 1985), cert. denied, 474 U.S. 1064 (1986);

    5.    question a witness about whether or why any other witness would lie on the stand; see United States v. Boyd, 54 F.3d 868, 871-72 (D.C. Cir. 1995); or

    6.    offer gratuitous comments and asides about witnesses testimony or opposing counsel.

Failure to abide by these rules may result in severe sanctions.

F.    <u>CLOSING ARGUMENTS</u>:    The Court will deliver the bulk of final instructions <u>before</u> closing arguments. Any proposed jury instructions must be submitted to the Court, in writing with an accompanying copy on disk, at least **one week prior to trial**.

With regard to both opening statements and closing arguments, the Court will intervene <u>sua sponte</u> and not wait for objections if it observes the failure to adhere to basic legal principles. In making closing arguments, counsel shall, as usual, be limited by the evidence presented during trial. Moreover, during closing arguments and throughout the trial, counsel shall not:

    1.    make statements of personal belief to the jury or express belief in the credibility of any witness; see, e.g., United States v. Young, 470 U.S. 1,8 (1985) (citing ABA Standards for Criminal Justice 4-7.8); United States v. Jones, 433 F.2d 1107, 1108 & n.5 (D.C. Cir. 1970) (per curiam);

    2.    make personal attacks on other counsel in the case; see, e.g., Young, 470 U.S. at 9; United States v. Mealy, 851 F.2d 890, 904 (7th Cir. 1988);

    3.    appeal to the self interest of the jurors; see, e.g., United States v. Monaghan, 741 U.S. 1085 (1985); United States v. Shirley, 435 F.2d 1076, 1979 (7th Cir. 1970) (per curiam); or

    4.    make racial, political, or religious comments; see,e.g., Brooks v. Kemp, 762 F.2d 1383, 1413 (11th Cir. 1985), cert. denied, 478 U.S. 1022 (1986); United States v. Hollins, 811 F.2d 384, 390 (7th Cir. 1987).

Failure to abide by these rules may result in severe sanctions.

G	Counsel calling a witness to testify should have no further discussions with that witness concerning the case or any aspect of the testimony after the witness has been tendered for

ross examination and until such time as the witness has been tendered back for redirect examination. At all other times, within the bounds of governing ethics and the law, counsel may pursue their discussions with witnesses during the trial.

                                                 /s/
                                                Gladys Kessler
                                                U.S. District Judge

June 26, 2007

**Copies via ECF to all counsel of record**