IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AMIN KAKEH,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED PLANNING ORGANIZATION,<br><br>    Defendant. | CIVIL ACTION NO. 05-1271 (GK/JMF)<br><br><br>Next Scheduled Event:<br>Pretrial Conference on 4/8/08 at 4:15 pm |

**UNITED PLANNING ORGANIZATION'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY, ARGUMENT AND EVIDENCE FROM SHIRLEY FISHER**

Defendant United Planning Organization, Inc. ("UPO"), by and through its undersigned counsel, and, pursuant to Federal Rule of Civil Procedure 7, files this motion *in limine* to enter an order excluding testimony, argument and evidence from Plaintiff's Coworker, Shirley Fisher, as grounds therefore, states as follows:

UPO is concurrently filing a memorandum of points and authorities in support of this motion *in limine* to exclude testimony, argument and evidence from a former coworker of Plaintiff, Shirley Fisher, because such evidence and testimony is irrelevant and highly prejudicial. The basis for UPO's motion is more fully set forth in the memorandum of points and authorities in support of the motion.

A proposed order granting the relief sought herein is provided herewith. Opposing counsel does not consent to the relief sought herein.

Dated: March 21, 2008

Respectfully submitted,

By: _____
Alison Nadine Davis
D.C. Bar No. 429700
adavis@fordharrison.com
David Rosenberg
D.C. Bar No.
drosenberg@fordharrison.com
Kevin Kraham
D.C. Bar No.
kkraham@fordharrison.com

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC 20036
(202) 719-2000
(202) 719-2077 (Facsimile)

Attorneys for Defendant United Planning Organization, Inc.

DC:73140.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AMIN KAKEH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PLANNING ORGANIZATION, INC.,<br><br>Defendant. | CIVIL ACTION NO. 05-1271 (GK/JMF)<br><br>Next Scheduled Event:<br>Pretrial Conference on 4/8/08 at 4:15 pm |

### UNITED PLANNING ORGANIZATION INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM SHIRLEY FISHER

Defendant United Planning Organization, Inc. ("UPO"), by and through its undersigned counsel, and, pursuant to Federal Rule of Civil Procedure 7, files this motion *in limine* to exclude from the jury testimony or evidence from Plaintiff Mohammed Amin Kakeh's ("Plaintiff's") co-worker, Shirley Fisher, and, as grounds therefore, states as follows:

Plaintiff, a former Controller for UPO, brings claims of retaliation pursuant to the District of Columbia Whistleblower Protection Act, the District of Columbia Human Rights Act, the District of Columbia False Claims Act and the federal False Claims Act against his former employer UPO following his termination in conjunction with the outsourcing of the management of UPO's Finance Office. Based on Plaintiff's witness and exhibit lists, and his opposition to UPO's summary judgment motion, UPO anticipates that Plaintiff will seek to introduce evidence at trial that is irrelevant to his claims, unduly prejudicial, and otherwise inadmissible. Specifically, UPO expects Plaintiff to attempt to elicit testimony from Shirley Fisher, a former coworker, that "the manner in which the alleged reduction in force occurred did not make sense

to her because there were only two people terminated and one of them was the controller." Dkt. No. 84(Joint Pretrial Statement at 9)

Ms. Fisher was not Plaintiff's supervisor. Exhibit A (Deposition of Shirley Fisher ("Fisher Dep.") at 9:6-8). Ms. Fisher was not employed in UPO's Finance Office. Ms. Fisher was a nonsupervisory employee in the Competitive Grants Division. *Id.* at 4:16-19. She was responsible for the oversight of small grants given to the community to provide social services to indigent residents of the District of Columbia. *Id.* at 4:20-5:3.

Ms. Fisher was not involved in the reduction in force process. *Id.* at 74:1-3. Ms. Fisher testified that no one in UPO's management explained to her the reduction-in-force. *Id.* at 60:17-19. Further, the record shows that Ms. Fisher lacks a basic understanding of the reduction-in-force process. For example, she believes that Plaintiff had bumping rights. *Id.* at 54:8-55:3. In fact, there is no bumping right for nonunion employees under UPO's reduction-in-force process. *See* Dkt. No. 73, Part 3 at ¶ 86. Finally, Ms. Fisher testified:

> Q. Since Mr. Kakeh left UPO, have you had any further conversations with him about his theory that he was let go in retaliation?
>
> A. I think he has mentioned that he felt that he was let go because of all of the investigations that occurred. Yes, he did mention that to me. And when and where, I'm not sure.
>
> * * *
>
> Q. Do you think that it was reasonable for him to think that?
>
> A. I certainly would.
>
> Q. Why would you think that?
>
> A. Well, let's face it. The comptroller has all the information in an agency. I mean, they know all the nuts and bolts of what's going on in finances.
>
> So I would think – I mean, it's – I guess there's – aside from that, aside from the fact that I – the comptroller actually controls the purse strings, if you will, or tries to control the purse strings.

>       I mean, I would wonder, if it was me, why there was a reduction in force
>       and me as a comptroller was given one.
>
> Q.    Uh-uh.
>
> A.    And I would wonder about that. I certainly would. But, you know, again,
>       in terms of specificity, it's very difficult to put your finger on something.
>       These are the kind of things, you know, you can fee, you can think, but
>       you don't have anything concrete to – so it's speculative, if you will.
>
>                                    * * *
>
> A.    You have a RIF in an agency and only two people are RIF'd? You
>       wonder why.

Fisher Dep. at 65:10-67:15. As Ms. Fisher herself testified, she does not know exactly why the reduction-in-force did not make sense to her.

Any evidence that the reduction-in-force did not make sense to Ms. Fisher is irrelevant and highly prejudicial since she lacked personal knowledge of the reduction-in-force process. UPO, therefore, requests that this Court exclude testimony and evidence from Ms. Fisher which suggests that UPO's business judgment was wanting with regard to the reduction-in-force from opening statements, witness testimony, or other introduction at trial. FED. R. EVID. 402, 403.

WHEREFORE, Defendant, UPO, respectfully requests that this Court enter an Order *in limine* excluding any evidence and testimony from Shirley Fisher.

Dated: March 21, 2008                    Respectfully submitted,

By: _____
Alison Nadine Davis
DC Bar No. 429700
adavis@fordharrison.com
David A. Rosenberg
D.C. Bar No. 433405
drosenberg@fordharrison.com
Kevin M. Kraham
D.C. Bar No. 459077
kkraham@fordharrison.com

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC 20036
(202) 719-2000
(202) 719-2077 (Facsimile)

Attorneys for Defendant United Planning Organization, Inc.

DC:73141.1