UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

    *Plaintiff*,

v.

United Planning Organization, Inc.,

    *Defendant*.

Civil Action No.
1:05-CV-1271

## ORDER

UPON CONSIDERATION of Plaintiff's First Motion in Limine, and any opposition thereto, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

    **ORDERED**, that Plaintiff's Motion is hereby GRANTED; and it is further,

    **ORDERED**, that any and all evidence concerning an incident of alleged child abuse by Plaintiff on October 23, 2004 is hereby EXCLUDED from presentation at trial. This exclusion includes any evidence related to the circumstances of the October 23, 2004 incident and the time Plaintiff spent in jail and on probation as a result of the incident; and it is further,

    **ORDERED**, that Nabeelah Kakeh is EXCLUDED as a witness at trial; and it is further,

    **ORDERED,** that any evidence concerning the Plaintiff's work for the People's Committee, an organization funded by the Libyan government is EXCLUDED from presentation at trial; and it is further,

    **ORDERED,** that any evidence concerning the Plaintiff's work for a member of the Saudi Royal family is EXCLUDED from presentation at trial; and it is further,

**ORDERED**, that any evidence concerning the termination of Plaintiff's employment at Manna, Inc., including any evidence related to Plaintiff's work performance at Manna, Inc. is EXCLUDED from presentation at trial; and it is further,

**ORDERED,** that the following opinions by the Defendant's expert witness, Dr. Henderson, are EXCLUDED from presentation at trial:

(1) his opinion on whether Plaintiff is a credible witness;

(2) his opinion on whether Plaintiff was a trouble-maker at UPO or his past employment;

(3) his opinion that Plaintiff did not respect his boss because she was a woman;

(4) his tacit opinion that Plaintiff has trouble working with women;

(5) his opinion that Plaintiff created chaos at UPO or Manna, Inc.;

(6) the prudency of the Plaintiff's decision to pursue this litigation;

(7) speculation about Plaintiff's extra marital activities;

(8) his opinion that the Plaintiff is an authoritarian, angry and heavy-handed individual and behaves so with those who do not do things exactly as the Plaintiff feels they should be done;

(9) his opinion that the Plaintiff has little patience and little capacity to work out problems through reasonable solutions in social situations;

(10) his opinion that the Plaintiff's insight and judgment is impaired because of Plaintiff's cultural bias;

(11) any opinion by Dr. Henderson that is not related to the issue of Plaintiff's emotional distress damages in this case; and it is further,

**ORDERED**, that Dr. Henderson may not reference the following facts during his testimony: (1) Plaintiff's previous employment at Manna, Inc; (2) the October 23, 2004

incident involving Nabeelah Kakeh; (3) Plaintiff's employment with the People's Committee, an organization funded by the Libyan government; (4) Plaintiff's alleged employment by a member of the Saudi Royal family; and it is further,

**ORDERED,** that counsel for both parties may not make any arguments, remarks, references to the matters excluded by this Order in the presence of the jury. Further, Counsel for both parties may not reference the fact that Nabeelah Kakeh is not testifying as a witness in the presence of the jury. Counsel for both parties may not ask any witness questions that logically call for an answer excluded by this Order.

**It is so ORDERED**.

_____
JUDGE