UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

*Plaintiff*,

v.

United Planning Organization, Inc.,

*Defendant*.

Civil Action No. 05-1271 (GK/JMF)

Next Scheduled Event:
Pretrial Conference on 4/8/08 at 4:15 pm

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Defendant United Planning Organization, Inc. ("UPO"), by and through its undersigned counsel, files its objections to Plaintiff Mohammed Amin Kakeh's ("Kakeh") Exhibit List in accordance with Rule 26(a)(3) and this Court's June 26, 2007 Order.

| Number | Description | Objections |
|---|---|---|
| 13 | DHHS Program Support Center, Financial Management Service, Division of Payment Management Grant Recipient Information dated February 26, 2007 | Irrelevant because there is no temporal proximity between this record and the issues in this case. FED. R. EVID. 401 and 402. The record was created almost 2 1/2 years after the effective date of Kakeh's termination, June 30, 2004. Further, the record does not relate to either the monitoring reviews or investigations, or any of the individuals involved in the decision to terminate Kakeh's employment. |
| 14 | DHHS Program Support Center, Financial Management Service, Division of Payment Management Frequently Asked Questions dated February 26, 2007 | Irrelevant because there is no temporal proximity between this record and the issues in this case. FED. R. EVID. 401 and 402. The record was created almost 2 1/2 years after the effective date of Kakeh's termination, June 30, 2004. Further, the record does not relate to either the monitoring reviews or investigations, or any of the individuals involved in the decision to terminate Kakeh's employment. |

| Number | Description | Objections |
|---|---|---|
| 15 | DHHS Program Support Center, Financial Management Service, Division of Payment Management PSC 272 Reports DPM Reporting Overview dated February 26, 2007 | Irrelevant because there is no temporal proximity between this record and the issues in this case. FED. R. EVID. 401 and 402. The record was created almost 2 1/2 years after the effective date of Kakeh's termination, June 30, 2004. Further, the record does not relate to either the monitoring reviews or investigations, or any of the individuals involved in the decision to terminate Kakeh's employment. |
| 16 | DHHS Program Support Center, Financial Management Service, Division of Payment Management PSC 272 General Instructions and Things to Remember for Completing the Report dated February 26, 2007 | Irrelevant because there is no temporal proximity between this record and the issues in this case. FED. R. EVID. 401 and 402. The record was created almost 2 1/2 years after the effective date of Kakeh's termination, June 30, 2004. Further, the record does not relate to either the monitoring reviews or investigations, or any of the individuals involved in the decision to terminate Kakeh's employment. |
| 20 | Memorandum dated October 3, 2003 from Plaintiff to Benjamin Jennings re: Controller's Office Status Alert | Hearsay, FED. R. EVID. 802. |
| 21 | Memorandum dated October 16, 2003 from Plaintiff to Benjamin Jennings re Harassment and Discrimination | Hearsay, FED. R. EVID. 802. |
| 22 | Memorandum dated October 20, 2003 from Plaintiff to Gladys Mack re: Urgent Request for Budget and Financial Information | Hearsay, FED. R. EVID. 802. |
| 23 | Plaintiff notes of contacts w/ Defendant's Management and Regulatory Officials dated May 27, 2005 | Hearsay, FED. R. EVID. 802. |

| Number | Description | Objections |
|---|---|---|
| 24 | Plaintiff notes dated February 10, 2004 re: Meeting with Tunde Eboda | Hearsay, FED. R. EVID. 802. |
| 25 | Plaintiff notes dated March 3, 2004 re: Budget Amendments | Hearsay, FED. R. EVID. 802. |
| 26 | Plaintiff notes dated February 16, 2004 re: Telephone Conversation with Tunde Eboda | Hearsay, FED. R. EVID. 802. |
| 27 | Plaintiff notes dated February 19, 2004 re: Meeting Between Tunde and Sheila | Hearsay, FED. R. EVID. 802. |
| 28 | Plaintiff notes dated February 25, 2004 re: Conversation with Tunde | Hearsay, FED. R. EVID. 802. |
| 29 | Plaintiff notes dated March 1, 2004 re: Investigation for CSBG | Hearsay, FED. R. EVID. 802. |
| 31 | Plaintiff notes dated March 11, 2004 re: Sheila's resignation | Hearsay, FED. R. EVID. 802. |
| 32 | Plaintiff notes dated March 12, 2004 re: Managers' Meeting | Hearsay, FED. R. EVID. 802. |
| 33 | Plaintiff notes dated March 17, 2004 re: Conversation with Monica | Hearsay, FED. R. EVID. 802. |
| 36 | Plaintiff notes dated March 25, 2004 re: Meeting with Gladys, Monica, Sheila and Rachel | Hearsay, FED. R. EVID. 802. |
| 40 | Defendant Position Statement re: Charge of Discrimination filed by Plaintiff dated June 15, 2004 | Hearsay, FED. R. EVID. 802. |

