UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

    *Plaintiff*,

v.

United Planning Organization, Inc.,

    *Defendant*.

Civil Case No. 1:05-cv-1271 (GK/JF)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORTIES
IN SUPPORT OF PLAINTIFF'S SECOND MOTION IN LIMINE**

**STATEMENT OF FACTS**

In the Joint Pre-Trial Statement filed on June 1, 2007, Defendant identified 18 witness, apparently past members of the Defendant's Board of Trustees, who will all testify to the exact same matter: "[individual] is expected to testify regarding the Board of Trustees' decision to outsource the management of the Finance Office and Mr. Kakeh's allegation that he was a whistleblower." (*See* Joint Pre-Trial Statement at 11-21.)  Two of the 18 witnesses are current judges of the D.C. Superior Court (Judge Rafael Diaz and Judge Henry Greene), and one is the current Chief Judge of the D.C. Court of Appeals (Chief Judge Annice Wagner).  One individual is the well-known and respected pastor of Good Success Christian Church and Ministries, Rev. William H. Bennett, who also ran for the D.C. Council.  As members on a large non-profit organization's Board, undoubtedly all 18 witnesses are upstanding and powerful members of the community with impressive credentials.

While Defendant has yet to provide an explanation regarding the scope of these 18 witnesses' knowledge beyond the minimal description in the Joint Pre-Trial Statement, the Plaintiff took the deposition of Alexis Roberson on June 15, 2006, which sheds some light as to

the negligible extent of the Board's knowledge of the matters at issue in this case. Ms. Roberson testified that she did not have any conversations with anyone regarding the Plaintiff's termination, thus the Board clearly did not debate, discuss or vote on Plaintiff's termination. (Deposition of Alexis Roberson, attached as Exhibit A at 37.)

As to the topic of reorganizing the finance office, the subject of these 18 witnesses' proposed testimony, Roberson recounts that the Board voted on a proposal by the CEO, Dana Jones, which called for outsourcing the management of the finance office. Roberson testified that the Board voted in favor of the plan that was presented to them. (*Id*. at 37-38.) From Roberson's testimony, it does not appear that the Board altered the plan in any way, or completed any independent investigation regarding the plan. It merely reviewed the plan and approved it. (*Id*.) From the deposition testimony of Dana Jones, it is apparent that it was Jones who spearheaded the plan to reorganize the finance office and presented that plan to the Board. (Deposition of Dana Jones, attached as Exhibit B at 23-25.)

Defendant also asserts in the Joint Pre-Trial Statement that all 18 witnesses will testify to the Plaintiff's status as a whistleblower. As the Board Chair, Roberson can testify regarding her knowledge of Plaintiff's whistle blowing activities and any discussions and actions that the Board engaged in that are relevant to the Whistleblower issue. Defendant has not identified any facts that the other 17 Board members will testify to that Roberson, as the Board Chair, or Dana Jones as the Chief Executive Officer, is unable to testify to.

**ARGUMENT**

**I.    18 WITNESSES TESTIFYING TO THE SAME FACTS WILL CAUSE UNDUE DELAY, WASTE OF TIME, AND IS NEEDLESS PRESENTATION OF CUMULATIVE EVIDENCE AND PREJUDICIAL.**

Defendant clearly intends on parading 18 witnesses forward to testify because of their impressive credentials and their respect in the community in an attempt to persuade the jury into believing that an organization with such outstanding Board members could not have possibly terminated the Plaintiff for his whistle-blowing activities. Bringing forth this ridiculous number of witnesses of such high stature to testify to the same matter is also an attempt to intimidate the ordinary citizens of the jury. Thus, Plaintiff seeks to exclude 17 witnesses as identified in Plaintiff's Second Motion in Limine.

**A. General Principles Governing Exclusion of Relevant Evidence.**

Only relevant evidence should be admitted at trial. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed. R. Evid. 401. Trial courts have the discretion to exclude relevant evidence if "the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Courts have repeatedly held that calling numerous witnesses to testify to the same matter violates Rule 403. *See E.g.*, *Melton v. Deere & Co,.* 887 F.2d 1241, 1245 (5th Cir. 1989) (upholding the District Court's ruling to exclude the testimony of 6 witnesses in a products liability case who were expected to testify as to other similar accidents as unnecessarily cumulative and prejudicial.); *See also*, *Moorhouse v. Boeing Co,* 501 F.Supp. 390, 393

3

(E.D.P.A.1980) (denying Plaintiff's request in an age discrimination case to call 5 witnesses who would testify to their own experience of age discrimination by the same employer, even though the Plaintiff alleged a pattern or practice theory of discrimination on the basis of potential confusion and unfair prejudice.); *Rountree v. Johanns*, 382 F.Supp.2d 19, 34 -35 (D.D.C. 2005).

### B. 18 Witnesses to Testify that the Board Voted to Approve a Reorganization Plan is Grossly Excessive.

Rule 403 prohibits calling unnecessary witnesses to provide duplicative testimony. Defendant has failed to show how any of these 17 Board members have knowledge that the Board chair, Alexis Roberson, or Dana Jones, the Chief Executive Officer, do not possess. These 17 witnesses will all take several days at the very least to provide their testimony. Scheduling these witnesses will be a monumental task alone given their undoubtedly busy schedules. It is a waste of time for 17 witnesses to testify that the Board approved the finance office reorganization plan presented by the Chief Executive Officer. The evidence is cumulative and the Defendant will not suffer any prejudice if the 17 Board members are excluded.

### C. The Proposed Testimony of these 17 Witnesses will Cause Unfair Prejudice that Outweighs the Minimal Probative Value of the Evidence.

As discussed above, these 17 witnesses were apparently members of the Defendant's Board of Directors when the Board voted to outsource the management of the finance office that lead to the Plaintiff's receiving a RIF notice. If these individuals were present during the particular Board meeting where the proposal was approved, then presumably they have relevant, albeit identical, information as to why the Board decided to outsource the management of the finance office, an important issue in dispute. However, the probative value of these witnesses' testimony severely diminishes as witness after witness testifies to the same events that occurred during a Board meeting.

Furthermore, many of the witnesses are extraordinary individuals who hold positions of power and respect within the community which will cause unfair prejudice to the Plaintiff. Jurors are likely to credit these witnesses' testimony based upon their stature alone and may conclude simply by virtue of their association with UPO that the organization could not have engaged in the wrongdoing alleged. When deliberating, the jurors will have a difficult time finding that these high-caliber individuals played a role in terminating the Plaintiff's employment for illegal purposes. More importantly, however, the testimony of these individuals would be minimally probative on the issue of whether Plaintiff was terminated for whistle-blowing, as the Board did not terminate Plaintiff and it simply approved a plan proposed by Dana Jones, the Chief Executive Officer. Therefore, any probative value gleaned from each of the 17 witnesses is outweighed by the unfair prejudice inherent in this procession of commendable individuals.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Second Motion in Limine should be granted.

Respectfully Submitted,

/s/_____
Vincent Melehy, Esq.
D.C. Bar No. 415849
Regan Rush, *pro hac vice*
California Bar. No. 222837
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
           rrush@melehylaw.com

*Attorneys for Plaintiff*