UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

    *Plaintiff*,

    v.

United Planning Organization, Inc.,

    *Defendant*.

Civil Case No. 1:05-cv-1271 (GK/JF)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM AMINAH KAKEH**

Plaintiff, by and through his undersigned counsel, hereby opposes the Motion in Limine to Exclude Testimony From Aminah Kakeh ("Motion") filed by Defendant United Planning Organization ("Defendant") and, in support thereof, states as follows:

**INTRODUCTION**

In addition to providing testimony himself, Plaintiff wishes to call at trial his wife, Toni Kakeh, and his eldest daughter, Aminah Kakeh, to testify to Plaintiff's severe emotional distress. In the Joint Pre-Trial Statement, Plaintiff and Defendant also included Plaintiff's youngest daughter, Nabeelah Kakeh as a witness regarding damages. However, Plaintiff filed a Motion *in Limine* on March 21, 2008, seeking to exclude Nabeelah Kakeh's testimony on the basis of unfair prejudice. That Motion is pending before the Court, and if it is granted, Plaintiff will not call Nabeelah Kakeh as a witness.

Defendant's Motion is based *solely* on the grounds that her testimony is a waste of time, needless presentation of cumulative evidence or will cause undue delay. Defendant's assertion is plain wrong. Aminah Kakeh has significant first-hand knowledge of Plaintiff's damages and her testimony is not unnecessarily duplicative of

1

other witnesses.

Aminah Kakeh is Plaintiff's eldest of five children. She is a graduate student at American University and commutes to school from the family home in Springfield, Virginia. Aminah is very close with the Plaintiff and as Plaintiff's wife testified, "[Aminah] feels that she needs to be – to see her father every day." (Deposition of Toni Kakeh, attached as Exhibit A at 28.) As an adult-child, Aminah has a unique perspective separate from that of her mother or father. Aminah sees her father on a daily basis and during the relevant time period, was in a position to observe changes in her father's mood and behavior. (Affidavit of Aminah Kakeh, attached as Exhibit B at ¶2-3.)

## ARGUMENT

Only relevant evidence should be admitted at trial. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed. R. Evid. 401. Trial courts have the discretion to exclude relevant evidence for "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission." Fed. R. Evid. 403. (committee notes for 1972 proposed rule, which was later enacted.)

The burden is clearly on the Plaintiff to prove his damages. Plaintiffs "must prove the amount of those damages suffered as a result of defendant's conduct with reasonable certainty." *Manes v. Dowling*, 375 A.2d 221, 223 (D.C. 1977.) Many courts

and commentators alike have struggled with the amount of specificity required to prove emotional distress damages.  The Supreme Court states that "while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result may be only approximate."  *Bangor & Aroostook R.R. v. Brotherhood of Locomotive Fireman and Enginemen*, 442 F.2d 812, 822 (D.C. Cir. 1971), *quoting Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555, 563 (1931.)   The consequences for failing to adequately establish emotional distress damages can result in the court's overturning a jury award.   *See e.g*., *Liberatore v. CVS New York, Inc.,* 160 F.Supp.2d 114, 120-1 (D.D.C. 2001) (whistleblower and wrongful termination employment case in which the jury awarded the plaintiff $1.2 million in emotional distress damages, but the court forced a remittitur of only $200,000 in damages because only the plaintiff testified to his damages and thus he failed to offer enough evidence to support the jury's award.) Aminah Kakeh's testimony is central to Plaintiff's proof of his compensatory damages. The Defendant does not argue that her testimony is prejudicial and it concedes that her testimony is relevant. (Def. Memo at 2.)  Thus, the only basis for Defendant's objection is that Aminah's testimony is needless presentation of cumulative evidence.  As support for its argument, Defendant relies on the fact that the trial is scheduled for 13.5 days for the parties' case in chief.  (*Id*. at 1-2.)

Plaintiff anticipates that Aminah's testimony will take a mere 3 hours, which is hardly a gross waste of time, especially considering that her testimony is related to the highly relevant issue of damages.  (Joint Pre-Trial Statement, Dkt. No. 84 at 11.) Because the burden to prove damages lies with the Plaintiff and failure to adequately establish

damages can have a devastating result, such as the remittitur in *Liberatore,* the danger to the Plaintiff of excluding Aminah as a witness is incredible when balanced against the possibility of wasting approximately 3 hours of trial time over a month-long trial.

Next, Plaintiff, his wife, and his eldest daughter, Aminah Kakeh, all have very different and unique perspectives on the emotional distress that Plaintiff experienced as a result of Defendant's illegal actions. Thus Aminah's testimony is not cumulative and not a waste of time. All of their perspectives together paint a full picture of how profoundly Defendant's actions affected the Plaintiff, his relationship with each family member and the family unit as a whole. Therefore, Aminah's testimony is not mere repetition, but is necessary for the Plaintiff to prove his emotional distress damages with the "reasonable certainty" that is required by the court in *Manes.*

## CONCLUSION

For the reasons stated, the Defendant's Motion should be denied. A proposed Order is attached.

Respectfully Submitted,

/s/ Regan Rush & Vincent Melehy
Regan Rush, *pro hac vice*
California Bar. No. 222837
Vincent Melehy, Esq.
D.C. Bar No. 415849
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
           rrush@melehylaw.com

*Attorneys for Plaintiff*