UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mohammed Amin Kakeh,

    *Plaintiff*,

  v.

United Planning Organization, Inc.,

    *Defendant*.

Civil Case No. 1:05-cv-1271 (GK/JF)

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM SHIRLEY FISHER

Plaintiff, by and through his undersigned counsel, hereby opposes the Motion in Limine to Exclude Testimony From Shirley Fisher ("Motion") filed by Defendant United Planning Organization ("Defendant") and, in support thereof, states as follows:

### INTRODUCTION

As a preliminary matter, Plaintiff has listed Fisher as a witness, but currently does not plan on calling Fisher as a witness at trial. However, Fisher has relevant knowledge and it is impossible for Plaintiff to predict every turn of events that may occur at trial. Thus, should the need arise, Plaintiff wishes to have the opportunity to call Fisher as a witness to testify regarding her relevant knowledge and requests that the Court rule on the admissibility of Fisher's testimony until such time.

### STATEMENT OF FACTS

Shirely Fisher has been with the Defendant since 1981, and has been head of the Defendant's competitive grants division since July 2001. (Fisher Dep., attached as Exh. A at 4-5.)

1

Fisher admits to knowledge regarding UPO management's fraud, waste and abuse. She had frequent interactions with Ben Jennings, the Defendant's Chief Executive Officer until March 2004 when he was removed for financial misappropriation. (*Id*. at 14-15.) She has knowledge regarding purchase or lease of a 46-foot fishing boat (*Id*. at 22-25), the approximately $556,000 in inappropriate charges on Defendant's credit cards (*Id*. at 18-20), questionable expenses for travel, including a trip to Hawaii, and inappropriate loans with UPO funds (*Id*. at 23, 27-29). Fisher also has knowledge regarding Plaintiff's protected disclosures and other protected activities through her observation of Plaintiff's abnormally heavy use of UPO facsimile machines and photocopiers (*Id.* at 72-73.)

Fisher has relevant knowledge regarding the RIF, the Defendant's purported reason for terminating the Plaintiff. She testified in her deposition that it was widely known at the Defendant that Nona McClean was Jennings' girlfriend and the only other employee other than Plaintiff who was removed pursuant to the RIF. (*Id*. at 67.) She herself thought the RIF was suspicious and the Plaintiff confided his belief to her that he received the RIF notice because of his cooperation with the investigators and the upper management's belief that the Plaintiff was the one who "started the whole thing." (*Id*. at 52-53.)

**ARGUMENT**

It is rather settled principle that "evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. A court considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context." *Wechsler v. Hunt Health Sys., Ltd.,* 381

F.Supp.2d 135, 140 (S.D.N.Y.2003). Furthermore, commentators have suggested that "since the motion prevents a party from presenting his or her evidence in the usual way, it should only be granted sparingly and should be used, if at all, as a rifle and not as a shotgun, with the counsel pointing out the objectionable material and showing why the material is inadmissible and prejudicial." 75 Am. Jur. 2d Trial § 44.

Only relevant evidence should be admitted at trial. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed. R. Evid. 401. Trial courts have the discretion to exclude relevant evidence for "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Fisher has information that is relevant to the central issues in this case. She has information related to the Defendant's financial mismanagement which speaks to the reasonableness of the Plaintiff's beliefs that his disclosures constituted whistle-blowing. Fisher has information that is relevant to whether the RIF notice given to the Plaintiff was truly motivated solely by a desire to restructure the finance office as the Defendant contends.

The question of whether Fisher's testimony is needlessly cumulative is premature. The court in *Wechsler* observed that holding a ruling until the time of trial when the evidence can be placed in the appropriate factual context is often the best approach and that reasoning is applicable here. *Wechsler v. Hunt Health Sys., Ltd.,* 381 F.Supp.2d 135, 140 (S.D.N.Y.2003). Plaintiff has listed Fisher as trial witness, giving the Defendant an ample opportunity to prepare for that possibility. However at this point, Plaintiff does not

3

anticipate calling Fisher as a witness. Rather than ruling in advance whether Fisher should be excluded from providing testimony in the unlikely event that Fisher will be called as a witness, the Defendant should raise its objections if the Plaintiff actually calls Fisher as witness. At that point, the information necessary to assess whether Fisher's testimony is unnecessarily cumulative will be readily available.

## CONCLUSION

For the reasons stated, the Defendant's Motion should be denied. A proposed Order is attached.

Respectfully Submitted,

/s/ Regan Rush & Vincent Melehy
Regan Rush, *pro hac vice*
California Bar. No. 222837
Vincent Melehy, Esq.
D.C. Bar No. 415849
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
         rrush@melehylaw.com

*Attorneys for Plaintiff*