**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Mohammed Amin Kakeh,

        *Plaintiff*,

    v.

                                 Civil Case No. 1:05-cv-1271 (GK/JF)

United Planning Organization, Inc.,

        *Defendant*.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM DORIS STASHENKO**

Plaintiff, by and through his undersigned counsel, hereby opposes the Motion in Limine to Exclude Testimony From Doris Stashenko ("Motion") filed by Defendant United Planning Organization ("Defendant") and, in support thereof, states as follows:

**STATEMENT OF FACTS**

Doris Stashenko has worked for the Defendant for over forty years, and serves as Manager of Evaluation and Monitoring. (Stashenko Dep., attached as Exhibit A at 4.) Stashenko is the point person at the Defendant for CSBG statistical and programmatic matters. (*Id*. at 17.) Stashenko reported directly to Jennings, and then to Gladys Mack when Jennings was removed for financial mismanagement. (*Id*. at 9.)

Stashenko also has knowledge of the financial mismanagement, including the purchase of a fishing boat, inappropriate travel expenses and credit card charges. (*Id*. at 26,37-8.) Because of this knowledge, she was not surprised when Jennings was removed for financial mismanagement. (*Id*. at 25-26.)

Steshenko has knowledge regarding the Plaintiff's contacts with Eboda, to whom Plaintiff made whistle blower disclosures. (*Id*. at 19-20, 23-25.) She was also present at a

1

CSBG meeting in January 30, 2004 when Eboda told Jennings that DHS would be completing a fiscal as well as a programmatic audit that year. (*Id*. at 21-22.) Stashenko testified that DHS had never planned to complete a fiscal audit in the past. (*Id*. at 22.)

Stashenko also has knowledge regarding the Defendant's proffered reason for Plaintiff's termination – the outsourcing of the finance department and subsequent RIF notice and the timing of that decision. (*Id*. at 27, 34.) She was aware that the other individual who was removed pursuant to the RIF, Nola McLean, was romantically involved with Jennings. (*Id*. at 30-31.)

## ARGUMENT

It is a rather settled principle that "evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. A court considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context." *Wechsler v. Hunt Health Sys., Ltd.,* 381 F.Supp.2d 135, 140 (S.D.N.Y.2003). Furthermore, commentators have suggested that "since the motion prevents a party from presenting his or her evidence in the usual way, it should only be granted sparingly and should be used, if at all, as a rifle and not as a shotgun, with the counsel pointing out the objectionable material and showing why the material is inadmissible and prejudicial." 75 Am. Jur. 2d Trial § 44.

Only relevant evidence should be admitted at trial. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed. R. Evid. 401. Trial courts have the discretion to exclude relevant evidence for "considerations of undue delay, waste of time, or needless presentation of

cumulative evidence." Fed. R. Evid. 403.

Stashenko has information that is relevant to the central issues in this case. She has information related to the Defendant's financial mismanagement which speaks to the reasonableness of the Plaintiff's beliefs that his disclosures constituted whistleblowing. She has information related to Plaintiff's whistleblowing activities and the Defendant's knowledge of Plaintiff's disclosures. Stashenko has information that is relevant to whether the RIF notice given to the Plaintiff was truly motivated solely by a desire to restructure the finance office as the Defendant contends.

Defendant opposes Stashenko for a myriad of reasons, but fails to state why Stashenko should be excluded as a witness altogether and why it is imperative that the court make this exclusionary decision *in limine*. There is nothing in Defendant's Motion that describes highly prejudicial material that, if revealed, would contaminate the minds of the jury and thus warrant an *in limine* ruling. The Defendant seeks to exclude Stashenko as a witness altogether in lieu of evaluating a particular line of questioning in its appropriate factual context at trial as preferred by the court in *Wechsler v. Hunt Health.* 381 F.Supp.2d 135,140 (S.D.N.Y.2003).

## CONCLUSION

For the reasons stated, the Defendant's Motion should be denied. A proposed Order is attached.

Respectfully Submitted,

/s/_Regan Rush & Vincent Melehy_
Regan Rush, *pro hac vice*
California Bar. No. 222837
Vincent Melehy, Esq.
D.C. Bar No. 415849
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
        rrush@melehylaw.com

*Attorneys for Plaintiff*