UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED AMIN KAKEH,

    Plaintiff,

v.

UNITED PLANNING ORGANIZATION, INC.,

    Defendant.

Civil Action No. 05-1271 (GK)

Next Scheduled Event:
Pretrial Conference on 4/8/08 at 4:15 pm

## DEFENDANT UPO'S REPLY IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION

In opposing Defendant United Planning Organization, Inc.'s ("UPO") Motion for Partial Reconsideration ("Motion"), Plaintiff flouts the Court's Scheduling Order (Dkt. No. 12 at 4) regarding page limits and makes arguments in response to issues not raised in UPO's Motion. Nevertheless, Plaintiff cannot overcome the unassailable fact that Tunde Eboda's testimony – the basis for the Court's denial of summary judgment as to Counts I, IV, and V (Dkt. No. 91 at 15) – merely demonstrates that the extent of UPO's knowledge was that Plaintiff was helpful during the routine monitoring review, and that Alexis Roberson and Dana Jones only knew that Plaintiff, in his capacity as UPO's Controller, was helpful. Even if the Court takes into consideration the evidence upon which Plaintiff improperly relies in his Opposition, the record still is devoid of a shred of evidence that UPO knew that Plaintiff was a whistleblower. Accordingly, UPO's Motion for Summary Judgment as to Counts I, IV, and V should be granted.

I. **PLAINTIFF'S OPPOSITION SHOULD BE STRICKEN BECAUSE IT EXCEEDS THE PAGE LIMIT SET FORTH IN THE COURT'S SCHEDULING ORDER AND IT IGNORES FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

In its August 25, 2005 Scheduling Order, the Court clearly and unambiguously notified the parties:

> Motions for reconsideration are greatly disfavored and should not exceed 10 pages in length. Motions in excess of these page limits will be struck, sua sponte. Oppositions may not exceed 10 pages in length; replies may not exceed 5 pages.

Dkt. No. 12 at 4, ¶ 14. Nevertheless, Plaintiff filed a 14-page Opposition. Dkt. No. 105. Plaintiff's Opposition exceeds the Court's page limit and should, therefore, be stricken in its entirety.

Plaintiff also ignores the basis on which UPO seeks reconsideration; namely, the need to correct clear error or manifest injustice. See Fed. R. Civ. P. 60(b)(6); Higbee v. Billington, 290 F. Supp. 2d 105, 106 (D.D.C. 2003); Regency Comm. Inc. v. Cleartel Comm. Inc., 212 F. Supp. 2d 1, 3 (D.D.C. 2002); Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). UPO has not asserted that there exists an intervening change in controlling law or the availability of new evidence. Thus, Plaintiff's arguments concerning the propriety of UPO's Motion are of no moment.

II. **NO REASONABLE INFERENCE CAN BE DRAWN THAT UPO WAS AWARE OF ANY PROTECTED DISCLOSURES**

The Court concludes that Eboda's testimony is sufficient to raise a genuine issue of material fact concerning whether UPO was aware of Plaintiff's protected disclosures (Dkt. No. 91 at 15), but this reading of Eboda's testimony goes far beyond drawing all reasonable inferences in Plaintiff's favor. The sole basis cited in the Court's Opinion for allowing Counts I, IV, and V to survive summary judgment is Eboda's testimony that Plaintiff was helpful during

the routine monitoring review. It is for this reason that UPO's Motion squarely addresses Eboda's testimony, which is neither myopic nor selective, as Plaintiff states. Dkt. No. 105 at 2. Plaintiff goes to great lengths in his Opposition to argue that UPO was aware of his alleged protected disclosures by citing to individuals other than Eboda. See, e.g., Dkt. No. 105 at 7-9. But Plaintiff's approach misses the mark: the denial of summary judgment as to Counts I, IV, and V was not premised on any evidence other than the testimony of Eboda.[1] Plaintiff's argument is a "tale . . . full of sound and fury signifying nothing." Shakespeare, Macbeth, Act V, Scene V.

By no stretch of the imagination can a reasonable inference be drawn that UPO was aware of Plaintiff's alleged protected disclosures based on Eboda's deposition testimony. Eboda merely testified that he: (1) told Roberson that Plaintiff was a valuable resource; (2) told Jones that Plaintiff's cooperation during the routine monitoring review was appreciated and relevant; and (3) did not take precautions to conceal that Plaintiff cooperated in the review. Dkt. No. 91 at 15 (citing Eboda Dep.). There simply is no evidence that UPO knew that Plaintiff had made, or was making, protected disclosures. Accordingly, the Court's conclusion that "[t]he record discloses that there is a genuine issue of material fact concerning whether UPO was aware of any protected disclosures[]" constitutes a "clear error or manifest injustice." Dyson v. Winfield, 129 F. Supp. 2d 22, 23 (D.D.C. 2001). In any event, Plaintiff was simply performing his job duties

---

[1] Regardless of what Sheila Shears and Gladys Mack knew (or did not know), there is no evidence, nor could there be, that they were decisionmakers with respect to the decision to outsource the management of UPO's Finance Office. Nor does the record contain any evidence that either Shears or Mack shared any information regarding Plaintiff's alleged protected activity with any of the decisionmakers or influenced their decision to outsource and consequently terminate Plaintiff's employment. Plaintiff's Opposition is long on speculation and conclusory statements and bereft of any record evidence in support of his theory that Shears and Mack: (1) knew of any of his alleged protected disclosures; and (2) armed with such knowledge, then proceeded to inform the reduction-in-force decisionmakers – UPO's Board – of it.

...

by cooperating with the monitoring review, and, therefore, as a matter of law, Plaintiff has not made protected disclosures.[2] UPO's Motion (Dkt. No. 95) at 7-8 (citing cases).[3]

### III. CONCLUSION

For the foregoing reasons, and for the reasons previously set forth in UPO's Motion for Partial Reconsideration and Memorandum in Support Thereof, UPO requests that this Court grant summary judgment in its favor against Plaintiff as to Counts I, IV, and V.

Dated:  April 1, 2008                             Respectfully submitted,


By:   /s/ Alison N. Davis & Kevin M. Kraham
Alison N. Davis, DC Bar No. 429700
Kevin M. Kraham, DC Bar No. 459077
David A. Rosenberg, DC Bar No. 433405
FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC  20036
Tel  (202) 719-2000
Fax  (202) 719-2077

Attorneys for Defendant UNITED PLANNING ORGANIZATION, INC.

DC:73409.1

---

[2] Even if the Court accepts as true the extraneous evidence upon which Plaintiff relies in his Opposition, the record only demonstrates that:  (1) Plaintiff disagreed with Benjamin Jennings' decision to hire Shears; (2) Plaintiff disagreed with Mack's presentation of UPO's financial statement; and (3) Plaintiff made protected disclosures to public bodies.  There is no evidence from which a factfinder could infer that UPO was aware of Plaintiff's protected activity.

[3] While certain of the cases cited by UPO are obviously not binding on this Court, they are pellucidly instructive, particularly with respect to the notion that an employee discussing financial reporting matters with an auditing authority, when such discussions are part of his job, does not a whistleblower make.  Freeman v. Ace Tel. Ass'n, 404 F. Supp. 2d 1127, 1141 (D. Minn. 2005).