IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED AMIN KAKEH,

      Plaintiff,

    v.

UNITED PLANNING ORGANIZATION, INC.,

      Defendant.

CIVIL ACTION NO. 05-1271 (GK/JMF)

Next Scheduled Event:
Pretrial Conference on 4/88/08 at 10:15 a.m.

## UNITED PLANNING ORGANIZATION'S OPPOSITION TO PLAINTIFF'S SECOND MOTION *IN LIMINE*

Defendant United Planning Organization, Inc. ("UPO"), by and through its undersigned counsel, and, pursuant to LCvR 7(b), files this Opposition to Plaintiff Mohammed Amin Kakeh's ("Plaintiff") Second Motion *In Limine* ("Motion"), which seeks to exclude evidence from seventeen (17) of UPO's proposed witnesses. Plaintiff's principle basis for excluding these witnesses is the number of witnesses and the stature of the witnesses in the community. As set forth more fully below, Plaintiff's Motion is without merit.

## I.    BACKGROUND

Plaintiff, a former Controller for UPO, brings claims of retaliation pursuant to the District of Columbia Whistleblower Protection Act ("DCWPA"), the District of Columbia Human Rights Act ("DCHRA"), the District of Columbia False Claims Act ("DCFCA"), and the federal False Claims Act ("FCA") against his former employer, UPO, following termination of his employment in a reduction-in-force in conjunction with the outsourcing of the management of UPO's Finance Office.

In his Motion, Plaintiff seeks to exclude 17 past members of UPO's Board of Trustees (hereinafter, the "Board Witnesses"), which include current judges (The Honorable Rafael Diaz,

The Honorable Henry Green, and The Honorable Annice Wagner) and other "well-known and respected" members of the D.C. community (*e.g.* Rev. William H. Bennett).  *See* Pl.'s Mem. of P. & A. in Supp. of Pl.'s Second Mot. *In Limine* at 1-2 (hereinafter, "Memorandum") (Dkt. No. 100-2).[1]  Plaintiff's Motion seeks to exclude the Board Witnesses for three principal reasons: 1) the impressive credentials of these witnesses would have an unfairly prejudicial effect on the jury which may "credit these witnesses' testimony based upon their stature alone…that the organization could not have engaged in the wrongdoing alleged;" 2) the number of witnesses testifying to the "same matter" is needlessly cumulative; and 3) the Board Witnesses will testify to the same matters as Board member Alexis Roberson or UPO's Chief Executive Officer, Dana Jones.  *See id.* at 3-5.  None of the Plaintiff's proffered reasons justifies excluding the Board Witnesses because their testimony contains unique, relevant, and non-prejudicial information that directly relates to Plaintiff's claims and UPO's defenses in the instant matter.

## II.    ARGUMENT

### A.    Witnesses' Respected Credentials And Reputation Do Not Justify Exclusion

Relevant evidence should be admitted at trial.  FED. R. EVID. 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  Plaintiff does not dispute that the testimony of the Board Witnesses is relevant. Rather, Plaintiff contends that testimony from the Board Witnesses should be excluded under Rule 403 of the Federal Rules of Evidence because its probative value is outweighed by its prejudicial effect.   Plaintiff ascribes the risk of prejudice, in part, to the fact that the Board

---

[1] The seventeen Board Members Plaintiff seeks to exclude are: Rev. William H. Bennett, II; Katherine S. Allen, incorrectly identified as, "Allen S. Kathryn"; Dorothy M. Brown; Carol Caldwell; The Honorable Rafael Diaz; Janice Eichhorn; Ruth Ellerbe; The Honorable Henry Greene; Nathaniel Howard; Clyde E. Howard, Jr.; Doris V. Johnson; Brenda Kelly; Carrolena Kay; The Honorable Annice Wagner; Emma Ward; Daria Winger; and Elva Worthington.

DC:73274.1

Witnesses are well-known and respected in the community. Plaintiff's argument that the stature of the Board Witnesses will unfairly prejudice him so this Court should exclude these 17 witnesses is not supported by logic or law.

