IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AMIN KAKEH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PLANNING ORGANIZATION, INC.,<br><br>Defendant. | CIVIL ACTION NO. 05-1271 (GK/JMF)<br><br>NEXT SCHEDULED EVENT: PRETRIAL CONFERENCE APRIL 28, 2008 @ 10:15 AM |

### UNITED PLANNING ORGANIZATION, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM SHIRLEY FISHER

Defendant United Planning Organization, Inc. ("UPO") replies in support of its motion *in limine* to exclude testimony and evidence from Shirley Fisher. There is no need for this Court to wait for Plaintiff Mohammed Amin Kakeh to decide whether Fisher should be called as a witness. Fisher has no information which is probative of whether Plaintiff engaged in protected activity or that UPO's reason for outsourcing the management in the Office of Finance and issuing reduction-in-force notices was pretextual. Accordingly, Fisher should be stricken from Plaintiff's witness list now.

Contrary to Plaintiff's contention, UPO does not seek to exclude testimony from Fisher on the grounds that it is cumulative. Fisher is not competent to testify on matters material to this case because she has no personal knowledge regarding information which arguably has probative value. Rule 602 of the Federal Rules of Evidence requires a witness to have personal knowledge of the matters to which she will testify. FED. R. EVID. 602. As UPO demonstrated in its motion *in limine*, Fisher's proffered testimony is based upon speculation and conjecture.

Moreover, Plaintiff has failed to prove that Fisher's interactions with Benjamin Jennings have probative value regarding (1) whether Plaintiff engaged in protected activity, (2) Dana Jones and the Board of Trustees' knowledge of Plaintiff's alleged protected activity, and/or (3) the falsity of UPO's articulated reason for outsourcing the management of the Office of Finance and issuance of reduction-in-force notices. There is no evidence that Jennings told Fisher that he was aware of Plaintiff's alleged protected disclosures to Tunde Eboda or the Inspectors General. Moreover, there is no evidence that Jennings was involved in the decision to outsource the management of the Office of Finance which resulted in the termination of Plaintiff's employment with UPO.

Finally, Fisher's knowledge of the purchase of the boat and credit card usage is based upon hearsay. Dkt. No. 107-2 (Deposition of Shirley Fisher ("Fisher Dep.") at 18:7-19:7 (she heard "[t]hat there was some possible misuse of funds" and "Just kind of in passing that there was some credit card problems, yes."); 22:4-10 ("And certainly I was not under the impression that a social service agency purchased a boat for people to go fishing on. I don't know what that was all about."); 23:14-24:1 ("Well, actually, one of the staff members at UPO told me."). Moreover, the evidence upon which Plaintiff relies to support his contention that Fisher has information which is relevant to Plaintiff's protected activity simply shows that she observed him faxing information about outsourcing. *Id.* (Fisher Dep. at 72:2-5 ("The only thing I did see because I was around the fax and he did fax a letter that I told you about being concerned about the out-sourcing the finance office.")). Plaintiff fails to link that observation to his protected activity. For these reasons and those set forth in UPO's motion, this Court should exclude Shirley Fisher from testifying in this case pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

Dated: April 7, 2008                               Respectfully submitted,


                                       By:/s/ Alison N. Davis
                                           Alison Nadine Davis
                                           D.C. Bar nO. 429700
                                           adavis@fordharrison.com
                                           David A. Rosenberg
                                           D.C. Bar No. 433405
                                           drosenberg@fordharrison.com
                                           Kevin M. Kraham
                                           D.C. Bar No. 459077
                                           kkraham@fordharrison.com

                                        FORD & HARRISON LLP
                                        1300 19th Street, N.W., Suite 700
                                        Washington, DC  20036
                                        (202) 719-2000
                                        (202) 719-2077 (Facsimile)

                                        Attorneys for Defendant United Planning
                                        Organization, Inc.


DC:73522.1