IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AMIN KAKEH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PLANNING ORGANIZATION, INC.,<br><br>Defendant. | CIVIL ACTION NO. 05-1271<br>(GK/JMF)<br><br><br>NEXT SCHEDULED EVENT:<br>PRETRIAL CONFERENCE APRIL 28,<br>2008 @ 10:15 AM |

**UNITED PLANNING ORGANIZATION, INC.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE TESTIMONY FROM DORIS STASHENKO**

Defendant United Planning Organization, Inc. ("UPO") replies in support of its motion *in limine* to exclude testimony and evidence from Doris Stashenko as follows:

Contrary to Plaintiff Mohammed Amin Kakeh's contention, UPO has clearly stated the basis for excluding testimony from Stashenko. She has no personal knowledge of events which are germane to this case. Rule 602 of the Federal Rules of Evidence requires a witness to have personal knowledge of the matters to which she will testify. FED. R. EVID. 602. As UPO aptly pointed out in its motion *in limine*, Stashenko's proffered testimony is based upon hearsay and/or speculation and conjecture.

It is disingenuous for Plaintiff to suggest that Stashenko has information regarding (1) his alleged whistleblowing activities, (2) UPO's alleged knowledge of such protected activity, (3) Plaintiff's belief that his disclosures constituted whistleblowing, and (4) UPO's motivation for restructuring the Office of Finance. Plaintiff proffers no support for that contention. In fact, as pointed out in UPO's motion, the record demonstrates that Stashenko has no such knowledge. Stashenko does not know the purpose of Plaintiff's request that Tunde Eboda call him. Dkt. No.

108-2 (Deposition of Doris Stashenko ("Stashenko Dep.") at 19:16-20) ("…just said to ask Dr. Eboda to call him…").  Her proffered knowledge of the purchase of a fishing boat, inappropriate travel expenses and credit card charges is indisputably based upon rumors, not personal knowledge.  *Id.* (Stashenko Dep. at 26:3-13 (". . . then people were talking about credit cards and travel and  -- you know, there were rumors all the time …"; 37:13-38:7 (… No, I didn't say that they purchased a boat.  I said there were rumors about a boat because management went fishing at least once a week.")).  She did not even recollect that outsourcing had occurred in the Office of Finance.  *Id.* (Stashenko Dep. at 27:10-17 ("Did they? I don't even remember.  Did they finally outsource?")).  Plaintiff also fails to explain the probative value of Stashenko's knowledge that Nona McLean had a romantic relationship on the reduction-in-force in the Office of Finance.

   Finally, UPO's concerns about Plaintiff's misuse of Stashenko's knowledge or lack thereof to mislead and confuse the jury is demonstrated by Plaintiff's response to this motion. For example, in a desperate attempt to escape the exclusion of Stashenko, Plaintiff misconstrues her role with regard to the Community Services Block Grant ("CSBG") Program.   While Stashenko testified that she worked with Eboda when he was the CSBG program monitor, *id.* (Stashenko Dep. at 17:1-10), there is no evidence to support the notion that she was "the point person at the Defedant for CSBG statistical <u>and</u> programmatic matters."  Pl.'s Mem. of P. & A. in Opp. to Def.'s Mot. *In Limine* to Exclude testimony from Doris Stashenko at 1 (emphasis added).

   For these reasons and those set forth in UPO's motion, this Court should exclude Doris Stashenko from testifying in this case pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

- 3 -

Dated: April 7, 2008                                   Respectfully submitted,


                                              By:/s/ Alison N. Davis
                                                  Alison Nadine Davis
                                                  D.C. Bar No. 427900
                                                  adavis@fordharrison.com
                                                  David A. Rosenberg
                                                  D.C. Bar No. 433405
                                                  drosenberg@fordharrison.com
                                                  Kevin M. Kraham
                                                  D.C. Bar No. 459077
                                                  kkraham@fordharrison.com

                                             FORD & HARRISON LLP
                                             1300 19th Street, N.W., Suite 700
                                             Washington, DC 20036
                                             (202) 719-2000
                                             (202) 719-2077 (Facsimile)

                                             Attorneys for Defendant United Planning
                                             Organization, Inc.

DC:73503.1