**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Mohammed Amin Kakeh,

       *Plaintiff*,

    v.

United Planning Organization, Inc.,

       *Defendant*.

Civil Case No. 1:05-cv-1271 (GK/JF)

Next Scheduled Event:
Pretrial Conference on 4/28/08 at 10:15am

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
SECOND MOTION IN LIMINE**

Plaintiff, by and through his undersigned counsel, and, pursuant to LCvR 7(d), files this Reply to Defendant's Opposition to Plaintiff's Second Motion in Limine ("Opposition Brief"). For the reasons stated below, the Defendant's Opposition is without merit and Plaintiff's Second Motion in Limine should be granted.

**BACKGROUND**

In its Second Motion in Limine, Plaintiff requests the Court to exclude 17 witnesses who were members of the Defendant's Board of Directors. (Dkt. No. 100). In its Opposition Brief, Defendant agrees to limit the witnesses to "members of the Ad Hoc Committee to whom the management of UPO was delegated", which consists of 8 of the original 17 witnesses. (Opp. Brief at 5, footnote 3.) These witnesses include: Chief Judge Annice Wagner, Hon. Rafael Diaz, Brenda Kelly, Hon. Henry Greene, Carol Caldwell, Nathaniel Howard, Carolena Key and Kathryn Allen. (*Id.*) Thus, Plaintiff will limit its Reply to matters addressing the 8 remaining Board witnesses.

1

**ARGUMENT**

I.     **THE DEFENDANT FAILS TO ESTABLISH WHAT EVIDENCE EACH OF THE 8 WITNESSES WILL PROVIDE THAT IS NOT NEEDLESSLY CUMULATIVE**

A.     **The Ad Hoc Management Committee did not Vote to Terminate the Plaintiff's Employment**

In a frantic attempt to save 8 of its highest-profile witnesses, Defendant gives the Board a larger role in this case than is warranted.  At no point has the Plaintiff alleged "an elaborate conspiracy" that the Board made the decision to terminate his employment. (Opp. Brief at 6.) The Board did not vote to terminate the Plaintiff. It was Dana Jones who issued the RIF Notice to Plaintiff.  (Dkt No. 78, Doc. 94 at 3.)  Jones, as the Defendant's Corporate Designee, and Roy Layne, a partner at Walker & Company which UPO hired to outsource the finance office, gave directly contradictory testimony as to whether UPO management or Walker & Company identified the Plaintiff for termination.  Jones said Walker made the decision and Walker testified that Defendant made the decision.  (Dkt. No. 78, Doc. 104 at ¶¶110,111.)  Nevertheless, no one has asserted that the Board or the Ad Hoc Committee voted to terminate the Plaintiff.  (*Id*. and Jones Aff., Opp. Brief, Exh. 2.)  On the topic of whistle blowing, the only Board member who Plaintiff made direct disclosures to is Alexis Roberson and Plaintiff is not seeking to exclude her testimony.

B. **Defendant has Failed to Show that these 8 Witnesses Each Have Relevant Evidence that is not Unnecessarily Cumulative.**

In its Motion, Plaintiff characterized these 8 witnesses' proffered testimony as the same based on the Defendant's representation in the Joint Pretrial Statement, the deposition testimony of Dana Jones and Alexis Roberson and the lack of any other evidence – documentary or testimonial – that reveals these witnesses have any particular knowledge.  In its Opposition Brief,

the Defendant lambasts the Plaintiff for oversimplifying the witnesses' testimony, claims that each of the witnesses' testimony is necessary to adequately defend its case, but fails to offer factual specifics to support its assertion that the testimony is not needlessly cumulative.

In responding to a Motion in Limine, this Court requires that "each party [is] obligated to demonstrate why certain categories of evidence should (or should not) be introduced at trial and to direct the Court to specific evidence, by pointing to specific parts of the record, that would favor or disfavor the introduction of that particular category of evidence." *U.S. ex rel. El-Amin v. George Washington University*, 533 F.Supp.2d 12, 19 (D.D.C. 2008). The Court in *George Washington University* was clearly frustrated with the Plaintiffs in that case who relied on "bald assertions" and "generalized arguments" in response to the Defendant's Motion *in Limine* and finally held that "in these situations, which are painfully common, the Court has no choice but to conclude the [Plaintiffs] do not support their arguments with specific evidence and references to the record because they cannot-the evidentiary foundation is not there." *Id*. That is precisely the situation here.

In its meager attempt to cobble together evidentiary support, Defendant points out that Judge Wagner, one of the witnesses at issue, met with Tunde Eboda, the Community Services Block Grant Program Manager for the D.C. Department of Health and Human Services "before the Department began its monitoring review of UPO in February of 2004." (Opp. Brief at 5.) The significance of that meeting and how it relates to Defendant's claims that Wagner has unique information is noticeably absent.

More strikingly deficient is any reference in its Opposition Brief regarding the scope of knowledge of the Defendant's other 7 witnesses beyond referencing their name in a footnote. (*Id*. at 5, footnote 3.) In Dana Jones's affidavit submitted with Defendant's Opposition, Jones alleges

that he met with the Ad Hoc Management meeting on a weekly basis and expressed the "urgency

of addressing the weaknesses in the Finance Office". (Opp. Brief, Exh. 2 at 3.) If so, then both

Alexis Roberson and Dana Jones can testify regarding the content of the meetings, rendering the

testimony of the other 8 members of the committee redundant. Defendant has simply not

presented any evidence other than sweeping statements and bald assertions regarding the

testimony of the 8 witnesses it seeks to present at trial.

## CONCLUSION

For the reasons stated above, the Plaintiff's First Motion in Limine should be granted.

Respectfully Submitted,

_/s/Regan Rush & /s/Vincent Melehy__
Vincent Melehy, Esq.
D.C. Bar No. 415849
Regan Rush, *pro hac vice*
California Bar. No. 222837
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
        rrush@melehylaw.com

*Attorneys for Plaintiff*