UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**MOHAMMED AMIN KAKEH**,           )
                              )
            Plaintiff,        )
                              )
    v.                        )   Civil Action No. 05-1271 (GK)
                              )
**UNITED PLANNING**               )
**ORGANIZATION, INC.**,            )
                              )
            Defendant.        )
_____)

### ORDER

This matter comes before the Court on Defendant's Motion for Reconsideration [**Dkt. No. 95**] of the Court's February 27, 2008 Order denying Defendant's Motion for Summary Judgment on Counts I, IV, and V.  Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons set forth below, Defendant's Motion for Reconsideration is **denied.**

A motion for reconsideration will only be granted upon a showing of (1) "'an intervening change of controlling law,'" (2) "'the availability of new evidence,'" or (3) "'the need to correct a clear error or prevent manifest injustice.'"  Broudy v. Mather, 335 F. Supp. 2d 1, 4 (D.D.C. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 2000)).  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."  Carter v. Washington Metro. Area Transit

Auth., 503 F.3d 143, 145 n.2 (D.C. Cir. 2007) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996)).

Here, Defendant argues that the Court's February 27, 2008 Order constitutes "a clear error or manifest injustice." Mot. at 3. This is so, Defendant contends, because there is no genuine issue of material fact in the evidentiary record concerning whether it had knowledge of any of the Plaintiff's alleged whistle-blowing activities.

This is an argument that the Court closely and carefully considered before denying Defendant's Motion for Summary Judgment on Counts I, IV, and V. Defendant has not raised new arguments, but rather, has offered a "rehashing" of "previously rejected arguments." See Carter, 503 F.3d at 145 n.2.

Accordingly, Defendant's Motion for Reconsideration [**Dkt. No. 95**] is **denied**.

April 29, 2008              /s/_____
                            Gladys Kessler
                            U.S. District Judge

**Copies via ECF to all counsel of record**