**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MOHAMMED AMIN KAKEH,            :
                                                       :
                        **Plaintiff,**            :
                                                       :
            **v.**                                  :            **Civil Action No. 05-1271 (GK)**
                                                       :
UNITED PLANNING ORGANIZATION,  :
                                                       :
                        **Defendant.**          :

<u>**MEMORANDUM OPINION**</u>

Plaintiff has filed a Motion for Attorneys' Fees and Costs.  The Court will deal at this time

only with the Motion for Costs, given the fact that the Clerk's Office has listed this filing as two

separate Motions.  Upon consideration of Plaintiff's Motion, Defendant's Opposition, and Plaintiff's

Reply, the Motion will be **granted in part and denied in part**.

Plaintiff seeks the amount of $30,545.27.[1]  Defendant raises a number of objections to the

costs which the Court will deal with <u>seriatim</u>.   There is no disagreement that Plaintiff is the

prevailing party in this lawsuit.

Under Rule 54 of the Federal Rules of Civil Procedure, the Court has substantial discretion

regarding whether a specific item is taxable as a cost.  However, that discretion, in the absence of

other statutory authority, is limited by 28 U.S.C. § 1920, which defines the extent of a federal court's

power to shift litigation costs.  <u>West Virginia Univ. Hospitals v. Casey</u>, 499 U.S. 83, 86 (1991)

("<u>Casey</u>").

---

[1]        Plaintiff points out that the actual litigation costs incurred by the Plaintiff himself and
actually paid by him under the Retainer Agreement with his counsel exceed $43,000.

l.       Fees for the Services of Expert Witnesses

The District of Columbia False Claims Act, D.C. Code § 2-308.16(d) (2001), and the Federal False Claims Act, 31 U.S.C. § 3730(h) (2009), provide for payment of "litigation costs"; the District of Columbia Whistleblower Protection Act, D.C. Code § 2-223.03 (2001), provides for payment of "reasonable costs."  Plaintiff seeks an amount of $12,925 attributable to expert witness fees as part of his claim for attorneys' fees and costs.

In West Virginia Univ. Hospitals v. Casey, 499 U.S. 83, 96 (1991), the Supreme Court ruled that 28 U.S.C. § 1988 did not empower a district court to award expert witness fees to a prevailing party.  Casey relied on the reasoning and holding in Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1984), that no statute will be construed as authority for taxation of expert witness fees as costs unless that statute "refer[s] explicitly to witness fees."  Most recently, in Arlington Central School District Board of Education v. Murphy, 548 U.S. 291, 301-02 (2006), the Supreme Court, relying on the reasoning of Crawford Fitting and Casey, ruled that the Individuals with Disabilities Education Act, U.S.C. § 1415(i)(3)(B) (IDEA), did not authorize an award of expert witness fees as part of the award of the "reasonable attorneys' fees" to which the prevailing plaintiffs were entitled because it contained no such explicit reference.

Crawford Fitting, Casey, and Arlington Central School District compel the conclusion that Plaintiff may not recover expert witness fees as part of his costs in this case.  As the Supreme Court said in Crawford Fitting, Rule 54(d) does not give a district judge "discretion to tax whatever costs may seem appropriate," 482 U.S. at 439, and as it reiterated in Arlington Central School District, "the term 'costs' in Rule 54(d) is defined by the list set out in § 1920." 548 U.S. at 301.  While there is a paucity of case law construing the attorneys' fees provisions in the three statutes at issue in this

case, the Seventh Circuit did address the issue in <u>Neal v. Honeywell, Inc.</u>, 191 F.3d 827, 833 (7th Cir. 1999).  Relying on <u>Crawford Fitting</u>, the Seventh Circuit concluded that the term "litigation costs" used in the federal False Claims Act did not include payment of expert witness fees, and that therefore the plaintiff's recovery of costs was limited to those costs specifically identified in 28 U.S.C. § 1920.