| Number | Description | Objections |
|---|---|---|
| 41 | Memorandum from Plaintiff to Dana J. Jones dated April 11, 2004 re: Financial Issues | Hearsay, FED. R. EVID. 802. |
| 43 | Plaintiff notes dated March 31, 2004 re: Meeting with OHR Representative | Hearsay, FED. R. EVID. 802. |
| 44 | Memorandum from Plaintiff to Alexis Roberson dated April 5, 2004 re: Financial Issues | Hearsay, FED. R. EVID. 802. |
| 45 | Plaintiff notes dated April 5, 2004 re: meeting with Dana, Alexis and Tunde | Hearsay, FED. R. EVID. 802. |
| 46 | Plaintiff notes dated April 6, 2004 re: meeting with Dena, Gladys, Sheila, Rachel, Latania and Tanis | Hearsay, FED. R. EVID. 802. |
| 47 | Defendant's policies re: Head Start Program | Irrelevant, vague, and ambiguous, FED. R. EVID. 401 and 402. The description of the exhibit does not comply with the Court's Scheduling Order of August 25, 2005. Further, UPO is unable to determine which document comprises this exhibit. Counsel for Plaintiff has been unable to locate the exhibit. |
| 49 | Editing notes re: UPO Schedule of Expenditures of Federal Awards dated February 22, 2007 | Irrelevant because there is no temporal proximity between this record and the issues in this case. FED. R. EVID. 401 and 402. The record was created almost 2 1/2 years after the effective date of Kakeh's termination, June 30, 2004. Further, the record does not relate to either the monitoring reviews or investigations, or any of the individuals involved in the decision to terminate Kakeh's employment. |
| 50 | Plaintiff notes dated May 3, 2004 re: Investigation | Hearsay, FED. R. EVID. 802. |

| Number | Description | Objections |
|---|---|---|
| 53 | Plaintiff notes dated May 4, 2004 re: Meeting with Unnamed Persons | Probative value is substantially outweighed by the danger of unfair prejudice because the exhibit refers to unnamed people, FED. R. EVID. 403. Hearsay, FED. R. EVID. 802. |
| 54 | Fax from Plaintiff to Ken Marty to Provide Documentation dated May 7, 2004, May 10, 2004, May 19, 2004, and May 25, 2004 | Incomplete document that will confuse the issues and mislead the jury, FED. R. EVID. 403. Hearsay, FED. R. EVID. 802. |
| 55 | Plaintiff notes dated May 19, 2004 re: Sick Leave | Hearsay within hearsay, FED. R. EVID. 802 and 805. |
| 56 | Plaintiff notes dated May 28, 2004 re: Sick Leave | Hearsay, FED. R. EVID. 802. |
| 58 | Plaintiff notes dated June 1, 2004 re: Ken and Tunde | Hearsay, FED. R. EVID. 802. |
| 59 | Fax from Monica Beckham to Shelley J. Ellion, Senior Special Agent, Office of the Inspector General, DC dated January 11, 2005 re: Draft Letter from Jones to Gilcrest dated December 16, 2004 Requesting Retraction of Tunde Eboda Conclusion that Defendant Retaliated Against Plaintiff for Whistleblowing; second attachment - List of Comments on DHHS Final Report re: Monitor Review of Defendant | Irrelevant because post-dates Kakeh's termination and is not probative of whether Kakeh made protected disclosures or the decision to terminate his employment was pretextual, FED. R. EVID. 401 and 402. Hearsay, FED. R. EVID. 802. |
| 60 | Plaintiff's notes dated June 2, 2004 re: General Meeting | Hearsay, FED. R. EVID. 802. |

| Number | Description | Objections |
| --- | --- | --- |
| 67 | Final Report by DHR re: 2004 Monitoring Review of Defendant dated August 6, 2004 | Hearsay, FED. R. EVID. 802. Probative value is substantially outweighed by the danger of unfair prejudice because the exhibit is incomplete. Further, the exhibit states, "We particularly wish to commend the UPO Controller, M. Amin Kakeh for his forthrightness and commitment to do the right thing during the on-site review and thereafter, even at peril of losing his job. The on-site monitoring review team found him both knowledgeable and credible and regrets that he appeared to be the unfair target of a "reduction in force" action by the agency." Exh. 67 at 4. This statement is directed at an ultimate issue of fact and was not made based upon a factual finding by Tunde Eboda in his official capacity, FED. R. EVID. 403. *See* Exhibit A at 142:4-21. |
| 68 | Final Report by DHR re: 2004 Monitoring Review of Defendant dated December 1, 2004 | Hearsay, FED. R. EVID. 802. Probative value is substantially outweighed by the danger of unfair prejudice because the exhibit is incomplete. Further, the exhibit states, "We particularly wish to commend the former UPO Controller, M. Amin Kakeh for his forthrightness, high ethical convictions, professionalism, and commitment to his duties during the 2004 on-site monitoring exercise. The state CSBG Office found him both knowledgeable and credible and regrets the manner of his separation from the agency in what appeared to be a retaliatory action by UPO management for his cooperation wit hthe state CSBG review team." Exh. 68 at 4. This statement is directed at an ultimate issue of fact and was not made based upon a factual finding by Tunde Eboda in his official capacity, FED. R. EVID. 403. *See* Exhibit A at 142:4-21. |

| Number | Description | Objections |
|---|---|---|
| 72 | Report by Richard Edelman, Ph.D. re: Valuation of Lost Income and Benefits – Mr. Mohammed Kakeh, dated December 4, 2005. | Hearsay, FED. R. EVID. 802. |

To the extent that Kakeh cannot lay a foundation for any of his exhibits, whether or not UPO has objected to such exhibits, UPO reserves the right to object at trial to the admissibility of any such exhibits.

Dated:  March 21, 2008          Respectfully submitted,

By:   /s/Alison N. Davis
  Alison N. Davis, DC Bar No. 429700
  David Rosenberg, DC Bar No. 433405
  Kevin M. Kraham, DC Bar No. 459077
  Ford & Harrison LLP
  1300 19th Street, N.W., Suite 700
  Washington, DC 20036
  Tel  (202) 719-2000
  Fax  (202) 719-2077
  adavis@fordharrison.com
  drosenberg@fordharrison.com
  kkraham@fordharrison.com

  Counsel for Defendant United Planning
  Organization, Inc.

DC:73186.1