The mere fact that the Board Witnesses have "impressive credentials" and have "respect in the community" is not sufficient justification to exclude their highly relevant testimony because of Plaintiff's baseless fear of prejudice. The Board Witnesses are being offered as lay witnesses testifying on facts arising from their personal knowledge, not experts under Fed. R. Evid. 702; thus, their reputation, credentials and respect in the community does not affect their ability to testify, nor does their reputation, credentials, and respect in the community unfairly impact the weight of their testimony. UPO should not be hamstrung in its defense of this case because its Board members are accomplished and well-respected individuals. Plaintiff knew who the members of UPO's Board were when he claimed that the Board Witnesses were aware that he had engaged in protected activity and terminated him for that reason. Plaintiff's *belief* that the jurors will likely "credit these witnesses' testimony based upon their stature alone" is highly speculative, not based in fact, and patronizing to the jurors themselves.

**B.       Board Testimony Will Not Be Unnecessarily Cumulative**

This Court may exclude relevant evidence "when the probative value is substantially outweighed by the…*needless* presentation of cumulative evidence." FED. R. EVID. 403 (emphasis added). The parties' Joint Pretrial Statement indicates that the Board Witnesses are expected to testify regarding the Board's decision to approve the recommendation to outsource the management of the Finance Office *and* Plaintiff's allegation that he was a whistleblower. *See* Joint Pre-Trial Statement at 11-21 (Dkt. No. 84) (emphasis added). This Court's pretrial order did not require the parties to disclose each witnesses' detailed testimony. To the contrary,

the parties only were required to disclose the subject matter of the testimony. Accordingly, it is disingenuous for Plaintiff to rely on UPO's identification of its witnesses to support his contention that the testimony from the Board Witnesses will be cumulative. Also, Plaintiff's estimate that "[t]hese 17 witnesses will take several days at the very least to provide their testimony," *see* Pl.'s Memo. at 4, is a gross exaggeration.

Notably, Plaintiff's Motion fails to recognize the second part of UPO's proffer – Plaintiff's whistleblower claims – which demonstrates that the expected Board Witness testimony is far from needless and is not cumulative. Every one of the Board Witnesses cast an independent vote on whether the management of the Finance Office would be outsourced, which ultimately led to Plaintiff's termination, and the knowledge and understanding of the outsourcing issue possessed by each of the Board Witnesses is unique to each Board Witness. Therefore, UPO is entitled to elicit from each Board Witness information related to the reasons for his or her vote for outsourcing.

Plaintiff oversimplifies the issues in this case when he states that "[i]t is a waste of time for 17 witnesses to testify that the Board approved the finance office reorganization plan presented by the Chief Executive Officer." *See* Pl.'s Memo. at 4. A material issue in this case is the Board's intent. Plaintiff has specifically claimed that he made "protected disclosures" to members of UPO's Board. *See* Pl.'s Opp. To Def.'s Mot. for Summ. J. at 10 (Dkt. No. 78). As such, UPO, in defending against Plaintiff's claims, should be permitted to elicit testimony concerning Plaintiff's purported protected disclosures and any alleged influence on the outsourcing vote from the Board Witnesses. *See United States v. Roberson*, No. CR-06-3010-MWB, 2006 U.S. Dist. LEXIS 51105, at *12 (N.D. Ill. July 25, 2006) (while recognizing wife's testimony might be cumulative of the testimony of seventeen other witnesses the government

intended to call, the court denied the motion *in limine* as it refused to make a determination on the cumulativeness based merely on the number of witnesses rather than the content of their testimony). It is pure conjecture for Plaintiff to claim that the Board Witnesses have "identical" information, as although each member may have voted to approve the reorganization, each may have unique circumstances, knowledge, or justifications for their vote, particularly as the vote relates to Plaintiff's whistleblowing allegations.[2] For example, Judge Wagner met with Tunde Eboda, the Community Services Block Grant Program Manager for the D.C. Department of Health and Human Services, before the Department began its monitoring review of UPO in February of 2004. (*See* Deposition of Tunde Eboda at 166:7 – 167:6, attached hereto as Exhibit 1). Other Board Witnesses were not present for Judge Wagner's conversation with Mr. Eboda, and, therefore, Judge Wagner has unique and relevant information regarding Plaintiff's whistleblowing allegations, particularly since Plaintiff claims he made numerous protected disclosures to Mr. Eboda. *See id.* Further, testimony from the Board Witnesses regarding contacts with Plaintiff outside Board meetings makes an inference that a Board Witness knew Plaintiff was making protected disclosures less probable.[3]