Given the Supreme Court's rulings in <u>Crawford Fitting</u>, <u>Casey</u>, and <u>Arlington Central School District</u>, as well as <u>Neal</u>, this Court holds that Plaintiff's request for $12,925 in expert witness fees must be **denied**.[2]

2.    <u>Costs of Transcripts for Depositions Noticed by Defendant</u>

Counsel for Defendant noticed the depositions of Amin Kakeh ($516), Nabeelah Kakeh ($123.52), Stuart Moore ($293.79), and Toni Kakeh ($296.50).  Those deposition transcripts were not used on the record at any hearing or trial.  Therefore, under LCvR 54.1(d)(11), these costs of $1,229.81 must be **denied**.[3]

3.    <u>Witness Fees for Witnesses Who Did Not Appear at a Hearing or Trial</u>

Defendant objects to Plaintiff's request for witness fees paid to Doris Steshenko ($40) and Dr. Lanning Moldauer ($40),[4] and for serving a trial subpoena on David Quashie ($90), because none of them testified at trial.  Defendant is correct about the witness fee to Ms. Steshenko, and the

---

[2]    Plaintiff cites <u>Coulter v. Gerald Family Care</u>, 964 A.2d 170, 203-04 (D.C. 2009), in support of his position.  <u>Coulter</u> was a medical malpractice case in which the plaintiff prevailed.  The rules for awarding costs in such cases are totally different from those applicable to fee-shifting provisions in specific statutes.

[3]    It should be noted that Plaintiff did not respond to this objection, and therefore it may be treated as conceded.

[4]    The parties use various spellings for Dr. Moldauer's name.

expense for serving a trial subpoena on Mr. Quashie.  Dr. Moldauer's testimony was intended by

Plaintiff to rebut the testimony of Dr. Goldman.  However, the Defendant did not tell Plaintiff until

the trial had already started that it would not be calling Dr. Goldman as a witness.  Therefore, it was

totally appropriate and reasonable for Plaintiff to have required Dr. Moldauer's presence and his

witness fee is deemed a proper cost.  In sum, the amount of fees for witnesses who did not appear

should be reduced by $130.

4.      Photocopying and Other Charges

Defendant argues that Plaintiff's photocopying costs are limited, under LCvR 54.1(d)(9), to

$300.  Plaintiff has claimed a total of $5,090.25 in copying charges.  LCvR 54.1(d)(8) provides that

costs of photocopying may be shifted to the non-prevailing party for exhibits which were introduced

into evidence, used for impeachment, or filed with the Clerk.  Plaintiff has made no effort to indicate

which, if any, of its many entries for photocopying expenses fall under the categories specified in

Rule 54.1(d)(8).  Consequently, Plaintiff is subject to the $300 limit contained in LCvR 54.1(d)(9),

and the costs for photocopying must be reduced by $4,790.25.

5.      Defendant makes an across-the-board objection to other costs and expenses related

to hours that are determined to be unreasonable or non-compensable. Defendant argues that expenses

for computer research, messenger service, photocopying, etc. can only be reimbursed if they were

incurred on behalf of a claim that was successful.  Plaintiff has failed once again to identify the

claims for which these many expense items were incurred.  Based on this reasoning, Defendant asks

for an across-the-board reduction of 40 percent in all of Plaintiff's expenses which have not already

been disallowed.

Plaintiff's counsel has represented that these costs were reasonable and necessary for this extensive and complex litigation.  Having observed Plaintiff's counsel during the four years of this litigation, having read his pleadings, and having observed his performance at trial, this Court, like the District of Columbia Circuit in <u>Alabama Power Co. v. Gorsuch</u>, 672 F.2d 1, 5 (D.C. Cir. 1982), is "content to rely on the integrity of counsel" and allow the remainder of the expenses described and identified in Exhibit O and Exhibit D to Plaintiff's Motion.

For all these reasons, the Plaintiff's Motion for Costs is **granted in part and denied in part**.


September 24, 2009                         /s/ _____
_____    Gladys Kessler
                                    United States District Judge


**Copies via ECF to all counsel of record**