## B.     Roberson and Jones Cannot Testify to All Board Testimony

Plaintiff also seeks to preclude the testimony from the Board Witnesses because he *believes* the Board Witnesses will testify to the same matters as Board member Alexis Roberson or UPO's Chief Executive Officer, Dana Jones. *See* Pl.'s Memo. at 4. This is a glaring

---

[2] Moreover, Plaintiff's citation to a Fifth Circuit case which excluded six witnesses as unnecessarily cumulative is not binding and fails to note that the court only excluded six of the proposed nine witnesses, allowing three witnesses to testify about their similar injuries. *See Melton v. Deere & Co.*, 887 F.2d 1241, 1245 (5th Cir. 1989).

[3] UPO has no desire to waste the Court's time by presenting cumulative evidence. To that end, UPO is willing to limit the Board Witnesses to members of the Ad Hoc Committee to whom the management of UPO was delegated. Those Board Witnesses are: Alexis Roberson, The Honorable Annice Wagner, The Honorable Rafael Diaz, Brenda Kelly, The Honorable Henry Greene, Carol Caldwell, Nathaniel Howard, Carolena Key and Kathryn Allen. *See* Declaration of Dana Jones at ¶ 6, attached hereto as Exhibit 2.

oversimplification of the issue: Plaintiff cites deposition testimony from Ms. Roberson indicating that she did not have any conversations with anyone regarding Plaintiff's termination, but while Ms. Roberson can certainly testify to that fact, she clearly *cannot* testify to whether any of the Board members had conversations independent of Ms. Roberson regarding Plaintiff's termination.  Similarly, Plaintiff cites deposition testimony from both Ms. Roberson and Mr. Jones to establish that the Board voted on Mr. Jones' proposal to outsource the management of the Finance Office.  Id.  However, neither Ms. Roberson nor Mr. Jones can testify as to the reasons why the Board Witnesses approved the proposal, including that the vote was made without knowledge of any of Plaintiff's alleged protected disclosures.

## III.    CONCLUSION

Plaintiff maintains that an elaborate conspiracy existed within UPO whereby his supervisors and members of the Board were all made aware of his protected disclosures under the DCWPA, DCHRA, DCFCA, and the FCA, and that he was terminated based on retaliatory animus, all through the implementation of a reduction-in-force.  UPO is entitled to explore the depths of this proclaimed conspiracy and demonstrate that each Board Witness, who has his or her own unique knowledge related to Plaintiff's whistleblowing claims, had no knowledge of Plaintiff's alleged protected activities when the Board Witness approved the reorganization plan. The testimony from the Board Witnesses is neither identical, needlessly cumulative, or overly prejudicial.  As such, UPO respectfully requests that the Court deny Plaintiff's Second Motion *In Limine*.  A proposed order denying Plaintiff's Motion is attached hereto.

Dated: April 4, 2008                    Respectfully submitted,

                                        By:/s/ Alison N. Davis
                                            Alison N. Davis
                                            D.C. Bar No. 429700
                                            adavis@fordharrison.com
                                            David A. Rosenberg
                                            D.C. Bar No. 433405
                                            drosenberg@fordharrison.com
                                            Kevin M. Kraham
                                            D.C. Bar No. 459077
                                            kkraham@fordharrison.com

                                        FORD & HARRISON LLP
                                        1300 19th Street, N.W., Suite 700
                                        Washington, D.C. 20036
                                        (202) 719-2000
                                        (202) 719-2077 (Facsimile)

                                        Attorneys for Defendant United Planning
                                        Organization, Inc.

DC:73274.1